UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES INC., MM GLOBAL SERVICES PTE. LTD., and MEGAVISA SOLUTIONS (S) PTE. LTD., | : <br> : <br> : Civil No. 302 CV 1107 (AVC) <br> : |
| Plaintiffs, <br> -v- | : **PLAINTIFFS' SECOND SET OF** <br> : **INTERROGATORIES** <br> : |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively "Plaintiffs"), by their attorneys Thelen Reid & Priest LLP and Wiggin and Dana LLP, hereby request that defendants The Dow Chemical Company ("Dow"), Union Carbide Corporation ("UCC"), Union Carbide Asia Pacific, Inc. ("UCAP"), Union Carbide Customer Services Pte. Ltd. ("UCCS"), and Dow Chemical Pacific (Singapore) Pte. Ltd. ("Dow Singapore") (collectively "Defendants") each answer the following interrogatories separately and fully in writing and under oath within thirty (30) days after service of these interrogatories.

### DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions set forth in Plaintiffs' First Request To Defendants for Production of Documents, dated September 18, 2003 ("Plaintiffs' First Interrogatories"), are incorporated herein as if fully set forth. In addition, the following definitions shall apply:

1.      "**UCAP**" shall mean defendant Union Carbide Asia Pacific, Inc., a corporation organized and existing under the laws of Delaware, maintaining a principal place of business in Singapore, and its past and present officers, directors, shareholders, agents, representatives, employees, subsidiaries, divisions, parents, affiliates, predecessors, successors or assigns, and all persons acting directly or indirectly under its control.

2.      "**UCCS**" shall mean defendant Union Carbide Customer Services Pte. Ltd., a corporation organized and existing under the laws of Singapore, maintaining a principal place of business in Singapore, and its past and present officers, directors, shareholders, agents, representatives, employees, subsidiaries, divisions, parents, affiliates, predecessors, successors or assigns, and all persons acting directly or indirectly under its control.

3.      "**Dow Singapore**" shall mean defendants Dow Chemical Pacific (Singapore) Pte. Ltd., a corporation organized and existing under the laws of Singapore, maintaining a principal place of business in Singapore, and its past and present officers, directors, shareholders, agents, representatives, employees, subsidiaries, divisions, parents, affiliates, predecessors, successors or assigns, and all persons acting directly or indirectly under its control.

## INTERROGATORIES

1.      Identify, to the extent not previously provided, all information responsive to each interrogatory set forth in Plaintiffs' First Interrogatories, attached hereto at Tab A.

2.      Identify the responsibilities in connection with the sale of Products of each person identified in Request Nos. 31 and 32, or in documents responsive thereto, of Plaintiffs' Second Request To Defendants For Production Of Documents of even date.

3.      Identify each meeting or communication between any person employed by, representing or otherwise acting on behalf of a Defendant, and an end user of Products

purchased from any Plaintiff or MVMS, and for each such meeting or communication state with particularity its date, the persons attending, sending or receiving the communication, and the subject matter discussed.

4.  Identify with particularly the process followed by each Defendant in connection with receiving, entering, accepting, processing and filling orders for Products from each Plaintiff and any other purchaser of Products.

5.  Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for receiving, entering, accepting, processing and filling orders of Products from any Plaintiff or any other purchaser, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports directly and indirectly.

6.  Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for assessing, evaluating or analyzing competition for Products sold in or from the United States, and in or to any other country, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports, directly or indirectly.

7.  Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for assessing, evaluating, determining or establishing the price to be charged end-users of Products, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports.

8.  Identify each person employed by, representing or otherwise acting on behalf of any Defendant with knowledge of any contract between any Plaintiff and any

Defendant, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports.

9. Identify each contract that existed between any Plaintiff and any Defendant, and for each state the terms thereof.

10. Identify each order for Products proposed or placed by any Plaintiff that You rejected or declined to fill, and for each such order state the reasons for rejecting or not filling it, and identify each person with any responsibility or knowledge in connection with any such decision.

11. Identify each plant or facility both in and outside the United States that manufactured or produced Products sold to any Plaintiff.

Dated: October 15, 2003

      THELEN REID & PRIEST LLP

      By: _____
      Richard S. Taffet (ct 10201)

      875 Third Avenue
      New York, New York 10022-6225
      (212) 603-2000 (tel)
      (212) 603-2001 (fax)

      WIGGIN & DANA LLP
          Robert M. Langer (ct 06305)
          Suzanne E. Wachsstock (ct 17627)
          One City Place
          185 Asylum Street
          Hartford, Connecticut 06103-3402
          (860) 297-3724 (tel)
          (860) 525-9380 (fax)

## CERTIFICATE OF SERVICE

I, Alyson L. Redman, hereby certify that on this date I caused true and correct copies of the foregoing PLAINTIFFS' SECOND REQUEST TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS to be served on the following:

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
**(via Federal Express)**

William L. Webber, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue
Washington, DC 20004
**(via Federal Express)**

Mark P. Edwards, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
**(via Federal Express)**

Dated: October 15, 2003

_____
Alyson L. Redman

NY #559341 v2