UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL  
SERVICES PTE. LTD., and MEGAVISA  
SOLUTIONS (S) PTE. LTD.,

                 Plaintiffs,

-v-

THE DOW CHEMICAL COMPANY, and  
UNION CARBIDE CORPORATION,

                 Defendants.

Civil No. 302 CV 1107 (AVC)

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

     PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 39, plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively "Plaintiffs"), by their attorneys Thelen Reid & Priest LLP and Wiggin and Dana LLP, hereby request that defendants The Dow Chemical Company ("Dow") and Union Carbide Corporation ("UCC") (collectively "Defendants") each answer the following interrogatories separately and fully in writing and under oath within thirty (30) days after service of these interrogatories.

                **I.**     **DEFINITIONS AND INSTRUCTIONS**

     The Definitions and Instructions set forth in Plaintiffs' First Request To Defendants for Production of Documents, as well as the definition of any terms in such Requests, are incorporated herein as if fully set forth. In addition:

          1.     These interrogatories are to be answered by You to the extent of all information which is or may be available to You, or any Person, employee, agent, engineer, expert, accountant or attorney who has acted or is now acting on Your behalf.

2. In the event an objection is made to any request herein, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. No interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

3. With regard to any Document that is supplied in answer to any interrogatory, indicate on the face thereof the interrogatory or interrogatories to which said Document is responsive.

4. These interrogatories shall be deemed continuing in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## II. **INTERROGATORIES**

Identify each Person responsible for each answering interrogatory or supplying information used in the preparation of Your response thereof.

1. Identify each Person with any responsibility for assessing, evaluating, determining or establishing the price to be charged end-users of Products in (a) India; and (b) markets other than India, and for each such Person state his/her responsibilities and each Person to whom he/she reports or who reports to him/her, directly or indirectly.

2. Identify each Person with any responsibility for assessing, evaluating or analyzing competition for Products sold in or to (a) India; and (b) markets other than India, and for each such Person state his/her responsibilities and each Person to whom he/she reports or who reports to him/her, directly or indirectly.

3. Identify each Person with knowledge concerning any decision, consideration or evaluation of any decision, or implementation of any decision, relating to any changes in the manner in which UCC, or any Business Unit of UCC, distributed Products in or to

NY #488678 v2

India subsequent to the Bhopal Incident, including without limitation by ceasing direct sales to end-users of Products in India.

4. Identify each Person with knowledge concerning the negotiation of, or the Parties' performance under, the 1987 Agreement.

5. Identify each Person with knowledge concerning the negotiation of, or the Parties' performance under, the 1993 Agreement.

6. Identify each Person with knowledge concerning the negotiation of, or the Parties' performance under, the 1995 Agreement.

7. Identify each Person with knowledge concerning the negotiation of, or the Parties' performance under, the 2000 Agreement.

8. Identify each Person with any responsibility for establishing any terms or conditions of sale of Products to or through any Plaintiff, Mega Global, or MVMS, including without limitation relating to price, payment, credit, shipping, insurance, and freight, and for each such Person state his/her responsibilities and each Person to whom he/she reports and who reports to him/her, directly or indirectly.

9. Identify each Person with any responsibility for selling Products to or through any Plaintiff, Mega Global, or MVMS, and for each such Person state his/her responsibilities and each Person to whom he/she reports and who reports to him/her, directly or indirectly.

10. Identify each Person with knowledge concerning the locations at which the Products sold to or through any Plaintiff, Mega Global, or MVMS are or were manufactured or produced, including without limitation the percentage of Products sold to or through any Plaintiff, Mega Global, or MVMS from such locations.

11. Identify each Person with knowledge concerning the integration of, or plans for integrating, as the result of the Merger, the operations of Dow and UCC, or any Business Unit of either, involved in any way in the sale of Products to or through any Plaintiff, Mega Global, or MVMS and for each such Person state the nature of his/her knowledge.

12. Identify each Person with knowledge concerning the Merger's effect, or planned, contemplated or anticipated effect, on any Plaintiff's, Mega Global's, or MVMS's purchase and sale of Products, and for each such Person state the nature of his/her knowledge.

13. Identify each Person with knowledge concerning the Merger's effect, or planned, contemplated or anticipated effect, on competition in the sale of Products in or to India, and for each such Person state the nature of his/her knowledge.

14. Identify each Person with knowledge concerning the sale of Products to end-users in India, either directly or indirectly, other than to or through any Plaintiff, Mega Global, or MVMS during the period of August 1999 to the present, and for each such Person state the nature of his/her knowledge.

15. Identify each Person with any responsibility for selling Products to end users in India, other than to or through any Plaintiff, Mega Global, or MVMS during the period of August 1999 to the present, and for each such Person state his/her responsibilities, and each Person to whom he/she reports and who reports to him/her, directly or indirectly.

Dated: New York, New York
       September 18, 2002

                                    THELEN REID & PRIEST LLP

                                    By: _____
                                        Michael S. Elkin (ct 23828)
                                        Richard S. Taffet (ct 10201)
                                        Susan B. McInerney (ct 23827)

4

40 West 57th Street
New York, New York 10019-4097
(212) 603-2000 (tel)
(212) 603-2001 (fax)

WIGGIN & DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, Connecticut 06103-3402
(860) 297-3724 (tel)
(860) 525-9380 (fax)

NY #488678 v2

## Certificate of Service

This is to certify that a copy of the foregoing Plaintiffs' First Set of Interrogatories was mailed via Federal Express on this 18th day of September, 2002, to the following counsel of record:

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299

Mark P. Edwards (ct 23890)
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 963-5769
Fax: (215) 963-5299

William L. Webber (ct 18369)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 739-5798
Fax: (202) 739-3001

_Susan B. McInerney_
Susan B. McInerney