UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES INC., MM GLOBAL SERVICES PTE. LTD., and MEGAVISA SOLUTIONS (S) PTE. LTD.,<br><br>Plaintiffs,<br><br>-v-<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>Defendants. | Civil No. 302 CV 1107 (AVC)<br><br>**PLAINTIFFS' SECOND REQUEST TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS** |

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively "Plaintiffs"), by their attorneys Thelen Reid & Priest LLP and Wiggin and Dana LLP, hereby request that defendants The Dow Chemical Company ("Dow"), Union Carbide Corporation ("UCC"), Union Carbide Asia Pacific, Inc. ("UCAP"), Union Carbide Customer Services Pte. Ltd. ("UCCS"), and Dow Chemical Pacific (Singapore) Pte. Ltd. ("Dow Singapore") (collectively "Defendants") each produce for inspection and copying, in accordance with the Instructions and Definitions contained herein, the documents described below at the offices of Thelen Reid & Priest, LLP, 875 Third Avenue, New York, New York 10022, or at such a place and in such a manner as may be mutually agreed upon between counsel and parties within thirty (30) days after service of this Request.

## I. DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions set forth in Plaintiffs' First Request To Defendants For Production of Documents, dated September 18, 2002 ("Plaintiffs' First Requests") are incorporated herein be reference as if fully set forth. In addition, the following definitions shall apply:

1. "**UCAP**" shall mean defendant Union Carbide Asia Pacific, Inc., a corporation organized and existing under the laws of Delaware, maintaining a principal place of business in Singapore, and its past and present officers, directors, shareholders, agents, representatives, employees, subsidiaries, divisions, parents, affiliates, predecessors, successors or assigns, and all persons acting directly or indirectly under its control.

2. "**UCCS**" shall mean defendant Union Carbide Customer Services Pte. Ltd., a corporation organized and existing under the laws of Singapore, maintaining a principal place of business in Singapore, and its past and present officers, directors, shareholders, agents, representatives, employees, subsidiaries, divisions, parents, affiliates, predecessors, successors or assigns, and all persons acting directly or indirectly under its control.

3. "**Dow Singapore**" shall mean defendant Dow Chemical Pacific (Singapore) Pte. Ltd., a corporation organized and existing under the laws of Singapore, maintaining a principal place of business in Singapore, and its past and present officers, directors, shareholders, agents, representatives, employees, subsidiaries, divisions, parents, affiliates, predecessors, successors or assigns, and all persons acting directly or indirectly under its control.

NY #559341 v2

## II. DOCUMENTS REQUESTED

1. All documents, to the extent not previously produced, responsive to Plaintiffs' First Requests, attached hereto at Tab A.

2. All documents sufficient to show the corporate relationship between and among each Defendant, and the changes in such corporate relationships during the relevant time period.

3. All documents sufficient to show the reporting relationships between and among each Defendant and their respective employees in connection with the sale and distribution of Products, either directly or indirectly, to end users.

4. All documents sufficient to identify each of Your officers and senior level management personnel during the relevant period, their duties, the person(s) to whom they had reporting responsibility, and the subject matter for which they had such reporting responsibility.

5. All documents sufficient to show the location of each of Your offices and each location where any of Your employees, representatives or others acting on your behalf transact business.

6. Any and all board of directors minutes concerning:

(a) Competition in the sale or distribution of Products, either directly or indirectly, to end-users;

(b) Pricing for Products sold or distributed, directly or indirectly, to end users;

(c) Any effect, or contemplated or anticipated effect, of the Merger on UCC's sale of Products, and Dow's sale of Products or other products competitive with the Products, to end-users in India, directly or indirectly;

(d) Any effect, or contemplated or anticipated effect, of the Merger on any Plaintiff's or MVMS's sale of Products to end-users in India, directly or indirectly; and

(e) Any Plaintiff or MVMS.

7. All documents not otherwise requested concerning prices for or pricing of Products sold or distributed, directly or indirectly, to end users.

8. All documents concerning Your profit margins or losses (including net profit or loss margins, gross profit or loss margins, pre-tax profit or loss margins, post-tax profit or loss margins, and any other type of profit or loss margin) in connection with the sale or distribution, directly or indirectly, of Products.

9. All documents concerning Your market share or anticipated market share for the sale or distribution of Products or products competitive with Products, directly or indirectly, to end users.

10. All documents not otherwise requested concerning competition or anticipated competition in the sale or distribution of Products.

11. All documents not otherwise requested concerning training seminars, programs, manuals, or guidelines relating to the sale of or distribution of Products, either directly or indirectly, to end-users.

12. All documents concerning procedures and methods for order entry and processing in connection with the sale or distribution of Products, directly or indirectly, to end users.

13. All documents concerning procedures and methods for order entry and processing in connection with the sale or distribution of Products, directly or indirectly, to Plaintiffs.

NY #559341 v2

14. All documents concerning the delivery to Plaintiffs of Products manufactured (a) in the Gulf States, or (b) other than in the Gulf States.

15. All documents concerning the sourcing of Products by one Defendant from one or more other Defendants.

16. All documents concerning UCC's sale of Products to Plaintiffs, directly or indirectly, including to or through UCCS, Dow Singapore or any other person.

17. All documents concerning Dow's sale of Products to Plaintiffs, directly or indirectly, including to or through UCCS, Dow Singapore or any other person.

18. All documents not otherwise requested concerning any communications between or among any Defendant and one or more other Defendants in connection with the sale or distribution of Products to Plaintiffs.

19. All documents concerning any liability owed by UCCS to UCC, Dow or any other person in connection with the sale of Products to Plaintiffs.

20. All documents concerning any liability owed by Dow Singapore to UCC, Dow or any other person in connection with the sale of Products to Plaintiffs.

21. All documents concerning UCAP in connection with the sale or distribution of Products to Plaintiffs.

22. All documents concerning any influence or control possessed by UCC over the business decisions, business policies, personnel deployments and other activities of any other Defendant.

23. All documents concerning any influence or control possessed by Dow over the business decisions, business policies, personnel deployments and other activities of any other Defendant.

NY #559341 v2

24. All documents not otherwise requested concerning Plaintiffs' purchase of Products on credit.

25. All documents concerning any and all meetings between or among representatives of any Plaintiff and representatives of any Defendants.

26. All documents not otherwise requested concerning any statements made by any Defendant to any Plaintiff in connection with the sale or purchase of Products.

27. All documents concerning any contractual arrangement or relationship between any Defendant and any Plaintiff, including without limitation the Defendant's performance thereunder.

28. All documents concerning any payment by any Plaintiff to any Defendant in connection with the purchase or sale of Products.

29. All documents concerning sabotage in connection with the Bhopal Incident.

30. All documents not otherwise requested concerning any end user to which any Plaintiff or MVMS sold or distributed Products.

31. All documents not otherwise requested concerning the following individuals in connection with the sale or distribution of Products by any Defendant to any Plaintiff: Vipul Babu; Charles V. Bell; Robert Butler; Lawrence Cheung; Belia Cortez; Pramod; Dharnidhar Deo; Duane r. Dickson; Kevin Dillan; Luc Du; Robert G. Eager; Eugene J. Fisher; James F. Flynn; F.S. Foo; Wilson Foo; Y.M. Foo; Graham Fox; John Ted Gilsenan; Sharad Gollerkeri; Gary Honson; Kamal Jain; Emmanuel Q. Jimeniz; Dr. William Joyce; Tyson Keel; Mukul Kumar; Kit Cheong Dicky Leung; Andrew Liveris; Keith Lloyd; Atul Avinash Marathe; Michael Marinaccio; Lee McMasters; Steve Meadow; Ashish Mitra; V.K. Moorthy; Ravi

NY #559341 v2

Muthukrishnan; Ramasani Natarajan; Ronald Neri; Paul Ng; Siew Kwan Ng; Horacio Percossi; Robert Phaneuf; Albert Poh; Edward G. Roberts; Rozie Rozli; Arjun Samtani; Catherine Seah; Kenneth Spall; Juergan Voelker; Anand Vora; Grace Waag; Markus Wildi; N.A. Wyhs; David Yap; John Yimoyines; Thomas White.

   32. All documents not otherwise requested concerning all other persons, other than as identified in Request 31, in connection with the sale or distribution of Products by any Defendant to any Plaintiff.

   33. All documents concerning UCC's and Dow's Fifth Affirmative Defense alleging that "Plaintiffs' breach of contract claim, asserted as the Second Claim for Relief, is barred by the doctrine of accord and satisfaction."

   34. All documents concerning UCC's and Dow's Sixth Affirmative Defense alleging that "Plaintiffs have waived their breach of contract claim."

   35. All documents concerning UCC's and Dow's Seventh Affirmative Defense alleging that "Plaintiffs' contract damages are subject to a set-off in the approximate amount of $1.3 million."

   36. All documents concerning UCC's and Dow's Eighth Affirmative Defense alleging that "Plaintiffs' contract damages claim is reduced or barred altogether by Plaintiffs' failure to discharge their duty to mitigate."

NY #559341 v2

37. All documents concerning UCC's and Dow's Tenth Affirmative Defense alleging that "Plaintiffs' breach of contract claim is barred by the equitable doctrine of laches."

Dated: October 15, 2003

THELEN REID & PRIEST LLP

By: _____
Richard S. Taffet (ct 10204)

875 Third Avenue
New York, New York 10022-6224
(212) 603-2000 (tel)
(212) 603-2001 (fax)

WIGGIN & DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, Connecticut 06103-3402
(860) 297-3724 (tel)
(860) 525-9380 (fax)

## CERTIFICATE OF SERVICE

I, Alyson L. Redman, hereby certify that on this date I caused true and correct copies of the foregoing PLAINTIFFS' SECOND SET OF INTERROGATORIES to be served on the following:

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
**(via Federal Express)**

William L. Webber, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue
Washington, DC 20004
**(via Federal Express)**

Mark P. Edwards, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
**(via Federal Express)**

Dated: October 15, 2003

_____
Alyson L. Redman

NY #559335 v2