## Thelen Reid & Priest LLP
*Attorneys At Law*

Richard S. Taffet
212.603.8925 Direct Dial
212.829.2052 Direct Fax
rtaffet@thelenreid.com

875 Third Avenue
New York, NY 10022-6225

Tel. 212.603.2000
Fax 212.603.2001
www.thelenreid.com

October 13, 2003

**VIA FEDERAL EXPRESS**

Honorable Alfred V. Covello
United States District Court
for the District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Re: MM Global Services, et al. v. The Dow Chemical Company, et al., Civil No. 3:02 CV 1107 (AVC)

Dear Judge Covello:

We are counsel for plaintiffs in the above-referenced case, and we are writing to request a conference with Your Honor on October 22, 2003, or as soon thereafter as Your Honor's schedule permits, to address certain pending discovery disputes that the parties have been unable to resolve. We believe that a conference will be the most efficient and expeditious means for addressing the outstanding issues discussed below, including based upon Your Honor's previous availability in this regard.

As Your Honor is certainly aware, rulings have been entered on all of Defendants' motions to dismiss (with the exception of motions to dismiss by Defendants UCAP, UCCS and Dow Singapore for lack of personal jurisdiction) and, accordingly, the parties are now proceeding with discovery going to the merits of the remaining claims. Unfortunately, our efforts to proceed with such discovery have already resulted in several disputes that the parties are unable to resolve, notwithstanding our good faith efforts to do so.

First, we have been unable to reach agreement with Defendants' counsel regarding the appropriate number of fact witness depositions that each side should be permitted to take in light of the inclusion of the three new Defendants, UCAP, UCCS, and Dow Singapore. In the parties' joint submission pursuant to Fed. R. Civ. P. 16(b) and 26(f), which was prepared well in advance of the addition of the three new Defendants and filing of the First Amended Complaint, the parties informed Your Honor that Plaintiffs and Defendants had agreed to a total of 20 depositions of fact witnesses for each side. Based upon the additional defendants and the discovery to date, however, it is now clear that the number of fact witness depositions should be increased from 20 to 35 for each side. Defendants have thus far not agreed to any increase in the

Honorable Alfred V. Covello
October 13, 2003
Page 2

**Thelen Reid & Priest LLP**

number of depositions, and have even suggested that fewer fact witness depositions should be needed now that some of Plaintiffs' claims have been dismissed. While it is true that the actual number of Plaintiffs' claims has been reduced, the factual underpinnings for the remaining claims are no more narrow in any material way than if all of Plaintiffs' claims had survived dismissal. Moreover, there are now three additional parties involved in the action. Because of the parties' inability to reach agreement on this issue, it is necessary to request your involvement in establishing the number of fact witness depositions that each side shall be entitled to take.

Second, responses to portions of Plaintiffs' First Request for Production of Documents and First Set of Interrogatories had been stayed by this Court's order dated November 20, 2003, in order to permit limited discovery on jurisdiction and venue issues. In particular, Defendants responses to Pls. Doc. Req. Nos. 3(f), 4(b), 5(b), 6(b), 10, 36 and 48, and Pls. Int. Nos. 1(b), 2(b), 3, 10 and 13, were stayed. Now that full merits discovery is proceeding, Plaintiffs have requested, by letter dated October 2, 2003, that the most recently named Defendants respond completely and in full to Plaintiffs' First Request for the Production of Documents and First Set of Interrogatories, and that UCC and Dow respond to those requests and interrogatories, or portions thereof, that they had not responded to in light of the stay. Defendants have refused, taking the position that for Plaintiffs to obtain any additional discovery from any of the Defendants, Plaintiffs will need to serve new discovery requests on Dow and UCC, as well as on the new Defendants, UCAP, UCCS and Dow Singapore. Plaintiffs accordingly seek your direction that Defendants, or at a minimum Dow and UCC, now respond in full to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories.

Lastly, Defendants Dow and UCC represented previously that they are unable to produce certain categories of documents that relate to the period prior to 1998. This is because, purportedly, changes were made in the UCC and Dow Enterprise software and order entry systems in 1998 and 2000. As directed by Your Honor at the February 14, 2003 conference, Defendants are required to identify the person or persons capable of testifying as to the changes in Defendants' enterprise software and order entry systems in 1998 and 2000 and the destruction, loss or whereabouts of data from those systems that Defendants claim is no longer available. Defendants characterized the scope of the deposition ordered by Your Honor by letter dated February 19, 2003, stating that your ruling requires Defendants to "identify a person (or persons) knowledgeable concerning any changes in Dow and/or UCC data systems that made unavailable in the United States any records or transactions with plaintiffs that otherwise would have been accessible from the United States at the time this lawsuit was filed." Plaintiffs have now renewed the request for this deposition(s) by letter dated September 30, 2003. Defendants now take the position that a deposition on this topic would be pointless, because they would now limit it to inquiries concerning documents that actually did exist at the time this lawsuit was commenced, rather than the evidence that otherwise would exist but for the changes to UCC's enterprise software and order entry systems in 1998 and 2000. Accordingly, Plaintiffs must ask the Court to further direct Defendants to make available for deposition a person or persons knowledgeable to testify regarding the changes in 1998 and 2000 to UCC's enterprise software and order entry systems and the documents that otherwise would have been available at the time this lawsuit was filed but for such changes. Moreover, because the need for this deposition exists because of the unavailability of documents and data responsive to Plaintiffs' discovery requests,

Honorable Alfred V. Covello                    **Thelen Reid & Priest LLP**
October 13, 2003
Page 3

it is Plaintiffs' position that any deposition(s) taken on this topic should not count toward the total number of fact witness depositions to which Your Honor allows. Defendants disagree. For this reason also we require your direction.

     Thank you for your consideration of these matters, and we await your direction concerning scheduling a conference with the Court.

                                   Respectfully submitted,

                                   Richard S. Taffet

RST/

cc:    William L. Webber, Esq. (via facsmile)
        Craig A. Raabe, Esq. (via facsmile)
        Robert M. Langer, Esq. (via facsimile)
NY #559342 v1