IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : <br> : <br> : <br> : |
| Plaintiffs, | : CIVIL ACTION NO.: 3:02cv1107 (AVC) |
| v. | : <br> : |
| THE DOW CHEMICAL COMPANY, and UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE LTD. AND DOW CHEMICAL PACIFIC (SINGAPORE) PRIVATE LTD. | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : DECEMBER 3, 2003 |

### DEFENDANT UNION CARBIDE ASIA PACIFIC, INC.'S
### ANSWER AND ADDITIONAL DEFENSES
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Union Carbide Asia Pacific, Inc. ("UCAP"), by and through its attorneys, hereby responds to Plaintiff's First Amended Complaint (the "Complaint") in this matter as follows.

Except as otherwise expressly stated below, UCAP answers and responds only to those allegations contained in the Complaint that are directed toward it. UCAP is without sufficient knowledge or information to form a belief concerning the truth of the allegations in the Complaint that are directed toward other defendants and on that basis denies all such allegations

### NATURE OF THE ACTION

1.  Paragraph 1 of the Complaint states legal conclusions to which no answer is required. To the extent that an answer may be required, UCAP admits Plaintiffs resold Products

to end-user customers in India. UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint that are directed toward other defendants and on that basis denies them. UCAP denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION & VENUE

2.    Paragraph 2 of the Complaint states legal conclusions to which no answer is required. To the extent that an answer may be required, UCAP denies that the Court has subject matter jurisdiction over Plaintiffs' federal antitrust claims, denies that the Court has diversity jurisdiction, and denies that supplemental jurisdiction exists.

3.    Denied.

## PARTIES

**The Plaintiffs**

4.    Upon information and belief, UCAP admits that, beginning in 1993, MMGS purchased and resold Products to end-users in India. Upon information and belief, UCAP denies that UCC sold Products to MMGS in the United States. Upon a reasonable investigation, UCAP is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint regarding either MMGS's state of incorporation or its primary place of business and on that basis denies them. UCAP denies the remaining allegations in paragraph 4 of the Complaint.

5.    Upon information and belief, UCAP admits that (i) MMGS-S was a Singapore corporation, (ii) the principal place of business of MMGS-S was located in Singapore, and (iii) MMGS-S purchased and resold certain Products to end-user customers in India from 1993 to

2000. Upon information and belief, UCAP denies that UCC sold Products to MMGS-S in the United States. Upon a reasonable investigation, UCAP is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the street location of MMGS-S's principal place of business and on that basis denies them. UCAP denies the remaining allegations in paragraph 5 of the Complaint.

6. Upon information and belief, UCAP admits that (i) MVS is a Singapore corporation, (ii) the principal place of business of MVS is located in Singapore, and (iii) beginning in 2000, MVS purchased Products for resale to end-user customers in India. Upon information and belief, UCAP denies that MVS purchased Products from either Dow or UCC in the United States. Upon a reasonable investigation, UCAP is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint regarding MVS's street address and on that basis denies them. UCAP denies the remaining allegations of paragraph 6 of the Complaint.

7. Upon information and belief, UCAP denies that Plaintiffs purchased Products from either Dow or UCC, and denies that Dow or UCC sold Products to Plaintiffs in the United States. UCAP admits that MVMS is an Indian corporation, and that the principal place of business of MVMS is located in Mumbai, India. Upon a reasonable investigation, UCAP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second and third sentences of paragraph 7 of the Complaint and on that basis denies them. UCAP denies the remaining allegations in paragraph 7 of the Complaint.

**The Defendants**

8. Admitted, except that, upon a reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to which chemicals, plastic and agricultural products are being referred to in this paragraph, and thus it lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning where those unidentified chemicals, plastic, and agricultural products are sold and on that basis denies them.

9. Admitted.

10. UCAP admits that it (i) is a Delaware corporation, (ii) has its principal place of business in Singapore at the location alleged, and (iii) is a wholly-owned subsidiary of UCC. UCAP denies the remaining allegations in paragraph 10 of the Complaint.

11. UCAP states that as UCCS has been dismissed from this suit those portions of the Complaint that relate to UCCS are now moot. To the extent that an answer may be required, UCC admits, upon information and belief, that (i) UCCS is a Singapore corporation, (ii) UCCS has its principal place of business in Singapore, though not at the particular address alleged, and (iii) UCCS is a wholly-owned subsidiary of UCC. UCAP denies the remaining allegations in paragraph 11 of the Complaint.

12. Upon information and belief, UCAP admits that, on or about February 6, 2001, UCC merged with a subsidiary of Dow and that UCC thereafter became a wholly-owned subsidiary of Dow. UCAP further admits that Plaintiffs resold Products to end-users in India. UCAP denies the remaining allegations in paragraph 12 of the Complaint.

13. UCAP states that as Dow Singapore has been dismissed from this suit those portions of the Complaint that relate to Dow Singapore are now moot. To the extent that an

answer may be required, UCAP admits, upon information and belief, that (i) Dow Singapore is a Singapore corporation, (ii) Dow Singapore has its principal place of business at the location alleged in paragraph 13 of the Complaint, and (iii) Dow Singapore is a wholly-owned subsidiary of Dow. UCAP denies the remaining allegations of this paragraph.

## FACTS

### The Products

14. UCAP denies that it sold Products to Plaintiff for re-sale to end-user customers in India. Upon information and belief, UCAP further denies that Dow or UCC sold Products to Plaintiffs. Upon information and belief, UCAP admits that UCCS and Dow Singapore sold certain Products to Plaintiffs, that the allegations of this paragraph describe four broad categories of chemicals and polymers that encompass many of those Products, and that Plaintiffs resold Products to end-user customers in India. UCAP denies the remaining allegations of paragraph 14 of the Complaint.

15. Upon information and belief, UCAP admits that Plaintiffs resold Products to end-users in India, and that many, though not all, of the Products that Plaintiffs purchased from UCCS were manufactured in the Gulf States area of the United States. Upon a reasonable investigation, UCAP is without sufficient knowledge or information to form a belief as to where Dow produced Products or where Plaintiffs took title and risk of loss to any Products that may have been produced by Dow. UCAP denies the remaining allegations in paragraph 15 of the Complaint.

**The Contractual Relationship**

16.     Upon information and belief, UCAP admits that, in December of 1984, Union Carbide India Limited ("UCIL"), a company in which UCC had a 50.9% ownership interest, experienced a tragic act of sabotage at its Bhopal, India plant, which resulted in the death and/or injury of numerous individuals. As part of the settlement with the government of India, the criminal and civil charges directed at UCC and UCIL as a result of this incident were dropped. UCC subsequently divested its ownership interests in UCIL. Upon information and belief, UCAP denies Plaintiffs' allegations regarding events transpiring prior to 1984. Upon information and belief, UCAP further denies Plaintiffs' characterization of the Bhopal incident, and denies the remaining allegations in paragraph 16 of the Complaint. Further answering, UCAP avers that the allegations in paragraph 16 of the Complaint are immaterial and irrelevant to the claims in this lawsuit.

17.     UCAP admits that a letter, dated November 16, 1987, was sent by Union Carbide Eastern, Inc. to Visa Petrochemicals Pvt. Ltd. (the "11/16/87 Letter"). UCAP states that the 11/16/87 Letter speaks for itself and denies any allegations in paragraph 17 of the Complaint that are inconsistent with its terms. UCAP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and on that basis denies them.

18.     UCAP states that the 11/16/87 Letter speaks for itself and denies any allegations in paragraph 18 of the Complaint that are inconsistent with its terms. UCAP denies the remaining allegations in paragraph 18 of the Complaint.

19.     Denied.

20. UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that basis denies them.

21. UCAP admits that by letter dated April 5, 1993, UCAP terminated the relationship initiated by the 11/16/87 Letter. UCAP denies the remaining allegations in paragraph 21 of the Complaint

22. UCAP admits that it sent a letter to Mega Global Services, Inc. on or about April 5, 1993, expressing its "interest in selling to Mega Global Services, Inc. certain of Union Carbide's products for resale by Mega Global Services, Inc. to customers located in India," (the "04/05/93 Letter"). UCAP states that the 04/05/93 Letter speaks for itself and denies any allegations in paragraph 22 of the Complaint that are inconsistent with its terms. Upon information and belief, UCAP admits that MMGS resold the products it purchased from UCCS to end-user customers in India. Upon a reasonable investigation, UCAP is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint that relate to MVMS performance vis-à-vis MMGS. UCAP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and on that basis denies them.

23. Upon information and belief, UCAP admits that MMGS-S was established as a Singapore corporation in or around 1993. UCAP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and on that basis denies them.

24. UCAP admits that it sent a letter to Mega Global Services, Inc. on or about September 8, 1995, expressing its interest in continuing its business relationship with MMGS

(the "09/09/95 Letter"). UCAP states that the 09/05/95 Letter speaks for itself and denies any allegations in paragraph 24 of the Complaint that are inconsistent with its terms. UCAP denies the remaining allegations in paragraph 24 of the Complaint.

25.  UCAP admits that, as of 1998, MMGS-S succeeded MMGS as a reseller of Products to end-user customers in India, and that, in 2000, MVS succeeded MMGS-S as a reseller of Products to end-user customers in India. UCAP further admits that it sent MVS a letter, dated June 27, 2000 (the "06/27/00 Letter") regarding the parties' relationship. UCAP states that the 06/27/00 Letter speaks for itself and denies any allegations in paragraph 25 of the Complaint that are inconsistent with its terms. UCAP denies the remaining allegations in paragraph 25 of the Complaint.

26.  Denied.

**Defendants' Resale Price Fixing**

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

**Defendants' Contract Breaches and Tortious Conduct**

31.  Upon a reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint that resales of the Products accounted for at least 85% of Plaintiffs' business and on that basis denies them. UCAP denies the remaining allegations in paragraph 31 of the Complaint.

32.  Denied.

### A. Defendants' Unlawful Conduct — 1999 to 2000

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. UCAP admits that two end-users of customers in India, Finolex and Sterlite, filed lawsuits in India against UCC and one or more of the Plaintiffs alleging the breach of certain sales contracts for wire and cable products. UCAP denies the remaining allegations in paragraph 37 of the Complaint.

### B. Defendants' Unlawful Conduct — 2001

38. To the extent the allegations in paragraph 38 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint that are directed toward other defendants and on that basis denies them.

39. To the extent the allegations in paragraph 39 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint that are directed toward other defendants and on that basis denies them.

40. To the extent the allegations in paragraph 40 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint that are directed toward other defendants and on that basis denies them.

41. Upon a reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and on that basis denies them.

42. To the extent the allegations in paragraph 42 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint that are directed toward other defendants and on that basis denies them.

43. To the extent the allegations in paragraph 43 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint that are directed toward other defendants and on that basis denies them.

44. To the extent the allegations in paragraph 44 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint that are directed toward other defendants and on that basis denies them.

45. To the extent the allegations in paragraph 45 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint that are directed toward other defendants and on that basis denies them.

46. To the extent the allegations in paragraph 46 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint that are directed toward other defendants and on that basis denies them.

47. Upon a reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and on that basis denies them.

48. To the extent the allegations in paragraph 48 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of the Complaint that are directed toward other defendants and on that basis denies them.

49. To the extent the allegations in paragraph 49 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint that are directed toward other defendants and on that basis denies them.

### C.  Defendants Unlawful Conduct — 2002

50. To the extent the allegations in paragraph 50 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the Complaint that are directed toward other defendants and on that basis denies them.

51. To the extent the allegations in paragraph 51 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint that are directed toward other defendants and on that basis denies them.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
## VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1)

52. UCAP incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 51 above as if fully set forth herein.

53. To the extent the allegations in paragraph 53 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of the Complaint that are directed toward other defendants and on that basis denies them.

54. Denied.

55. Denied.

56. To the extent the allegations in paragraph 56 of the Complaint are directed toward UCAP, UCAP denies them. Upon reasonable investigation, UCAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 of the Complaint that are directed toward other defendants and on that basis denies them.

57. Denied.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
## BREACH OF CONTRACT

58. UCAP incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 57 above as if fully set forth herein.

59. UCAP admits that Plaintiffs resold product to end-user customers in India. UCAP denies the remaining allegations in paragraph 59 of the Complaint.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64. – 67.     The claim related to paragraphs 64 through 67 of the Complaint was dismissed and therefore no response is required to the allegations therein.  To the extent that a response to paragraphs 64 through 67 is required, UCAP denies each and every one of those allegations.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### FRAUDULENT MISREPRESENTATION AND NON-DISCLOSURE

68. – 75.     The claim related to paragraphs 68 through 75 of the Complaint was dismissed and therefore no response is required to the allegations therein.  To the extent that a response to paragraphs 68 through 75 is required, UCAP denies each and every one of those allegations.

### FIFTH CLAM FOR RELIEF AGAINST DEFENDANTS
### NEGLIGENT MISREPRESENTATION

76. UCAP incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 75 above as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES

81. – 84.    The claim related to paragraphs 81 through 84 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 81 through 84 is required, UCAP denies each and every one of those allegations.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

85. – 88.    The claim related to paragraphs 85 through 88 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 85 through 88 is required, UCAP denies each and every one of those allegations.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### UNFAIR COMPETITION

89. – 93.    The claim related to paragraphs 89 through 93 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 89 through 93 is required, UCAP denies each and every one of those allegations.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT

94. – 99.    The claim related to paragraphs 94 through 99 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 94 through 99 is required, UCAP denies each and every one of those allegations.

### TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT

100. – 104.  The claim related to paragraphs 100 through 104 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 100 through 104 is required, UCAP denies each and every one of those allegations.

### ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT

105. – 109.  The claim related to paragraphs 105 through 109 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 105 through 109 is required, UCAP denies each and every one of those allegations.

### TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### VIOLATION OF CONNECTICUT ANTITRUST ACT

110. – 117.  The claim related to paragraphs 110 through 117 of the Complaint was dismissed and therefore no response is required to the allegations therein. To the extent that a response to paragraphs 110 through 117 is required, UCAP denies each and every one of those allegations.

### PRAYER FOR RELIEF

To the extent that an answer may be required to the Prayer for Relief following paragraph 117 of the Complaint, UCAP denies each and every allegation contained therein.

### JURY DEMAND

To the extent that an answer may be required to the Jury Demand at the end of Plaintiffs' Complaint, UCAP denies each and every allegation therein.