## DENIAL

UCAP denies each and every allegation of the Complaint not specifically admitted above.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, UCAP also asserts the following additional defenses:

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' federal antitrust claim asserted in Plaintiffs' First Claim for Relief.

### Second Defense

All or a portion of Plaintiffs' claims for damages flowing from the alleged resale price maintenance in India is barred by the applicable statute of limitations.

### Third Defense

Plaintiffs' First Claim for Relief fails to state a claim on which relief can be granted.

### Fourth Defense

Plaintiffs lack standing under the federal antitrust laws.

### Fifth Defense

Plaintiffs' breach of contract claim, asserted as the Second Claim for Relief, is barred by the doctrine of accord and satisfaction.

### Sixth Defense

Plaintiffs have waived their breach of contract claim.

### Seventh Defense

Plaintiffs' alleged contract damages, if proven, are subject to a set-off in the approximate amount of $1.3 million.

### Eighth Defense

Plaintiffs' contract damages claim is reduced or barred altogether by Plaintiffs' failure to mitigate their damages.

### Ninth Defense

Plaintiffs' Second Claim for Relief fails to state a claim for breach of contract on which relief can be granted.

### Tenth Defense

All or part of Plaintiffs' Second Claim for Relief is barred by the equitable doctrine of laches.

### Eleventh Defense

Plaintiffs' Fifth Claim for Relief fails to state a claim for negligent misrepresentation on which relief can be granted.

### Twelfth Defense

The Court lacks diversity jurisdiction over this action.

### Thirteenth Defense

UCAP adopts by reference any applicable defense pled by any other defendant not expressly set forth herein.

### Fourteenth Defense

UCAP reserves the right to assert other defenses as discovery proceeds.

- 18 -

WHEREFORE, defendant Union Carbide Asia Pacific, Inc. requests that the Court enter judgment in its favor and against plaintiffs MM Global Services, Inc., MM Global Services Pte. Ltd., and Mega Visa Solutions (S) Pte. Ltd. on the remaining claims of the First Amended Complaint, and award Union Carbide Asia Pacific, Inc. the costs of this action and any other relief which this Court deems just and equitable.

Dated: Hartford, Connecticut
      December 3, 2003

Respectfully submitted,

*/s/ Brien Horan*
BRIEN P. HORAN (ct 06870)
CRAIG A. RAABE (ct 04116)
EDWARD J. HEATH (ct 20992)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

ANDREW S. MAROVITZ
BRITT M. MILLER
Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603
(312) 782-0600

CHRISTOPHER J. KELLY
Mayer, Brown, Row & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1157
(202) 263-3000

*Counsel for Defendant Union Carbide Asia Pacific, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on this 3rd day of December, 2003, to the following counsel of record:

Robert M. Langer
Suzanne E. Wachsstock
Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, CT  06103-3402

Michael S. Elkin
Richard S. Taffet
Susan B. McInerney
Thelen Reid & Priest LLP
40 West 57th Street
New York, NY  10019-4097

_____
Brien P. Horan