Exhibit C

# Thelen Reid & Priest LLP
*Attorneys At Law*

875 Third Avenue
New York, NY 10022-6225

Paul A. Winick
212.603.6756 Direct Dial
212.829.2059 Direct Fax
pwinick@thelenreid.com

Tel. 212.603.2000
Fax 212.603.2001
www.thelenreid.com

March 6, 2003

VIA FACSIMILE – (202) 739-3001

William L. Webber, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Re:    MM Global Services, Inc., et al. v. Dow Chemical, et al.

Dear Bill:

I have reviewed your letter of February 19, 2003.

We generally agree with your memorialization of the Court's rulings, as far as it goes.

Our one disagreement concerns your item 3, which relates to paragraphs 4 and 5 of Defendants' second set of interrogatories. Your characterization is somewhat more specific than was the Court in directing Plaintiffs. Plaintiffs were instructed to quantify witnesses relevant to each of the types of conduct in the paragraphs specified in the interrogatories "to the extent possible," not to parse either the Complaint or the interrogatories paragraph by paragraph. We do not believe there is any substantive difference in the further response required by your view of the Court's direction and ours. However, the same conduct is referred to in various paragraphs of the complaint. Should you later argue that there is some legal significance that a specific paragraph did not have a number of witnesses attributed to it, we want it to be clear that we do not view the Court's direction as requiring Plaintiffs to respond in that way.

More significantly, your letter omits that in addition to imposing certain obligations of plaintiffs and defendants, the Court also rejected a number of Defendants' requests for additional responses to the second set of interrogatories. Specifically, the Court decided that:

1.    Plaintiffs had no obligation to produce minutes of meetings of Plaintiffs' Boards of Directors;

**Thelen Reid & Priest LLP**

William L. Webber, Esq.
March 6, 2003
Page 2

    2.    Plaintiffs had no obligation to produce any further information concerning Officers and Directors than was provided in Plaintiffs' Answers To Defendants' Second Set Of Interrogatories Related To Venue Issues;

    3.    Plaintiffs had no obligation to produce any of the information requested in Defendants' second set of interrogatories concerning Plaintiff's employees; and

    4.    Plaintiffs were not required to disclose any additional information concerning acts or omissions in Connecticut than was provided in Plaintiffs' Answers To Defendants' Second Set Of Interrogatories Related To Venue Issues.

Sincerely,

Paul A. Winick

PAW/ ms

cc:    Robert M. Langer, Esq.

NY #518880 v1