No. ___

═══════════════════════

In The

# 𝔖upreme ℭourt of the 𝔘nited 𝔖tates

---

F. HOFFMANN-LA ROCHE LTD, HOFFMANN-LA ROCHE INC.,
ROCHE VITAMINS INC., BASF AG, BASF CORP.,
RHÔNE-POULENC ANIMAL NUTRITION INC.,
RHÔNE-POULENC INC., *et al.*,

*Petitioners,*

v.

EMPAGRAN, S.A., *et al.*,

*Respondents.*

---

## On Petition for a Writ of Certiorari to the United States Court of Appeals for the District of Columbia Circuit

---

## PETITION FOR A WRIT OF CERTIORARI

---

STEPHEN M. SHAPIRO
TYRONE C. FAHNER
ANDREW S. MAROVITZ
JEFFREY W. SARLES
MAYER, BROWN, ROWE & MAW
190 South La Salle Street
Chicago, IL 60603
(312) 782-0600

*Attorneys for Petitioner
BASF Corporation*

ARTHUR F. GOLDEN
  *Counsel of Record*
LAWRENCE PORTNOY
CHARLES S. DUGGAN
SHANNON A. ROGERS
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Petitioner
  F. Hoffmann-La Roche
  Ltd.*

[Names and addresses of additional counsel listed on signature pages]

WILSON-EPES PRINTING CO., INC.  –  (202) 789-0096  –  WASHINGTON, D. C. 20001

## QUESTION PRESENTED

The District of Columbia Circuit, in a divided opinion, interpreted the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, to permit U.S. antitrust claims by foreign buyers based on transactions with foreign sellers conducted entirely in foreign countries. Rehearing was denied by a 4-3 vote. The D.C. Circuit's decision conflicts with decisions of other courts of appeals and with the views of the United States. The question presented is as follows:

Whether plaintiffs may pursue Sherman Act claims seeking recovery for injuries sustained in transactions occurring entirely outside U.S. commerce.

ii

## PARTIES TO THE
## PROCEEDINGS BELOW

A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

*Petitioners*: F. Hoffmann-La Roche Ltd, Hoffmann-La Roche Inc., Roche Vitamins Inc., BASF AG, BASF Corporation, Rhône-Poulenc Animal Nutrition Inc., Rhône-Poulenc Inc., Hoechst Marion Roussel S.A., Rhône-Poulenc S.A., Takeda Chemical Industries, Ltd., Takeda Vitamin & Food USA, Inc., Daiichi Pharmaceutical Co., Ltd., Daiichi Pharmaceutical Corp., Daiichi Fine Chemicals, Inc., Eisai Co., Ltd., Eisai U.S.A., Inc., Eisai Inc., Akzo Nobel Chemicals B.V., Akzo Nobel Inc., Bioproducts Incorporated, Chinook Group Ltd., Cope Investments Ltd., Degussa AG, Degussa Corp., DuCoa, L.P., DCV, Inc., EM Industries, Inc., Merck KGaA, E. Merck, Lonza Inc., Lonza AG, Alusuisse-Lonza Group Ltd, Mitsui & Co., Ltd., Nepera, Inc., Reilly Chemicals, S.A., Reilly Industries, Inc., Sumitomo Chemical Co., Ltd., Sumitomo Chemical America, Inc., Tanabe U.S.A. Inc. and UCB Chemicals Corp.

*Respondents*: Empagran, S.A., Nutricion Animal, S.A., Winddridge Pig Farm, Brisbane Export Corp. Pty, Ltd. and Concern Stirol, on behalf of themselves and all others similarly situated.

## RULE 29.6 STATEMENT

F. Hoffmann-La Roche Ltd is a wholly-owned subsidiary of Roche Holding Ltd. Novartis AG, a publicly-held company, owns approximately 32.7% of the voting shares of Roche Holding Ltd. Novartis AG has no representation on Roche Holding Ltd's board of directors and does not in any way control Roche Holding Ltd or any of its subsidiaries. Apart from Roche Holding Ltd (and, indirectly, Novartis

iii

AG), there is no publicly-held company with a 10% or greater ownership interest in F. Hoffmann-La Roche Ltd.

Hoffmann-La Roche Inc. ("HLRI") and Roche Vitamins Inc. ("RVI") are indirect subsidiaries of Roche Holding Ltd. Apart from Roche Holding Ltd (and, indirectly, Novartis AG), there is no publicly-held company with a 10% or greater ownership interest in HLRI or RVI.

No publicly-held company has notified BASF Aktiengesellschaft ("BASF AG") that it owns a 10% or greater interest in BASF AG.

Apart from BASF AG, there is no publicly-held company that owns a 10% or greater interest in BASF Corporation.

Aventis Animal Nutrition Inc. (f/k/a Rhône-Poulenc Animal Nutrition Inc.) and Aventis CropScience USA Inc. (f/k/a Rhône-Poulenc Inc.) are wholly-owned indirect subsidiaries of Rhône-Poulenc S.A. ("RPSA"), n/k/a Aventis SA, which is a publicly-traded holding company. Hoechst Marion Roussel S.A. is a wholly-owned indirect subsidiary of Hoechst A.G. RPSA, n/k/a Aventis SA, owns substantially all of the outstanding shares of Hoechst A.G. Apart from RPSA, n/k/a Aventis SA, there is no publicly-held company with a 10% or greater ownership interest in Aventis Animal Nutrition Inc., Aventis CropScience USA Inc. or Hoechst Marion Roussel S.A.

Takeda Chemical Industries, Ltd. ("TCI") has no parent company, and to the best of its knowledge there is no publicly-held company with a 10% or greater ownership interest in TCI.

Takeda Vitamin & Food USA, Inc. ("TVFU") was a wholly-owned subsidiary of Takeda America, Inc., now known as Takeda America Holdings, Inc., which in turn is a subsidiary of TCI. TVFU was merged into BASF Corporation as of approximately January, 2001.

iv

Daiichi Pharmaceutical Co., Ltd. is the direct parent of Daiichi Pharmaceutical Corp. and the indirect parent of Daiichi Fine Chemicals, Inc. There is no publicly-held company with a 10% or greater ownership interest in Daiichi Pharmaceutical Co., Ltd.

Daiichi Pharmaceutical Corp. is a subsidiary of Daiichi Pharmaceutical Co., Ltd. Daiichi Pharmaceutical Corp. has no outstanding securities in the hands of the public. Daiichi Pharmaceutical Corp. was prior to October 2002 the parent of Daiichi Fine Chemicals, Inc.

Daiichi Fine Chemicals, Inc. was prior to October 2002 a direct subsidiary of Daiichi Pharmaceutical Corp., which in turn is a subsidiary of Daiichi Pharmaceutical Co., Ltd. Daiichi Fine Chemicals, Inc. has no outstanding securities in the hands of the public.

There is no publicly-held company with a 10% or greater ownership interest in Eisai Co., Ltd. Eisai Co., Ltd. is the indirect parent of Eisai Inc. and Eisai U.S.A., Inc.

Eisai U.S.A., Inc. is an indirect subsidiary of Eisai Co., Ltd. There is no publicly-held company with a 10% or greater ownership interest in Eisai U.S.A., Inc.

Eisai Inc. is an indirect subsidiary of Eisai Co., Ltd. There is no publicly-held company with a 10% or greater ownership interest in Eisai Inc.

Akzo Nobel Chemicals B.V. and Akzo Nobel Inc. are indirect, wholly-owned subsidiaries of Akzo Nobel N.V. Apart from Akzo Nobel N.V., there is no publicly-held company with a 10% or greater ownership interest in Akzo Nobel Chemicals B.V. or Akzo Nobel Inc.

v

Mitsui & Co., Ltd., a publicly-held company, owns a 20% interest in Bioproducts Incorporated. There is no person or entity that owns 10% or more of this publicly-traded company. Mitsui & Co. (U.S.A.), Inc., a wholly-owned subsidiary of Mitsui & Co., Ltd., owns an 80% interest in Bioproducts Incorporated.

Chinook Group Ltd. is a wholly-owned subsidiary of Cope Investments Ltd. There is no publicly-held company with a 10% or greater ownership interest in Chinook Group Ltd.

There is no publicly-held company with a 10% or greater ownership interest in Cope Investments Ltd.

Two German companies, E.On AG and RAG, collectively own 93% of Degussa AG's (f/k/a Degussa-Hüls AG) stock. No other entity owns more than 10% of Degussa AG's stock.

Degussa Corp. (f/k/a Degussa-Hüls Corporation) is a subsidiary of Degussa AG. Apart from Degussa AG, and indirectly, E.On AG and RAG, there is no publicly-held company with a 10% or greater ownership interest in Degussa Corp.

There is no publicly-held company with a 10% or greater ownership interest in DuCoa, L.P.

DCV, Inc. is the general partner of DuCoa, L.P. DCV Holdings, Inc. is the parent company of DCV, Inc. Metropolitan Life Insurance has over a 10% interest in DCV, Inc.'s parent company.

E. Merck is a general partnership organized under German law and is engaged in the pharmaceutical, chemicals and other lines of business.

There is no publicly-held company with a 10% or greater ownership interest in E. Merck or Merck KGaA.

vi

E. Merck and Merck KGaA together directly or indirectly own 100% of the shares of EM Industries, Inc., now known as EMD Chemicals Inc.

Alusuisse-Lonza Group Ltd, a former affiliate of Lonza Inc. and Lonza AG, is a corporation with interests in various businesses including alumina and bauxite. It is now known as Alcan (Switzerland) Ltd.  It is a 100%-owned subsidiary of Alcan Inc., a public company.

Lonza AG is a direct, wholly-owned subsidiary of Lonza Group Ltd. Apart from Lonza Group Ltd, there is no publicly-held company with a 10% or greater ownership interest in Lonza AG.

Lonza Inc. is an indirect, wholly-owned subsidiary of Lonza Group Ltd. Apart from Lonza Group Ltd, there is no publicly-held company with a 10% or greater ownership interest in Lonza Inc.

Nepera, Inc. is a wholly-owned subsidiary of Cambrex Corporation, a publicly-held company.

Reilly Industries, Inc. has no parent corporations and there is no publicly-held company with a 10% or greater ownership interest in Reilly Industries, Inc.

Reilly Chemicals, S.A. is a subsidiary of Reilly Industries, Inc. There is no publicly-held company with a 10% or greater ownership interest in Reilly Chemicals, S.A.

There is no publicly-held company with a 10% or greater interest in Sumitomo Chemical Co., Ltd.

Sumitomo Chemical America, Inc. is a wholly-owned subsidiary of Sumitomo Chemical Co., Ltd.

vii

Tanabe U.S.A. Inc. is an indirectly owned subsidiary of Tanabe Seiyaku Co., Ltd. Apart from Tanabe Seiyaku Co., Ltd., there is no publicly-held company with a 10% or greater ownership interest in Tanabe U.S.A. Inc.

Service Specialties, Inc., f/k/a UCB Chemicals Corp., is wholly-owned by UCB, Inc., which in turn is wholly-owned by UCB S.A. UCB S.A. is aware of one publicly traded company, Financiere d'Obourg S.A., that owns more than 10% of UCB S.A.'s stock.

## TABLE OF CONTENTS

Page

QUESTION PRESENTED.............................................. i

PARTIES TO THE PROCEEDINGS BELOW ............ ii

RULE 29.6 STATEMENT ..................................... ii

TABLE OF AUTHORITIES......................................... xi

OPINIONS BELOW ................................................... 1

JURISDICTION ...................................................... 2

STATUTORY PROVISIONS INVOLVED ................. 2

STATEMENT ........................................................... 3

REASONS FOR GRANTING THE PETITION........... 8

   I.   THE COURT OF APPEALS' DECISION
       CONFLICTS WITH DECISIONS OF
       OTHER CIRCUITS AND WITH THE
       VIEWS OF THE UNITED STATES................ 8

  II.  THE COURT OF APPEALS MISCON-
       STRUED THE FTAIA..................................... 12

      A.  The FTAIA Does Not Authorize Claims
          Seeking to Remedy Injuries Sustained in
          Purely Foreign Commerce ........................ 13

      B.  The Grounds Advanced by the Court
          Below Cannot Support Its Construction
          of the FTAIA............................................ 17

      C.  The Court of Appeals Ignored Antitrust
          Standing and Injury Requirements
          Recognized in This Court's Decisions...... 20

 III.  THE FREQUENTLY RECURRING QUES-
       TION PRESENTED IN THIS CASE HAS
       EXCEPTIONAL PUBLIC IMPORTANCE ..... 22

CONCLUSION ............................................................ 24

(ix)

x

## TABLE OF CONTENTS—Continued

APPENDIX                                                           Page

Opinion of the United States Court of Appeals for
the District of Columbia Circuit, dated January
17, 2003 ................................................................    1a

Order of the United States Court of Appeals for the
District of Columbia Circuit Denying Petition for
Rehearing, dated September 11, 2003 ...................    43a

Order of the United States Court of Appeals for the
District of Columbia Circuit Denying Petition for
Rehearing En Banc, dated September 11, 2003 ....    44a

Memorandum Opinion of the United States District
Court for the District of Columbia, dated June 7,
2001 .......................................................................    45a

Brief for the United States and the Federal Trade
Commission as Amici Curiae in Support of
Petition for Rehearing En Banc by the United
States Court of Appeals for the District of
Columbia Circuit ................................................    63a

xi

## TABLE OF AUTHORITIES

CASES                                             Page

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977) .......................................... 11, 21

*Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104 (1986).................................................. 21

*de Atucha v. Commodity Exch., Inc.*, 608 F. Supp. 510 (S.D.N.Y. 1985) ............................... 12

*Den Norske Stats Oljeselskap AS v. HeereMac v.o.f.*, 241 F.3d 420 (5th Cir. 2001), *cert. denied sub nom. Statoil ASA v. HeereMac v.o.f.*, 534 U.S. 1127 (2002)................... 6, 9, 15, 19, 22

*EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244 (1991).................................................. 15

*Eurim-Pharm GmbH v. Pfizer Inc.*, 593 F. Supp. 1102 (S.D.N.Y. 1984)........................................ 12

*Ferromin Int'l Trade Corp. v. UCAR Int'l, Inc.*, 153 F. Supp. 2d 700 (E.D. Pa. 2001), *appeal docketed sub nom. BHP N.Z., Ltd. v. UCAR Int'l, Inc.*, Nos. 01-3329, 01-3340, 01-3991 (3d Cir. Aug. 29, 2001)...................................... 12

*Galavan Supplements, Ltd. v. Archer Daniels Midland Co.*, No. C 97-3259 FMS, 1997 WL 732498 (N.D. Cal. Nov. 19, 1997) .................. 12

*Gustafson v. Alloyd Co.*, 513 U.S. 561 (1995) ...... 14

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993)................................................ 16

*Holloway v. United States*, 526 U.S. 1 (1999)....... 15

*Jarecki v. G.D. Searle & Co.*, 367 U.S. 303 (1961)................................................. 14

*Kruman v. Christie's Int'l PLC*, 284 F.3d 384 (2d Cir. 2002), *petition for cert. dismissed*, 71 U.S.L.W. 3169 (Aug. 8, 2003) (No. 02-340)................................................... 6, 8-9, 10, 19

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .............................. 15-16

xii

TABLE OF AUTHORITIES—Continued

Page

*Metallgesellschaft AG v. Sumitomo Corp.*, 825 F.3d 836 (7th Cir. 2003) .................................... 9

*In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702 (D. Md. 2001) .............................. 12

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ................. 23

*National Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479 (1998) ............ 14

*Pfizer Inc. v. Government of India*, 434 U.S. 308 (1978) ................................................................ 7, 19

*Pacific Seafarers, Inc. v. Pacific Far East Line, Inc.*, 404 F.2d 804 (D.C. Cir. 1968) ................... 18

*Pierce County v. Guillen*, 537 U.S. 129 (2003) ..... 16

*Sniado v. Bank Aus., AG*, 174 F. Supp. 2d 159 (S.D.N.Y. 2001) .................................................. 12

*Solid Waste Agency v. United States Army Corps of Eng'rs*, 531 U.S. 159 (2001) ........................ 15

*Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293 (3d Cir. 2002) ...................................... 9, 11, 21

*United Phosphorus, Ltd. v. ANGUS Chem. Co.*, 322 F.3d 942 (7th Cir. 2003), *petition for cert. denied*, 72 U.S.L.W. 18 (Nov. 10, 2003) (No. 03-203) ................................................................ 17-18

*United States v. Aluminum Co. of Am.*, 148 F.2d 416 (2d Cir. 1945) ............................................. 16

STATUTES

15 U.S.C. § 1 ........................................................... 2, 4

15 U.S.C. § 6a (Foreign Trade Antitrust Improvements Act of 1982) ........................................... *passim*

15 U.S.C. § 15 ......................................................... 4, 5

18 U.S.C. § 3571 .................................................... 19

28 U.S.C. § 1254(1) ............................................... 2

xiii

TABLE OF AUTHORITIES—Continued

Page

28 U.S.C. § 1331 ....................................................     5
28 U.S.C. § 1337 ....................................................     5

LEGISLATIVE HISTORY

H.R. Rep. No. 97-686 (1982), *reprinted in* 1982
U.S.C.C.A.N. 2487 ..............................4, 14, 17, 21, 23

MISCELLANEOUS

ABA Section of Antitrust Law, ANTITRUST LAW
DEVELOPMENTS (5th ed. 2002) .........................     23
Phillip E. Areeda & Herbert Hovenkamp,
ANTITRUST LAW (2d ed. 2000) .........................     16
Hannah L. Buxbaum, *The Private Attorney
General in a Global Age: Public Interests in
Private International Antitrust Litigation*, 26
YALE J. INT'L L. 219 (2001) ..............................     23
John H. Shenefield, *Thoughts on Extrater-
ritorial Application of the United States
Antitrust Laws*, 52 FORDHAM L. REV. 350
(1983)................................................................     16-17
R. Hewitt Pate, *The DOJ Int'l Antitrust
Program–Maintaining the Momentum*, Speech
Before the ABA Section of Antitrust Law
(Feb. 6, 2003) (transcript available at
www.usdoj.gov/atr/public/speeches/200736.
pdf)...................................................................     23
R. Hewitt Pate, *Roundtable Conference with
Enforcement Officials*, 71 ANTITRUST L.J. 333
(2003)................................................................     22
Spencer W. Waller, ANTITRUST AND AMERICAN
BUSINESS ABROAD (3d ed. 2002) ......................     23-24
Wilbur L. Fugate, FOREIGN COMMERCE AND THE
ANTITRUST LAWS (5th ed. 1996) .......................     23

IN THE

# Supreme Court of the United States

———————

No. ___

———————

F. HOFFMANN-LA ROCHE LTD, HOFFMANN-LA ROCHE INC.,
ROCHE VITAMINS INC., BASF AG, BASF CORP.,
RHÔNE-POULENC ANIMAL NUTRITION INC.,
RHÔNE-POULENC INC., *et al.*,

*Petitioners,*

v.

EMPAGRAN, S.A., *et al.*,

*Respondents.*

———————

### On Petition for a Writ of Certiorari to the United States Court of Appeals for the District of Columbia Circuit

———————

### PETITION FOR A WRIT OF CERTIORARI

———————

Petitioners respectfully petition for a writ of certiorari to review the judgment of the United States Court of Appeals for the District of Columbia Circuit in this case.

## OPINIONS BELOW

The opinion of the court of appeals is reported at 315 F.3d 338. App., *infra*, 1a-42a. The orders of the court of appeals denying petitioners' petition for rehearing and petition for rehearing en banc are unreported. App., *infra*, 43a, 44a. The opinion of the district court is unreported. App., *infra*, 45a-62a.

2

## JURISDICTION

The judgment of the court of appeals was entered on January 17, 2003. Petitioners' timely petitions for rehearing and for rehearing en banc were denied on September 11, 2003. This Court has jurisdiction under 28 U.S.C. § 1254(1).

## STATUTORY PROVISIONS INVOLVED

Section 1 of the Sherman Act, 15 U.S.C. § 1, provides in relevant part:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal.

The Foreign Trade Antitrust Improvements Act of 1982, Pub. L. No. 97-290, Title IV, 96 Stat. 1233, 1246 (1982), codified at 15 U.S.C. § 6a, provides:

> Sections 1 to 7 of this title shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations unless—
>
> (1) such conduct has a direct, substantial, and reasonably foreseeable effect—
>
> (A) on trade or commerce which is not trade or commerce with foreign nations, or on import trade or import commerce with foreign nations; or
>
> (B) on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States; and
>
> (2) such effect gives rise to a claim under the provisions of sections 1 to 7 of this title, other than this section.
>
> If sections 1 to 7 of this title apply to such conduct only because of the operation of paragraph (1)(B), then sections 1 to 7 of this title shall apply to such conduct only for injury to export business in the United States.