# Business Day

## The New York Times

TUESDAY, DECEMBER 16, 2003

## Management Ahead of Merger


Jeff Zucker — NBC

NBC alignment.

Mr. Zucker, who is the president of NBC's entertainment division, will add the most new duties, picking up supervisory control of NBC News and well as NBC's cable channels, which include the news channel MSNBC and the financial news channel CNBC as well as Bravo. His title will be president, NBC entertainment, news and cable group.

Mr. Falco, who has had the title of President of the NBC Television Network, will be elevated to group president and will add control of NBC's holdings in the Telemundo Spanish-language television network.

Mr. Wright said the appointments were made to "lay the groundwork" for the expansion of the company at the completion of the deal with Universal, which is now awaiting approval from the Federal Trade Commission.

"I anticipate no problems," Mr. Wright said. Final approval should come in March or April, he added.

At the time he made the appointments at NBC, Mr. Wright restated his support for Ron Meyer, the chairman of Universal, and praised the extension Universal granted to two top film division executives yesterday,

Continued on Page 10

## Aircraft in Search of Buyers


Annie Marie Musselman for The New York Times

### By MICHELINE MAYNARD

The Boeing Company, which is expected to announce plans today to market its 7E7 jetliner, faces the immediate and challenging task of finding buyers for the plane, a medium-range aircraft that is its first new plane in more than a decade.

Boeing declined to say yesterday whether its board, which met Sunday and yesterday in Chicago, had given final approval to take orders for the plane. A second decision would be required before the 7E7 could go into production, but that would not be made before

## Justices Agree To Tackle Antitrust Case

### Do U.S. Laws Apply To Overseas Deals?

#### By LINDA GREENHOUSE

WASHINGTON, Dec. 15 — The Supreme Court, accepting a closely watched international price-fixing case for review, agreed on Monday to decide how United States antitrust law applies to transactions that take place entirely overseas.

Although the issue has only lately gained prominence in the lower courts, recent rulings opening federal courts to antitrust claims by foreign plaintiffs with only remote connections to domestic commerce have engendered enormous interest and concern among companies fearful of newly defined antitrust liability for their overseas operations.

The United States Chamber of Commerce urged the Supreme Court to review the decision in this case, in which the federal appeals court here ruled that a trial could go forward in a suit brought by foreign purchasers of vitamins against a group of pharmaceutical companies accused of operating as an international cartel to fix the prices of bulk vitamins.

Seeking review at an earlier stage of the case, the Bush administration called the issue one of "exceptional and recurring importance."

The administration is almost certain to weigh in on the defendants' side now that the Supreme Court has agreed to hear their appeal.

The defendants include F. Hoffmann-La Roche Ltd.; Aventis, which was Rhône-Poulenc Inc. when the lawsuit suit was filed in 2000; and several other manufacturers and distributors of vitamins for use by humans and animals. Some of the companies earlier pleaded guilty to criminal antitrust charges in the United States, paying federal fines of $900 million; paid civil penalties imposed by the European Union and individual foreign countries; and settled other lawsuits, all related to the vitamin price fixing.

The five plaintiffs, representing a class of all foreign purchasers of the defendants' vitamins, are in Australia, Ecuador, Panama and Ukraine.

They are seeking triple damages based on their purchases outside the United

THE NEW YORK TIMES, TUESDAY, DECEMBER 16, 20

## Justices Agree To Tackle Antitrust Case Based Abroad

*Continued From First Business Page*

States.

The Federal District Court here dismissed the suit on the grounds that "persons injured abroad in transactions otherwise unconnected with the United States" could not invoke the Sherman Antitrust Act. The United States Court of Appeals for the District of Columbia Circuit, in a ruling last January, reinstated the suit. It held that as long as "someone, even if not the foreign plaintiff who is before the court" can claim injury from a defendant's antitrust violation in the United States, foreign plaintiffs can also sue that defendant for the purely foreign effects of its conduct as well. The case has not yet gone to trial.

There is no dispute that the Sherman Act applies to foreign conduct that has substantial effects on United States commerce. The question in this case, F. Hoffmann-La Roche Ltd. v. Empagran S.A., No. 03-724, concerns the degree to which a 1982 amendment to the Sherman Act, the Foreign Trade Antitrust Improvements Act, broadened the law's coverage.

The administration's position is that the appeals court went too far, overlooking the law's focus on the "domestic effects of anticompetitive conduct" and bringing about a "sweeping change" that Congress did not intend. The administration argued to the appeals court that the 1982 amendment extended the Sherman Act's jurisdiction only to those plaintiffs, no matter where they are, who themselves can claim injury from the domestic effects of an antitrust conspiracy.

The Supreme Court might have had an opportunity to take up this question last year, after the federal appeals court in New York issued a similar ruling and permitted foreign customers of the Christie's and Sotheby's auction houses to sue in federal court, accusing them of fixing prices for their services at overseas auctions. But that case was settled while a Supreme Court appeal was pending. Other appeals courts, meanwhile, have retained the longstanding position that such cases may not be brought here.

Lawyers involved in the vitamin litigation have indicated that if the Supreme Court rules in favor of the plaintiffs in this case, many more such lawsuits will be filed.

The German government has taken an interest in the case and filed a brief supporting the appeal. The brief said that expanding "the extraterritorial reach" of United States antitrust law would interfere with other nations' efforts to carry out their own antitrust policies.

The court will hear the case in April and decide it by late June.

---

**JUSTICES TO HEAR CHENEY APPEAL**

*The Supreme Court will decide whether Vice President Dick Cheney must partly disclose the participants*



Take off to parts unknown with an IBM ThinkPad wirele
The world's easiest way to switch between wired and w

Wherever you want to work, the sky is the limit when you have IBM ThinkPad notebooks with Access Connections software and wireless Intel Centrino™ mobile technology (on select models). Now it's easier than ever to switch between wired and wireless networks — whether you're at an airport, the office, an Internet café, even your kitchen. So