**Thelen Reid & Priest LLP**
Attorneys At Law

875 Third Avenue
New York, NY 10022-6225

Tel. 212.603.2000
Fax 212.603.2001

www.thelenreid.com

Paul A. Winick
212.603.6756 Direct Dial
212.829.2058 Direct Fax
pwinick@thelenreid.com

December 19, 2003

VIA FACSIMILE

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Re: MM Global Services, et al. v. The Dow Chemical Company, et al.,
Civil No. 3:02 CV 1107 (AVC)

Dear Andy:

This letter is intended to supplement my November 26, 2003 letter to William Webber, which you received in copy, identifying various deficiencies with respect to Defendants' Responses And Objections To Plaintiffs' Second Request For Production Of Documents and Plaintiffs' Second Set Of Interrogatories ("Plaintiffs' Second Requests"). Following our meet and confer on December 3, 2003, and December 11, 2003, we summarize below the parties' positions concerning Plaintiffs' Second Requests.

First, we have arrived at an impasse on certain issues. As a global matter, Defendants have objected to providing Plaintiffs with discovery that relates to pricing, competition and sales to end-users in markets outside of India. Documents concerning such issues in markets outside of India, however, are relevant to Defendants' resale price maintenance scheme, and its anticompetitive effect in the United States. Indeed, in light of their repeated arguments concerning whether Defendants' conduct has the requisite "direct, substantial and reasonably foreseeable effect" on domestic commerce, Defendants can hardly argue that this discovery is not relevant. Nor is your offer to consider producing discovery relating to specific end-users outside of India on a case-by-case basis satisfactory. This proposal is not practicable and would not provide Plaintiffs with the discovery necessary to establish that subject matter jurisdiction is proper as respects Plaintiffs' antitrust claim. In our last call, we agreed that a negotiated resolution of this issue is not possible, and Judge Covello's intervention will be required.

In addition, we have failed to achieve a resolution of the parties' disputes concerning Plaintiffs' Document Requests 1, 4, 6-10, 26, and 29, and Interrogatory Nos. 3, 8 and 11. Unless you and your client have reconsidered your positions, a negotiated resolution of these issues is not possible, and again, Judge Covello's intervention will be required.

Andrew S. Marovitz, Esq.                                           **Thelen Reid & Priest LLP**
December 19, 2003
Page 2

    Second, you stated that for several of Plaintiffs' document requests (i.e., Document Requests 11, 25, 27, 28, and 30), you believe that Defendants have already produced all responsive documents in their possession or control, but you were not able to give us a definitive confirmation. As we have discussed, Plaintiffs have concerns regarding the scope of Defendants' previous search for documents. In particular, Defendants' productions to date have been limited by protective order to issues relating to subject matter jurisdiction and venue. Moreover, we have no clear indication that Dow and UCC consider production of relevant documents from subsidiaries to be part of their discovery obligation, or that such relevant documents have been, and will be, produced. In fact, by letter dated October 3, 2003, Defendants' predecessor counsel has indicated that only a selective search for responsive documents has been conducted to date of its foreign subsidiaries. Clearly, each of UCAP, UCCS and Dow Singapore, and other Dow subsidiaries, such as Dow India, whether parties to this action or not, have documents relevant to the subject matter of this litigation. Thus, we remain concerned that Defendants' previous document productions entailed a selective and incomplete search as respects UCC and Dow's subsidiaries. We await confirmation concerning the scope of Defendants' prior search for documents responsive to Plaintiffs' document requests.

    Third, we have proposed modifications to resolve Defendants' objections to certain of Plaintiffs' discovery requests, and we await your acceptance or rejection of our proposals, which are stated below for your reference:

- Document Request 3: We agreed to limit the language "in connection with" to mean (a) decision makers, (b) persons with direct contact with plaintiffs, and (c) persons with direct contact with end-user customers.

- Document Request 5: We agreed to limit this request to office locations involved in the sale and/or distribution of products to plaintiffs or other end-users (not limited to India).

- Document Request 11: We agreed to limit this request to documents relating to (a) the sale of product to end-users (not limited to India), (b) pricing of product, (c) allocation of product, and (d) credit/payment issues.

- Document Requests 12 & 13: We have agreed to modify these requests to require production of "documents sufficient to show" rather than "all documents." In agreeing to such modification, we have explained that in our view, Defendants would be obligated to produce documents sufficient to show the names of individuals, their titles and job responsibilities.

- Document Requests 14 & 15: We agreed to limit this request to documents sufficient to show (a) where goods originated, and (b) who sold them.

- Document Requests 22 & 23: We agreed to limit this request to "in connection with the sale and distribution of products to plaintiffs or other end users (not limited to India)."

Andrew S. Marovitz, Esq.        **Thelen Reid & Priest LLP**
December 19, 2003
Page 3

- **Document Request 24**: We have agreed to modify this request to require production of "documents sufficient to show" rather than "all documents."

- **Interrogatory No. 2**: We have agreed to limit Defendants' response to job titles and descriptions of responsibilities for the individuals identified.

- **Interrogatory No. 5**: We have agreed to modify this request to replace "direct or indirect responsibility" with "responsibility." In addition, we agreed to limit this request to (a) decision makers, (b) persons with direct contact with plaintiffs, and (c) persons with direct contact with end-users (not limited to India).

- **Interrogatory Nos. 6 & 7**: We have agreed to modify these requests to replace "direct or indirect responsibility" with "responsibility." In agreeing to this modification, we have explained that in our view, the modified request still includes personnel along the chain of command, including from the subsidiaries up to UCC and Dow.

As we have indicated previously, we intend to raise any unresolved issues with Judge Covello at the January 16, 2004 hearing. Accordingly, we would appreciate your position on these remaining issues in advance of the hearing.

Sincerely,

Paul A. Winick

PAW/

NY #571495 v1