UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL : 
SERVICES PTE. LTD., and MEGA VISA :
SOLUTIONS (S) PTE. LTD., :
  :
Plaintiffs, :
  : Civil No. 3:02 CV 1107 (AVC)
v. :
  :
THE DOW CHEMICAL COMPANY, UNION :
CARBIDE CORPORATION, UNION CARBIDE ASIA :
PACIFIC, INC., UNION CARBIDE CUSTOMER :
SERVICES PTE. LTD., and DOW CHEMICAL :
PACIFIC (SINGAPORE) PTE. LTD., :
  :
Defendants. : March 31, 2004

**DEFENDANTS' MOTION FOR § 1292(b) CERTIFICATION
OF ORDER DENYING MOTION TO DISMISS FOR
<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

Pursuant to 28 U.S.C. § 1292(b), defendants The Dow Chemical Company ("Dow"), Union Carbide Corporation ("UCC"), and Union Carbide Asia Pacific ("UCAP") hereby move to certify for interlocutory appeal this Court's March 18, 2004 Order denying defendants' motion to dismiss plaintiffs' federal antitrust claim for lack of subject matter jurisdiction. In support thereof, and as more fully set forth in the accompanying Memorandum, defendants state as follows:

1.  Plaintiffs allege that defendants violated the Sherman Act by compelling plaintiffs to participate in a conspiracy to maintain resale prices in India. Defendants have moved to dismiss plaintiffs' Sherman Act claim for lack of subject matter jurisdiction on the ground that it does not address conduct having "direct, substantial, and reasonably foreseeable" effects on United States commerce, as required by the Foreign Trade Antitrust Improvements Act of 1982,

15 U.S.C. § 6a(1) ("FTAIA"). On September 12, 2003, the Court denied defendants' motion to dismiss. On March 18, 2004, the Court granted defendants' motion for reconsideration, modified its discussion of the legal standard, and again denied defendants' motion to dismiss.

2.   An order is appropriately certified for interlocutory appeal when it (i) "involves a controlling question of law," (ii) "as to which there is substantial ground for difference of opinion," and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

3.   Interlocutory appeal of the Court's March 18, 2004 order satisfies these criteria. The primary question addressed in the Court's order – whether alleged price restraints in a foreign country that were allegedly intended to prevent price erosion in the United States constitute a "direct" effect on U.S. commerce within the meaning of the FTAIA – is a controlling question of law because resolving it in defendants' favor would terminate this litigation. There are substantial grounds for reaching a different answer to that question, as this Court recognized by stating that "the parties present a close contest." Mar. 18 Order at 11. Many courts have refused to exercise jurisdiction over analogous antitrust claims, and plaintiffs' allegations, as well as the documents relied on by the Court, reference only purportedly intended effects rather than actual effects on U.S. commerce. An immediate appeal may materially advance the ultimate termination of this litigation, not only because a ruling in defendants' favor would terminate this litigation and avoid an unnecessary waste of resources, but also because a ruling in plaintiffs' favor would remove lingering uncertainty over the meaning of "direct" effects as this litigation moves forward.

WHEREFORE, and for all the reasons sets forth in the accompanying Memorandum, defendants respectfully request that the Court amend its March 18, 2004 order to certify it for interlocutory appeal.

                                                                                Respectfully submitted,

| | |
|---|---|
| Craig A. Raabe (ct 04116)<br>Edward J. Heath (ct 20992)<br>ROBINSON & COLE LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br>(860) 275-8304 | Andrew S. Marovitz (ct 25409)<br>MAYER, BROWN, ROWE & MAW LLP<br>190 S. LaSalle Street<br>Chicago, IL 60603-3441<br>(312) 782-0600<br><br>Christopher J. Kelly (ct 25410)<br>MAYER, BROWN, ROWE & MAW LLP<br>1909 K Street<br>Washington, DC 20006-1157<br>(202) 263-3000 |

*Attorneys for Defendants The Dow Chemical Company, Union Carbide Corporation, and Union Carbide Asia Pacific, Inc.*

## CERTIFICATE OF SERVICE

Brien P. Horan hereby certifies that he caused a copy of the Defendants' Motion for § 1292(b) Certification of Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served this date upon the following:

Robert M. Langer, Esquire
Wiggin & Dana LLP
One City Place
185 Asylum Street
Hartford, CT 06103-3402
**(via hand delivery)**

Richard S. Taffet, Esquire
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
**(via overnight courier)**

Suzanne Wachstock, Esquire
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
**(via first-class mail, postage prepaid)**

Dated: March 31, 2004

_____
BRIEN P. HORAN