# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL    :
SERVICES PTE. LTD., and MEGA VISA    :
SOLUTIONS (S) PTE. LTD.,    :

     Plaintiffs,    :

     v.    :    Civil No. 3:02 CV 1107 (AVC)

THE DOW CHEMICAL COMPANY, UNION    :
CARBIDE CORPORATION, UNION CARBIDE ASIA    :
PACIFIC, INC., UNION CARBIDE CUSTOMER    :
SERVICES PTE. LTD., and DOW CHEMICAL    :
PACIFIC (SINGAPORE) PTE. LTD.,    :

     Defendants.    :    May 5, 2004

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR § 1292(b) CERTIFICATION OF ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

Andrew S. Marovitz (ct 25409)
Britt M. Miller (ct 25411)
MAYER, BROWN, ROWE & MAW LLP
190 S. LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street
Washington, DC 20006-1157
(202) 263-3000

*Attorneys for Defendants The Dow Chemical Company,
Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

## TABLE OF CONTENTS

                                                                    **Page**

INTRODUCTION ....................................................................................... 1

    A.   The Court's Order Involves A "Controlling Question Of Law." .................................... 2

    B.   There Is "Substantial Ground For Difference Of Opinion" Over This
        Controlling Question Of Law. ......................................................................... 4

    C.   An Immediate Appeal From This Court's Order May Materially Advance
        The Ultimate Termination Of This Litigation. .................................................... 6

CONCLUSION ...................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288 (4th Cir. 1999) .......................................... 3

*F. Hoffmann-LaRoche, Ltd. v. Empagran, S.A.*, No. 03-724 (U.S.) .................................................. 5

*Federal Express Corp. v. United States Postal Serv.*, 151 F.3d 536 (6th Cir. 1998) ................... 3

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990).......................................... 2, 4, 5

*Madsen v. United States*, 841 F.2d 1011 (10th Cir. 1987)................................................................. 3

*Moe v. United States*, 326 F.3d 1065 (9th Cir.), *cert. denied*, 124 S. Ct. 281 (2003)..................... 3

*Moodie v. Federal Reserve Bank*, 58 F.3d 879 (2d Cir. 1995)......................................................... 3

*Palumbo v. Waste Tech. Indus.*, 989 F.2d 156 (4th Cir. 1993)......................................................... 3

*WorldCom, Inc. Sec. Litig., In Re*, 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) ....................... 3

*Sniado v. Bank Austria AG*, 352 F.3d 73 (2d Cir. 2003) ................................................................. 5

**Statutes**

28 U.S.C. § 1292(b) ...................................................................................................... *passim*

**Other Authorities**

Jack H. Friedenthal et al., Civil Procedure § 13.3 (3d ed. 1999) ................................................ 6

H.R. 6238 (1958) ............................................................................................................................ 2

H.R. Rep. No. 1667, 85th Cong., 2d Sess. (1958) ........................................................................ 2

19 James W. Moore et al., Moore's Federal Practice
    § 203.31[2] (3d ed. 2004) ......................................................................................................... 3

S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N.
    5255 ............................................................................................................................................ 1

John H. Shenefield, *Thoughts on Extraterritorial Application of the United States
    Antitrust Laws*, 52 Fordham L. Rev. 350 (1983) ...................................................................... 3

16 Wright & Miller, Federal Practice & Procedure § 3929 (2d ed. 1996) ......................... 1, 2

**INTRODUCTION**

In its March 18 Order (at 11-12), this Court ruled that allegations of "a price fixing conspiracy for product sales in India that was intended to prevent erosion to prices" in the United States were sufficient to satisfy the FTAIA's effects test. Defendants contend that even if the alleged price-fixing in India were intended to prevent price erosion in the United States, that would not constitute the "direct" effect on U.S. commerce required by the FTAIA for subject matter jurisdiction. That controlling question of law involves the meaning of an important federal statute which this Court said presents a "close" question. *Id.* at 11. Resolution of that question in defendants' favor would terminate this litigation and prevent an enormous waste of the Court's and parties' resources. Plaintiffs offer no valid reason why the Second Circuit should not be given an opportunity to effect such a resolution.

Plaintiffs repeatedly contend that certification of interlocutory appeals under § 1292(b) is "exceptional." *See* Opposition to Defendants' Motion for § 1292(b) Certification of Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Pls. Opp.") at 1-2, 5-7. But "[t]he statute is not limited by its language to 'exceptional' cases." 16 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 3929, at 370 (2d ed. 1996). Rather, its application requires "flexibility" because § 1292(b) "was suggested and drafted by judges who were concerned with avoiding the rigors of the final judgment rule." *Id.* In fact, § 1292(b) as adopted was proposed by a Committee of the Judicial Conference of the United States, which stated that such certification would be particularly appropriate to "avoid protracted and expensive litigation, as in *antitrust* and similar protracted cases." S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260 (emphasis added). The Committee thus made clear that this is the very type of case for which certification is warranted.

1

To be sure, § 1292(b) is an exception to the general rule that only final judgments are appealable. But an order qualifies for that exception by satisfying the three statutory requirements, *i.e.*, if it (i) "involves a controlling question of law," (ii) "as to which there is substantial ground for difference of opinion," and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As demonstrated in defendants' opening brief,[1] all three requirements are plainly satisfied here, and plaintiffs offer no serious reason to think otherwise.

## A.    The Court's Order Involves A "Controlling Question Of Law."

The question at issue is whether plaintiffs' antitrust claim satisfies the jurisdictional requirements of the FTAIA. Whether the Court has subject matter jurisdiction over plaintiff's claim presents a "controlling question of law" because, as the Second Circuit has explained, reversal "would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). That conclusion is consistent with the intent of Congress. The House Report to H.R. 6238, the bill adding § 1292(b) to Title 28, stated that orders denying motions to dismiss for lack of subject matter jurisdiction are proper subjects for interlocutory appeals. H.R. Rep. No. 1667, 85th Cong., 2d Sess. 1 (1958). As commentators recognize, orders rejecting "challenges to subject matter jurisdiction" are "*obviously* suited for interlocutory appeal within the general criteria of the statute." 16 Wright & Miller, *supra*, § 3931, at 453 (emphasis added).

Plaintiffs' attempt to paint interlocutory appeals of subject matter jurisdiction rulings as disfavored (Response 9-11) is unavailing. Subject matter jurisdiction is one of the issues most frequently certified for interlocutory appeal. As a court in this district recently put it, "an order involving subject matter jurisdiction [is] an example of an order raising a 'controlling' question

---

[1]    Memorandum of Law in Support of Defendants' Motion for § 1292(b) Certification of Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defs. Br.").

2

of law." *In re WorldCom, Inc. Sec. Litig.*, 2003 WL 22953644, at *5 (S.D.N.Y. Dec. 16, 2003).

See also, *e.g.*, *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 881 (2d Cir. 1995); *Moe v. United States*, 326 F.3d 1065 (9th Cir.), *cert. denied*, 124 S. Ct. 281 (2003); *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288 (4th Cir. 1999); *Federal Express Corp. v. United States Postal Serv.*, 151 F.3d 536 (6th Cir. 1998); *Palumbo v. Waste Tech. Indus.*, 989 F.2d 156 (4th Cir. 1993); *Madsen v. United States*, 841 F.2d 1011 (10th Cir. 1987); 19 James W. Moore et al., MOORE'S FEDERAL PRACTICE § 203.31[2] n.6 (3d ed. 2004) (citing additional cases). Whether there is jurisdiction over antitrust claims involving extraterritorial conduct is a question particularly suitable for certification, as a former head of the Antitrust Division of the United States Department of Justice has recognized. *See* John H. Shenefield, *Thoughts on Extraterritorial Application of the United States Antitrust Laws*, 52 Fordham L. Rev. 350, 369 n.105 (1983) ("Interlocutory review would be appropriate [for] a decision regarding the extraterritorial application of American antitrust laws").

Plaintiffs contend (Pls. Opp. at 9) that the jurisdictional question at issue here is not controlling because it rests on "complex factual determinations." Plaintiffs miss the point of defendants' motion. Facts have meaning only within a legal framework. The legal question defendants seek to certify — whether price-fixing abroad that is allegedly intended to prevent price erosion in the U.S. is a "direct" effect within the meaning of the FTAIA — must be decided at the threshold. Only then will it be clear whether plaintiffs' factual allegations are subject to resolution by this Court at all. Indeed, in each of the above-cited cases, as well as in the cases cited in our opening brief, ultimate resolution of the plaintiffs' claims required "complex factual determinations." But that did not prevent the courts from recognizing that appellate resolution of the controlling legal issue of subject matter jurisdiction was warranted.

Finally, plaintiffs argue (Pls. Opp. at 11) that whether the FTAIA's "direct" effect test is satisfied is not a controlling question because the Second Circuit could not "do anything more than remand this case" for additional discovery. That is plainly wrong. If the Second Circuit agrees with defendants that plaintiffs have not alleged a direct effect on United States commerce, then plaintiffs' antitrust claim would have to be dismissed for lack of subject matter jurisdiction. Hence, the question defendants seek to certify fits the very definition of a "controlling question of law."

**B.     There Is "Substantial Ground For Difference Of Opinion" Over This Controlling Question Of Law.**

The Second Circuit's standard for the second statutory requirement — a "substantial ground for difference of opinion" over the controlling question of law — is that "the issues are difficult and of first impression." *Klinghoffer*, 921 F.2d at 25. *See* Defs. Br. 5. This Court effectively recognized satisfaction of this standard by noting that "the parties present a close contest." March 18 Order at 11. Furthermore, as we have demonstrated, numerous cases have found jurisdiction lacking on analogous facts for failure to satisfy the FTAIA's effects test. Plaintiffs assert (Pls. Opp. at 13) that these cases are "of no moment." But each involved alleged conduct harming an overseas market with only conclusory assertions of anticompetitive effects on the domestic U.S. market. *See* Defs. Br. at 6.

Plaintiffs try to avoid this wealth of case law by attempting to amend their complaint in their brief, now arguing (Pls. Opp. at 14-15) that they allege an "actual" — not just an *intended* — effect on domestic commerce. But as we have shown (Defs. Br. at 7), neither the Amended Complaint nor any of the documents submitted by plaintiffs say *anything* about actual price effects in the U.S. Would conduct abroad that purportedly restrains only prices abroad produce a "direct" effect in the U.S. merely because it allegedly was intended to prevent price erosion in

4

the U.S.? Would such an "ancillary" or "spillover" effect be "direct" or "indirect"? Answering those questions is certainly "difficult and of first impression." *Klinghoffer*, 921 F.2d at 25. Indeed, defendants have not located (and plaintiffs have not cited) a single case where the court exercised jurisdiction over such a claim. Whether this Court should do so in this case is a question over which there is a "substantial ground for difference of opinion" within the meaning of § 1292(b).

Plaintiffs nevertheless contend (Pls. Opp. at 16) that the Second Circuit's opinion in *Sniado v. Bank Austria AG*, 352 F.3d 73, 78 (2d Cir. 2003), is somehow dispositive on this issue. But as we have shown, *Sniado* did not address the § 6a(1) effects test. Defs. Br. at 9. Furthermore, *Sniado* involved an alleged scheme to fix fees in Europe "*and the United States.*" 352 F.3d at 78 (emphasis added). The Second Circuit has not ruled on the issue presented here, whether clause (1) of the FTAIA may be satisfied by alleging price restraints abroad without alleging that defendants actually fixed or otherwise restrained prices in the United States.

That there is a "substantial ground for difference of opinion" over this issue is confirmed by the fact that the Supreme Court accepted and will soon issue an opinion in *F. Hoffmann-LaRoche, Ltd. v. Empagran, S.A.*, No. 03-724 (U.S.). At the oral argument on April 26, the Court grappled with the meaning of both clauses (1) and (2) of the FTAIA, and *this very case* was invoked in that discussion. *See* Transcript of Proceedings, dated April 26, 2004 (attached hereto as Exhibit A), at 15. *Empagran* highlights the difficulties presented by this complex federal statute and underscores the propriety of certifying this Court's March 18 order for interlocutory review.

**C.    An Immediate Appeal From This Court's Order May Materially Advance The Ultimate Termination Of This Litigation.**

Defendants' opening brief (at 10-11) showed that an interlocutory appeal may materially advance the ultimate termination of the litigation because resolution in favor of defendants would terminate plaintiffs' antitrust case. That conclusion is undeniable. Without subject matter jurisdiction, plaintiffs' claim must be dismissed.

Plaintiffs' perfunctory two paragraph response amounts to little more than a drive-by attempt at rebuttal. They contend (Pls. Opp. at 17) that an appeal will "delay" the ultimate disposition of this case because the Second Circuit will have insufficient facts before it to resolve the question presented. But again, the question presented is a purely legal one: Is an alleged attempt to prevent price erosion in the U.S. through price restraints implemented solely in a foreign country a "direct" effect within the meaning of the FTAIA? If the Second Circuit answers no, that is the end of this case. If the Second Circuit answers yes, its explanation will aid the Court and the parties as this litigation proceeds. A prompt resolution of the proper legal standard would not promote "piecemeal litigation," as plaintiffs assert (Pls. Opp. at 18). Instead, it would streamline this litigation by addressing a threshold issue at the beginning, rather than at the end, of the case.

The substantial potential for terminating this case through an interlocutory appeal should not be dismissively brushed aside, as plaintiffs do in their brief. This is no ordinary case. Not only is it an antitrust case of considerable complexity, but it involves nine years' worth of transactions, with relevant witnesses and documents located on opposite ends of the earth. Discovery will inevitably be a burdensome and costly process, which should not be imposed needlessly. *See* Jack H. Friedenthal et al., CIVIL PROCEDURE § 13.3, at 614 (3d ed. 1999) (the third prong of § 1292(b) addresses whether "an immediate appellate reversal might save time and

expense for all concerned"). Section 1292(b) offers a viable means to test whether those burdens and costs can be avoided. There is no good reason not to take advantage of this procedural vehicle for appellate review of this Court's order denying dismissal for lack of subject matter jurisdiction.

## CONCLUSION

Defendants' 28 U.S.C. § 1292(b) motion for certification of this Court's March 18, 2004 order should be granted.

Respectfully submitted,

Andrew S. Marovitz (ct 25409)
Britt M. Miller (ct 25411)
MAYER, BROWN, ROWE & MAW LLP
190 S. LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street
Washington, DC 20006-1157
(202) 263-3000

*Attorneys for Defendants The Dow Chemical Company,*
*Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on the 5th of May, 2004 to the

following:

Robert M. Langer, Esquire
Wiggin & Dana LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402
(via hand delivery)

Richard S. Taffet, Esquire
Thelen Reid & Priest LLP
875 Third Avenue
New York, New York  10022-6225
(via overnight courier)

Suzanne Wachsstock, Esquire
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(via overnight courier)

Craig A. Raabe