THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, AND UNION CARBIDE ASIA PACIFIC, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION<br>NO. 3:02 CV 1107 (AVC)<br><br>May 14, 2004 |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT IN FURTHER SUPPORT
OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND ANSWERS TO INTERROGATORIES**

BINGHAM McCUTCHEN LLP
Richard S. Taffet (ct 10201)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

THELEN REID & PRIEST LLP
Paul A. Winick (ct 21813)
Alyson L. Redman (ct 25494)
875 Third Avenue
New York, NY 10022
(212) 603-2000 (tel)
(212) 603-2001 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

*Attorneys for Plaintiffs MM Global Services Inc., MM Global Pte. Ltd. and Megavisa
Solutions (S) Pte. Ltd.*

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................................................... 1

II.    RELEVANT BACKGROUND ............................................................................ 1

III.   ARGUMENT ....................................................................................................... 3

       A.    Documents Concerning Sales, Pricing, and Competition Outside India Are
             Highly Relevant to Sherman Act Claims and Defenses and Proof of
             Subject Matter Jurisdiction. ..................................................................... 3

       B.    Defendants Fail to Establish the Nature and Extent of the Claimed Undue
             Burden of Compliance With the Third Requests. ...................................... 4

       C.    Defendants' Objections as to the Vagueness and Overbreadth of Certain
             Phrases Are Disingenuous. ....................................................................... 5

       D.    It Is Incumbent on Defendants and Within Their Ability to Identify Their
             Competitors and Competing Products. ...................................................... 5

IV.    CONCLUSION .................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES

*Fletcher v. Atex, Inc.,*
　　156 F.R.D. 45 (S.D.N.Y. 1994) ...........................................................................................4

*Obiajulu v. City of Rochester,*
　　166 F.R.D. 293 (W.D.N.Y. 1996)........................................................................................4

*Petz v. Ethan Allen, Inc.,*
　　113 F.R.D. 494 (D. Conn. 1985)..........................................................................................4

### STATUTES

Fed. R. Civ. P. 26(b), 30, 37 ........................................................................................................3, 5

## I.    PRELIMINARY STATEMENT

Plaintiffs MM Global Services, Inc., MM Global Services Pte. Ltd., and Megavisa Solutions (S) Pte. Ltd. (collectively, "plaintiffs"), submit this supplemental statement for the limited purpose of consolidating the issues raised by recent discovery events—namely, defendants' objections to plaintiffs' third document requests, served May 5, 2004—with the issues raised by the parties' pending discovery motions.  True copies of defendants' respective Responses and Objections to Plaintiffs' Third Request for Production of Documents (collectively, the "Third Requests") are attached hereto as Exhibit A (Responses and Objections of Union Carbide Corporation ("UCC")), Exhibit B (Responses and Objections of Union Carbide Asia Pacific, Inc. ("UCAP")) and Exhibit C (Responses and Objection of The Dow Chemical Company ("Dow")).

As predicted, defendants have objected to the Third Requests based on substantially the same arguments they raise in support of their motion for protective order.  As set forth in more detail below, those arguments are fatally defective, based on substantially the same arguments plaintiffs raised in opposition to the motion for protective order and in support of their motion to compel.

## II.    RELEVANT BACKGROUND

Each defendant was served with the same seven requests for documents, all of which focused on discovery of the history, scope, and effects of defendants' global pricing and sales of the products they sold to plaintiffs during and after the parties' commercial relationship, and the competitive backdrop against which that activity occurred:

- **Request 1** sought documents concerning the defendants' manufacture, sale, or distribution of the relevant products in any territory.

- **Request 2** sought documents concerning communications between defendants and their competitors in the manufacture, sale, or distribution of the relevant products themselves or competitive products.

- **Request 3** sought documents concerning the manufacture, sale, or distribution of the relevant products or competitive products by entities in which defendants have

a direct or indirect ownership interest of less than 100%.

- **Request 4** sought documents concerning any trade association meeting or activity relating to the manufacture, sale, or distribution of the relevant products or competitive products.

- **Request 5** sought documents concerning the effect or contemplated effect of the Dow-UCC merger on competition for the sale of the relevant products in territories outside India.

- **Request 6** sought documents concerning competition between Dow and UCC prior to their merger in connection with the sale of the relevant products or competitive products in any market outside India.

- **Request 7** sought documents provided to any antitrust enforcement agency in connection with the Dow-UCC merger, which concern competition in the relevant products or competitive products.

Defendants objected to these requests on substantially the same grounds asserted in their pending motion for protective order. Their fundamental objections to every request can be summarized as follows:

1. Seeks documents not relevant to plaintiffs' purchases from defendants, nor is it confined to the relevant geographic area at issue;

2. Unduly burdensome;

3. Vague and overbroad; and

4. Fails to define the set of products that compete with the "Products" as plaintiffs have defined that term.

Based on the position as set forth in defendants' motion for protective order, it is clear that attempting to negotiate over the first two objections would be futile. The other two objections are improper for the reasons set forth below, but even if they were not so disingenuous, they have little prospect of being resolved unless and until the Court rules on the pending discovery motions.

2

## III.    ARGUMENT

### A.    Documents Concerning Sales, Pricing, and Competition Outside India Are Highly Relevant to Sherman Act Claims and Defenses and Proof of Subject Matter Jurisdiction.

The Third Requests seek documents concerning defendants' manufacture, sales, and distribution practices around the world. The Third Requests also encompass an effort to obtain whatever documents defendants (and their subsidiaries and affiliates) may have concerning competition affected by their manufacture, sales, and distribution practices. The relevant time period and products at issue are discrete and limited by definition in accordance with the Amended Complaint and instructions governing the Third Requests. Plaintiffs need these documents to support their price fixing claims, calculate their damages, and prove "direct, substantial, and foreseeable" effects on U.S. commerce, so as to ensure that this Court retains subject matter jurisdiction over this case.

Defendants want to block plaintiffs from obtaining documents that concern any sales other than those made to plaintiffs. They also want the Court to prohibit any inquiry into defendants' commercial activities other than those related to sales of the relevant products in India. For the reasons previously submitted, such narrow constraints on discovery are unjustified and would irreparably prejudice plaintiffs. The allegations of the Amended Complaint bring the requested discovery fully within the scope of discovery to which plaintiffs are presumptively entitled under Fed. R. Civ. P. 26(b). *See, e.g.,* Amended Complaint ¶ 29 (defendants imposed price requirements on plaintiffs "to ensure that prices charged by Plaintiffs to end-users in India for Products would not cause erosion to prices for the Products charged by UCC and Dow to end-users of Products in the United States as well as in other jurisdictions to which UCC and Dow sold Products from the United States"); *id.* ¶ 30 (alleging that defendants' price fixing as to sales of products for resale to Indian end users was designed to and did diminish and restrain "competition in the sale and resale of Products in and from the United States").

Even in the absence of plaintiffs' particularized allegations, the elements of their price fixing claim, as to both liability and damages, necessarily require proof of the pricing, sales, and

distribution discovery sought by the Third Requests. No less relevant are documents evidencing the existence and nature of the competitive arena in which defendants operated, for the purpose of supporting plaintiffs' claims and refuting defendants' affirmative defenses. As plaintiffs pointed out in their previous submission, defendants' arguments to the contrary rest entirely on false assumptions and misleading citations of authority. There is no basis—on "relevance" grounds—on which to object to the Third Requests, and the Court should therefore order defendants to respond and produce documents by a date certain, without limitation.

### B.   Defendants Fail to Establish the Nature and Extent of the Claimed Undue Burden of Compliance With the Third Requests.

The "burden is on the objecting party to show that a hardship or injustice will be caused by use of a particular mode of discovery" *Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494, 497 (D. Conn. 1985). *See also Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y. 1994) ("If a party resists discovery production on the basis of claimed undue burden, it must establish the <u>factual basis</u> for the assertion through competent evidence.") (emphasis added); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("[t]he burden is on the party resisting discovery <u>to</u> <u>clarify</u> <u>and</u> <u>explain</u> precisely why its objections are proper") (emphasis added). Defendants have utterly failed to meet their burden of proof as to the existence and nature of the burden entailed by compliance. Absent such proof, the Court has little or no basis on which to indulge defendants' demand for relief from their discovery obligations.

Defendants' boilerplate objections to the Third Requests as "unduly burdensome" are as hollow as those asserted against plaintiffs' earlier discovery requests. Had defendants offered any specific explanation of real, practical obstacles to retrieving and producing any particular category of responsive documents, plaintiffs may well have had some basis on which to consider whether to press for that discovery, and the Court would have some basis on which to weigh the burden against the probative value of the requested discovery. It is apparent, however, that defendants are unwilling even to investigate, much less prove, the extent of the burden they claim justifies bringing discovery to a standstill. Their objections start and end with the

unremarkable proposition that big companies with global operations generate millions of documents. To this, the discovery rules respond, "So what?"

### C. Defendants' Objections as to the Vagueness and Overbreadth of Certain Phrases Are Disingenuous.

Subdivision 3 of Fed. R. Civ. P. 37(a) provides that, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." By asserting that plain English words and phrases, such as "any communication," "indirectly," and "effect or contemplated effect," are incomprehensibly vague,[1] defendants violate both the letter and the spirit of the discovery rules, which expressly frown on such tactics:

> Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a) [of Fed. R. Civ. P. 37].[2]

Rather than interpret the Third Requests in a reasonable manner, defendants claim to be paralyzed with confusion and unable to "meaningfully respond." Absent a specific explanation, supported by facts, of why such terms in this context are so impossibly vague, defendants' objection are simply specious and should be overruled.

### D. It Is Incumbent on Defendants and Within Their Ability to Identify Their Competitors and Competing Products.

Defendants universally object to any requests that mention "products that are competitive with the Products," on the grounds that this phrase is "undefined." *See* UCC, UCAP, and Dow Responses 2, 3, 4, 5. This is an antitrust case involving highly sophisticated, publicly traded companies whose comings and goings were and, in the case of Dow, still are covered by numerous industry analysts.[3] They cannot credibly assert that they have no idea which products

---

[1] *See, e.g.*, UCC, UCAP, and Dow Responses 2, 3, 5.

[2] Fed. R. Civ. P. 37(a)(3) advisory comm. note on 1993 Amendments.

[3] http://63.236.106.222/ireye/ir_site.zhtml?ticker=DOW&script=1200 (Dow Investor Relations webpage listing links to analyst presentations).

were and are competitive with the products they sold to plaintiffs.

Notably, defendants' First Set of Document Requests on Merits Discovery served on plaintiffs on October 9, 2003 (attached hereto as Exhibit D), include, *inter alia*, the following requests:

> 31.    All documents that evidence, refer or relate to any harm suffered in the United States by either <u>competitors of the Defendants or competitors of yours</u> as a result of Defendants' alleged conduct.
>
> . . .
>
> 51.    All documents that evidence, refer to or relate to <u>competition for the sale of Products</u> in India.
>
> 52.    All documents that evidence, refer or relate to the prices offered by <u>Plaintiffs' competitors for the sale of Products</u> in India.

(Emphases added.)

If <u>plaintiffs</u> had objected to these requests on grounds that the terms "competition" and "competitors" were undefined and the requests were therefore unanswerable, defendants would have filed their own motion to compel, no doubt with a demand for swift and onerous sanctions.

What is clear from their objections is that defendants are playing an old and tiresome game. If their objections were really grounded in any good faith concerns (e.g., a concern that by responding, they would somehow waive future arguments that certain products should not be considered part of the relevant product market for antitrust purposes), they could simply have indicated that their responses were not conclusive as to such matters. Any number of other alternative responses would have allowed discovery to progress, while preserving defendants' rights. In contrast, their approach here violates the letter and the spirit of the discovery rules, and their objections should be unconditionally overruled.

6

## IV.    CONCLUSION

As set forth above and in plaintiffs' submission in support of their motion to compel production of documents, the parties' dispute over defendants' objections to the Third Requests are fully ripe for consideration by the Court.  In the interest of efficiency and in order to avoid further delay in conducting discovery on the merits (which defendants have successfully forestalled for almost two years), plaintiffs respectfully ask the Court to deny the motion for protective order forthwith and endorse the Amended Proposed Discovery Order, filed herewith.

May 14, 2004

Respectfully submitted,

**BINGHAM McCUTCHEN LLP**

Richard S. Taffet (ct 10201)
399 Park Avenue
New York, NY  10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP                THELEN REID & PRIEST LLP
Robert M. Langer (ct 06305)        Paul A. Winick (ct 21813)
Suzanne E. Wachsstock (ct 17627)   Alyson L. Redman (ct 25494)
One City Place                     875 Third Avenue
185 Asylum Street                  New York, NY  10022
Hartford, CT  06103                (212) 603-2000 (tel)
(860) 297-3724 (tel)               (212) 603-2001 (fax)
(860) 525-9380 (fax)

7

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of May, 2004, a copy of the foregoing has been

hand-delivered to the following:

Craig A. Raabe, Esq.
Edward J. Heath, Esq.
Elizabeth A. Fowler, Esq.
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

and sent via FedEx to the following:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603

Christopher J. Kelly
Mayer, Brown, Rowe & Maw LLP
1909 K Street
Washington, DC 20006-1157

_____
Robert M. Langer

\15726\1\44335.6

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : : : : | |
| Plaintiffs, | : : | |
| | : | Civil No. 3:02 CV 1107 (AVC) |
| v. | : | |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | : : : : : : | |
| Defendants. | : | May 5, 2004 |

RESPONSES AND OBJECTIONS OF DEFENDANT
UNION CARBIDE CORPORATION TO PLAINTIFFS' THIRD
<u>REQUEST TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS</u>

Union Carbide Corporation ("UCC"), by and through its attorneys and pursuant to

Fed. R. Civ. P. 34, hereby submits its written responses to Plaintiffs' Third Request for

Production of Documents ("Third Document Requests" or "Third Requests").

<u>GENERAL OBJECTIONS</u>

1.      UCC objects to the Third Document Requests on the grounds that they are

vague, ambiguous and overly broad in their use of the term "Products." The term

"Products" as defined in Plaintiffs' First Amended Complaint and Plaintiffs' Second

Requests to Defendants For Production Of Documents identifies broad categories of

chemicals and polymers, each of which includes a large number of individual products

that are irrelevant to this litigation.

2.     UCC objects to the definition of "you" and "your" as overly broad and unduly burdensome.

3.     UCC objects to each Third Document Request to the extent that it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. To the extent that any information or documents subject to a privilege or otherwise protected from discovery are supplied in response to these Third Document Requests, such production is inadvertent and not intended as a waiver.

4.     UCC objects to Plaintiffs' instruction as to the relevant time period on the grounds that it seeks the production of documents that not relevant to any claim or defense in the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Unless otherwise stated herein, the relevant time period for UCC's responses will be January 1, 1993 through March 31, 2002. UCC further objects to producing invoices, sales records, and other transactional documents from the period prior to January 1, 1998 on the grounds that the burden and expense of producing such documents outweigh any likely benefit, if any.

5.     UCC objects to each Document Request and to Plaintiffs' Definitions and Instructions to the extent they purport to impose upon UCC obligations greater than those required by Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

6.     UCC objects to the Third Document Requests to the extent they purport to require UCC to gather responsive documents from its foreign subsidiaries that have been dismissed by the Court for lack of personal jurisdiction.

2

7.    UCC objects to Plaintiffs' Third Document Requests on the grounds that they are overly broad, unduly burdensome and irrelevant, to the extent they purport to require UCC to gather documents from subsidiaries, affiliates and business units that are not parties to, or at issue in, this litigation.

8.    UCC incorporates by reference the general and specific objections asserted in its Responses and Objections to Plaintiffs' First Request for Production of Documents and Plaintiffs' Second Request for Production of Documents.

9.    UCC objects to Plaintiffs' Third Document Requests to the extent they seek information and/or documents beyond the custody, possession or control of UCC and/or seek information and/or documents currently in Plaintiffs' possession, thus making the Third Requests unduly burdensome.

10.    UCC objects to Plaintiffs' Third Document Requests on the ground of undue burden to the extent that they seek publicly available information.

11.    Nothing herein shall be construed as an admission by UCC regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by Plaintiffs' Third Document Requests. UCC reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents UCC produces in response to any Request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action. Furthermore, whether UCC answered part or all of any particular Request is not intended and should not be construed as a waiver by UCC of all or any objection to such Request.

3

12.     These general objections are incorporated by reference into UCC's Responses to each of Plaintiffs' Third Requests. The fact that an answer is given or documents provided does not waive any general or specific objection.

13.     UCC's response that documents will be produced or have been produced means that UCC will produce, or has produced, documents responsive to a Request if they exist, are in UCC's possession, custody or control, and are not privileged or otherwise protected from discovery.

14.     UCC expressly reserves its right to subsequently produce responsive material or modify these responses as necessary.

### DOCUMENTS REQUESTED

1.     All documents concerning the manufacture, sale, offer for sale or distribution in any geographic market or territory by any person other than You of any products that are competitive with the Products.

**RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. UCC further objects to this Request on the grounds that it requests documents concerning the manufacture, sale, offer for sale and distribution by any third party of an undefined set of products that compete with Products (as that term is broadly defined by Plaintiffs) to any third party, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCC, nor is it confined to the relevant geographic market at issue in this litigation. It also is not

4

possible, and is thus unduly burdensome, for UCC to produce the requested documentation. UCC objects to this Request to the extent that it seeks documents outside of UCC's possession, custody, or control.

Subject to and without waiving these or its General Objections, UCC is willing to consider, as part of the meet and confer process, a narrowed Request that identifies what categories of properly relevant documents Plaintiffs seek in response to this Request that have not already been produced by UCC or one of the other Defendants in this litigation.

2.      All documents concerning any communications between or among You and any person that is Your competitor in the manufacture, sale, offer for sale or distribution in any geographic market or territory of Products or any products that are competitive with the Products.

**RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. UCC objects to the phrase "any communication" as hopelessly overbroad, and thus unduly burdensome. Request No. 2 broadly requests any document concerning any communications with any competitor in the manufacture, sale, offer for sale or distribution of Products (as that terms is defined by Plaintiffs) or an undefined set of products that compete with Products, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCC, nor is it confined to the relevant geographic market at issue in this litigation.  It is not possible, and is thus unduly burdensome, for UCC to produce the requested

5

documentation. UCC objects to this Request to the extent that it seeks documents outside of UCC's possession, custody, or control.

      3.     All documents concerning the manufacture, sale, offer for sale or distribution in any geographic market or territory of Products or products that are competitive with the Products by any person or entity of which you are, directly or indirectly, less than the 100% owner.

### **RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. UCC further objects to this Request on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "indirectly" that UCC cannot meaningfully respond to this Request. Request No. 3, on its face, appears to request every document concerning the manufacture, sale, offer for sale or distribution by any entity in which UCC has any ownership interest of Products (as that term is broadly defined by Plaintiffs) or an undefined set of products that compete with Products, to any third party, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCC, nor is it confined to the relevant geographic market at issue in this litigation. It also is not possible, and is thus unduly burdensome, for UCC to produce the requested documentation. UCC objects to this Request to the extent that it seeks documents outside of UCC's possession, custody, or control.

6

Subject to and without waiving these or its General Objections, UCC is willing to consider, as part of the meet and confer process, a narrowed Request that identifies what categories of properly relevant documents Plaintiffs seek in response to this Request that have not already been produced by UCC or one of the other Defendants in this litigation.

4.      All documents concerning any trade association meeting or activity relating to the manufacture, sale, offer for sale or distribution of Products or products that are competitive with the Products.

**RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. Request No. 4 broadly requests any document concerning trade association meetings or activities relating to the manufacture, sale, offer for sale or distribution of Products (as that term is defined by Plaintiffs) or an undefined set of products that compete with Products, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCC, nor is it confined to the relevant market at issue in this litigation. It is not possible, and is thus unduly burdensome, for UCC to produce the requested documentation. UCC objects to this Request to the extent that it seeks documents outside of UCC's possession, custody, or control.

5.      All documents concerning the effect or contemplated effect of the Merger on competition for the sale of Products in any geographic market or territory other than India.

7

**RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. UCC further objects to this Request on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "effect or contemplated effect" and that UCC cannot meaningfully respond to this Request. Request No. 5 appears to request every document related to the multi-national merger of The Dow Chemical Company and UCC other than those documents that are related to the geographic area at issue in this litigation. Any such request is wholly irrelevant to the claims or defense of any party, constitutes an impermissible fishing expedition, and is unduly burdensome. Irrelevant documents do not become relevant because they relate to the merger.

6.      All documents concerning competition between Dow and UCC prior to the Merger in connection with the sale of Products or products competitive with the Products in any geographic market or territory other than India.

**RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. Request No. 6, on its face, requests every document, relating to competition with respect to every Product (as that term is defined by Plaintiffs) or an undefined set of products competitive with Products, in any location around the world other than the geographic area at issue, for an unlimited period of time. It is not possible, and is thus

8

unduly burdensome, for UCC to produce the requested documentation. UCC objects to this Request to the extent that it seeks documents outside of UCC's possession, custody, or control.

7.    All documents concerning competition relating to the Products or products that are competitive with the Products provided to any antitrust enforcement agency, whether in the United States or elsewhere, in connection with the Merger.

**RESPONSE:**

UCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, and is unduly burdensome. Furthermore, documents provided to a government agency in connection with the merger of two multi-national corporations, without limitation, are irrelevant to the claims or defenses of the parties and thus, any such request constitutes an impermissible fishing expedition and is overbroad. Moreover, UCC objects to this Request to the extent that it seeks documents outside of UCC's possession, custody, or control. Irrelevant documents do not become relevant because they relate to the merger.

Dated: May 5, 2004

AS TO OBJECTIONS:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL 60603
(312) 782-0600

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)

9

ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597
(860) 275-8304

Attorneys for Defendant
Union Carbide Corporation

## CERTIFICATE OF SERVICE

I, Dana S. Douglas, do hereby certify that I caused a true and correct copy of the

Responses And Objections Of Defendant Union Carbide Corporation To Plaintiffs' Third

Request To Defendants For Production Of Documents to be served this date on the

following:

Robert M. Langer                    Richard S. Taffet
WIGGIN & DANA LLP                   Bingham McCutchen LLP
One City Place                      399 Park Avenue
185 Asylum Street                   New York, N.Y. 10022
Hartford, CT 06103-3402

Dated: May 5, 2004                  _Dana S. Douglas_
                                    Dana S. Douglas

11

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : : : | |
| | : | |
| Plaintiffs, | : : | |
| | : | Civil No. 3:02 CV 1107 (AVC) |
| v. | : | |
| | : | |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | : : : : : | |
| | : | |
| Defendants. | : | May 5, 2004 |

**RESPONSES AND OBJECTIONS OF DEFENDANT
UNION CARBIDE ASIA PACIFIC, INC. TO PLAINTIFFS' THIRD
REQUEST TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS**

Union Carbide Asia Pacific, Inc. ("UCAP"), by and through its attorneys and

pursuant to Fed. R. Civ. P. 34, hereby submits its written responses to Plaintiffs' Third

Request for Production of Documents ("Third Document Requests" or "Third

Requests").

**GENERAL OBJECTIONS**

1.     UCAP objects to the Third Document Requests in their entirety on the

grounds that this Court lacks personal jurisdiction over UCAP in this action and,

therefore, UCAP is not subject to discovery as a party.

2.     UCAP objects to the Third Document Requests in their entirety on the

grounds that they do not comply with the Hague Convention on the taking of evidence

abroad in civil or commercial matters ("Hague Evidence Convention"), 23 U.S.T. 2555, T.I.A.S. No. 744, 28 U.S.C. § 1781.

3.    UCAP objects to the Third Document Requests in their entirety on the grounds that they do not comply with the laws of Singapore on the taking of evidence, including but not limited to, Orders 24 and 66 of the Rules of Court and The Evidence (Civil Proceedings in Other Jurisdictions) Act.

4.    UCAP objects to the Third Document Requests on the grounds that they are vague, ambiguous and overly broad in their use of the term "Products." The term "Products" as defined in Plaintiffs' First Amended Complaint and Plaintiffs' Second Requests to Defendants For Production Of Documents identifies broad categories of chemicals and polymers, each of which includes a large number of individual products that are irrelevant to this litigation.

5.    UCAP objects to the definition of "you" and "your" as overly broad and unduly burdensome.

6.    UCAP objects to each Third Document Request to the extent that it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. To the extent that any information or documents subject to a privilege or otherwise protected from discovery are supplied in response to these Third Document Requests, such production is inadvertent and not intended as a waiver.

7.    UCAP objects to Plaintiffs' instruction as to the relevant time period on the grounds that it seeks the production of documents that not relevant to any claim or

2

defense in the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.

8.    UCAP objects to each Document Request and to Plaintiffs' Definitions and Instructions to the extent they purport to impose upon UCAP obligations greater than those required by Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

9.    UCAP objects to Plaintiffs' Third Document Requests on the grounds that they are overly broad, unduly burdensome and irrelevant, to the extent they purport to require UCAP to gather documents from affiliates and business units that are not parties to, or at issue in, this litigation.

10.    UCAP objects to Plaintiffs' Third Document Requests to the extent they seek information and/or documents beyond the custody, possession or control of UCAP and/or seek information and/or documents currently in Plaintiffs' possession, thus making the Third Requests unduly burdensome.

11.    UCAP objects to Plaintiffs' Third Document Requests on the ground of undue burden to the extent that they seek publicly available information.

12.    Nothing herein shall be construed as an admission by UCAP regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by Plaintiffs' Third Document Requests. UCAP reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents UCAP produces in response to any Request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action.

3

13.    These general objections are incorporated by reference into UCAP's Responses to each of Plaintiffs' Third Requests. The fact that an answer is given does not waive any general or specific objection.

14.    UCAP expressly reserves its right to modify these responses as necessary.

### DOCUMENTS REQUESTED

1.    All documents concerning the manufacture, sale, offer for sale or distribution in any geographic market or territory by any person other than You of any products that are competitive with the Products.

### RESPONSE:

UCAP objects to this Request on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, seeks documents beyond UCAP's possession, custody, or control, and is unduly burdensome. UCAP further objects to this Request on the grounds that it requests documents concerning the manufacture, sale, offer for sale and distribution by any third party of an undefined set of products that compete with Products (as that term is broadly defined by Plaintiffs) to any third party, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCAP, nor is it confined to the relevant geographic market at issue in this litigation. It also is not possible, and is thus unduly burdensome, for UCAP to produce the requested documentation.

4

Subject to and without waiving these or its General Objections, UCAP is willing to consider, as part of the meet and confer process, a narrowed Request that identifies what categories of properly relevant documents Plaintiffs seek in response to this Request that have not already been produced by UCAP or one of the other Defendants in this litigation.

2.    All documents concerning any communications between or among You and any person that is Your competitor in the manufacture, sale, offer for sale or distribution in any geographic market or territory of Products or any products that are competitive with the Products.

**RESPONSE:**

UCAP objects to this Request on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, seeks documents beyond UCAP's possession, custody, or control, and is unduly burdensome. UCAP further objects to the phrase "any communication" as hopelessly overbroad, and thus unduly burdensome. Request No. 2 broadly requests any document concerning any communications with any competitor in the manufacture, sale, offer for sale or distribution of Products (as that terms is defined by Plaintiffs) or an undefined set of products that compete with Products, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCAP, nor is it confined to the relevant

5

geographic market at issue in this litigation.   It is not possible, and is thus unduly burdensome, for UCAP to produce the requested documentation.

      3.      All documents concerning the manufacture, sale, offer for sale or distribution in any geographic market or territory of Products or products that are competitive with the Products by any person or entity of which you are, directly or indirectly, less than the 100% owner.

    **RESPONSE:**

UCAP objects to this Request on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, seeks documents beyond UCAP's possession, custody, or control, and is unduly burdensome. UCAP further objects to this Request on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "indirectly" that UCAP cannot meaningfully respond to this Request. Request No. 3, on its face, appears to request every document concerning the manufacture, sale, offer for sale or distribution by any entity in which UCAP has any ownership interest of Products (as that term is broadly defined by Plaintiffs) or an undefined set of products that compete with Products, to any third party, anywhere in the world, for the last several years.  Such a Request does not seek documents relevant to Plaintiffs' purchases from UCAP, nor is it confined to the relevant geographic market at issue in this litigation.  It also is not possible, and is thus unduly burdensome, for UCAP to produce the requested documentation.

Subject to and without waiving these or its General Objections, UCAP is willing to consider, as part of the meet and confer process, a narrowed Request that identifies what categories of properly relevant documents Plaintiffs seek in response to this Request that have not already been produced by UCAP or one of the other Defendants in this litigation.

4.    All documents concerning any trade association meeting or activity relating to the manufacture, sale, offer for sale or distribution of Products or products that are competitive with the Products.

**RESPONSE:**

UCAP objects to this Request on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, seeks documents beyond UCAP's possession, custody, or control, and is unduly burdensome. Request No. 4 broadly requests any document concerning trade association meetings or activities relating to the manufacture, sale, offer for sale or distribution of Products (as that term is defined by Plaintiffs) or an undefined set of products that compete with Products, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from UCAP, nor is it confined to the relevant market at issue in this litigation. It is not possible, and is thus unduly burdensome, for UCAP to produce the requested documentation.

7

5.     All documents concerning the effect or contemplated effect of the Merger on competition for the sale of Products in any geographic market or territory other than India.

**RESPONSE:**

UCAP objects to this Request on the grounds that, by its terms, it appears to be direct to The Dow Chemical Company and Union Carbide Corporation, and is more appropriately responded to by those Defendants.  To the extent the Request is directed to UCAP, UCAP objects to this Request on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, seeks documents beyond UCAP's possession, custody, or control, and is unduly burdensome. UCAP further objects to this Request on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "effect or contemplated effect" and that UCAP cannot meaningfully respond to this Request.  Request No. 5 appears to request every document related to the multi-national merger of The Dow Chemical Company and Union Carbide Corporation other than those documents that are related to the geographic area at issue in this litigation.  Any such request is wholly irrelevant to the claims or defense of any party, constitutes an impermissible fishing expedition, and is unduly burdensome.  Irrelevant documents do not become relevant because they relate to the merger.

8

6.      All documents concerning competition between Dow and UCC prior to the Merger in connection with the sale of Products or products competitive with the Products in any geographic market or territory other than India.

**RESPONSE:**

UCAP objects to this Request on the grounds that, by its terms, it appears to be direct to The Dow Chemical Company and Union Carbide Corporation, and is more appropriately responded to by those Defendants. To the extent the Request is directed to UCAP, UCAP further objects to this Request on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, seeks documents beyond UCAP's possession, custody, or control, and is unduly burdensome. Request No. 6, on its face, requests every document, relating to competition with respect to every Product (as that term is defined by Plaintiffs) or an undefined set of products competitive with Products, in any location around the world other than the geographic area at issue, for an unlimited period of time. It is not possible, and is thus unduly burdensome, for UCAP to produce the requested documentation. UCAP objects to this Request to the extent that it seeks documents outside of UCAP's possession, custody, or control.

7.      All documents concerning competition relating to the Products or products that are competitive with the Products provided to any antitrust enforcement agency, whether in the United States or elsewhere, in connection with the Merger.

**RESPONSE:**

9

UCAP objects to this Request on the grounds that, by its terms, it appears to be direct to The Dow Chemical Company and Union Carbide Corporation, and is more appropriately responded to by those Defendants. To the extent the Request is directed to UCAP, UCAP objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, and is unduly burdensome. Furthermore, documents provided to a government agency in connection with the merger of two multi-national corporations, without limitation, are irrelevant to the claims or defenses of the parties and thus, any such request constitutes an impermissible fishing expedition and is overbroad. Moreover, UCAP objects to this Request to the extent that it seeks documents outside of UCAP's possession, custody, or control. Irrelevant documents do not become relevant because they relate to the merger.

Dated: May 5, 2004

AS TO OBJECTIONS:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL 60603
(312) 782-0600

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

Attorneys for Defendant
Union Carbide Asia Pacific, Inc.

10

# CERTIFICATE OF SERVICE

I, Dana S. Douglas, do hereby certify that I caused a true and correct copy of the Responses And Objections Of Defendant Union Carbide Asia Pacific, Inc. To Plaintiffs' Third Request To Defendants For Production Of Documents to be served this date on the following:

Robert M. Langer
WIGGIN & DANA LLP
One City Place
185 Asylum Street
Hartford, CT 06103-3402

Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, N.Y. 10022

Dated: May 5, 2004

Dana S. Douglas

11

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : : : : | |
| Plaintiffs, | : : : | Civil No. 3:02 CV 1107 (AVC) |
| v. | : | |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | : : : : : : | |
| Defendants. | : | May 5, 2004 |

**RESPONSES AND OBJECTIONS OF DEFENDANT
THE DOW CHEMICAL COMPANY TO PLAINTIFFS' THIRD
<u>REQUEST TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS</u>**

The Dow Chemical Company ("TDCC"), by and through its attorneys and

pursuant to Fed. R. Civ. P. 34, hereby submits its written responses to Plaintiffs' Third

Request for Production of Documents ("Third Document Requests" or "Third

Requests").

<u>GENERAL OBJECTIONS</u>

1.    TDCC objects to the Third Document Requests on the grounds that they

are vague, ambiguous and overly broad in their use of the term "Products." The term

"Products" as defined in Plaintiffs' First Request To Defendants For Production of

Documents and Plaintiffs' Second Request to Defendants For Production Of Documents

identifies broad categories of chemicals and polymers, each of which includes a large

number of individual products that are irrelevant to this litigation.

2.      TDCC objects to the definition of "you" and "your" as overly broad and unduly burdensome.

3.      TDCC objects to each Third Document Request to the extent that it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. To the extent that any information or documents subject to a privilege or otherwise protected from discovery are supplied in response to these Third Document Requests, such production is inadvertent and not intended as a waiver.

4.      TDCC objects to Plaintiffs' instruction as to the relevant time period on the grounds that it seeks the production of documents that not relevant to any claim or defense in the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Unless otherwise stated herein, the relevant time period for TDCC's responses will be February 6, 2001 to March 31, 2002.

5.      TDCC objects to each Document Request and to Plaintiffs' Definitions and Instructions to the extent they purport to impose upon TDCC obligations greater than those required by Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

6.      TDCC objects to the Third Document Requests to the extent they purport to require TDCC to gather responsive documents from its foreign subsidiaries that have been dismissed by the Court for lack of personal jurisdiction.

7.      TDCC objects to Plaintiffs' Third Document Requests on the grounds that they are overly broad, unduly burdensome and irrelevant, to the extent they purport to

2

require TDCC to gather documents from subsidiaries, affiliates and business units that are not parties to, or at issue in, this litigation.

8.    TDCC incorporates by reference the general and specific objections asserted in its Responses and Objections to Plaintiffs' First Request for Production of Documents and Plaintiffs' Second Request for Production of Documents.

9.    TDCC objects to Plaintiffs' Third Document Requests to the extent they seek information and/or documents beyond the custody, possession or control of TDCC and/or seek information and/or documents currently in Plaintiffs' possession, thus making the Third Requests unduly burdensome.

10.    TDCC objects to Plaintiffs' Third Document Requests on the ground of undue burden to the extent that they seek publicly available information.

11.    Nothing herein shall be construed as an admission by TDCC regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by Plaintiffs' Third Document Requests. TDCC reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents TDCC produces in response to any Request at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action. Furthermore, whether TDCC answered part or all of any particular Request is not intended and should not be construed as a waiver by TDCC of all or any objection to such Request.

12.    These general objections are incorporated by reference into TDCC's Responses to each of Plaintiffs' Third Requests. The fact that an answer is given or documents provided does not waive any general or specific objection.

3

13.    TDCC's response that documents will be produced or have been produced means that TDCC will produce, or has produced, documents responsive to a Request if they exist, are in TDCC's possession, custody or control, and are not privileged or otherwise protected from discovery.

14.    TDCC expressly reserves its right to subsequently produce responsive material or modify these responses as necessary.

## DOCUMENTS REQUESTED

1.    All documents concerning the manufacture, sale, offer for sale or distribution in any geographic market or territory by any person other than You of any products that are competitive with the Products.

### RESPONSE:

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. TDCC further objects to this Request on the grounds that it requests documents concerning the manufacture, sale, offer for sale and distribution by any third party of an undefined set of products that compete with Products (as that term is broadly defined by Plaintiffs) to any third party, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from TDCC, nor is it confined to the relevant geographic market at issue in this litigation. It also is not possible, and is thus unduly burdensome, for TDCC to produce the requested documentation. TDCC objects to this Request to the extent that it seeks documents outside of TDCC's possession, custody, or control.

4

Subject to and without waiving these or its General Objections, TDCC is willing to consider, as part of the meet and confer process, a narrowed Request that identifies what categories of properly relevant documents Plaintiffs seek in response to this Request that have not already been produced by TDCC or one of the other Defendants in this litigation.

2.      All documents concerning any communications between or among You and any person that is Your competitor in the manufacture, sale, offer for sale or distribution in any geographic market or territory of Products or any products that are competitive with the Products.

**RESPONSE:**

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. TDCC objects to the phrase "any communication" as hopelessly overbroad, and thus unduly burdensome. Request No. 2 broadly requests any document concerning any communications with any competitor in the manufacture, sale, offer for sale or distribution of Products (as that terms is defined by Plaintiffs) or an undefined set of products that compete with Products, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from TDCC, nor is it confined to the relevant geographic market at issue in this litigation. It is not possible, and is thus unduly burdensome, for TDCC to produce the requested documentation. TDCC objects to this Request to the extent that it seeks documents outside of TDCC's possession, custody, or control.

5

3.    All documents concerning the manufacture, sale, offer for sale or distribution in any geographic market or territory of Products or products that are competitive with the Products by any person or entity of which you are, directly or indirectly, less than the 100% owner.

**RESPONSE:**

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. TDCC further objects to this Request on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "indirectly" that TDCC cannot meaningfully respond to this Request. Request No. 3, on its face, appears to request every document concerning the manufacture, sale, offer for sale or distribution by any entity in which TDCC has any ownership interest of Products (as that term is broadly defined by Plaintiffs) or an undefined set of products that compete with Products, to any third party, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from TDCC, nor is it confined to the relevant geographic market at issue in this litigation. It also is not possible, and is thus unduly burdensome, for TDCC to produce the requested documentation. TDCC objects to this Request to the extent that it seeks documents outside of TDCC's possession, custody, or control.

Subject to and without waiving these or its General Objections, TDCC is willing to consider, as part of the meet and confer process, a narrowed Request that identifies what categories of properly relevant documents Plaintiffs seek in response to this Request

6

that have not already been produced by TDCC or one of the other Defendants in this litigation.

4.      All documents concerning any trade association meeting or activity relating to the manufacture, sale, offer for sale or distribution of Products or products that are competitive with the Products.

**RESPONSE:**

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. Request No. 4 broadly requests any document concerning trade association meetings or activities relating to the manufacture, sale, offer for sale or distribution of Products (as that term is defined by Plaintiffs) or an undefined set of products that compete with Products, anywhere in the world, for the last several years. Such a Request does not seek documents relevant to Plaintiffs' purchases from TDCC, nor is it confined to the relevant market at issue in this litigation. It is not possible, and is thus unduly burdensome, for TDCC to produce the requested documentation. TDCC objects to this Request to the extent that it seeks documents outside of TDCC's possession, custody, or control.

5.      All documents concerning the effect or contemplated effect of the Merger on competition for the sale of Products in any geographic market or territory other than India.

**RESPONSE:**

7

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. TDCC further objects to this Request on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "effect or contemplated effect" and that TDCC cannot meaningfully respond to this Request. Request No. 5 appears to request every document related to the multi-national merger of TDCC and Union Carbide Corporation other than those documents that are related to the geographic area at issue in this litigation. Any such request is wholly irrelevant to the claims or defense of any party, constitutes an impermissible fishing expedition, and is unduly burdensome. Irrelevant documents do not become relevant because they relate to the merger.

6.     All documents concerning competition between Dow and UCC prior to the Merger in connection with the sale of Products or products competitive with the Products in any geographic market or territory other than India.

**RESPONSE:**

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. Request No. 6, on its face, requests every document, relating to competition with respect to every Product (as that term is defined by Plaintiffs) or an undefined set of products competitive with Products, in any location around the world other than the geographic area at issue, for an unlimited period of time. It is not possible, and is thus unduly burdensome, for TDCC to produce the requested documentation. TDCC objects

8

to this Request to the extent that it seeks documents outside of TDCC's possession, custody, or control.

7.     All documents concerning competition relating to the Products or products that are competitive with the Products provided to any antitrust enforcement agency, whether in the United States or elsewhere, in connection with the Merger.

**RESPONSE:**

TDCC objects to this Request on the grounds that it is vague and overbroad, seeks documents that are not relevant to any claim or defense of any party, and is unduly burdensome. Furthermore, documents provided to a government agency in connection with the merger of two multi-national corporations, without limitation, are irrelevant to the claims or defenses of the parties and thus, any such request constitutes an impermissible fishing expedition and is overbroad. Moreover, TDCC objects to this Request to the extent that it seeks documents outside of TDCC's possession, custody, or control. Irrelevant documents do not become relevant because they relate to the merger.

Dated: May 5, 2004

*Dana S. Douglas*
AS TO OBJECTIONS:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL  60603
(312) 782-0600

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street

9

Hartford, CT  06103-3597
(860) 275-8304

Attorneys for Defendant
The Dow Chemical Company

10

## CERTIFICATE OF SERVICE

I, Dana S. Douglas, do hereby certify that I caused a true and correct copy of the

Responses And Objections Of Defendant The Dow Chemical Company To Plaintiffs'

Third Request To Defendants For Production Of Documents to be served this date on the

following:

Robert M. Langer                    Richard S. Taffet
WIGGIN & DANA LLP                   Bingham McCutchen LLP
One City Place                      399 Park Avenue
185 Asylum Street                   New York, N.Y. 10022
Hartford, CT 06103-3402


Dated:  May 5, 2004                 _Dana S. Douglas_
                                    Dana S. Douglas

11