# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : : : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil No. 3:02 CV 1107 (AVC) |
| v. | : | |
| | | |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | : : : : : : | |
| Defendants. | : | May 24, 2004 |

SUPPLEMENTAL RESPONSES AND OBJECTIONS OF
DEFENDANT UNION CARBIDE CORPORATION TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

Union Carbide Corporation ("UCC"), by and through its attorneys and pursuant to

Fed. R. Civ. P. 33, hereby submits its supplemental responses and objections to Plaintiffs'

Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.      UCC objects to the Second Set of Interrogatories on the grounds that they

are vague, ambiguous and overly broad in their use of the term "Products." The term

"Products" as defined in Plaintiffs' First Amended Complaint, and as used in the Second

Set of Interrogatories, identifies broad categories of chemicals and polymers, each of

which includes a large number of individual products that are irrelevant to this litigation.

2.     UCC objects to the definition of "you" and "your" as overly broad and unduly burdensome.

3.     UCC objects to each Interrogatory to the extent that it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. To the extent that any information or documents subject to a privilege or otherwise protected from discovery are supplied in response to these Interrogatories, such production is inadvertent and not intended as a waiver.

4.     UCC objects to Plaintiffs' instruction as to the relevant time period on the grounds that it seeks information not relevant to any claim or defense in the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Unless otherwise stated herein, the relevant time period for UCC's responses will be January 1, 1993 through March 31, 2002.

5.     UCC objects to each Interrogatory and to Plaintiffs' Definitions and Instructions to the extent they purport to impose upon UCC obligations greater than those required by Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

6.     UCC objects to the Second Set of Interrogatories to the extent they purport to require UCC to gather potentially responsive information from its foreign subsidiaries that have been dismissed by the Court for lack of personal jurisdiction.

7.     UCC objects to Plaintiffs' Second Set of Interrogatories on the grounds that they are overly broad, unduly burdensome and irrelevant to the extent they purport to

require UCC to gather information from subsidiaries, affiliates and business units that are not parties to, or at issue in, this litigation.

8.    UCC incorporates by reference the general and specific objections asserted in its Answers and Objections to Plaintiffs' First Set of Interrogatories.

9.    UCC objects to Plaintiffs' Second Set of Interrogatories to the extent they seek information and/or documents beyond the custody, possession, or control of UCC and/or seek information and/or documents currently in Plaintiffs' possession, thus making the requests unduly burdensome.

10.    UCC objects to Plaintiffs' Second Set of Interrogatories on the ground of undue burden to the extent that they seek publicly-available information.

11.    Nothing herein shall be construed as an admission by UCC regarding the competence, admissibility, relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by Plaintiffs' Second Set of Interrogatories. UCC reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents UCC produces in response to any interrogatory at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action. Furthermore, whether UCC answered part or all of any particular Interrogatory is not intended and should not be construed as a waiver by UCC of all or any objection to such interrogatory.

12.    UCC's provision of information in response to these Interrogatories is not an indication or admission that such information was known to or possessed by UCC during the term period to which the information pertains. Nor is the provision of such information herein an indication or admission that the information reflects the activities

of UCC. Certain of the information provided herein pertains to the activities of other entities, such as The Dow Chemical Company ("Dow"), as well as various subsidiaries or affiliates of Dow or UCC operating abroad.

13.    These general objections are incorporated by reference into UCC's responses to each of Plaintiffs' Second Set of Interrogatories. The fact that an answer is given or documents provided does not waive any general or specific objection.

14.    UCC's response that documents will be produced or have been produced means that UCC will produce, or has produced, documents responsive to an interrogatory if they exist, are in UCC's possession, custody or control, and are not privileged or otherwise protected from discovery.

15.    UCC expressly reserves its right to subsequently produce responsive material or modify these responses as necessary.

## INTERROGATORIES

1.    Identify, to the extent not previously provided, all information responsive to each interrogatory set forth in Plaintiffs' First Interrogatories, attached hereto at Tab A.

**RESPONSE:**

UCC objects to this Interrogatory to the extent it seeks information that exceeds the scope of the three claims that remain in this case after the Court's rulings of September 12 and 15, 2003. UCC objects that it is improper for Plaintiffs to incorporate, in their entirety, a set of interrogatories that was (1) served prior to the dismissal of nine out of twelve of Plaintiffs' initial claims, (2) already responded and objected to by Defendants, , and (3) already addressed by the Court, without Plaintiffs first narrowing those interrogatories to what remaining discovery Plaintiffs now need in this case.

Subject to and without waiving these or its General Objections, UCC is willing to consider, as part of the meet and confer process, a narrowed Interrogatory that reflects the claims still at issue in this litigation.

**SUPPLEMENTAL RESPONSE:**

During the parties' December 3, 2003 discovery conference, Plaintiffs clarified that this Request was served to ensure that an appropriate search for information was made in response to Plaintiffs' First Interrogatories. UCC confirms that such a search was conducted.

2.    Identify the responsibilities in connection with the sale of Products of each person identified in Request Nos. 31 and 32, or in documents responsive thereto, of Plaintiffs' Second Request To Defendants For Production of Documents of even date.

**RESPONSE:**

UCC objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party, is unreasonably cumulative and duplicative of other discovery provided to Plaintiffs, and is unduly burdensome. UCC further objects to this Interrogatory on the grounds that it is so vague and ambiguous as to the definition and scope of the phrase "responsibilities in connection with the sale of Products" that UCC cannot meaningfully respond to this Interrogatory. UCC also objects to this Interrogatory on the grounds that the burden and expense of identifying the "responsibilities" of each person identified in documents produced by UCC responsive to Requests 31 and 32 of Plaintiffs' Second Set of Document Requests outweighs its likely benefit, if any.

Subject to and without waiving the these or its General Objections,

UCC asks Plaintiffs to provide a more specific definition of the phrase

"responsibilities in connection with the sale of Products" and otherwise narrow

the scope of this Interrogatory to "responsibilities" that are relevant to the three

remaining claims in this litigation.

**SUPPLEMENTAL RESPONSE:**

During the parties' December 3, 2003 discovery conference, Plaintiffs agreed to

narrow this Request to the identification of the job title (or brief description of duties, if

the job title is substantially different) for each individual identified in Document Request

No. 31.  The information provided pertains only to the relevant time period and does not

suggest that any individual listed below is currently employed by UCC.  UCC also states

that discovery is ongoing and investigation continues.  Consistent with the parties'

agreement and without waiving any of its objections, UCC answers as follows:

| | |
|---|---|
| Robert Butler | Legal Counsel, Union Carbide Corporation |
| Lawrence Cheung | General Manager, Marketing & Sales, Polyolefins, Union Carbide Singapore Pte. Ltd. |
| Belia Cortez | Customer Service Representative, Union Carbide Corporation |
| Pramod Dharnidhar Deo | Account Manager, Union Carbide Corporation |
| Duane R. Dickson | Vice President and General Manager, Derivatives, Europe, Union Carbide Corporation |
| Kevin Dillan | Global Business Director, Industrial Performance Chemicals; Senior Leader, BS&M, Union Carbide Corporation |
| Luke Du | Senior Leader, BS&M; Business Director, Marketing & Sales, Wire & Cable, Union |

|  | Carbide Corporation |
|---|---|
| Robert G. Eagar | Sr. Leader, Commercial Manager, Vinyl Resins, Union Carbide Corporation |
| Eugene J. Fisher | Export Sales Manager; Global Business Manager, Strategic Planning Unit, Wire & Cable; Senior Leader, BS&M, Wire & Cable, Union Carbide Corporation |
| James F. Flynn | Corporate Vice President, General Manager, Solvents, Intermediates & Monomers, Union Carbide Corporation |
| Yan Ming Foo | Customer Service Manager, Senior Specialist, BS&M, Union Carbide Corporation Singapore |
| John Ted Gilsenan | Area Manager, Senior Analyst, Credit; Regional Manager, Credit, Union Carbide Corporation |
| Gary Honson | Area Marketing Manager, Performance Chemicals, Biocides, Union Carbide Chemical Australia |
| Kamal Jain | Senior Finance Analyst, Transitional Treasury, Union Carbide Corporation |
| Emmanuel Q. Jimenez | Senior Specialist, BS&M, Marketing, Union Carbide Corporation Philippines, Inc. |
| Dr. William Joyce | Chairman & Chief Executive Officer, President, Union Carbide Corporation |
| Tison (Allan) Keel | Product Director, Solvents Intermediates and Monomers, Union Carbide Corporation Korea |
| Keith A. Lloyd | Senior Leader, BS&M, Wire & Cable, Union Carbide Corporation |
| Michael Marinaccio | Director, BS&M, Organic Intermediate Solvents & Monomers, Union Carbide Corporation |
| Lee McMaster | Global Director, Union Carbide Corporation |
| S.J. Meadows | Product Supply Manager, Purchasing, Marketing, Solvents, Intermediates & Monomers, Union Carbide Corporation |

| | |
|---|---|
| V.K. Moorthy | Business Director & General Manager, Solvents & Performance Chemicals, Union Carbide Corporation |
| Ramasami Natarajan | Executive Management, Union Carbide Corporation |
| Ronald G. Neri | Senior Director of Marketing, BS&M, Union Carbide Corporation |
| Robert O. Phaneuf | Logistics Leader, Specialty Polymers & Products, Union Carbide Corporation |
| Albert Poh | Manager, Credit Control, Pacific Region, Union Carbide Corporation Singapore |
| Edward G. Roberts | Corporate Credit Manager; Senior Financial Manager, Treasury, Union Carbide Corporation |
| Roziahwattie Rozli | Customer Service Specialist, BS&M, Union Carbide Corporation Singapore |
| Arjun P. Samtani | Managing Director, Project CEBA, Union Carbide Corporation Singapore; Managing Director, Area Business Director for Industrial & Performance Chemicals, Union Carbide Corporation Asia |
| Catherine Seah | Administrative Assistant, Union Carbide Corporation |
| Kenneth Spall | Associate Director, Ventures; Business Director, BS&M, Union Carbide Corporation |
| Grace Waag | Senior Leader, BS&M, Wire & Cable, Union Carbide Corporation |
| N.A. Wyhs | Global Business Manager; Director, BS&M, Organic Intermediates Solvents & Monomers, Union Carbide Corporation |
| David Yap | Credit Control Manager; Financial Analyst, Treasury, Union Carbide Corporation Singapore |
| John Yimoyines | Vice President, Wire & Cable, Union Carbide Corporation |
| Thomas White | Business Director, Organic Intermediates Solvents & Monomers; Senior Leader, BS&M, Organic Intermediates Solvents & Monomers; Senior Leader, Executive |

| | Management, Organic Intermediates Solvents & Monomers, Union Carbide Corporation |
|---|---|

3.    Identify each meeting or communication between any person employed by, representing or otherwise acting on behalf of a Defendant, and an end user of Products purchased from any Plaintiff or MVMS, and for each such meeting or communication state with particularity its date, the persons attending, sending or receiving the communication, and the subject matter discussed.

**RESPONSE:**

UCC objects to this Interrogatory on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by UCC in this litigation, and is unduly burdensome. It is not possible for UCC to "identify each meeting or communication" between any employee or representative of UCC and any "end user of Products purchased from Plaintiff or MVMS." Moreover, Plaintiffs have refused to identify either (a) the alleged misrepresentations that purportedly form the basis of Plaintiffs' claim for negligent misrepresentation, or (b) the end-user customers whose relationships with Plaintiffs allegedly were adversely affected by those alleged misrepresentations, such that UCC cannot possibly identify, with any specificity, the particular meetings or communications, if any, that may be responsive to this Interrogatory and relevant to this case.

UCC further objects to this Interrogatory because it is premature. Plaintiffs possess documents and information concerning the "end users" of UCC products purchased from Plaintiff and/or MVMS and Plaintiffs have not yet produced that discovery to UCC. UCC therefore objects to Interrogatory No. 3 to the extent that it seeks information and/or documents currently in Plaintiffs' possession or that can be obtained just as easily by Plaintiff as by UCC, thus making the Interrogatory unduly burdensome.

**SUPPLEMENTAL RESPONSE:**

The Request for an identification of all communications for a multi-year period remains hopelessly broad. Without waiving any of its objections, UCC has produced non-privileged documents in its possession, custody or control that reflect meetings and/or communications between itself and end users of Products that UCC knew at the time purchased the same Products from a Plaintiff or MVMS. If additional responsive, non-privileged documents are located in the transaction documents, they will be produced.

4.     Identify with particularity the process followed by each Defendant in connection with receiving, entering, accepting, processing and filling orders for Products from each Plaintiff and any other purchaser of Products.

**RESPONSE:**

UCC objects to this Interrogatory on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by UCC in this litigation, and is unduly

burdensome. As an initial matter, Interrogatory No. 4 seeks information that is not within

UCC's possession, custody, or control. Moreover, Interrogatory No. 4 is so vague and

ambiguous as to the definition and scope of the term "process" that UCC cannot

meaningfully respond to this Interrogatory. Finally, it is not possible, and thus it is

unreasonably burdensome, for UCC to describe "with particularity" the manner in which

it conducted its sales procedures with respect to every single purchaser of UCC's

Products over the time period at issue.

Subject to and without waiving these or its General Objections, UCC is willing to

consider, as part of the meet and confer process, a narrowed Interrogatory that reflects the

claims still at issue in this litigation.

**SUPPLEMENTAL RESPONSE:**

Without waiving its objections, UCC responds that the available details of each

transaction with Plaintiffs regarding the Products are recorded in the individual

transaction documents already produced. UCC further refers Plaintiffs to document

DI4001147.

5.      Identify each person employed by, representing or otherwise acting on

behalf of any Defendant with direct or indirect responsibility for receiving, entering,

accepting, processing and filling orders of Products from any Plaintiff or any other

purchaser, and for each such person state with particularity his/her responsibilities and

the persons to whom he/she reports directly and indirectly.

**RESPONSE:**

UCC objects to this Interrogatory on the grounds that it is vague and overbroad,

seeks information that is not relevant to any claim or defense of any party, is cumulative

and duplicative of discovery already produced by UCC in this litigation, and is unduly burdensome. First, Interrogatory No. 5 is so vague and ambiguous as to the definition and scope of the term "indirect" that UCC cannot meaningfully respond to this Interrogatory. Moreover, it is not possible, and thus it is unreasonably burdensome, for UCC to identify "each person" directly or indirectly involved in the sale of each and every UCC product over the period at issue in this litigation, much less state "with particularity his/her responsibilities" and/or the "persons to whom he/she reports [or presumably reported] directly or indirectly."

Subject to and without waiving these or its General Objections, UCC asks Plaintiffs to provide a more specific definition of the term "indirect" as it is used in this Interrogatory and narrow the scope of this Interrogatory to information that is relevant to the three remaining claims in this litigation.

**SUPPLEMENTAL RESPONSE:**

Without waiving its objections, UCC responds that individuals with decision making authority or with direct contact with Plaintiffs and who were responsible for processing the Product transactions with Plaintiffs are identified in the individual transaction documents already produced. *See, e.g.,* Supplemental Response to Interrogatory No. 4, above. Additionally, UCC provided a lengthy list of job titles above in Supplemental Response to Interrogatory No. 2. UCC states that discovery is ongoing and investigation continues. At certain times, Belia Cortez and Roziahwattie Rozli may have been responsible for processing the Product transactions with Plaintiffs.

6.    Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for assessing, evaluating or

analyzing competition for Products sold in or from the United States, and in or to any

other country, and for each such person state with particularity his/her responsibilities

and the persons to whom he/she reports, directly or indirectly.

**RESPONSE:**

UCC objects to Interrogatory No. 6 on the grounds that it is vague and overbroad,

seeks information that is not relevant to any claim or defense of any party, is cumulative

and duplicative of discovery already produced by UCC in this litigation, and is unduly

burdensome. First, Interrogatory No. 6 is so vague and ambiguous as to the definition

and scope of the phrases "indirect" and "assessing, evaluating or analyzing competition"

that UCC cannot meaningfully respond to this Interrogatory. Moreover, it is not possible,

and thus it is unreasonably burdensome, for UCC to identify "each person" directly or

indirectly involved in UCC's competitive activities – both in the United States and

abroad – over the period at issue in this litigation, much less state "with particularity

his/her responsibilities" and/or the "persons to whom he/she reports [or presumably

reported], directly or indirectly."

Subject to and without waiving these or its General Objections, UCC asks

Plaintiffs to provide a more specific definition of the phrases "indirect" and "assessing,

evaluating or analyzing competition" as they are used in this Interrogatory and narrow the

scope of this Interrogatory to information that is relevant to the three remaining claims in

this litigation.

7.    Identify each person employed by, representing or otherwise acting on

behalf of any Defendant with direct or indirect responsibility for assessing, evaluating,

determining or establishing the price to be charged end-users of Products, and for each

such person state with particularity his/her responsibilities and the persons to whom he/she reports.

### RESPONSE:

UCC objects to Interrogatory No. 7 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by UCC in this litigation, and is unduly burdensome. Like Plaintiffs' previous Interrogatories, Interrogatory No. 7 is so vague and ambiguous as to the definition and scope of the phrases "indirect" and "assessing, evaluating, determining or establishing the price to be charged" that UCC cannot meaningfully respond to this Interrogatory. And again, it is not possible, and thus it is unreasonably burdensome, for UCC to identify "each person" directly or indirectly involved in end-user pricing of UCC's products over the period at issue in this litigation, much less state "with particularity his/her responsibilities" and/or the "persons to whom he/she reports [or presumably reported], directly or indirectly."

In addition, UCC objects to this Interrogatory to the extent it seeks information that is not within UCC's possession, custody, or control. Plaintiffs and other third parties outside of UCC's control possess documents and information concerning their pricing of UCC products sold to end-users. UCC therefore objects to Interrogatory No. 7 to the extent that it seeks information and/or documents currently in Plaintiffs' possession or that can be obtained just as easily from third parties by Plaintiff as by UCC, thus making the Interrogatory unduly burdensome.

Subject to and without waiving these of its General Objections, UCC asks Plaintiffs to provide a more specific definition of the phrases "indirect" and "assessing,

evaluating or analyzing competition" as they are used in this Interrogatory and narrow the scope of this Interrogatory to information that is relevant to the three remaining claims in this litigation. Plaintiffs are also referred to UCC's answers to Plaintiffs' First Set of Interrogatories, answers 8, 9 and 10.

### SUPPLEMENTAL RESPONSE:

Without waiving its objections, UCC responds that individuals having some responsibility for prices to be charged for the sale of Products to customers in India are identified in the individual transaction documents already produced. *See, e.g.,* Supplemental Response to Interrogatory No. 4, above. Further, UCC provided a lengthy list of job titles above in Response to Interrogatory No. 2. UCC states that discovery is ongoing and investigation continues. Again without waiving its objections, UCC identifies the following individuals who had such authority at certain times: Lawrence Cheung, Eugene Fisher, Gary Honson, Emmanuel Jimenez, Keith Lloyd, V.K. Moorthy, Atul Marathe, Siew Kwan Ng, Albert Poh, Arjun Samtani, Horace CC Tam, Howard Ungerlighter, Grace Waag, and Marcus Wildi.

8.    Identify each person employed by, representing or otherwise acting on behalf of any Defendant with knowledge of any contract between any Plaintiff and any Defendant, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports.

### RESPONSE:

UCC objects to Interrogatory No. 8 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by UCC in this litigation, and is unduly

burdensome. First, it is not possible, and thus it is unreasonably burdensome, for UCC to

identify "each person" employed by any Defendant who may have had *any* "knowledge"

of "any contract" between Plaintiff and "any Defendant" over the period at issue in this

litigation, much less state "with particularity his/her responsibilities" and/or the "persons

to whom he/she reports [or presumably reported]." Second, UCC objects to Interrogatory

No. 8 on the ground that Plaintiffs have thusfar refused to identify any particular

contracts upon which they purport to base their breach of contract claim, and, therefore,

UCC is unable to identify the persons most knowledgeable about said alleged contracts.

Furthermore, the names of the persons affiliated with any Defendant who had the most

direct knowledge concerning any contracts between any of the Defendants and any of the

Plaintiffs appear on the transactional documents that already have been produced to

Plaintiffs by Dow or UCC. For example, Plaintiffs are referred to documents produced as

DS200000 to 236036 and DI01499 to 23587.

Subject to and without waiving the these or its General Objections, UCC asks

Plaintiffs to provide a more specific definition of the term "knowledge" as it is used in

this Interrogatory, identify the contracts Plaintiffs' allege form the basis for their breach

of contract claim, and otherwise narrow the scope of this Interrogatory.

### SUPPLEMENTAL RESPONSE:

In its September 12, 2003 Order, the Court "agree[d] with the defendants that the

letter agreements do not constitute enforceable contracts as they are unenforceable for

want of mutuality." Order at 21. Accordingly, without waiving its objections, the

individuals with knowledge of any "contract" between a Plaintiff and Defendant will be

those with knowledge of the orders reflected in the transaction documents already

produced with regard to specific orders that Defendants agreed to make. *See, e.g.*

Supplemental Response to Interrogatory No. 4, above. Relevant individuals are listed

within those transaction documents and in response to Interrogatory No. 2, above. UCC

further refers Plaintiffs to documents produced as DI01499 to 23587.

      9.     Identify each contract that existed between any Plaintiff and any

Defendant, and for each state the terms thereof.

**RESPONSE:**

     UCC objects to Interrogatory No. 9 on the grounds that it is vague and overbroad,

seeks information that is not relevant to any claim or defense of any party, seeks

information not within UCC's possession, custody, or control, is cumulative and

duplicative of discovery already produced by UCC in this litigation, and is unduly

burdensome. UCC further objects to Interrogatory No. 9 on the ground that Plaintiffs

have thusfar refused to identify any particular contracts upon which they purport to base

their breach of contract claim, and, therefore, UCC is unable to identify the persons most

knowledgeable about said alleged contracts. Finally, inasmuch as Plaintiffs are the only

ones who presently know which contracts they claim have been breached, the

information sought by this Interrogatory is in the sole possession of Plaintiffs and

therefore beyond UCC's control.

**SUPPLEMENTAL RESPONSE:**

     In its September 12, 2003 Order, the Court "agree[d] with the defendants that the

letter agreements do not constitute enforceable contracts as they are unenforceable for

want of mutuality." Order at 21. During the parties' December 3, 2003 discovery

conference, Plaintiffs agreed that the production of the individual transaction documents

and letter agreements satisfies this Request. Those materials have been produced. *See* Supplemental Response No. 4, above. Further and without waiving its objections, UCC directs Plaintiffs' attention to letter agreements at D00619 – D00620; D00613; D00618; D00616 – D00617; D00614 – D00615; M0009 – M0010.

10.   Identify each order for Products proposed or placed by any Plaintiff that You rejected or declined to fill, and for each such order state the reasons for rejecting or not filling it, and identify each person with any responsibility or knowledge in connection with any such decision.

**RESPONSE:**

UCC objects to Interrogatory No. 10 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by UCC in this litigation, and is unduly burdensome. As an initial matter, it is not possible, and thus it is unreasonably burdensome, for UCC to identify, for the period at issue in this litigation, "each order" by any Plaintiff that was not filled, why it was not filled, and "each person" with "knowledge" related to any such "unfilled" order. Moreover, Plaintiffs have refused to identify any orders for UCC products that Plaintiffs contend they proposed or placed and that Defendants purportedly rejected or declined to fill. Finally, inasmuch as Plaintiffs are the only ones who presently know which orders they claim were proposed or placed and that Defendants purportedly rejected or declined to fill as part of the conduct alleged in the Amended Complaint, the information sought by this interrogatory is in the sole possession of Plaintiffs and thus cannot be produced by UCC in response to these Interrogatories.

Subject to and without waiving the these or its General Objections, UCC asks Plaintiffs to identify the "orders" Plaintiffs' allege were rejected or otherwise not filled by Defendants, and otherwise narrow the scope of this Interrogatory.

### SUPPLEMENTAL RESPONSE:

Subject to and without waiving any of its objections, UCC states that it has made a reasonable search for documents containing the requested information and documents identifying responsive orders have been produced.

11.     Identify each plant or facility both in and outside the United States that manufactured or produced Products sold to any Plaintiff.

### RESPONSE:

UCC objects to Interrogatory No. 11 on the grounds that it vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. First, it is unclear from the text of the Interrogatory whether Plaintiffs are asking for the manufacturing/production origin of the final UCC products or their feedstock chemicals. Second, it is unreasonably burdensome for UCC to identify manufacturing origin of each UCC "Product" (as that term is defined by Plaintiffs' First Amended Complaint"), or feedstock chemicals of each Product, that was sold to "any Plaintiff" during the period at issue in this litigation.

Subject to and without waiving the these or its General Objections, UCC asks Plaintiffs to provide a more specific definition of the terms "manufacturing" and "produced" as they are used in this Interrogatory and narrow the scope of this

Interrogatory, identifying how the requested information is relevant to the three remaining claims in this litigation.

**SUPPLEMENTAL RESPONSE:**

UCC manufactured Products in Louisiana, New Jersey, Texas and West Virginia, and pursuant to joint ventures with UCC and companies located in, among others, Malaysia, Kuwait and Japan.

Dated: May 24, 2004

AS TO OBJECTIONS:

*Dana S. Douglas*

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, IL  60603
(312) 782-0600

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
(860) 275-8304

Attorneys for Defendant
Union Carbide Corporation

## CERTIFICATE OF SERVICE

I, Dana S. Douglas, do hereby certify that I caused a true and correct copy of the

Supplemental Responses And Objections Of Defendant Union Carbide Corporation To

Plaintiffs' Second Set of Interrogatories to be served this date on the following:


Robert M. Langer                    Richard S. Taffet
Wiggin & Dana LLP                   Bingham McCutchen LLP
One City Place                      399 Park Avenue
185 Asylum Street                   New York, N.Y. 10022
Hartford, CT 06103-3402


Dated:  May 24, 2004            *Dana S. Douglas*

# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL    :
SERVICES PTE. LTD., and MEGA VISA    :
SOLUTIONS (S) PTE. LTD.,    :
   :
       Plaintiffs,    :
   :    Civil No. 3:02 CV 1107 (AVC)
   :
       v.    :
   :
THE DOW CHEMICAL COMPANY, UNION    :
CARBIDE CORPORATION, UNION CARBIDE    :
ASIA PACIFIC, INC., UNION CARBIDE    :
CUSTOMER SERVICES PTE. LTD., and DOW    :
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,    :
   :
       Defendants.    :    May 24, 2004

## SUPPLEMENTAL RESPONSES AND OBJECTIONS OF DEFENDANT UNION CARBIDE ASIA PACIFIC, INC. TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant Union Carbide Asia Pacific, Inc. ("UCAP"), by and through its attorneys and pursuant to Fed. R. Civ. P. 33, hereby submits its supplemental responses and objections to Plaintiffs' Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.    UCAP objects to the Second Set of Interrogatories in their entirety on the grounds that this Court lacks personal jurisdiction over UCAP in this action and, therefore, UCAP is not subject to discovery as a party.

2.    UCAP objects to the Second Set of Interrogatories in their entirety on the grounds that they do not comply with the Hague Convention on the taking of evidence abroad in civil or commercial matters ("Hague Evidence Convention"), 23 U.S.T. 2555, T.I.A.S. No. 744, 28 U.S.C. § 1781.

3.    UCAP objects to the Second Set of Interrogatories in their entirety on the grounds that they do not comply with the laws of Singapore on the taking of evidence, including but not limited to, Orders 24 and 66 of the Rules of Court and The Evidence (Civil Proceedings in Other Jurisdictions) Act.

4.    UCAP objects to the Second Set of Interrogatories on the grounds that they are vague, ambiguous and overly broad in their use of the term "Products." The term "Products" as defined in Plaintiffs' First Amended Complaint, and as used in the Second Set of Interrogatories, identifies broad categories of chemicals and polymers, each of which includes a large number of individual products that are irrelevant to this litigation.

5.    UCAP objects to the definition of "you" and "your" as overly broad and unduly burdensome.

6.    UCAP objects to each Interrogatory to the extent that it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. To the extent that any information or documents subject to a privilege or otherwise protected from discovery are supplied in response to these Interrogatories, such production is inadvertent and not intended as a waiver.

7.    UCAP objects to Plaintiffs' instruction as to the relevant time period on the grounds that it seeks information not relevant to any claim or defense in the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.

8.    UCAP objects to each Interrogatory and to Plaintiffs' Definitions and Instructions to the extent they purport to impose upon UCAP obligations greater than those required by Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

9.    UCAP objects to Plaintiffs' Second Set of Interrogatories on the grounds that they are overly broad, unduly burdensome and irrelevant to the extent they purport to require UCAP to gather information from affiliates and business units that are not parties to, or at issue in, this litigation.

10.    UCAP objects to Plaintiffs' Second Set of Interrogatories to the extent they seek information and/or documents beyond the custody, possession, or control of UCAP and/or seek information and/or documents currently in Plaintiffs' possession, thus making the requests unduly burdensome.

11.    UCAP objects to Plaintiffs' Second Set of Interrogatories on the ground of undue burden to the extent that they seek publicly-available information.

12.    Nothing herein shall be construed as an admission by UCAP regarding the competence, admissibility, relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by Plaintiffs' Second Set of Interrogatories. UCAP reserves its right to challenge the competency, relevance, materiality, and admissibility of any documents UCAP produces in response to any interrogatory at trial, of this or any other action, or at any subsequent proceeding, of this action or of any other action.

3

13.     These general objections are incorporated by reference into UCAP's responses to each of Plaintiffs' Second Set of Interrogatories. The fact that an answer is given or documents provided does not waive any general or specific objection.

14.     UCAP expressly reserves its right to subsequently produce responsive material or modify these responses as necessary.

## INTERROGATORIES

1.     Identify, to the extent not previously provided, all information responsive to each interrogatory set forth in Plaintiffs' First Interrogatories, attached hereto at Tab A.

### RESPONSE:

As stated in the above General Objections, UCAP objects to Interrogatory No. 1 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 1 to the extent it seeks information that exceeds the scope of the three claims that remain in this case after the Court's rulings of September 12 and 15, 2003. UCAP objects that it is improper for Plaintiffs to incorporate, in their entirety, a set of interrogatories that was (1) served prior to the dismissal of nine out of twelve of Plaintiffs' initial claims, (2) already responded and objected to by Defendants The Dow Chemical Company and Union Carbide Corporation, and (3) already addressed by the Court, without Plaintiffs first narrowing those interrogatories to what remaining discovery Plaintiffs now need in this case. UCAP objects to Interrogatory No. 1 on the ground that Plaintiffs' First Interrogatories were not directed to UCAP because it was not a party to this litigation. UCAP also incorporates

4

by reference the objections made by Defendant Union Carbide Corporation to Plaintiffs'

First Set of Interrogatories.

**SUPPLEMENTAL RESPONSE:**

During the parties' December 3, 2003 discovery conference, Plaintiffs clarified

that this Request was served to ensure that an appropriate search for information was

made in response to Plaintiffs' First Interrogatories. UCAP confirms that such a search

was conducted.

2.       Identify the responsibilities in connection with the sale of Products of each

person identified in Request Nos. 31 and 32, or in documents responsive thereto, of

Plaintiffs' Second Request To Defendants For Production Of Documents of even date.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 2

in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and

that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence

Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 2 on the grounds that it seeks

information that is not relevant to any claim or defense of any party, is unreasonably

cumulative and duplicative of other discovery provided to Plaintiffs by Defendants The

Dow Chemical Company and Union Carbide Corporation, and is unduly burdensome.

**SUPPLEMENTAL RESPONSE:**

During the parties' December 3, 2003 discovery conference, Plaintiffs agreed to

narrow this Request to the identification of the job title (or brief description of duties, if

the job title is substantially different) for each individual identified in Document Request

5

No. 31.  The information provided pertains only to the relevant time period and does not

suggest that any individual listed below is currently employed by UCAP.  UCAP also

states that discovery is ongoing and investigation continues.  Consistent with the parties'

agreement and without waiving any of its objections, UCAP answers as follows:

| | |
|---|---|
| Lawrence Cheung | Area Business Director and Product Director, Wire & Cable, ASEAN Region; Senior Regional Commercial Manager, BS&M,  Union Carbide Asia Pacific |
| Foot Siong Foo | Logistics Leader, Marketing, Polyolefins, Union Carbide Asia Pacific |
| Wilson Foo | Senior Specialist, BS&M, Marketing, Union Carbide Asia Pacific |
| Kamal N. Jain | Senior Account Specialist, Controllers, Union Carbide Asia Pacific |
| Kit Cheong Dicky Leung | Leader, Marketing & Sales, BS&M, Union Carbide Asia Pacific |
| V.K. Moorthy | Product Director, Solvents and Performance Chemicals, Union Carbide Asia Pacific |
| Ramasami Natarajan | Area President, Union Carbide Asia Pacific |
| Ronald G. Neri | Area President, Union Carbide Asia Pacific |
| Paul Wing Fong Ng | Product Director, Specialty Chemicals; Senior Leader, BS&M, Marketing & Sales, Union Carbide Asia Pacific |
| Roziahwattie Rozli | Customer Order Management, Union Carbide Asia Pacific |
| Arjun P. Samtani | Area Controller, Industrial Chemicals, Union Carbide Asia Pacific |
| Catherine Seah | Administrative Assistant, Union Carbide Asia Pacific |

    3.      Identify each meeting or communication between any person employed

by, representing or otherwise acting on behalf of a Defendant, and an end user of

Products purchased from any Plaintiff or MVMS, and for each such meeting or

communication state with particularity its date, the persons attending, sending or receiving the communication, and the subject matter discussed.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 3 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 3 on the grounds that it is overly broad and vague, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. It is not possible for UCAP to "identify each meeting or communication" between any employee or representative of UCAP and any "end user of Products purchased from Plaintiff or MVMS." Moreover, Plaintiffs have refused to identify either (a) the alleged misrepresentations that purportedly form the basis of Plaintiffs' claim for negligent misrepresentation, or (b) the end-user customers whose relationships with Plaintiffs allegedly were adversely affected by those alleged misrepresentations, such that UCAP cannot possibly identify, with any specificity, the particular meetings or communications, if any, that may be responsive to this Interrogatory and relevant to this case.

**SUPPLEMENTAL RESPONSE:**

The Request for an identification of all communications for a multi-year period remains hopelessly broad. Without waiving any of its objections, UCAP has produced

7

non-privileged documents in its possession, custody or control that reflect meetings and/or communications between itself and end users of Products that UCAP knew at the time purchased the same Products from a Plaintiff or MVMS. If additional responsive, non-privileged documents are located in the transaction packets documents, they will be produced.

4.      Identify with particularity the process followed by each Defendant in connection with receiving, entering, accepting, processing and filling orders for Products from each Plaintiff and any other purchaser of Products.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 4 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 4 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. As an initial matter, Interrogatory No. 4 seeks information that is not within UCAP's possession, custody, or control. Moreover, Interrogatory No. 4 is so vague and ambiguous as to the definition and scope of the term "process" that UCAP cannot meaningfully respond to this Interrogatory. Finally, it is not possible, and thus it is unreasonably burdensome, for UCAP to describe "with particularity" the manner in

8

which it conducted its sales procedures with respect to every single purchaser of UCAP's Products.

**SUPPLEMENTAL RESPONSE:**

Without waiving its objections, UCAP responds that the available details of each transaction with Plaintiffs regarding the Products are recorded in the individual transaction packets documents already produced. UCAP further refers Plaintiffs to document DI4001147.

5.    Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for receiving, entering, accepting, processing and filling orders of Products from any Plaintiff or any other purchaser, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports directly and indirectly.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 5 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 5 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. First, Interrogatory No. 5 is so vague and ambiguous as to the definition and scope of the term "indirect" that UCAP cannot meaningfully respond to this

9

Interrogatory.  Moreover, it is not possible, and thus it is unreasonably burdensome, for UCAP to identify "each person" directly or indirectly involved in the sale of each and every UCAP product over the period at issue in this litigation, much less state "with particularity his/her responsibilities" and/or the "persons to whom he/she reports [or presumably reported] directly or indirectly."

### SUPPLEMENTAL RESPONSE:

Without waiving its objections, UCAP responds that individuals with decision making authority or with direct contact with Plaintiffs and who were responsible for processing the Product transactions with Plaintiffs are identified in the individual transaction documents already produced.  *See, e.g.,* Supplemental Response to Interrogatory No. 4, above.  Further, UCAP provided a lengthy list of job titles above in Supplemental Response to Interrogatory No. 2.  UCAP states that discovery is ongoing and investigation continues.  At certain times, Roziahwattie Rozli may have been responsible for processing the Product transactions with Plaintiffs.

6.      Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for assessing, evaluating or analyzing competition for Products sold in or from the United States, and in or to any other country, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports, directly or indirectly.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 6 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 6 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. First, Interrogatory No. 6 is so vague and ambiguous as to the definition and scope of the phrases "indirect" and "assessing, evaluating or analyzing competition" that UCAP cannot meaningfully respond to this Interrogatory. Moreover, it is not possible, and thus it is unreasonably burdensome, for UCAP to identify "each person" directly or indirectly involved in UCAP's competitive activities –abroad – over the period at issue in this litigation, much less state "with particularity his/her responsibilities" and/or the "persons to whom he/she reports [or presumably reported], directly or indirectly."

7.    Identify each person employed by, representing or otherwise acting on behalf of any Defendant with direct or indirect responsibility for assessing, evaluating, determining or establishing the price to be charged end-users of Products, and for each such person state with particularity his/her responsibilities and the persons to whom he/she reports.

11

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 7 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 7 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. Like Plaintiffs' previous Interrogatories, Interrogatory No. 7 is so vague and ambiguous as to the definition and scope of the phrases "indirect" and "assessing, evaluating, determining or establishing the price to be charged" that UCAP cannot meaningfully respond to this Interrogatory. And again, it is not possible, and thus it is unreasonably burdensome, for UCAP to identify "each person" directly or indirectly involved in end-user pricing of UCAP's products over the period at issue in this litigation, much less state "with particularity his/her responsibilities" and/or the "persons to whom he/she reports [or presumably reported], directly or indirectly."

In addition, UCAP objects to this Interrogatory to the extent it seeks information that is not within UCAP's possession, custody, or control. Plaintiffs and other third parties outside of UCAP's control possess documents and information concerning their pricing of UCAP products sold to end-users. UCAP therefore objects to Interrogatory No. 7 to the extent that it seeks information and/or documents currently in Plaintiffs'

possession or that can be obtained just as easily from third parties by Plaintiff as by

UCAP, thus making the Interrogatory unduly burdensome.

**SUPPLEMENTAL RESPONSE:**

Without waiving its objections, UCAP responds that individuals having some

responsibility for prices to be charged for the sale of Products to customers in India are

identified in the individual transaction documents already produced. *See, e.g.,*

Supplemental Response to Interrogatory No. 4, above. Further, UCAP provided a

lengthy list of job titles above in Response to Interrogatory No. 2. UCAP states that

discovery is ongoing and investigation continues. Again without waiving its objections,

UCAP identifies the following individuals who had such authority at certain times:

Lawrence Cheung, F.S. Foo, Kit Cheong Dicky Leung, V.K. Moorthy, Paul Wing Fong

Ng, and Arjun Samtani.

8.      Identify each person employed by, representing or otherwise acting on

behalf of any Defendant with knowledge of any contract between any Plaintiff and any

Defendant, and for each such person state with particularity his/her responsibilities and

the persons to whom he/she reports.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 8

in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and

that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence

Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 8 on the grounds that it is vague and

overbroad, seeks information that is not relevant to any claim or defense of any party, is

13

cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. First, it is not possible, and thus it is unreasonably burdensome, for UCAP to identify "each person" employed by any Defendant who may have had *any* "knowledge" of "any contract" between Plaintiff and "any Defendant" over the period at issue in this litigation, much less state "with particularity his/her responsibilities" and/or the "persons to whom he/she reports [or presumably reported]." Second, UCAP objects to Interrogatory No. 8 on the ground that Plaintiffs have thusfar refused to identify any particular contracts upon which they purport to base their breach of contract claim, and, therefore, UCAP is unable to identify the persons most knowledgeable about said alleged contracts.

### SUPPLEMENTAL RESPONSE:

In its September 12, 2003 Order, the Court "agree[d] with the defendants that the letter agreements do not constitute enforceable contracts as they are unenforceable for want of mutuality." Order at 21. Accordingly, without waiving its objections, the individuals with knowledge of any "contract" between a Plaintiff and Defendant will be those with knowledge of the orders reflected in the transaction documents already produced with regard to specific orders that Defendants agreed to make. *See, e.g.* Supplemental Response to Interrogatory No. 4, above. Relevant individuals are listed within those transaction documents and in response to Interrogatory No. 2, above. UCAP further refers Plaintiffs to documents produced as DI01499 to 23587.

9.      Identify each contract that existed between any Plaintiff and any Defendant, and for each state the terms thereof.

14

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 9 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 9 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, seeks information not within UCAP's possession, custody, or control, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company and Union Carbide Corporation in this litigation, and is unduly burdensome. UCAP further objects to Interrogatory No. 9 on the ground that Plaintiffs have thusfar refused to identify any particular contracts upon which they purport to base their breach of contract claim, and, therefore, UCAP is unable to identify the persons most knowledgeable about said alleged contracts. Finally, inasmuch as Plaintiffs are the only ones who presently know which contracts they claim have been breached, the information sought by this Interrogatory is in the sole possession of Plaintiffs and therefore beyond UCAP's control.

**SUPPLEMENTAL RESPONSE:**

In its September 12, 2003 Order, the Court "agree[d] with the defendants that the letter agreements do not constitute enforceable contracts as they are unenforceable for want of mutuality." Order at 21. During the parties' December 3, 2003 discovery conference, Plaintiffs agreed that the production of the individual transaction documents and letter agreements satisfies this Request. Those materials have been produced. *See* Supplemental Response No. 4, above. Further and without waiving its objections,

15

UCAP directs Plaintiffs' attention to letter agreements at D00619 – D00620; D00613; D00618; D00616 – D00617; D00614 – D00615; M0009 – M0010.

10.    Identify each order for Products proposed or placed by any Plaintiff that You rejected or declined to fill, and for each such order state the reasons for rejecting or not filling it, and identify each person with any responsibility or knowledge in connection with any such decision.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 10 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 10 on the grounds that it is vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is cumulative and duplicative of discovery already produced by Defendants The Dow Chemical Company in this litigation, and is unduly burdensome. As an initial matter, it is not possible, and thus it is unreasonably burdensome, for UCAP to identify, for the period at issue in this litigation, "each order" by any Plaintiff that was not filled, why it was not filled, and "each person" with "knowledge" related to any such "unfilled" order. Moreover, Plaintiffs have refused to identify any orders for UCAP products that Plaintiffs contend they proposed or placed and that Defendants purportedly rejected or declined to fill. Finally, inasmuch as Plaintiffs are the only ones who presently know which orders they claim were proposed or placed and that Defendants purportedly rejected or declined to fill as part of the conduct alleged in the Amended Complaint, the information sought

16

by this interrogatory is in the sole possession of Plaintiffs and thus cannot be produced by UCAP in response to these Interrogatories.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving any of its objections, UCAP states that it has made a reasonable search for documents containing the requested information and documents identifying responsive orders have been produced.

11.    Identify each plant or facility both in and outside the United States that manufactured or produced Products sold to any Plaintiff.

**RESPONSE:**

As stated in the above General Objections, UCAP objects to Interrogatory No. 11 in its entirety on the grounds that this Court lacks personal jurisdiction over UCAP and that Plaintiffs' Second Set of Interrogatories do not comply with the Hague Evidence Convention or the laws of Singapore on the taking of evidence.

UCAP further objects to Interrogatory No. 11 on the grounds that it vague and overbroad, seeks information that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. First, it is unclear from the text of the Interrogatory whether Plaintiffs are asking for the manufacturing/production origin of the final UCAP products or their constituent parts. Second, it is unreasonably burdensome for UCAP to identify manufacturing origin of each UCAP "Product" (as that term is defined by Plaintiffs' First Amended Complaint"), or constituent part of each Product, that was sold to "any Plaintiff" during the period at issue in this litigation.

17

**SUPPLEMENTAL RESPONSE:**

Without waiving its objections, UCAP states that it did not manufacture any of

the Products at issue.

Dated:  May 24, 2004

                                        AS TO OBJECTIONS:

                                        *Dana S. Douglas*
                                        Andrew S. Marovitz
                                        Britt M. Miller
                                        Dana S. Douglas
                                        MAYER, BROWN, ROWE & MAW LLP
                                        190 South La Salle Street
                                        Chicago, IL  60603
                                        (312) 782-0600

                                        Craig A. Raabe (ct 04116)
                                        Edward J. Heath (ct 20992)
                                        ROBINSON & COLE LLP
                                        280 Trumbull Street
                                        Hartford, CT  06103-3597
                                        (860) 275-8304

                                        Attorneys for Defendant
                                        Union Carbide Asia Pacific

## CERTIFICATE OF SERVICE

I, Dana S. Douglas, do hereby certify that I caused a true and correct copy of the

Supplemental Responses And Objections Of Defendant Union Carbide Asia Pacific To

Plaintiffs' Second Set of Interrogatories to be served this date on the following:

Robert M. Langer
WIGGIN & DANA LLP
One City Place
185 Asylum Street
Hartford, CT 06103-3402

Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, N.Y. 10022

Dated: May 24, 2004

_Dana S. Douglas_
Dana S. Douglas

19