UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 11  P 4: 36
U.S. DISTRICT COURT
HARTFORD, CT.

MM GLOBAL SERVICES, INC., :
MM GLOBAL SERVICES PTE., LTD, :
MEGA VISTA SOLUTIONS (S) :
PTE., LTD., and MEGA VISA :
MARKETING SOLUTIONS LTD., :
    Plaintiffs, :
 :
VS. : Civil No. 3:02cv 1107 (AVC)
 :
THE DOW CHEMICAL COMPANY, :
UNION CARBIDE CORPORATION, :
UNION CARBIDE ASIA PACIFIC, :
INC., UNION CARBIDE CUSTOMER :
SERVICES PTE., LTD, and DOW :
CHEMICAL PACIFIC (SINGAPORE) :
PTE., LTD., :
    Defendants. :

**ORDER DENYING MOTION FOR LEAVE TO CERTIFY FOR APPEAL**

This is an action for damages arising from a business arrangement pursuant to which the plaintiffs purchased chemicals, polymers, and other products from the defendants and resold them to customers located in India. The amended complaint alleges violations of the Sherman Antitrust Act, 15 U.S.C. § 1, and common law tenets concerning breach of contract and negligent misrepresentation. On April 23, 2003, the defendants moved to dismiss the Sherman Antitrust claim for want of subject matter jurisdiction, arguing that the plaintiffs failed to show that the defendants' conduct had a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce as required by the Foreign Trade Antitrust Improvement Acts of 1982 ("FTAIA") 15 U.S.C. § 6a.

On September 12, 2003, the court denied the motion. On October 10, 2003, the defendant filed a motion seeking leave to certify the ruling for interlocutory appeal. On December 10, 2003,

the court denied the motion without prejudice to its refiling, if desired, after the defendants had presented the same arguments to the court as a motion for reconsideration. On December 24, 2003, the defendants filed their motion for reconsideration.

On March 18, 2004, the court reconsidered the court's September 12, 2003 ruling but denied the relief requested, concluding that it was "quite foreseeable that a conspiracy to fix prices in the Indian market might reasonably cause direct and substantial effects on the prices charged for the same products in the United States." MM Global v. Dow, No. 3:02cv1107, 2004 WL 556577, at *6 (D. Conn. Mar. 18, 2004). Further, the court reasoned that:

> [a]t this juncture, the court is of the opinion that the plaintiffs have, at the very least, presented a compelling case going far beyond speculation of direct, substantial, and foreseeable effects on domestic commerce. <u>In the absence of additional discovery, it would be inappropriate to reach any conclusion to the contrary.</u>

MM Global, 2004 WL 556577, at *6 (emphasis added). The defendants now move once again pursuant to U.S.C. § 1292(b) for leave to certify the ruling for interlocutory appeal, arguing that the court's conclusion of "direct" effects on U.S. commerce was in error.

Interlocutory certification is appropriate when it:
(1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate

termination of the litigation. U.S.C. § 1292(b).

The defendants identify the controlling question of law to be what constitutes a "direct" effect for purposes of establishing jurisdiction under the FTAIA? The court, however, does not perceive there to be a substantial ground for a difference of opinion on this question. The Second Circuit has clearly defined "direct" effects as those which follow as "an immediate consequence of the defendant's activity." Filetech S.A. v. France Telecom, S.A., 157 F.3d 922, 931 (2d Cir. 1998). Consistent with this definition, the court's March 18, 2004 ruling stated that it was "quite foreseeable that a conspiracy to fix prices in the Indian market might reasonably cause" immediate consequences in the U.S. market, that is -- "direct and substantial effects on the prices charged for the same products in the United States." MM Global, 2004 WL 556577, at *6. This issue, however, could not be definitively resolved without additional discovery. Id.

The uncertainty of the court's ruling lies in an incomplete factual predicate, not in the governing legal standard. An appellate court should not, through an interlocutory appeal, be asked to make decisions on an incomplete record. See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863 (2d Cir. 1996) (district court improvidently granted interlocutory order on denial of motion to dismiss on personal jurisdiction grounds because the record on which appellate court had to rely was incomplete and issue was question of law that turned on thorough examination of facts); see also Oneida Indian Nation v. County of Oneida, 622 F.2d 624, 628

3

(2d Cir. 1980) ("(t)he purpose of section 1292(b) is not to offer advisory opinions `rendered on hypotheses which (evaporate) in the light of full factual development.'"). Since the factual record remains incomplete, the motion (document no. 179) is denied.

It is so ordered, this 11th day of June, 2004 at Hartford, Connecticut.

---
Alfred V. Covello
United States District Judge