UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : : : : | |
| Plaintiffs, | : : | Civil No. 3:02 CV 1107 (AVC) |
| v. | : : | |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, and UNION CARBIDE ASIA PACIFIC, INC, | : : : : : : | |
| Defendants. | : | July 1, 2004 |

**DEFENDANTS' MOTION TO DISMISS
BASED ON LACK OF SUBJECT MATTER JURISDICTION
FOLLOWING THE SUPREME COURT'S DECISION IN
*F. HOFFMANN-LA ROCHE LTD V. EMPAGRAN, S.A.*__**

Defendants The Dow Chemical Company, Union Carbide Corporation and Union Carbide Asia Pacific, Inc. hereby move for dismissal of Plaintiffs' antitrust claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and thereupon for dismissal of Plaintiffs' remaining claims on grounds of *forum non conveniens*. In support thereof, Defendants state as follows:

1. Plaintiffs allege an agreement concerning resale prices to Plaintiffs' customers in India, the only country in which Plaintiffs were permitted to sell products purchased from Defendants.

2. Plaintiffs claim that they were injured because they lost potential sales of products that they would have acquired from Defendants but for the unlawful agreement. These lost potential sales, as noted above, could have been made by Plaintiffs only in India.

**ORAL ARGUMENT REQUESTED**

3.   Plaintiffs allege, and have represented repeatedly to this Court, that the resale price maintenance agreement was intended to prevent erosion of prices for the same products in the United States and elsewhere; in other words, Plaintiffs allege that competitive harm from the resale price maintenance agreement was intended to flow *from* India *to* the United States.

4.   Plaintiffs' alleged injury therefore could not have arisen from any effect on U.S. commerce; to the contrary, the alleged effect on U.S. commerce purportedly *resulted from* – and did not *lead to* – the effect on Indian commerce that allegedly injured Plaintiffs.

5.   The Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a ("FTAIA"), generally provides that the Sherman Antitrust Act does not apply to conduct involving foreign commerce or U.S. export commerce. The FTAIA contains an exception for conduct that, although involving foreign or U.S. export commerce, both (a) has a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce (15 U.S.C. § 6a(1)), *and* (b) whose effect on U.S. commerce "gives rise to a claim" under the Sherman Act (15 U.S.C. § 6a(2)).

6.   The effect on U.S. commerce that Plaintiffs have alleged here does not "give[] rise" to Plaintiffs' Sherman Act claim. To date, Plaintiffs have been able to avoid this point by relying on *Kruman v. Christie's Int'l PLC*, 284 F.3d 384 (2d Cir. 2002), which held that the phrase "gives rise to a claim" did not refer exclusively to the plaintiff's own claim.

7.   *Kruman* is no longer good law. On June 14, 2004, the Supreme Court issued its decision in *F. Hoffman-LaRoche Ltd. v. Empagran S.A.*, 124 S. Ct. 2359 (2004). The Court reversed a decision of the Court of Appeals for the District of Columbia that, like *Kruman*, had held that "gives rise to a claim" did not refer exclusively to the plaintiff's own claim. The Supreme Court explicitly rejected this reasoning on grounds of both prescriptive comity and

legislative intent, holding instead that the phrase "gives rise to a claim" in the Foreign Trade Antitrust Improvement Act of 1982, 15 U.S.C. § 6a, refers to the *plaintiff*'s own claim.

8. Because Plaintiffs' claim here does not *arise from* any effect on U.S. commerce that they have alleged, it cannot satisfy the second prong of the two-pronged exception to the FTAIA's general rule that conduct involving foreign or export trade is outside the reach of the Sherman Act.

9. Consequently, Plaintiffs' claim is outside this Court's subject-matter jurisdiction, and must be dismissed.

10. The only pending claims other than Plaintiffs' federal antitrust claim are common-law claims alleging breach of contract and negligent misrepresentation. This Court previously held that these claims are governed by Singaporean and Indian law, respectively.

11. In light of the fact that Plaintiffs' antitrust claim is outside of this Court's subject-matter jurisdiction, the Singapore courts are an adequate forum for the adjudication of the remaining foreign law matters. Defendants The Dow Chemical Company and Union Carbide Corporation already have indicated that they would consent to personal jurisdiction in Singapore as a condition for the dismissal of this case.

12. The locus of much of the conduct relevant to the remaining common-law claims is Singapore, the home of two of the three Plaintiffs, and the principal place of business of Defendant Union Carbide Asia Pacific.

13. The witnesses relevant to the remaining common-law claims are more likely to be located predominantly in Singapore or in regions far closer to Singapore than to Connecticut.

14. The remaining common-law claims encompass an Asian business dispute between Asian firms. In fact, there has already been a related proceeding in Singapore, in which

Dow Chemical Pacific (Singapore) Pte Ltd. sued Megavisa Solutions (Singapore) Pte Ltd. for payment of over $1 million in unpaid invoices for products sold and delivered between October 2001 and March 2002.

15. Union Carbide Corporation's headquarters have moved from Danbury, Connecticut to Houston, Texas. At this time, the State of Connecticut has no significant public interest in the resolution of this dispute.

WHEREFORE, Defendants The Dow Chemical Company, Union Carbide Corporation and Union Carbide Asia Pacific, Inc. respectfully request that this Court dismiss Plaintiffs' first claim for relief for lack of subject matter jurisdiction, and dismiss Plaintiffs' remaining claims on grounds of *forum non conveniens*.

Respectfully submitted,

_____

| | |
|---|---|
| Craig A. Raabe (ct 04116) | Andrew S. Marovitz (ct 25409) |
| Edward J. Heath (ct 20992) | Dana S. Douglas (ct 25412) |
| ROBINSON & COLE LLP | MAYER, BROWN, ROWE & MAW LLP |
| 280 Trumbull Street | 190 S. La Salle Street |
| Hartford, CT 06103-3597 | Chicago, IL 60603-3441 |
| (860) 275-8304 | (312) 782-0600 |

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, DC 20006-1157
(202) 263-3000

*Attorneys for Defendants The Dow Chemical Company,
Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

## CERTIFICATE OF SERVICE

Craig A. Raabe hereby certifies that he caused a copy of the **Defendants' Motion To Dismiss Based on Lack of Subject Matter Jurisdiction Following the Supreme Court's Decision in *F. Hoffmann-La Roche Ltd. v. Empagran, S.A.*** and the **Memorandum in Support of the Motion** to be served this date upon the following:

Robert M. Langer, Esquire
Wiggin & Dana LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402
**(via hand delivery)**

Richard S. Taffet, Esquire
Bingham McCutcheon LLP
399 Park Avenue
New York, NY  10022-4689
**(via overnight courier)**

Suzanne Wachstock, Esquire
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
**(via first-class mail, postage prepaid)**

Paul A. Winick, Esquire
Thelen Reid & Priest
875 Third Avenue
New York, NY  10022-4097
**(via first-class mail, postage prepaid)**

Dated:  July 1, 2004

_____
CRAIG A. RAABE