**EXHIBIT 3**

NOV 14 2000 19:00 F     EN MILSTEIN                                  523400001916102 P.02/4'

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EMPAGRAN, S.A.                          :
KN 19 Via a La Costa Guayaquil          :
Province of Guayas                      :
Republic of Ecuador,                    :
                                        :
                                        :   **AMENDED CLASS**
NUTRICION ANIMAL, S.A.                  :   **ACTION COMPLAINT**
El Hato Del Volcan                      :
Primavera Street                        :   Case No. 1:00 CV01686 (TFH)
Chiriqui, Panama,                       :
                                        :   **JURY TRIAL DEMANDED**
WINDDRIDGE PIG FARM                     :
Moppity Road                            :
Yonge, NSW, Australia,                  :
                                        :
                                        :
BRISBANE EXPORT                         :
CORPORATION PTY, LTD.                   :
50 Antimony Street                      :
Caroll Park, Goodna, Australia,         :
                                        :
PROCTER & GAMBLE MANUFACTURA,           :
S. de R.L. de C.V.                      :
Loma Florida #32                        :
Col. Lomas de Vistahermosa, Deleg.      :
Cuajimalpu, Mexico,                     :
                                        :
PROCTER & GAMBLE EUROPEAN               :
  SUPPLY COMPANY BVBA                   :
1853 Strombeek-Bever                    :
Temselaan, 100                          :
Belgium,                                :
                                        :
PROCTER & GAMBLE, LTD.                  :
Hedley House                            :
St. Nicholas Avenue, Gosforth           :
Newcastle upon Tyne, NE99 1 EE          :
United Kingdom,                         :
                                        :
PROCTER & GAMBLE MANUFACTURING          :
  COMPANY                               :

NOV 14 2000 19:00 FI    EN MILSTEIN                    23400001916102 P.03/4'



**PROCTER & GAMBLE TECHNICAL**
   **CENTERS, LTD.**
**The Heights**
**Brooklands, Weybridge**
**Surrey, United Kingdom,**

**P.T. PROCTER & GAMBLE HOME**
   **PRODUCTS INDONESIA AND**
**P.T. PROCTER & GAMBLE INDONESIA,**
**Menara Rajawaii, 15th Floor**
**J.I. Mega Kunigan Lot #5.1**
**Kawasan Mega Kunigan, Jakarta 12950,**

**THE PROCTER & GAMBLE COMPANY**
**One Proctor & Gamble Plaza**
**Cincinnati, OH 45202,**

**and**

**CONCERN STIROL**
**10, Gorlovskaya Diviza Street**
**338010 Gorlovka**
**Donetsk Region, Ukraine,**

**On behalf of themselves and all others**
**similarly situated,**

                **Plaintiffs,**

     **v.**

**F. Hoffman LaRoche, Ltd.,**
**Box CH-4070**
**Basel, Switzerland,**

**Hoffman-LaRoche, Inc.,**
**1300 I Street, N.W.  No. 520**
**Washington, D.C.  20005,**

**Roche Vitamins, Inc.**
**45 Waterview Boulevard**
**Parsippany, NJ  07054,**

-2-

NOV 14 2000 19:00 FR   N MILSTEIN   TL   3400001916102 P.04/4

BASF A.G.                              :
Carl-Bosch-Straße 39                   :
67056 Ludwigshafen, Germany,           :
                                       :
BASF Corporation                       :
3000 Continental Drive North           :
Mount Olive, NJ  07828,                :
                                       :
Rhone-Poulenc Animal                   :
Nutrition, Inc.                        :
500 Northridge Road                    :
Atlanta, Georgia 30350,                :
                                       :
Rhone-Poulenc S.A.                     :
25 quai Paul Doumer                    :
92408 Courbevoir Cedex, France,        :
                                       :
Rhone-Poulenc Inc.                     :
1401 I Street, NW                      :
Suite 200                              :
Washington, DC 20005,                  :
                                       :
Aventis, S.A.                          :
Espace Européen de l'Europe            :
F-67300                                :
Schiltigheim, France,                  :
                                       :
Hoechst Marion Roussel, S.A.           :
102, route de Noisy                    :
93235 Romainville CEDEX                :
France,                                :
                                       :
AKZO Nobel, Inc.                       :
300 S. Riverside Plaza                 :
Chicago, IL 60606,                     :
                                       :
AKZO Nobel Chemicals bv                :
Stationsplein 4                        :
3818 LE Amersfoort                     :
Postbus 247                            :
3800 AE Amersfoort                     :
The Netherlands,                       :
                                       :
                                       :

-3-

LONZA, A.G.,                              :
Munchensteinerstrasse 38                  :
P. O. Box CH 4002                         :
Basel, Switzerland,                       :
                                          :
LONZA, Inc.                               :
17-17 Route 208                           :
Fairlawn, New Jersey 07410,               :
                                          :
Alusuisse Lonza Group Ltd.                :
Feldeggstr.                               :
P.O. Box CH-8034                          :
Zurich, Switerland,                       :
                                          :
Cope Investments, Ltd.                    :
25 King Street, West                      :
Suite 275                                 :
Toronto, Canada M5L 1E5,                  :
                                          :
Chinook Group, Ltd.,                      :
224 Holt Line West                        :
P.O. Box 160                              :
Sombra, Ontario Canada N0P 2HO,           :
                                          :
Chinook Group, Inc.                       :
41420 Forest Blvd.                        :
North Branch, MN 55056,                   :
                                          :
DCV, Inc.,                                :
3521 Silverside Road                      :
Wilmington, DE 19810-4900,                :
                                          :
DuCoa, L.P.,                              :
115 Executive Drive                       :
Highland, IL 62249,                       :
                                          :
Eisai Co., Ltd.,                          :
4-6 10 Koishikawa, Bunkyo-ku              :
Tokyo 112-88, Japan,                      :

NOV 14 2000 19:00 FR    N MILSTEIN    T.    3400001916102 P.06/4' 11/14

Eisai U.S.A., Inc.,                                          :
Marathon Oil Tower, Suite 690                               :
5555 San Felipe Road                                        :
Houston, TX 77056,                                          :
                                                            :
Eisai, Inc.                                                 :
Glenpointe Centre West, 5th Floor                           :
500 Frank W. Burr Blvd.                                     :
Teaneck, NJ   07666-6741,                                   :
                                                            :
Daiichi Pharmaceutical Co., Ltd.,                           :
14-10 Nihonbashi 3-Chome Chuonku                            :
Tokyo, Japan 103-8324,                                      :
                                                            :
Daiichi Fine Chemicals, Inc.                                :
One Overlook Point, Suite 250                               :
Lincolnshire, IL 60069,                                     :
                                                            :
Daiichi Pharmaceuticals Corporation                         :
11 Phillips Parkway                                         :
Montvale, NJ  07645,                                        :
                                                            :
Takeda Chemical Industries, Ltd.,                           :
1-1, Doshomachi 4-chome,                                    :
Chuo-ku, Osaka 541-8645 Japan,                              :
                                                            :
Takeda Vitamin & Food, USA, Inc.,                           :
101 Takeda Drive                                            :
Wilmington, NC  28401,                                      :
                                                            :
Takeda U.S.A., Inc.                                         :
8 Corporate Drive                                           :
Orangeburg, NY 10962-2614,                                  :
                                                            :
Sumitomo Chemical Co., Ltd.                                 :
Sumitomo Building                                           :
5-33 Kitahama 4-Chome                                       :
Chuo-Ku, Osaka, Japan 541-8550,                             :
                                                            :
Sumitomo Chemical America, Inc.                             :
345 Park Avenue                                             :
New York, NY 10154,                                         :
                                                            :
                                                            :

NOV 14 2000 19:01 FR   EN MILSTEIN                23400001916102 P.07/4'  11/14/00

Tanabe Seiyaku Company, Ltd.                    :
2-10 Dosho-Machi 3-Chome                         :
Chuo-Ku, Osaka, Japan,                           :
                                                 :
Tanabe U.S.A. Inc.                               :
7340 Convoy Court                                :
San Diego, CA  92111,                            :
                                                 :
Merck KgaA,                                      :
Frankfurter Straße 250                           :
64293 Darmstadt, Germany,                        :
                                                 :
E. Merck                                         :
Frankfurter Straße 250                           :
64293 Darmstadt, Germany,                        :
                                                 :
EM Industries, Inc.                              :
7 Skyline Drive                                  :
Hawthorne, NY 10532,                             :
                                                 :
Degussa-Hüls AG,                                 :
Weissfrauenstrasse 9                             :
60287 Frankfurt, Germany,                        :
                                                 :
Degussa Hüls Corporation                         :
65 Challenger Rd.                                :
Ridgefield Park, NJ   07660,                     :
                                                 :
Nepera, Inc.                                     :
Route 17                                         :
Harriman, NY  10925,                             :
                                                 :
Reilly Chemicals, S.A.                           :
154 Chausseé de la Hulpe                          :
1170 Brussels, Belgium,                          :
                                                 :
Reilly Industries, Inc.                          :
300 N. Meridan Street, Suite 1500               :
Indianapolis, IN  46204,                         :
                                                 :
UCB SA                                           :
Avenue Louise 326                                :
1050 Brussels, Belgium,                          :

UCB Chemicals Inc.                            :
2000 Lake Park Drive SE                       :
Smyrna, GA 30080,                             :
                                              :
Mitsui & Co. Ltd.                             :
2-1 Ohetemachi 1 chrome                       :
Chujola-ku                                    :
Tokyo, Japan,                                 :
                                              :
Mitsui & Co. U.S.A. Inc.                      :
200 Park Avenue                               :
New York, NY 10166,                           :
                                              :
and                                           :
                                              :
Bioproducts, Inc.                             :
320 Springside Drive                          :
Fairlawn, OH  44333.                          :
                                              :
              Defendants.                     :
                                              x
_____

## AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS
## OF UNITED STATES, FOREIGN AND INTERNATIONAL ANTITRUST LAWS

Plaintiffs, by and through their undersigned attorneys, bring this action on behalf of

themselves and all others similarly situated for damages and injunctive relief under the antitrust

laws of the United States, the antitrust laws of relevant foreign nations, and international law,

against the above-named defendants, demanding a trial by jury.  For their Class Action

Complaint against defendants, Plaintiffs allege the following:


### NATURE OF THIS ACTION

1.      This case arises out of a massive and long-running conspiracy, beginning as early

as January 1988 and continuing until at least February 1999, among all defendants and their co-

NOV 14 2000 19:01 FR    EN MILSTEIN                    23400001916102 P.09/4

conspirators with the purpose and effect of fixing prices, allocating market share, and committing

other unlawful practices designed to inflate the prices of various vitamins, identified more

specifically below ("Class Vitamins"), sold to the Plaintiffs and other purchasers both within and

outside the United States.

    2.      The conspiracy involved an astonishing array of illegal conduct by an

international cartel that has deliberately targeted, and severely burdened, consumers both in the

United States and foreign nations. The conspiracy has existed at least during the period from

January 1, 1988 through February 1999 (the "Class Period"), and has affected billions of dollars

of commerce worldwide. The conspiracy has included communications and meetings in which

defendants agreed expressly and repeatedly to eliminate competition, injure and destroy

businesses that would have reduced defendants' illegal market control, and to fix the prices and

allocate markets worldwide for various vitamins and vitamin premixes.

    3.      The charged combination and conspiracy consisted of a continuing agreement,

understanding, and concert of action among defendants and their co-conspirators, the substantial

terms of which were:

        (a)    to fix and maintain prices and to coordinate price increases for the sale of

various vitamins throughout the United States and foreign countries;

        (b)    to allocate among defendants and their co-conspirators volumes of sales of

various vitamins throughout the United States and foreign nations;

        (c)    to allocate among defendants and their co-conspirators all or part of

certain contracts to supply various vitamins to various customers located throughout the

United States and foreign nations;

(d)     to refrain from submitting bids, or to submit collusive, non-competitive, and rigged bids to supply various vitamins to various customers located throughout the United States and foreign nations; and

(e)     to supply various vitamins to various customers located throughout the United States and foreign nations at non-competitive prices and receive compensation therefrom.

4.      The acts in furtherance of the conspiracy by defendants have included the following wrongful conduct and horizontal agreements:

(a)     representatives of defendants participating in meetings and conversations in the United States and foreign nations, in which defendants and their co-conspirators discussed and agreed concerning the prices, volume of sales, and markets for vitamins and vitamin premixes;

(b)     agreeing, during those meetings and conversations, to charge prices at specified levels and otherwise increase and maintain prices of various vitamins sold throughout the United States and foreign nations;

(c)     agreeing, during those meeting and conversations, to allocate among the defendants and their corporate co-conspirators the approximate volume of various vitamins to be sold by each corporate conspirator throughout the United States and foreign nations;

(d)     agreeing, during those meetings and conversations, to allocate among defendants and their co-conspirators customers of various vitamins throughout the United States and foreign nations;

-9-

NOV 14 2000 19:02 FR     N MILSTEIN                    T     3400001916102 P.11/4

(e)     agreeing, during those meetings and conversations, to restrict producing capacity of various vitamins among defendants and co-conspirators;

(f)     exchanging sales and customer information for the purpose of monitoring and enforcing adherence to the above-described agreement;

(g)     issuing price announcements and price quotations in accordance with the agreements reached;

(h)     discussing among co-conspirators the submission of prospective bids to supply various vitamins to customers located throughout the United States and foreign nations;

(i)     determining and designating which defendant would be the designated low bidder for contracts to supply various vitamins to customers located throughout the United States and foreign nations;

(j)     discussing and agreeing upon prices to be contained within the bids for contracts to supply various vitamins to customers throughout the United States and foreign nations;

(k)     refraining from bidding or submitting intentionally high, complementary bids for contracts to supply various vitamins to customers throughout the United States and foreign nations; and

(l)     supplying various vitamins to various customers throughout the United States and foreign nations at non-competitive prices and receiving compensation therefrom.

-10-

5.    Whenever in this Amended Complaint reference is made to any act, deed or transaction of any corporation or organization, the allegation means that the corporation or organization engaged in the act, deed or transaction by or through its officers, directors, agents, employees, servants or representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

6.    "Class Vitamins" include Vitamins A, C, E, B1, B2, B3, B5, B6, B9, B12, H, beta carotene, astaxanthin, canthaxanthin and vitamin premixes.

### JURISDICTION AND VENUE

7.    Plaintiffs bring this action under Section 1 of the Sherman Act, 15 U.S.C. § 1, Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26; the antitrust laws of relevant foreign nations; and international law, to obtain injunctive relief and to recover damages and the costs of suit, including reasonable attorneys' fees, against defendants for the injuries sustained by plaintiffs by reason of defendants' and their co-conspirators' violations of the Sherman Act, the antitrust laws of relevant foreign nations, and international law.

8.    This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1337 and 15 U.S.C. §§ 1, 15, 22 and 26; 28 U.S.C. § 1350 ("Alien Tort Claims Act"); and 28 U.S.C. §1367.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b),(d) and 15 U.S.C. §§ 15, 22 and 26.

10.    Jurisdiction over all defendants comports with the United States Constitution, 15 U.S.C. §§ 15, 22 and 26, and the District of Columbia long-arm statute.

11.     Each defendant has transacted business in the United States, done an act in the
United States, or caused an anticompetitive effect in the United States by an act done elsewhere.


### PARTIES

**Plaintiffs**

12.     Plaintiff Empagran, S.A. ("Empagran"), is a foreign corporation domiciled at KN
19 Via a La Cost, Guayaquil, province of Guayas, of the Republic of Ecuador. Empagran
purchased certain Class Vitamins directly from certain defendants or their co-conspirators for
several years during the Class Period, including 1997, 1998 and 1999.

13.     Plaintiff Nutricion Animal, S.A. ("Nutricion"), is a foreign corporation domiciled
at El Hato Del Volcan, Primavera Street, Chiriqui, Panama. Nutricion purchased certain Class
Vitamins directly from certain defendants or their co-conspirators for several years during the
Class Period, including 1998.

14.     Plaintiff Windridge Pig Farm ("Windridge") is an Australian entity located on
Moppity Road, Yonge, NSW, Australia. During the Class Period, Windridge purchased vitamin
premix directly from the certain defendants or their co-conspirators.

15.     Plaintiff Brisbane Export Corporation Pty, Ltd. ("Brisbane") is an Australian
corporation located at 50 Antimony Street, Caroll Park, Goodna, Australia. During the Class
Period, Brisbane purchased vitamins A, D and E from the certain defendants or their co-
conspirators.

16.     Plaintiff Procter & Gamble Manufactura, S. de R.L. de C.V. (formerly known as Richardson-Vicks, S.A., de C.V. and Procter & Gamble de Mexico, S. de R.L. de C.V.) ("P&G Manufactura") is a foreign corporation domiciled at Loma Florida #32, Col. Lomas de Vistahermosa, Deleg. Cuajimalpu in Mexico.  P&G Manufactura purchased certain Class Vitamins including vitamin C directly from certain defendants or their co-conspirators for several years during the Class Period, including 1988-91.

17.     Plaintiff Procter & Gamble European Supply Company BVBA ("P&G European Supply") is a foreign corporation domiciled at 1853 Strombeek-Bever, Temselaan, 100 in Belgium.  P&G European Supply purchased certain Class Vitamins directly from certain defendants or their co-conspirators for several years during the Class Period.

18.     Plaintiff Procter & Gamble, Ltd. ("P&G Ltd.") is a foreign corporation domiciled at Hedley House, St. Nicholas Avenue, Gosforth, Newcastle upon Tyne, NE 99 1 EE in the United Kingdom.  P&G Ltd. purchased Vitamins B, C and E from certain defendants or their co-conspirators for several years during the Class Period, including 1997-98.

19.     Plaintiff The Procter & Gamble Manufacturing Company ("P&G Manufacturing") is an Ohio corporation with its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202.  P&G Manufacturing purchased vitamin B5, and precursors and intermediates thereto, from certain defendants or their co-conspirators for use in foreign countries during the Class Period, including 1994-97.

20.     Procter & Gamble Technical Centers, Ltd. ("P&G Technical Centers") is a foreign corporation domiciled at The Heights, Brooklands, Weybridge, Surrey in the United

-13-

Kingdom. P&G Technical Centers purchased vitamin B5, and precursors and intermediates thereto, from certain defendants or their co-conspirators during the Class Period, including 1997.

21.     Plaintiffs P.T. Procter & Gamble Home Products Indonesia and P.T. Procter & Gamble Indonesia (collectively, "P&G Indonesia") are foreign corporations domiciled at Menara Rajawaii, 15th Floor, J.I. Mega Kunigan Lot #5.1, Kawasan Mega Kunigan, Jakarta 12950 in Indonesia. P&G Indonesia purchased vitamins B5 and C, including precursors and intermediates thereto, from certain defendants or their co-conspirators during the Class Period, including 1993-1999.

22.     Plaintiff The Procter and Gamble Company ("P&G") is an Ohio corporation with its principal place of business at One Procter and Gamble Plaza, Cincinnati, Ohio 45202. P&G suffered injury in the United States during the Class Period as a result of Defendants' anticompetitive conduct outside the United States.

23.     Plaintiff Concern Stirol ("Stirol") is a Ukranian company with its principal place of business at 10, Gorlovskaya Diviza Street, 338010 Gorlovka, Donetsk Region, Ukraine. During the Class Period, Stirol purchased bulk vitamins, including vitamin C, and vitamin premixes from certain defendants or their co-conspirators.

**Defendants**

24.     Defendant F. Hoffman LaRoche, Ltd. ("Roche Ltd.") is a Swiss corporation with operations in the United States. Roche Ltd. is a subsidiary of Roche Holding Ltd., a Swiss pharmaceutical company based in Basel, Switzerland. Roche, Ltd., through its affiliates, is engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk vitamin products, including one or more of the Class Vitamins in the United States and

-14-

throughout the world. Roche, Ltd., directly and through affiliates that it controls, and through

actions in this country and internationally, has set prices and allocated markets pursuant to illegal

horizontal agreements, and those horizontal practices were designed to have, and in fact did have,

a substantial and adverse impact within the United States.

25.     Defendant Hoffman-LaRoche, Inc. ("Roche Inc.") is a New Jersey corporation

with operations in the United States, and its principal place of business in Nutley, New Jersey. It

conducts regular business in this District and maintains offices at 1300 I Street, N.W., No. 520,

Washington, D.C. 20005. It is an affiliate of Roche Ltd. Roche Inc. is wholly-controlled by

Roche Ltd., both with respect to the conduct of its business within the United States generally

and specifically with respect to its challenged horizontal conduct within the United States. It was

engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk

vitamin products, including one or more of the Class Vitamins, in the United States and

throughout the world until at least 1997.

26.     Roche Vitamins, Inc. ("Roche Vitamins") is a Delaware corporation with its

principal place of business in New Jersey. Roche Vitamins is wholly-controlled and dominated

by Roche Ltd., both with respect to the conduct of its business within the United States generally

and specifically with respect to its challenged horizontal conduct within the United States.

Roche Vitamins is directly engaged in the business of the distribution and sale of vitamins,

vitamin premixes and bulk vitamin products, including one or more of the Class Vitamins (A, C,

E, B1, B2, B5, B6, B9, H, beta carotene, astaxanthin, canthaxanthin) throughout the United

States and elsewhere.

27.     Defendant BASF A.G. is a German corporation with operations in the United

States. BASF A.G., through its affiliates, is engaged in the business of the distribution and sale

of vitamins, vitamin premixes and bulk vitamin products, including one or more of the Class

Vitamins, throughout the world. BASF A.G., directly and through affiliates that it controls, and

through actions in this country and internationally, has set prices and allocated markets pursuant

to illegal horizontal agreements, and these horizontal practices were designed to and have had a

substantial and adverse impact within the United States. BASF A.G., through its affiliates, is

engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk

vitamin products, including one or more of the Class Vitamins in the United States, and

throughout the world. BASF A.G., directly and through affiliates that it controls, and through

actions in this country and internationally, has set prices and allocated markets pursuant to illegal

horizontal agreements, and those horizontal practices were designed to have, and in fact did have,

a substantial and adverse impact within the United States.

28.     Defendant BASF Corporation is a Delaware corporation with operations in the

United States and its principal place of business in Mount Olive, New Jersey. BASF Corporation

is registered to do business in the District of Columbia. Its registered agent for service of process

is located at CT Corporation, 1025 Vermont Avenue, N.W., Washington, D.C. 20005. It is

engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk

vitamins, including one or more of the Class Vitamins, in the United States and throughout the

world. It is a wholly owned affiliate of BASF A.G. BASF Corporation is wholly-controlled by

BASF A.G., both with respect to the conduct of its business within the United States generally

and specifically with respect to its challenged horizontal conduct within the United States.

-16-

29.    Defendant Rhone-Poulenc S.A. ("RP S.A.") is a French corporation with operations in the United States. RP S.A., through its affiliates, is engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk vitamin products, including one or more of the Class Vitamins in the United States and throughout the world. RP S.A., directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

30.    Defendant Rhone-Poulenc Animal Nutrition, Inc. ("RP Animal Nutrition") is a Delaware corporation with its principal place of business in Atlanta, Georgia. It is wholly-controlled by RP S.A., both with respect to the conduct of its business within the United States generally and specifically with respect to its challenged horizontal conduct within the United States. RP Animal Nutrition is a successor to Rhone-Poulenc, Inc. ('RP Inc."), a New York corporation, with operations in the United States. Since at least 1998, RP Animal Nutrition has been directly engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk vitamin products including one or more of the Class Vitamins throughout the United States and elsewhere.

31.    Defendant Rhone-Poulenc Inc. ("RP Inc.") is a New York Corporation with its principal place of business in New Jersey. RP Inc. has conducted regular business in this District and is registered to do business at 1401 I Street, N.W., No. 200, Washington, D.C. 20005. RP Inc. was engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk vitamin products including one or more of the Class Vitamins throughout the United States

-17-

and elsewhere until at least 1998. RP Inc. is wholly-controlled and dominated by RP S.A., both with respect to the conduct of its business in the United States generally and specifically with respect to its challenged horizontal conduct within the United States.

      32.     Defendant Hoechst Marion Roussel, S.A. ("Hoechst") is a French corporation with its principal place of business in Romainville, France. Defendant Hoechst is engaged in the business of the distribution and sale or one or more of the Class Vitamins, including B12, in Europe and elsewhere. Hoechst, directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

      33.     Defendant Aventis, S.A. ("Aventis") was created by the December 1999 merger between Hoechst, A.G. and Rhone-Poulenc, S.A. Defendant Aventis is a French corporation with its principal place of business in Schiltigheim, France. Upon information and belief, Aventis is the sucessor-in-interest to Hoechst and Rhone-Poulenc.

      34.     Defendant AKZO Nobel, Inc. ("AKZO Inc.") is a Delaware corporation with its principal place of business at 300 S. Riverside Plaza, Chicago, Illinois 60606. AKZO Inc. is engaged in the business of the manufacturing, distribution and sales of one or more of the Class Vitamin in Europe and elsewhere.

      35.     Defendant AKZO Nobel Chemicals, bv ("AKZO bv") is a Netherlands corporation with its principal place of business in the Netherlands. Defendant AKZO bv is in the business of manufacturing, distribution and sales of one or more of the Class Vitamins, including choline chloride, in Europe and elsewhere. AKZO bv directly and through affiliates that it

-18-

NOV 14 2000 19:05 FR    N MILSTEIN                    23400001916102 P.20/4

controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

36.    Defendant LONZA A.G. ("LONZA A.G.") is a Swiss corporation with its principal place of business in Basel, Switzerland. Lonza A.G., through its affiliates, is engaged in the business of the distribution and sale of one or more of the Class Vitamins throughout the United States. Lonza A.G., directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

37.    Defendant LONZA, Inc. ("LONZA") is a New York corporation with its principal place of business in Fair Lawn, New Jersey. It is engaged in the business of the distribution and sale of one or more of the Class Vitamins including B3 and H throughout the United States and elsewhere. Lonza is wholly-owned and dominated by Lonza A.G. and AL Group, generally and with respect to its challenged horizontal conduct..

38.    Defendant Alusuisse Lonza Group Ltd. ("AL Group") is a Swiss corporation with operations in the United States. AL Group, through its affiliates, is engaged in the business of the distribution and sale of one or more of the Class Vitamins, throughout the world and elsewhere. AL Group, directly and through affiliates that it dominates and controls, and through actions in this country and outside the United States, has set prices and allocated markets for vitamins, pursuant to illegal horizontal agreements, and these horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

-19-

39.     Defendant Cope Investments Ltd. ("Cope") is the entity holding all of the shares of stock of defendant Chinook Group, Ltd. and is wholly owned by Peter Copeland and Patrick Stayner, who also served as Cope's principal agents. Cope benefitted and was intended to benefit from the illegal and oppressive activities described herein through its wholly owned subsidiaries and entities and Copeland and Stayner as its principals and agents.

40.     Defendant Chinook Group, Ltd. is a Canadian limited partnership headquartered in Sombra, Canada and organized and existing under the law of Ontario, Canada. Chinook Group, Ltd., through its affiliates, is engaged in the business of the distribution and sale of vitamins, vitamin premixes and bulk vitamin products, including one or more of the Class Vitamins, throughout the United States and the world. Chinook Group, Ltd., directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

41.     Defendant Chinook Group, Inc. is a Minnesota corporation whose principal place of business is North Branch, Minnesota. It is engaged in the business of the distribution and sale of one or more of the Class Vitamins throughout the United States.

42.     Defendant DCV, Inc. is a Delaware corporation whose principal place of business is Wilmington, Delaware. It is engaged in the business of the distribution and sale of one or more of the Class Vitamins throughout the United States. DCV, Inc., directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices

were designed to have, and in fact did have, a substantial and adverse impact within the United

States.

43.     Defendant DuCoa L.P., a wholly-owned subsidiary of defendant DCV, Inc., has

its principal place of business in Highland, Illinois.  It is engaged in the business of the

distribution and sale of one or more of the Class Vitamins throughout the United States.   DuCoa,

L.P., through its affiliates, is engaged in the business of the distribution and sale of vitamins,

vitamin premixes and bulk vitamin products, including one or more of the Class Vitamins in the

United States and throughout the world.

44.     Defendant Eisai Co., Ltd. ("Eisai Ltd.") is a Japanese limited partnership having

its principal place of business in Tokyo, Japan.  It is engaged in the manufacture and sale of one

or more of the Class Vitamins in the United States and elsewhere.  Eisai Ltd., directly and

through affiliates that it controls, and through actions in this country and internationally, has set

prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal

practices were designed to have, and in fact did have, a substantial and adverse impact within the

United States.

45.     Defendant Eisai U.S.A., Inc. ("Eisai U.S.A.") is a Texas corporation having its

principal location of business in Houston, Texas.  It is engaged in the business of the distribution

and sale of one or more of the Class Vitamins throughout the United States.

46.     Defendant Eisai Inc. is a Delaware corporation with operations in the United

States and its principal place of business in Teaneck, New Jersey.  Eisai Inc. is engaged in the

business of the distribution and sale of one ore more of the Class Vitamins, including vitamin E,

throughout the United States and elsewhere.  Eisai Inc. is a wholly-owned affiliate of defendant

-21-

Eisai Ltd., and wholly owns defendant Eisai U.S.A. Eisai Inc. is wholly-controlled and

dominated by Eisai Ltd., both with respect to the conduct of its business within the United States

generally and specifically with respect to its challenged horizontal conduct within the United

States.

47.     Defendant Daiichi Pharmaceutical Co., Ltd. ("Daiichi") is a corporation organized

and existing under the law of Japan, with its principal place of business in Tokyo, Japan. It is

engaged in the manufacture and sale of one or more of the Class Vitamins in the United States

and elsewhere. Daiichi, directly and through affiliates that it controls, and through actions in this

country and internationally, has set prices and allocated markets pursuant to illegal horizontal

agreements, and those horizontal practices were designed to have, and in fact did have, a

substantial and adverse impact within the United States.

48.     Daiichi Fine Chemical, Inc. ("Daiichi Inc.") is a Delaware corporation with

operations in the United States and its principal place of business in Lincolnshire, Illinois.

Daiichi Inc. is engaged in the business of the distribution and sale of one or more of the Class

Vitamins, including vitamin B5 (calpan) and vitamin B6, throughout the United States and

elsewhere. Daiichi Inc. is wholly-controlled and dominated by Daiichi Ltd., both with respect to

the conduct of its business within the United States generally and specifically with respect to its

challenged horizontal conduct within the United States.

49.     Daiichi Pharmaceuticals Corporation ("Daiichi Corp.") is a Delaware corporation

with operations in the United States and its principal place of business in Montvale, New Jersey.

Daiichi Corp. is engaged in the business of the distribution and sale of one or more of the Class

Vitamins, including vitamin B5 (calpan) and vitamin B6, throughout the United States and

elsewhere. Daiichi Corp. is wholly-controlled and dominated by Daiichi Ltd., both with respect

to the conduct of its business within the United States generally and specifically with respect to

its challenged horizontal conduct within the United States.

     50.    Defendant Takeda Chemical Industries, Ltd.( "Takeda Ltd.") is a limited

partnership in Japan having its principal location of business in Osaka, Japan. Takeda Ltd.,

through its affiliates, is engaged in the business of the distribution and sale of one or more of the

Class Vitamins, including vitamins C, B1, B2, B6, and folic acid, throughout the world and

elsewhere. Takeda Ltd., directly and through affiliates that it controls, and through actions in

this country and internationally, has set prices and allocated markets pursuant to illegal

horizontal agreements, and those horizontal practices were designed to have, and in fact did have,

a substantial and adverse impact within the United States.

     51.    Takeda Vitamin & Food U.S.A. ("Takeda Vitamin") is a North Carolina

corporation with operations in the United States and its principal place of business in

Wilmington, North Carolina. Takeda Vitamin is wholly-controlled and dominated by Takeda

Ltd., both with respect to the conduct of its business within the United States generally and

specifically with respect to its challenged horizontal conduct within the United States. Takeda

Vitamin is a successor to defendant Takeda U.S.A., Inc. ("Takeda U.S.A."), which prior to 1998

was engaged in the business of the distribution and sale of one or more of the Class Vitamins,

including vitamins C, B1, B2, B6, and folic acid, throughout the world and elsewhere. During

that period, Takeda U.S.A. was wholly-controlled and dominated by Takeda Ltd., both with

respect to the conduct of its business in the United States generally and with respect to its

challenged horizontal conduct within the United States. Since at least 1998, Takeda Vitamin has

been directly engaged in the business of the distribution and sale of one or more of the Class

Vitamins, including vitamins C, B1, B2, B6, and folic acid, throughout the United States and

elsewhere.

  52.  Defendant Sumitomo Chemical Co., Ltd. ("Sumitomo Ltd.") is a Japanese

corporation with operations in the United States. Sumitomo Ltd., through its affiliates, is

engaged in the business of the distribution and sale of one or more of the Class Vitamins,

including vitamin B9 (folic acid) and vitamin H (biotin), throughout the world and elsewhere.

Sumitomo Ltd., directly and through affiliates that it dominates and controls, and through actions

in this country and outside the United States, has set prices and allocated markets for vitamins,

pursuant to illegal horizontal agreements, and these horizontal practices were designed to have

and did have a substantial and adverse impact within the United States.

  53.  Defendant Sumitomo Chemical America, Inc. ("Sumitomo Chemical") is a New

York corporation with operations in the United States and its principal place of business in New

York, New York. Sumitomo Chemical is a wholly-owned subsidiary of defendant Sumitomo

Ltd. Sumitomo Chemical is engaged in the business of the distribution and sale of one or more

of the Class Vitamins, including vitamin B9 (folic acid) and vitamin H (biotin), throughout the

United States and elsewhere. Sumitomo Chemical is wholly-controlled and dominated by

Sumitomo Ltd., both with respect to the conduct of its business within the United States

generally and specifically with respect to its challenged horizontal conduct within the United

States.

  54.  Defendant Tanabe Seiyaku Company, Ltd. ("Tanabe Ltd.") is a Japanese

corporation with operations in the United States. Tanabe Ltd., through its affiliates, is engaged

-24-

NOV 14 2000 19:07 FR    IN MILSTEIN                    1    23400001916102 P.26/4

in the business of the distribution and sale of one or more of the Class Vitamins, including vitamin H (biotin), throughout the world and elsewhere. Tanabe Ltd., directly and through affiliates that it dominates and controls, and through actions in this country and outside the United States, has set prices and allocated markets for vitamins, pursuant to illegal horizontal agreements, and these horizontal practices were designed to have and did have a substantial and adverse impact within the United States.

55.     Defendant Tanabe U.S.A., Inc. ("Tanabe USA") is a Delaware corporation with operations in the United States and its principal place of business in San Diego, California. Tanabe USA is a wholly-owned subsidiary of defendant Tanabe Ltd. Tanabe USA is engaged in the business of the distribution and sale of one or more of the Class Vitamins, including vitamin H (biotin), throughout the United States and elsewhere. Tanabe USA is wholly-controlled and dominated by Tanabe Ltd., both with respect to the conduct of its business within the United States generally and specifically with respect to its challenged horizontal conduct within the United States.

56.     Defendant Merck KgaA is a German corporation having its principal location of business in Darmstadt, Germany. It engaged in the manufacture and sale of one or more of the Class Vitamins in the United States and elsewhere. Merck KgaA, directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

NOV 14 2000 19:07 FR     N MILSTEIN                    T    3400001916102 P.27/4

57.     Defendant E. Merck is a German corporation having its principal location of business in Darmstadt Germany. It engaged in the manufacture and sale of one or more of the Class Vitamins in the United States and elsewhere. E. Merck, directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

58.     Defendant EM Industries, Inc. ("EM Industries") is a New York corporation with operations in the United States and its principal place of business in Hawthorne, New York. EM Industries is a wholly-owned subsidiary of defendant Merck KGaA. EM Industries is engaged in the business of the distribution and sale of one or more of the Class Vitamins, including vitamin C, throughout the United States and elsewhere. EM Industries is wholly-controlled and dominated by Merck KGaA and E. Merck, both with respect to the conduct of its business within the United States generally and specifically with respect to its challenged horizontal conduct within the United States.

59.     Defendant Degussa-Hüls AG is a German corporation having its principal location of business in Frankfurt, Germany. It engaged in the manufacture and sale of one or more of the Class Vitamins in the United States and elsewhere. Degussa-Hüls AG, directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

-26-

60.     Defendant Degussa-Hüls Corporation, a wholly-owned subsidiary of defendant Degussa-Hüls AG and the successor-in-interest to Degussa Corporation, is an Alabama corporation with executive offices in Ridgefield Park, New Jersey.  It is engaged in the business of the distribution and sale of one or more of the Class Vitamins throughout the United States.

61.     Defendant Nepera Inc. is a New York corporation with its principal location of business in Harriman, New York.  Defendant Nepera Inc. is engaged in the manufacture and sale of one or more of the Class Vitamins in the United States and elsewhere.  Nepera Inc., directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

62.     Defendant Reilly Chemicals, S.A. ("Reilly Chemicals") is a corporation organized and existing under the laws of Belgium.  Reilly Chemicals is engaged in the sale of one ore more of the Class Vitamins, including vitamin B3, in the United States and elsewhere.  Defendant Reilly Industries, directly and through affiliates that it dominates and controls and through actions in this country and outside it, has set prices and allocated markets for vitamins, pursuant to illegal horizontal agreements, and these horizontal practices were designed to have and in fact did have a substantial and adverse impact within the United States.

63.     Defendant Reilly Industries, Inc. is an Indiana corporation that was one-half of a joint venture known as Vitachem.  Vitachem dissolved on January 1, 1999.  Reilly Industries, Inc. has its principal location of business in Indianapolis, Indiana.  Reilly Industries, Inc. is engaged in the business of the distribution and sale of one or more of the Class Vitamins,

including vitamin B3, throughout the United States and elsewhere. Reilly Industries, Inc. directly and through affiliates that it controls, and through actions in this country and internationally, has set prices and allocated markets pursuant to illegal horizontal agreements, and those horizontal practices were designed to have, and in fact did have, a substantial and adverse impact within the United States.

64.     Defendant UCB SA ("UCB SA") is a Belgian corporation with its principal place of business in Brussels, Belgium. UCB SA is in the business of the manufacturing, distribution and sale of one or more of the Class Vitamins, including choline chloride, in Europe and elsewhere.

65.     Defendant UCB Chemicals Inc. is a Delaware corporation with is principal place of business in Smyrna, Georgia. UCB Chemicals Inc. is engaged in the business of the distribution and sale of one or more of the Class Vitamins, including choline chloride.

66.     Defendant Mitsui & Co., Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan, and is engaged in the business of manufacturing, distribution, and sale of one or more of the Class Vitamins, including choline chloride, in Europe and elsewhere. Mitsui & Co., Ltd., is the parent company of Mitsui & Co., U.S.A., Inc.

67.     Defendant Mitsui & Co. U.S.A., Inc. is a New York corporation, with its principal place of business in New York, New York, and is engaged in the business of the distribution and sale of one or more of the Class Vitamins, including choline chloride, in Europe and elsewhere. Mitsui & Co. U.S.A., Inc. is wholly owned by Mitsui & Co., Ltd.

68.     Defendant Bioproducts, Inc., is an Ohio corporation with its principal location of business at in Fairlawn, Ohio. It is engaged in the manufacture and sale of one or more of the

-28-