UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD.,<br><br>**Plaintiffs**<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, and UNION CARBIDE ASIA PACIFIC, INC.,<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:  Civil No. 3:02 CV 1107 (AVC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  July 13, 2004 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF THE COURT'S RULING AND ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND ORDER ON PLAINTIFFS' MOTION TO COMPEL**

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 05103-3497
(860) 275-8304

Andrew S. Marovitz (ct 25409)
Britt M. Miller (ct 25411)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, Illinois 60603
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1157
(202) 263-3000

# TABLE OF CONTENTS

Page

INTRODUCTION AND BACKGROUND ................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    A.    Plaintiffs' Attempt to Force Worldwide Discovery of Documents
Requires Clarification of the Court's Orders .......................................................... 3

CONCLUSION .............................................................................................................................. 7

i

# TABLE OF AUTHORITIES

                                                          **Page**

**Cases**

*Bristol Technology, Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61 (D. Conn. 2000) ......................... 2

*Chemical Bank v. Affiliated FM Ins. Co.*, 1994 WL 89273 (S.D.N.Y. March 16, 1994) ............... 6

*Colon v. Tucciarone*, 2003 WL 22439588 (D. Conn. Oct. 27, 2003) ............................................ 2

*F. Hoffman-La Roche v. Empagra, S.A.*, 124 S. Ct. 2359 (2004) ................................................. 5

*MM Global Services, Inc. v. Dow Chemical Co.*, 283 F. Supp. 2d 689 (D. Conn. 2003) .............. 2

*Pierson v. Columbus McKinnon Corp.*, 2004 WL 966177 (W.D.N.Y. April 28, 2004) ................ 6

**Statutes**

15 U.S.C. § 6a ................................................................................................................................ 5

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 3

## INTRODUCTION AND BACKGROUND

Defendants respectfully request reconsideration in part of this Court's June 29, 2004 Ruling and Order on the Defendants' Motion for a Protective Order and Order on Plaintiffs' Motion to Compel, attached hereto as Exhibits 1 and 2.

Seeking relief from Plaintiffs' overly broad, unduly burdensome, and irrelevant discovery requests, Defendants filed a Motion for a Protective Order on April 21, 2004. The motion sought protection from discovery of, among other things, documents and information relating to the sale of Products made either outside of India or to non-Plaintiffs. The Court's Ruling and Order on Defendants' Motion for a Protective Order, entered June 29, 2004 ("Ruling"), granted much of the relief Defendants sought.[1] However, the Ruling did not address Defendants' arguments regarding the worldwide geographical scope of Plaintiffs' requests relating to the sale of Products outside of India.

In the parties' conferences since the Court's Ruling, they have attempted to resolve their disagreement about this unaddressed issue. At bottom, while the Defendants believe that the Ruling simply did not address this issue, Plaintiffs maintain that the Court implicitly ruled on it, holding that Defendants must produce documents and information relating to manufacturing, sales and distribution of a vast range of products, not just in India and the United States, but the

---

[1] Simultaneously, and on the same grounds, the Court entered its Order on Plaintiffs' Motion to Compel, referencing its Ruling on Defendants' Motion for a Protective Order. *See* Ex. 2. As the Order on Plaintiffs' Motion to Compel adopts the same grounds as the Ruling, any modification of the Ruling on reconsideration would require corresponding modification of the Order on the Motion to Compel. We therefore will use "Ruling" to refer to both of the Court's orders.

world over. Accordingly, Defendants respectfully request clarification and reconsideration of the Ruling with respect to this important issue.[2]

## ARGUMENT

In addition to instances when "newly discovered facts . . . require reconsideration, . . . there has been an intervening change in the law, or . . . the court has overlooked and thus failed to consider an aspect of the law," *Bristol Technology, Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61, 62-63 (D. Conn. 2000), reconsideration is warranted also when the court did not rule on an issue that was presented to it or further clarification is necessary for the parties to implement the order at issue, *see Colon v. Tucciarone*, 2003 WL 22439588, at *1 (D. Conn. Oct. 27, 2003) (noting that it is appropriate to reconsider issues that were not specifically ruled upon). This situation is of that latter type. The parties need the Court's assistance in resolving the issue relating to the worldwide geographic scope of Plaintiffs' discovery requests.

---

[2] At the same time, Defendants wish to respectfully correct a significant factual error contained in the Ruling with respect to former Defendant Dow Chemical Pacific (Singapore) Pte. Ltd. ("Dow Singapore"). Dow Singapore was *not*, and is not alleged to have been, created "[a]t around [the] time" of the merger of Defendants The Dow Chemical Company and Union Carbide Corporation. Ruling, at 3. Nor did "Dow *create*[] Dow Singapore to effectuate products to the plaintiffs," or "to further Union Carbide and Dow's relationship with the plaintiffs." *Id.* (emphasis added); *compare* Amended Complaint, ¶ 13 ("Dow Singapore *was used* by Dow to effectuate sales of Products to Plaintiffs . . . ") (emphasis added). In fact, neither Union Carbide Corporation nor Plaintiffs had anything to do with the creation of Dow Singapore. As can be seen in the Affidavit of Sam Ong (¶ 4), which was previously provided to this Court in connection with Dow Singapore's Motion to Dismiss for Lack of Personal Jurisdiction, and is attached to this Memorandum as Exhibit 3, Dow Singapore was created in 1992. While Dow Singapore succeeded to UCAP's relationship with Singapore-based Plaintiff MegaVisa Solutions (S) Pte. Ltd. after the consummation of the Dow-Union Carbide merger, this relationship was only a small part of Dow Singapore's business, which extends throughout the Asia Pacific region. Because this inaccuracy appears in other opinions of this Court as well, *e.g., MM Global Services, Inc. v. Dow Chemical Co.*, 283 F. Supp. 2d 689, 695 (D. Conn. 2003), and because it tends to suggest that Plaintiffs and their franchise loomed much larger in the corporate consciousness of The Dow Chemical Company than they ever could have, we respectfully draw the Court's attention to it.

2

A.  **Plaintiffs' Attempt to Force Worldwide Discovery of Documents Requires Clarification of the Court's Orders.**

The cornerstone of Defendants' Motion for a Protective Order was that worldwide discovery of documents and information related to "Products" would be not only overly broad and burdensome, but also would involve the production of material that, by definition, is not discoverable. Documents and information relating to the sale and distribution of Products outside India and the United States are not "relevant to the claim or defense of any party" in this matter, meaning that Plaintiffs may not "obtain discovery" of them without the Court's leave. Fed. R. Civ. P. 26(b)(1). Moreover, even were one to conclude that information relating to sales and distribution outside India and the United States might somehow be "relevant to the subject matter involved in the action," Plaintiffs have failed to show the "good cause" necessary for discovery. *Id.*

While the Court ruled that "the plaintiffs must have the opportunity to discover documents regarding the sales of products outside of India in order to prove that the defendants' conduct had an effect on U.S. commerce," the Court did not specifically address the breadth of the discovery it was authorizing. Ruling, Ex. 1, at 8. This may have been because of Plaintiffs' representation to this Court at a recent status hearing that they would not seek discovery related to countries and regions with no relevance to the alleged Indian resale price maintenance or its purported effect on United States commerce. Now, however, Plaintiffs are maintaining that the Ruling authorizes them to seek discovery that reaches to any market in any region, and are taking the view that Defendants must somehow persuade *them* that a given market or region is irrelevant before they will agree to forego discovery with respect to it. For example, Plaintiffs' Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(1) and (6) broadly request the deposition of a corporate representative with knowledge of the following topics:

3

- The allocation of Products between or among purchasers in different geographic markets;

- The effect of sales, and the terms of such sales, of Products in the United States on the sale of Products in markets other than the United States, including without limitation India, and including without limitation any effects relating to price, availability, allocation and market share; and

- The effect or contemplated effect of the Merger on the sale and distribution of Products . . . in or into other markets, including without limitation all communications between or among Dow and UCC, and their respective subsidiaries, divisions, business units and affiliates, relating to such subject matter.

Notice of Deposition of the Defendant, The Dow Chemical Company, May 18, 2004, Ex. 4, at 8-9. These subject areas broadly cover information regarding markets that have no relevance to Plaintiffs' claims. Moreover, relying on their reading of the Court's Ruling, Plaintiffs are demanding a worldwide production of documents in response to discovery requests such as those requesting the production of

- [a]ll documents concerning Your profit margins or losses (including net profit or loss margins, gross profit or loss margins, pre-tax profit or loss margins, post-tax profit or loss margins, and other type of profit or loss margin) in connection with the sale or distribution, directly or indirectly, of Products, and

- [a]ll documents not otherwise requested concerning prices for or pricing of Products sold or distributed, directly or indirectly, to end users.

Defs. Mot. for a Protective Order, Ex. 2 ¶¶ 7, 8. Again, Plaintiffs make these production requests with no explanation as to the relevance of all transaction documents for sales of Products to customers in locations such as South Africa, Brazil, or Australia.

The parties have met and conferred in an attempt to resolve their differences regarding the scope of the Court's Ruling. Plaintiffs have been unwilling to limit the worldwide scope of their requests to exclude any market or region. Instead, Plaintiffs assert that Defendants should assume the relevance of documents maintained in every corner of the world by Defendants, their

4

subsidiaries and affiliates, and later approach Plaintiffs if they think they can demonstrate to Plaintiffs' satisfaction that a certain region has *de minimis* sales, or that document production from a particular country is unduly burdensome.

Defendants recognize that the Court has stated that "the plaintiffs must have the opportunity to discover documents regarding the sales of products outside of India in order to prove that the defendants' conduct had an effect on U.S. commerce." Ruling, Ex. 1, at 8. But we understand this statement to address documents relating to *U.S. commerce.* It is not, as we understand it, a wholesale license to Plaintiffs to force an unlimited worldwide search of the records of Defendants' approximately 350 subsidiaries, which make products in 37 countries and sell to customers in 183 countries.

Defendants also recognize that, because Plaintiffs must prove a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce that gives rise to their claim, *see* 15 U.S.C. § 6a; *F. Hoffman-La Roche v. Empagran S.A.*, 124 S. Ct. 2359, 2368 (2004), they are entitled to reasonable discovery with respect to U.S. commerce. This recognition is evident in Defendants' response to Plaintiffs' recent Rule 30(b)(6) subpoenas; there, Defendants objected to Plaintiffs' requests for information with respect to countries other than India and the United States. *See* Letter from Christopher J. Kelly to Richard Taffet, June 4, 2004, Ex. 5. But as Defendants pointed out in their briefs on the Motion for a Protective Order, Plaintiffs' demands go far beyond what is conceivably relevant to allegations of Indian resale price maintenance and its purported effect on U.S. commerce. Instead, Plaintiffs demand the production of documents located at hundreds of Defendants' subsidiaries and affiliates across the globe.[3] This is simply

---

[3] One representative example cited in our briefs in support of the Motion for a Protective Order is Plaintiffs' request for

(cont'd)

harassment. The enormous burden Plaintiffs' demands would impose are not justified by any legitimate need: Documents and information that do not relate to India or the United States do not bear any relationship to this case. *See, e.g., Pierson v. Columbus McKinnon Corp.*, 2004 WL 966177, at *1 (W.D.N.Y. Apr. 28, 2004) (denying a motion to compel production of documents regarding defendant's 21 subsidiaries); *Chemical Bank v. Affiliated FM Ins. Co.*, 1994 WL 89273, at *2 (S.D.N.Y. Mar. 16, 1994) (denying a motion to compel on burdensomeness grounds where the documents were maintained in nine departments of plaintiff in various locations throughout New York City, New York State, and Colombia, many of the requested documents had been archived and put into storage, and some of the documents were in Spanish).

Even so, Defendants have raised with Plaintiffs the prospect of a compromise, perhaps one that would entail the possibility of the production of documents and information relating to sales and distribution in some region in addition to the relevant ones of India and the United States. Defendants, however, have rejected this compromise. Without the Court's aid in specifically addressing the geographic scope of Plaintiffs' discovery requests, Plaintiffs will consider themselves free to continue to pursue worldwide discovery from Defendants regardless of potential relevance to the case they have pled. Surely this was not the Ruling's intent. Defendants therefore request that the Court reconsider the Ruling to explicitly address the issue

---

(... cont'd)

> [a]ll documents concerning Your profit margins or losses (including net profit or loss margins, gross profit or loss margins, pre-tax profit or loss margins, post-tax profit or loss margins, and other type of profit or loss margin) in connection with the sale or distribution, directly or indirectly, of Products.

Defs. Mot. for a Protective Order, Ex. 2 ¶ 8. By its plain language, this request demands the production of every document relating to every profit or loss incurred by Defendants with respect to a laundry list of Products Defendants sold or distributed to any third party worldwide. *See* Defs. Combined Reply in Supp. of Their Mot. for a Protective Order and Opp'n to Mot. to Compel Produc. of Docs. and Answers to Interrogs. at 25.

6

of Plaintiffs' "discovery requests seeking information related to the pricing and sales of the myriad 'Products' Defendants sell worldwide," Mem. in Supp. of Defs. Mot. for Protective Order at 7, and limit Plaintiffs' discovery to documents and information relating to sales and distribution of Products in India and the United States.

## CONCLUSION

For the foregoing reasons, Defendants' motion for clarification and partial reconsideration should be granted.

Respectfully submitted,

*/s/ Dana L. Douglas*

| | |
|---|---|
| Craig A. Raabe (ct 04116) | Andrew S. Marovitz (ct 25409) |
| Edward J. Heath (ct 20992) | Britt M. Miller (ct 25411) |
| ROBINSON & COLE LLP | Dana S. Douglas (ct 25412) |
| 280 Trumbull Street | MAYER, BROWN, ROWE & MAW LLP |
| Hartford, CT 06103-3597 | 190 S. La Salle Street |
| (860) 275-8304 | Chicago, IL 60603-3441 |
| | (312) 782-0600 |

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street
Washington, DC 20006-1157
(202) 263-3000

*Attorneys for Defendants The Dow Chemical Company,
Union Carbide Corporation, and Union Carbide Asia Pacific, Inc.*

7

**CERTIFICATE OF SERVICE**

This is to certify that that a copy of the Memorandum in Support of Defendants' Motion for Clarification and Partial Reconsideration of the Court's Ruling and Order on Defendants' Motion for a Protective Order and Order on Plaintiffs' Motion to Compel to was sent on this 13th day of July, 2004, as follows:

Richard S. Taffet, Esquire
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Robert M. Langer, Esq.
Wiggin & Dana LLLP
CityPlace
185 Asylum Street
Hartford, CT 06103

Paul A. Winick, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, NY 10022-6225

_____
Edward J. Heath