EXHIBIT 10

## Marovitz, Andrew S.

| | |
|---|---|
| **From:** | Marovitz, Andrew S. |
| **Sent:** | Sunday, June 20, 2004 4:49 PM |
| **To:** | Richard S. Taffet Esq. (richard.taffet@bingham.com) |
| **Cc:** | Kelly, Christopher J. |
| **Subject:** | MM Global v. The Dow Chemical Company |

Richard:

As promised in my voicemail to you on Thursday, I wanted to respond to your inquiry about Defendants' position on the status of the 30(b)(6) depositions following Monday's Supreme Court decision in *Empagran*. I am flying out of the country tonight on business - I'm actually jotting this note to you from O'Hare Airport - but wanted to be sure that I left you our views before I departed. If any of this is unclear, or if you have any follow-up questions, please feel free to call Chris in my absence.

Monday's *Empagran* decision confirms that the District Court lacks subject matter jurisdiction to hear Plaintiffs' claims, and that this case should not have been filed in American courts. We permitted the AMI depositions to proceed on Thursday because those depositions had been long scheduled and because we had committed to doing them, but we do not believe that it would be appropriate to engage in full-blown, substantive discovery at a time when the case should not be in U.S. courts at all. Accordingly, we intend to stand on our general objection to the 30(b)(6) notices.

We anticipate that you will disagree with this position. We also anticipate that the parties' respective views on the appropriateness of further discovery in the wake of *Empagran* will be a topic - perhaps the main topic - of our call with the Court already scheduled for July 1. In the interim, we think it might be sensible to discuss the remaining objections that we've asserted, so that if Plaintiffs wish to modify any of their discovery requests as a result of *Empagran* (or otherwise), we know that in advance. In that fashion, we can get as much done between us as possible, so that the issue is teed up for the Court. If Plaintiffs opt to stand on their requests as written, so be it. Many of Plaintiffs' requests seem to have been based on *Kruman*, a case that is no longer good law, but if Plaintiffs wish not to modify those requests, that is of course their right.

I will return to Chicago a few days before our telephone conference with Judge Covello. (I should be back no later than Monday.) I would be pleased to speak with you about any of this then, including addressing any specific objections that we've raised and any possible responses to them by Plaintiffs, if you agree that it is sensible to proceed down that road.

Regards.

    - ASM

Andrew S. Marovitz (amarovitz@mayerbrownrowe.com)
Mayer, Brown, Rowe & Maw LLP (www.mayerbrownrowe.com)
190 S. La Salle Street
Chicago, IL  60603-3441
tel 312.701.7116
fax 312.706.8651

1