UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES INC., MM GLOBAL SERVICES PTE. LTD., and MEGAVISA SOLUTIONS (S) PTE. LTD., | : <br> : <br> : <br> : |
| Plaintiffs, | : Civil No. 302 CV 1107 (AVC) |
| -v- | : |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | : July 23, 2004 <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

To:  Craig A. Raabe, Esq.                Andrew S. Marovitz
     ROBINSON & COLE LLP              MAYER, BROWN, ROWE & MAW LLP
     280 Trumbell Street                  190 South LaSalle Street
     Hartford, CT 06103-3597            Chicago, IL 60603

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(1) and (6), plaintiffs MM Global Services, Inc., MM Global Services Pte. Ltd., and MegaVisa Solutions (S) Pte. Ltd. (collectively, "plaintiffs"), will take the deposition upon oral examination of the defendant Dow Chemical Pacific (Singapore) Pte. Ltd., through one or more officers, directors, managing agents or other persons who consent to testify on its behalf as to the matters set forth on Exhibit A attached hereto on September 14, 2004, commencing at 10:00 a.m. at the offices of Wiggin and Dana LLP, One City Place, 185 Asylum Street, Hartford, Connecticut 06103 (or at some other location mutually agreed to by the parties), before a notary public or other competent

authority and recorded by stenographer and/or videographer. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

BINGHAM McCUTCHEN LLP

By: _____
Richard S. Taffet (ct 10201)

399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.  The uniform definitions, rules of construction and other requirements set forth in Federal Rules of Civil Procedure 30(b)(6) and 34 are incorporated as if fully set forth herein.

2.  Any terms not defined herein have the meaning given in the First Amended Complaint, dated March 21, 2003, in the above-captioned action.

3.  **"You," "your,"** or **"Dow Singapore"** means Dow Singapore Chemical Pacific (Singapore) Pte. Ltd., its officers, directors, agents, employees, representatives, counsel, parent corporation(s), subsidiaries, predecessors, successors, assigns, affiliates (and their officers, directors, agents, employees, representatives, counsel, parent corporation(s), subsidiaries, predecessors, successors, assigns, affiliates), and all persons acting or purporting to act on its behalf.

4.  **"Defendants"** means The Dow Chemical Company ("Dow"), Union Carbide Corporation ("UCC"), Union Carbide Asia Pacific, Inc. ("UCAP"), Union Carbide Customer Services Pte. Ltd. ("UCCS"), and Dow Chemical Pacific (Singapore) Pte. Ltd.

5.  **"Plaintiffs"** means MM Global Services, Inc. ("MMGS"), MM Global Services Pte., Ltd. ("MMGS-S"), and MegaVisa Solutions (S) Pte., Ltd. ("MVS").

6.  **"MVMS"** means MegaVisa Marketing Solutions Ltd. (f/k/a Visa Petrochemicals Pvt. Ltd.).

7.  **"Products"** means those products sold by you to Plaintiffs and/or MVMS, including those identified in Exhibit B hereto.

8.  **"Communication"** means every manner or means of disclosure, transfer, and exchange of information, and every disclosure, transfer, and exchange of information

including, but not limited to, any disclosure, transfer, and exchange of information made orally or in writing, in person or by telephone, by other electronic or mechanical means, mail, personal delivery, or otherwise. "**Communication**" includes any internal communications such as notes, memoranda, correspondence, or other documents prepared by or for any person for his, her, or its files, or other internal use.

9. "**Document**" shall be construed in its broadest possible sense and means, without limitation, any written, printed, recorded or graphic matter of any kind as well as all other things subject to production pursuant to Fed. R. Civ. P. 34 including, but not limited to, correspondence, memoranda, minutes of any meetings, meeting agendas, reports, notes, schedules, tabulations, projections, checks, statements, returns, receipts, work papers, financial calculations and representations, accounting and diary entries, invoices, inventory sheets, ledgers, journals, trial balances, contracts, agreements, offers, notations of any sort of conversations, analyses, calendars, tape recordings, bulletins, printed matter, computer printouts, computer software, computer databases, electronic storage media, electronic mail (e-mail), microfiche, microfilm, memory chips, teletypes, telegrams, facsimiles, photographs and all other writings and recordings whether or not claimed to be privileged, in your possession, custody or control, its present or former officers, directors, agents, employees, representatives, counsel and all other persons or entities acting or purporting to act on its behalf. "**Document**" includes the original and all drafts and copies which differ in any respect from the original.

10. "**Person**" means a natural person, partnership, corporation, association, group, governmental or political entity or subdivision, organization, joint venture, team or group of natural persons.

11. **"Relating to"** means concerning, referring to, alluding to, responding to, in connection with, commenting upon, about, announcing, regarding, relevant to, explaining, discussing, memorializing, constituting, showing, evidencing, describing, reflecting, analyzing or involving.

12. **"And"** or **"or"** shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

13. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and vice versa. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

14. With respect to any document as to which a claim of attorney-client privilege or work product is asserted you are instructed to provide the following information in the form of a privilege log:

    (a)    the nature of the privilege asserted or ground relied upon (e.g., attorney-client privilege or work product);

    (b)    the type of document;

    (c)    the general subject matter of the document;

    (d)    the date of the document;

    (e)    the author of the document;

    (f)    each addressee and recipient of the document;

    (g)    the number of pages of the document; and

    (h)    the present location of the document.

15. **"Relevant Period"** means from January 1, 1993 through and including the present. Unless otherwise indicated below, the period of time encompassed by the subject areas is the Relevant Period.

## SUBJECT AREAS OF EXAMINATION

1.  The basis (including the identity of any and all source documents) and method used for calculating the annual volume of and revenue generated by your purchases of Products from Dow, UCC, or UCAP, respectively, including but not limited to the volume and cost of such purchases made in or from entities located in the State of Connecticut.

2.  The identity and duties of any and all persons acting on your behalf who were responsible for placing your orders for Products.

3.  The identity of any and all persons whom you have reason to believe were acting on behalf of Dow, UCC, or UCAP, in accepting and fulfilling your orders for Products.

4.  Your usual business practices with respect to the generation and maintenance of records of your purchases of Products.

5.  Information relating to the process of, and persons responsible for, creating the documents produced in response to the accompanying First Set of Personal Jurisdiction Document Requests and Interrogatories, dated July 23, 2004.

6.  Information relating to any and all sources of data used in compiling the Interrogatory Answers served in response to the accompanying First Set of Personal Jurisdiction Document Requests and Interrogatories, dated July 23, 2004.

7.  The identity, including the employer and business address, of any and all persons with knowledge of your purchases of Products and the basis of your belief as to the scope of their knowledge.

8.  The basis (including the identity of any and all source documents) and method used for calculating the annual volume of and revenue generated by your purchases of any products (apart from the Products), materials, or services from any entities located in the State of Connecticut.

## EXHIBIT B

**INDUSTRIAL PERFORMANCE CHEMICALS**

AMINO PROPYLAMMORPHOLINE
BUTYL ACRYLATE MONOMER
BUTYL CELLOSOLVE
BUTYL CARBITOL
CARBOWAX PEG 1000
CARBOWAX PEG 3350(GRANULAR)
CARBOWAX S PEG 3350
CARBOWAX S PEG 8000
DI ETHANOL AMINE
DIETHYLENE TRIAMINE
DI METHYL ETHENOL AMINE
ETYLENE DIAMINE
ETHYLENE AMINE BOTTOMS
GLYCOL PEG 20 M
HPA (HEAVY POLY AMINE)
HPA PURE
HPA X POLYAMINE BOTTOMS
HPA/DETA   - PM 6079
ISOBUTANOL
MAA
MONO ETHANOL AMINE (MEA)
MIBC
N-BUTANOL
PEG 3350
PIPERAZINE AQ68%
PIPERZAZINE ANHYDROUS
POLY AMINE PM 1969
PRIMARY AMYL ALCOHOL
PROPYLENE GLYCOL
POLYOX 301
POLYOX 303
S POLY WSR-303
S POLY WSRN-60K
S POLYOX WSR 303
S POLYOX WSR -303 (NF)
SENTRY POLYOX WSR-N-10
S POLYOX WSR COAGULANT
S POLYOX WSR COAGULANT(NF)
S POLYOX WSRN 80
TRI ETHANOL AMINE

TERGITOL 15-S-12
TERGITOL 15-S-3
TERGITOL NP9
TERGITOL TMN 6 SURF
TERGITOL XD SURFACTANT
TRIETHYLENE TRIAMINE
TRITIN DF12
TRITON BG10
TRITON CF 10
TRITON CF-10 SURFACTANT
TRITON DF 12 SURFACTANT
TRITON DF-12
TRITON DF-20
TRITON DF-20 SURFACTANT
TRITON GR 5M
TRITON H 66
TRITON H-66 SURFACTANT
TRITON QS-15
TRITON W-30
TRITON X 102
TRITON X 155 SURFACTANT
TRITON X 200 K
TRITON X 301 SURFACTANT
TRITON X100
TRITON X-100 SURFACTANT
TRITON X-165
TRITON X-165 SURFACTANT
TRITON XL 80
UCON 50 HB 5100
UCON 75-H-90000
UCON A QUENCHANT
UCON E-NN QUENCHANT
UCON E QUENCHANT
UCON SAF-10
VINYL ACRYLATE MONOMER
VALERIC ACID
WSRN-80NF GRADE
X-200 SURFACTANT

**SPECIALTY POLYMERS AND PRODUCTS**

2,4 PENTANEDIONE
HYDROXY ETHYAL CELLULOSE - CELLOSIZE ER 4400
    -CELLOSIZE ER 52000
    -CELLOSIZE ER52M
    -CELLOSIZE QP100MH
    -CELLOSIZE QP3L
    -CELLO QP 4400H
    -CELLOSIZE QP09H
CREMEROL HMG
DI ISO BUTYL KETONE (DIBK)
DIETHYL KETONE
EPOXY ERL 4221
EPOXY RESIN ERL
GLUCAM P-20
GLUTARALDEHYDE G-50
GLUTARALDEHYDE 25 %
GLUCAMATE DOE 120
GLUCATE SS
MODULAN
POLY COAGULANT
POLY WSR 301
POLY WSRN 80
POLYOX Coagulant
polyox WSR coagulant
POLYOX WSRN 3000
POLYOX WSRN 301
POLYOX WSRN 750
POLYOX WSRN 80
PROMULGEN G
SENTRY POLY COAGULANT
SENTRY POLY WSRN 80
SOLULAN L 575
TONE MONIMER ( EPSILON)
TONE POLYOLS 305
UCARCIDE 150
UCARCIDE 225
UCARCIDE 250
UCAR SOLUTION VINYL RESIN VAGH
UCAR SOLUTION VINYL RESIN VAGH (wider specs)

UCAR SOLUTION VINYL RESIN VMCH
UCAR SOLUTION VINYL RESIN VMCH (wider specs)
UCAR SOLUTION VINYL RESIN VYHH
UCAR SOLUTION VINYL RESIN VYHH (wider specs)

**WIRE AND CABLE**

WIRE AND CABLE COMPOUND GRADES:-

5630 BLACK
DFD6005
DFDA 1253
DFDA 5430
DFDA 5440
DFDA 5451
DFDA 6451
DFDA 5630
DFDA7540
DFDB 5480
DFDG3479
DFDG 6059
DFDJ 4960
DFDJ7540
DFDK 3364
DFNA 0012
DGDA 3485NAT
DGDA 6923 NT
DGDA 6944
DGDK 3364
DHDA 7707
DHDA8880
DHDA 7707 BK 55
EPDM MEGA 2233
EPDM MEGA 4322
EPDM MEGA 7265
EPDM MEGA 8284
HFDA 0586
HFDE 4201
HFDG 4201 NT
MEGA 2233
MEGA 4322
MEGA 7265
RESIN GRADE 5D98

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL  :
SERVICES PTE. LTD., and MEGAVISA     :
SOLUTIONS (S) PTE. LTD.,             :
                                     :
                  Plaintiffs,        :  Civil No. 302 CV 1107 (AVC)
                                     :
        -v-                          :
                                     :
THE DOW CHEMICAL COMPANY, UNION      :  July 23, 2004
CARBIDE CORPORATION, UNION CARBIDE   :
ASIA PACIFIC, INC., UNION CARBIDE    :
CUSTOMER SERVICES PTE. LTD., AND DOW :
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,:
                                     :
                  Defendants.        :
                                     :

To:   Craig A. Raabe, Esq.            Andrew S. Marovitz
      ROBINSON & COLE LLP             MAYER, BROWN, ROWE & MAW LLP
      280 Trumbell Street             190 South LaSalle Street
      Hartford, CT  06103-3597        Chicago, IL  60603

NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(1) and (6), plaintiffs MM Global Services, Inc., MM Global Services Pte., Ltd., and MegaVisa Solutions (S) Pte., Ltd. (collectively, "plaintiffs"), will take the deposition upon oral examination of the defendant Union Carbide Customer Services Pte. Ltd., through one or more officers, directors, managing agents or other persons who consent to testify on its behalf as to the matters set forth on Exhibit A attached hereto on September 13, 2004, commencing at 10:00 a.m. at the offices of Wiggin and Dana LLP, One City Place, 185 Asylum Street, Hartford, Connecticut 06103 (or at some other location mutually agreed to by the parties), before a notary public or other competent

authority and recorded by stenographer and/or videographer. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

BINGHAM McCUTCHEN LLP

By: _____
Richard S. Taffet (ct 10201)

399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. The uniform definitions, rules of construction and other requirements set forth in Federal Rules of Civil Procedure 30(b)(6) and 34 are incorporated as if fully set forth herein.

2. Any terms not defined herein have the meaning given in the First Amended Complaint, dated March 21, 2003, in the above-captioned action.

3. **"You," "your,"** or **"UCCS"** means Union Carbide Customer Services Pte. Ltd., its officers, directors, agents, employees, representatives, counsel, parent corporation(s), subsidiaries, predecessors, successors, assigns, affiliates (and their officers, directors, agents, employees, representatives, counsel, parent corporation(s), subsidiaries, predecessors, successors, assigns, affiliates), and all persons acting or purporting to act on its behalf.

4. **"Defendants"** means The Dow Chemical Company ("Dow"), Union Carbide Corporation ("UCC"), Union Carbide Asia Pacific, Inc. ("UCAP"), Union Carbide Customer Services Pte. Ltd., and Dow Chemical Pacific (Singapore) Pte. Ltd. ("Dow Singapore").

5. **"Plaintiffs"** means MM Global Services, Inc. ("MMGS"), MM Global Services Pte., Ltd. ("MMGS-S"), and MegaVisa Solutions (S) Pte., Ltd. ("MVS").

6. **"MVMS"** means MegaVisa Marketing Solutions Ltd. (f/k/a Visa Petrochemicals Pvt. Ltd.).

7. **"Products"** means those products sold by you to Plaintiffs and/or MVMS, including those identified in Exhibit B hereto.

8. **"Communication"** means every manner or means of disclosure, transfer, and exchange of information, and every disclosure, transfer, and exchange of information including, but not limited to, any disclosure, transfer, and exchange of information made orally or in writing, in person or by telephone, by other electronic or mechanical means, mail, personal

delivery, or otherwise. **"Communication"** includes any internal communications such as notes, memoranda, correspondence, or other documents prepared by or for any person for his, her, or its files, or other internal use.

9. **"Document"** shall be construed in its broadest possible sense and means, without limitation, any written, printed, recorded or graphic matter of any kind as well as all other things subject to production pursuant to Fed. R. Civ. P. 34 including, but not limited to, correspondence, memoranda, minutes of any meetings, meeting agendas, reports, notes, schedules, tabulations, projections, checks, statements, returns, receipts, work papers, financial calculations and representations, accounting and diary entries, invoices, inventory sheets, ledgers, journals, trial balances, contracts, agreements, offers, notations of any sort of conversations, analyses, calendars, tape recordings, bulletins, printed matter, computer printouts, computer software, computer databases, electronic storage media, electronic mail (e-mail), microfiche, microfilm, memory chips, teletypes, telegrams, facsimiles, photographs and all other writings and recordings whether or not claimed to be privileged, in your possession, custody or control, its present or former officers, directors, agents, employees, representatives, counsel and all other persons or entities acting or purporting to act on its behalf. **"Document"** includes the original and all drafts and copies which differ in any respect from the original.

10. **"Person"** means a natural person, partnership, corporation, association, group, governmental or political entity or subdivision, organization, joint venture, team or group of natural persons.

11. **"Relating to"** means concerning, referring to, alluding to, responding to, in connection with, commenting upon, about, announcing, regarding, relevant to, explaining,

discussing, memorializing, constituting, showing, evidencing, describing, reflecting, analyzing or involving.

12. **"And"** or **"or"** shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

13. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and vice versa. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

14. With respect to any document as to which a claim of attorney-client privilege or work product is asserted you are instructed to provide the following information in the form of a privilege log:

    (a)    the nature of the privilege asserted or ground relied upon (e.g., attorney-client privilege or work product);

    (b)    the type of document;

    (c)    the general subject matter of the document;

    (d)    the date of the document;

    (e)    the author of the document;

    (f)    each addressee and recipient of the document;

    (g)    the number of pages of the document; and

    (h)    the present location of the document.

15. **"Relevant Period"** means from January 1, 1993 through and including the present. Unless otherwise indicated below, the period of time encompassed by the subject areas is the Relevant Period.

## SUBJECT AREAS OF EXAMINATION

1. The basis (including the identity of any and all source documents) and method used for calculating the annual volume of and revenue generated by your purchases of Products from Dow, UCC, or UCAP, respectively, including but not limited to the volume of and revenue generated by such purchases made in or from entities located in the State of Connecticut.

2. The identity and duties of any and all persons acting on your behalf who were responsible for placing your orders for Products.

3. The identity of any and all persons whom you have reason to believe were acting on behalf of Dow, UCC, or UCAP, in accepting and fulfilling your orders for Products.

4. Your usual business practices with respect to the generation and maintenance of records of your purchases of Products.

5. Information relating to the process of, and persons responsible for, creating the documents produced in response to the accompanying First Set of Personal Jurisdiction Document Requests and Interrogatories dated July 23, 2004.

6. Information relating to any and all sources of data used in compiling the Interrogatory Answers served in response to the accompanying First Set of Personal Jurisdiction Document Requests and Interrogatories dated July 23, 2004.

7. The identity, including the employer and business address, of any and all persons with knowledge of your purchases of Products and the basis of your belief as to the scope of their knowledge.

8. The basis (including the identity of any and all source documents) and method used for calculating the annual volume of and revenue generated by your purchases of any products (apart from the Products), materials, or services from any entities located in the State of Connecticut.

**EXHIBIT B**

**INDUSTRIAL PERFORMANCE CHEMICALS**

| | |
|---|---|
| AMINO PROPYLAMMORPHOLINE | TERGITOL 15-S-12 |
| BUTYL ACRYLATE MONOMER | TERGITOL 15-S-3 |
| BUTYL CELLOSOLVE | TERGITOL NP9 |
| BUTYL CARBITOL | TERGITOL TMN 6 SURF |
| CARBOWAX PEG 1000 | TERGITOL XD SURFACTANT |
| CARBOWAX PEG 3350(GRANULAR) | TRIETHYLENE TRIAMINE |
| CARBOWAX S PEG 3350 | TRITIN DF12 |
| CARBOWAX S PEG 8000 | TRITON BG10 |
| DI ETHANOL AMINE | TRITON CF 10 |
| DIETHYLENE TRIAMINE | TRITON CF-10 SURFACTANT |
| DI METHYL ETHENOL AMINE | TRITON DF 12 SURFACTANT |
| ETYLENE DIAMINE | TRITON DF-12 |
| ETHYLENE AMINE BOTTOMS | TRITON DF-20 |
| GLYCOL PEG 20 M | TRITON DF-20 SURFACTANT |
| HPA (HEAVY POLY AMINE) | TRITON GR 5M |
| HPA PURE | TRITON H 66 |
| HPA X POLYAMINE BOTTOMS | TRITON H-66 SURFACTANT |
| HPA/DETA - PM 6079 | TRITON QS-15 |
| ISOBUTANOL | TRITON W-30 |
| MAA | TRITON X 102 |
| MONO ETHANOL AMINE (MEA) | TRITON X 155 SURFACTANT |
| MIBC | TRITON X 200 K |
| N-BUTANOL | TRITON X 301 SURFACTANT |
| PEG 3350 | TRITON X100 |
| PIPERAZINE AQ68% | TRITON X-100 SURFACTANT |
| PIPERZAZINE ANHYDROUS | TRITON X-165 |
| POLY AMINE PM 1969 | TRITON X-165 SURFACTANT |
| PRIMARY AMYL ALCOHOL | TRITON XL 80 |
| PROPYLENE GLYCOL | UCON 50 HB 5100 |
| POLYOX 301 | UCON 75-H-90000 |
| POLYOX 303 | UCON A QUENCHANT |
| S POLY WSR-303 | UCON E-NN QUENCHANT |
| S POLY WSRN-60K | UCON E QUENCHANT |
| S POLYOX WSR 303 | UCON SAF-10 |
| S POLYOX WSR -303 (NF) | VINYL ACRYLATE MONOMER |
| SENTRY POLYOX WSR-N-10 | VALERIC ACID |
| S POLYOX WSR COAGULANT | WSRN-80NF GRADE |
| S POLYOX WSR COAGULANT(NF) | X-200 SURFACTANT |
| S POLYOX WSRN 80 | |
| TRI ETHANOL AMINE | |

**SPECIALTY POLYMERS AND PRODUCTS**

2,4 PENTANEDIONE
HYDROXY ETHYAL CELLULOSE -
CELLOSIZE ER 4400
    -CELLOSIZE ER 52000
    -CELLOSIZE ER52M
    -CELLOSIZE QP100MH
    -CELLOSIZE QP3L
    -CELLO QP 4400H
    -CELLOSIZE QP09H
CREMEROL HMG
DI ISO BUTYL KETONE (DIBK)
DIETHYL KETONE
EPOXY ERL 4221
EPOXY RESIN ERL
GLUCAM P-20
GLUTARALDEHYDE G-50
GLUTARALDEHYDE 25 %
GLUCAMATE DOE 120
GLUCATE SS
MODULAN
POLY COAGULANT
POLY WSR 301
POLY WSRN 80
POLYOX Coagulant
polyox WSR coagulant
POLYOX WSRN 3000
POLYOX WSRN 301
POLYOX WSRN 750
POLYOX WSRN 80
PROMULGEN G
SENTRY POLY COAGULANT
SENTRY POLY WSRN 80
SOLULAN L 575
TONE MONIMER ( EPSILON)
TONE POLYOLS 305
UCARCIDE 150
UCARCIDE 225
UCARCIDE 250
UCAR SOLUTION VINYL RESIN VAGH
UCAR SOLUTION VINYL RESIN VAGH
(wider specs)

UCAR SOLUTION VINYL RESIN VMCH
UCAR SOLUTION VINYL RESIN VMCH
(wider specs)
UCAR SOLUTION VINYL RESIN VYHH
UCAR SOLUTION VINYL RESIN VYHH
(wider specs)

8

**WIRE AND CABLE**

WIRE AND CABLE COMPOUND GRADES:-

5630 BLACK

DFD6005
DFDA 1253
DFDA 5430
DFDA 5440
DFDA 5451
DFDA 6451
DFDA 5630
DFDA7540
DFDB 5480
DFDG3479
DFDG 6059
DFDJ 4960
DFDJ7540
DFDK 3364
DFNA 0012
DGDA 3485NAT
DGDA 6923 NT
DGDA 6944
DGDK 3364
DHDA 7707
DHDA8880
DHDA 7707 BK 55
EPDM MEGA 2233
EPDM MEGA 4322
EPDM MEGA 7265
EPDM MEGA 8284
HFDA 0586
HFDE 4201
HFDG 4201 NT
MEGA 2233
MEGA 4322
MEGA 7265
RESIN GRADE 5D98

9