UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC.,<br>MM GLOBAL SERVICES PTE., LTD,<br>MEGA VISTA SOLUTIONS (S)<br>PTE., LTD., and MEGA VISA<br>MARKETING SOLUTIONS LTD.,<br>     Plaintiffs, | :<br>:<br>:<br>:<br>:<br>: |
| VS. | : Civil No. 3:02cv 1107 (AVC) |
| THE DOW CHEMICAL COMPANY,<br>UNION CARBIDE CORPORATION,<br>UNION CARBIDE ASIA PACIFIC,<br>INC., UNION CARBIDE CUSTOMER<br>SERVICES PTE., LTD, and DOW<br>CHEMICAL PACIFIC (SINGAPORE)<br>PTE., LTD.,<br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

FILED 2004 SEP -2 P 2: 18

### SUA SPONTE ORDER CLARIFYING THE AUGUST 17, 2004 ENDORSEMENT ORDER

On August 17, 2004, the court entered an order granting the defendants' motion for clarification and partial reconsideration of the court's earlier ruling and order on the defendants' motion for a protective order.  The court also granted the plaintiffs' cross motion to compel, but denied that motion to the extent it sought sanctions.

On August 26, 2004, the court conducted a telephone status conference at which it was suggested that the court may have granted competing requests concerning the situs of Rule 30 (b)(6) depositions.  The court has examined the motions in issue and the various submissions and concludes that there is no conflict.

The court granted the plaintiffs' cross motion to compel, a motion which requested an order requiring all Rule 30(b)(6)

depositions to be held in Hartford, Connecticut. The court also granted the defendants' motion for clarification and partial reconsideration. That motion, however, did not seek to define the location for depositions. While the defendants' "combined reply" brief urged the court to reject the plaintiffs' request for an order requiring depositions in Hartford, that responsive memorandum did not constitute an independent motion for relief. Consequently, absent agreement to the contrary, Rule 30 (b)(6) depositions will be held at the United States Courthouse in Hartford, Connecticut.

The court is aware that there may be circumstances where such factors such as cost, convenience, and litigation efficiency militate heavily in favor of conducting a deposition in an alternate forum. In such circumstances, the parties are kindly asked to confer in good faith as to the most appropriate place for the deposition. If there is a failure to reach an agreement, the parties are asked to telephone the chambers immediately for assistance.

It is so ordered this 1st day of September, 2004 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge