UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, AND UNION CARBIDE ASIA PACIFIC, INC.,<br><br>　　　　　　　　　　　Defendants. | CIVIL ACTION<br>NO. 3:02 CV 1107 (AVC) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THELEN REID & PRIEST LLP'S MOTION TO WITHDRAW AS COUNSEL, AND FOR THE IMPOSITION OF SECURITY PRIOR TO ANY RELEASE OF MEGAVISA'S FILES TO SUCCESSOR COUNSEL AND FOR THE IMPOSITION OF A CHARGING LIEN**

Plaintiffs MM Global Services Inc., MM Global Services PTE. Ltd., and MegaVisa Solutions PTE. Ltd. (jointly "Plaintiffs") respectfully submit this memorandum of law in opposition to the motion of Plaintiffs' former counsel, Thelen Reid & Priest LLP ("Thelen"). In its motion, Thelen seeks three elements of relief: (1) to withdraw as counsel for Plaintiffs; (2) the posting of security prior to releasing Plaintiffs' files to Bingham McCutchen ("Bingham"); and (3) a charging lien in the amount of $472,887.82. Plaintiffs do not object to Thelen withdrawing as counsel, as that would formalize the current state of the attorney-client relationship. Plaintiffs, however, do oppose the imposition of any security requirement as a condition to Thelen releasing Plaintiffs' client files. As a matter of federal law and policy, Thelen has no right to assert a retaining lien, or to security.

**PRELIMINARY STATEMENT**

It is settled that where, as here, a court has federal question jurisdiction based on a statute that provides for a prevailing plaintiff to recover its attorneys' fees, attorney's liens prior to the

entry of an award in the plaintiff's favor are improper. Congress has evinced its intention that such a plaintiff serves as a private attorney general litigating on behalf of the public. Therefore, fee disputes should not interfere with the orderly and prompt resolution of the federal court litigation, and the application for security should be denied.

Further, while Plaintiffs do not object to Thelen receiving payment for which it may be entitled from an award of attorneys' fees granted at the end of this litigation, and have even offered to enter a formal agreement memorializing such an arrangement, Plaintiffs do object to a charging lien. For the Court to grant such a lien, it would first be required to determine the amount to which Thelen may be entitled, which is in dispute between Plaintiffs and Thelen. Doing so now would be premature for the Court. At such time as Plaintiffs prevail in this case, the issue of the reasonable attorneys' fees to which Plaintiffs are entitled under Section 4 of the Clayton Act will be before the Court. At that time the amount to which Thelen may be entitled as reasonable compensation for its services can be addressed by the parties and Thelen, without having such unrelated matters interfere with the orderly consideration by the Court of the substantive legal issues involved in this case. Accordingly, imposition of a charging lien would be improper.

## I. FACTUAL BACKGROUND

Thelen acknowledges that as of February 2004 Bingham McCutchen has acted as lead counsel for Plaintiffs. Starting at that time Thelen was supposed to serve in a secondary capacity. As of July 2004, Thelen admittedly ceased playing an active role as counsel to Plaintiffs. *See* Thelen Memo of Law at 2; *see also* Affidavit of Paul Winick, sworn to November 19, 2004 ("Winick Aff."), at ¶ 3. Nonetheless, Thelen asserts it is entitled to fees totaling $572,887.82 incurred for the period December 2003 – November 2004, of which payment of $100,000 has been made by Plaintiffs. *See* Winick Aff. Ex. B.

Since the Spring of 2004, Plaintiffs and Thelen have engaged in discussions concerning

the amounts claimed by Thelen to be owing. Plaintiffs explained to Thelen that the amounts it was charging were excessive. In addition, certain amounts now claimed due are for periods beyond July 2004, when Thelen ceased being active on this case. Certain other charges by Thelen were for time that Thelen expressly had represented would not be billed. Nonetheless, Plaintiffs have offered to enter into a formal agreement with Thelen assuring Thelen's opportunity to recover amounts that it may be due from a grant of attorneys' fees awarded in this case. *See* Declaration of Ajay Mittal, attached hereto at Exhibit A, executed on December 1, 2004, ("Mittal Decl.") ¶¶ 3 and 5. Thelen has not accepted this offer, instead filing the instant motion.

**II.    ARGUMENT**

### A. A Retaining Lien Is Improper, And Thelen Must Turn Over Plaintiffs' Client Files To Bingham

Thelen relies exclusively on Connecticut state law, and on Connecticut state court cases, as the sole authority to support its position that it is entitled to security prior to delivering Plaintiffs' files to Bingham. *See* Thelen Memo of Law at 5-7 ("...Connecticut law should apply"). Such reliance is misplaced. The nature and extent of an attorney's lien in federal cases such as this is controlled by federal, not state, law. *See Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir. 1991) (where retaining lien might be permissible under state law, "federal statute . . . superimposes a new arrangement over the state law scheme"). *See also Rivkin v. A.J. Hollander & Co.*, 1996 WL 633217 (S.D.N.Y.) ("Federal courts also have independent authority to . . . regulate attorney's fees liens.").

Further, where, as here, the court's federal question jurisdiction is premised on a fee-shifting statute, an attorney's or retaining lien and the security available pursuant thereto are not available to a former plaintiff counsel, such as Thelen, claiming that amounts are due for legal services rendered. "[L]itigation invoking such a statute is intended by Congress to be for the benefit of the public as well as that of the plaintiffs; the plaintiffs function as private attorneys


general." *Misek-Falcoff v. Int'l Bus. Machines Corp.*, 829 F. Supp. 660, 664 (S.D.N.Y. 1993).

In *Misek-Falcoff*, the plaintiffs' previous counsel moved for a retaining lien on the clients' files. Plaintiffs' suit alleged handicap discrimination under the federal Rehabilitation Act and the Americans With Disabilities Act, thus providing the court with federal question jurisdiction. Both of these statutes contain fee-shifting provisions for prevailing plaintiffs. The court denied former counsel's application for a retaining lien, based upon reasoning equally applicable here:

> Controversies between parties and their attorneys should not hold federal litigation hostage. Where a fee-shifting statute is involved, there is an implicit bargain between attorneys who undertake such cases and the public. The statute provides a potential source of fees to prevailing counsel; in return counsel may not obstruct the course of the litigation. In federal question cases of this type, retention of files should rarely if ever be permitted.

*Misek-Falcoff*, 829 F. Supp. at 664.

The court in *Misek-Falcoff* further made clear that it would be improper to require the plaintiff to post security as a condition for obtaining its documents from former counsel. As the court wrote, "[t]he fundamental purposes of legislation passed by Congress should not be derailed" by the imposition of a security. *Misek-Falcoff*, 829 F. Supp. at 664. *See also Resolution Trust Corp.*, 949 F.2d at 627 (affirming denial of security where fixing amount would require the district court to review the underlying claims regarding amounts due to former counsel during the pendency of merits litigation).

Here, the Court's federal question jurisdiction is under the federal antitrust statutes, which include the fee-shifting provisions of Section 4 of the Clayton Act:

> [A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States . . . , without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

15 U.S.C. § 15.

Thus, as in *Misek-Falcoff*, Thelen's request for a retaining lien or security cannot be

sustained as a matter of law. Thelen willingly struck a bargain that now precludes it from seeking relief in the form of the posting of security. Further, if the Court were to require Plaintiffs to post security, it would have to resolve disputes regarding the amount actually owed at a time when the merits of this case are being fully litigated. This would be an improper imposition on the Court.

For these reasons, Thelen should be directed to immediately deliver all of Plaintiffs' files, as directed by Plaintiffs, to Bingham.

### B. Imposition Of A Charging Lien In The Specific Amount Sought By Thelen Would Be Improper

It would also be improper at this time to allow Thelen a charging lien in the specific amount it claims. As commented, a fact-intensive dispute exists regarding the amount actually due Thelen for its reasonable services. Discussions relating to that were ongoing since last Spring up until Thelen peremptorily filed the instant motion. Mittal Decl. ¶¶ 3 and 4. To require the Court to address these issues now would "derail" the litigation to the same extent as would determining now any security to be posted by Plaintiffs. Thus, for the same well-grounded policy reasons that preclude Thelen from obtaining security as a condition for turning over Plaintiffs' documents, its request for a charging lien should be denied.

Thelen cannot claim prejudice on this issue. Its ability to recover the reasonable value of its services will remain, and the value of such services will appropriately be determined when Plaintiffs prevail on the merits of its antitrust claim and a determination of the attorneys' fees to which they are entitled is made by the Court.

## CONCLUSION

For the foregoing reasons, Thelen's request to be formally terminated as Plaintiffs counsel should be granted upon consent. Thelen's request that Plaintiffs be required to post security pursuant to a retaining lien prior to its delivery of Plaintiffs' documents to Bingham McCutchen, however, should be denied, as should its request for a charging lien.

Dated: December 1, 2004

    Respectfully submitted,

**WIGGIN AND DANA LLP**

_____
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

BINGHAM McCUTCHEN LLP
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

# EXHIBIT A

Case 3:02-cv-01107-AVC   Document 245   Filed 12/01/2004   Page 7 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, AND UNION CARBIDE ASIA PACIFIC, INC., <br><br> Defendants. | CIVIL ACTION <br> NO. 3:02 CV 1107 (AVC) |

## DECLARATION OF AJAY MITTAL

AJAY MITTAL, declares, pursuant to 28 U.S.C § 1746, as follows:

1. I am the Chairman of the plaintiffs in this action, MM Global Services, Inc., MM Global Services PTE. Ltd., and MegaVisa Marketing Solutions, Ltd. (jointly, "Plaintiffs"). I respectfully submit this declaration in opposition to the motion of our former counsel, Thelen Reid & Priest LLP ("Thelen"), seeking the posting of security and also a charging lien.

2. Plaintiffs' primary individual attorney in this matter is Mr. Richard Taffet, who until February 2004 was with the Thelen firm. Mr. Taffet then moved that same month to the firm Bingham McCutchen LLP ("Bingham"). Consequently, we chose Bingham as our lead law firm. Thelen was to devote the people who formerly worked for Mr. Taffet on the case to assist him at his direction upon consulting with me or other representatives of the Plaintiffs. In approximately July 2004 it became no longer necessary for Thelen to be actively involved in this case. I had also already raised with Thelen issues about the billings they were making during the period from when Mr. Taffet left Thelen up to July.

NYDOCS/1178880.1

3. Since Spring of 2004, myself and another representative of Plaintiffs at my direction had discussions with Thelen concerning their statements and what in our view were excessive fees that were being charged. For example, we raised with Thelen that new attorneys were being assigned to this case and that we did not want to be charged for their time. They charged us for this time. We also questioned the size of Thelen's billings because it appeared that work was being performed beyond what we understood would be the case. I also questioned Thelen about the increase in their hourly billing rates starting in 2004 without notice. Thelen has not addressed any of our concerns. We have also received bills for periods after July 2004 when Thelen's role ended.

4. While these discussions were going on, since late May 2004, we have asked Thelen to send our files to Bingham. They did make some files available, but have refused to deliver the remainder.

5. Finally, in an attempt to resolve this situation I have offered to Thelen on several occasions that we would pay them the fees that it may be due from the first money collected by Plaintiffs in this case. Thelen rejected this proposal without further discussion and filed this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 1st, 2004

_____
AJAY MITTAL

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of December, 2004, a copy of the foregoing has been sent via FedEx, to the following:

Craig A. Raabe
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

Andrew S. Marovitz
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603

Christopher J. Kelly
Mayer, Brown, Rowe & Maw LLP
1909 K Street
Washington, DC 20006-1157

Nathan P. Eimer
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604

Paul A. Winick
Thelen Reid & Priest LLP
875 Third Avenue
New York, NY 10022-6225



Robert M. Langer

\15726\1\48318.1