MAYER
BROWN
ROWE
& MAW

October 15, 2004

**BY FACSIMILE**

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Re:   *MM Global Services, et al. v. The Dow Chemical Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Andrew S. Marovitz**
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

Dear Richard:

Consistent with our commitments during the October 6 status and in our recent letters, we write to outline where we have been and to provide a protocol of where we are going with respect to the most relevant documents in this litigation that have not already been produced to the Plaintiffs.

Discovery propounded to Defendants in this matter can be separated into three sequential and relatively discrete but overlapping phases: party-related, personal jurisdiction-related, and End User and Product-related. The phases share commonalities of effort and burden in the preparation of responses,[1] but they also have differences that warrant recognition in assessing the efforts and burden involved in the investigation and preparation of Defendants' responses and production.

1.   **Party-Related Discovery**

Party-related discovery previously focused on the production by Defendants of documents related to the Plaintiffs. Such material has been located and produced, not only from locations in the United States, but also from Europe, India and Singapore. This phase produced tens of thousands of pages of documents (including e-mails, business documents and letters) and numerous pages of accounting reports from multiple accounting environments related to transactions between the Plaintiffs and the Defendants. Defendants' efforts have included searching for records in record storage facilities, office locations and on electronic storage and

---

[1] Discovery in this global matter has been complicated by the fact that both Union Carbide Corporation ("UCC") and The Dow Chemical Company ("TDCC") made company-wide enterprise accounting system changeovers in the late 1990's, which was then followed by the merger transaction in 2001 that made UCC a wholly-owned subsidiary of TDCC. The merger transaction was then followed by major restructuring and reorganization of functional departments and global businesses. These events require Defendants to search for and produce responsive information resident in multiple unrelated system environments and in new business organizations.

Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles Manchester New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Richard S. Taffet, Esq.
October 15, 2004
Page 2

email systems. Specifically, record storage facilities in Singapore and the United States were searched for responsive documents from both UCC and TDCC. These efforts yielded approximately 40,000 documents. Documents and emails of key individuals were also collected and produced from offices in India, Singapore and elsewhere. Historic and current accounting systems were searched for information related to transactions between the Defendants and Plaintiffs. The UCC Archive Master Index was searched for the period 1993 to 1998; the On Demand archive of UCC's SAP R3 system was searched for the period 1998 to 2002 and the current SAP R2 system searched for 2002 to current. These efforts with respect to the accounting systems yielded hundreds of pages of responsive accounting reports.

2.  **Personal Jurisdiction-Related Discovery**

The recent personal jurisdiction discovery has confirmed the complexity of searching in multiple accounting systems within recently integrated and reorganized global businesses. As a result, Defendants will continue to review and supplement their personal jurisdiction-related responses as more information and documents are discovered. The following information sets forth the steps being taken to ensure the accuracy and completeness of the Defendants' responses related to personal jurisdiction:

<u>Accounting Systems Searches.</u> The various accounting systems' search criteria and methods are being reviewed to establish the accuracy and completeness of the responses filed to date by Defendants.

<u>Singapore Records Storage Searches.</u> We have initiated a search for travel-related documents sufficient to ascertain the extent to which Union Carbide Customer Services Pte. Ltd. ("UCCS") may have procured travel-related services in the State of Connecticut. Defendants' foreign records management systems do not possess electronic text search and filtering mechanisms. As a consequence, different tactics are being employed to confirm the accuracy and completeness of the relevant materials to be drawn from these locations. To the extent that they are available and helpful, records storage indices will be reviewed for possible identification of responsive documents. Contacts have been renewed with staff in the Pacific area and they will be consulted regarding any previously unreviewed, properly responsive travel-related documents.

<u>Human Resources Files.</u> We will be searching relevant human resources files to supplement the information already provided in the Defendants' personal jurisdiction interrogatory responses identifying persons with knowledge of transactions between TDCC or UCC on the one hand and UCCS or Dow Chemical Pacific (Singapore) Pte. Ltd. ("DCPS") on the other. In addition, we are seeking to identify additional persons, if any, not already identified in the interrogatory responses who may also have knowledge of these transactions.

In applying this approach Defendants intend, to the extent necessary, to supplement their personal jurisdiction responses prepared to date.

Richard S. Taffet, Esq.
October 15, 2004
Page 3

### 3. End User and Product-Related Discovery

This phase of discovery is the most recently undertaken, and is the result of the lists of Products and End Users provided by Plaintiffs to Defendants in July of this year. Investigation to identify and review documents related to the Products and End Users is ongoing; it commenced upon receipt of the lists from Plaintiffs. Global searches for documents and information relating to the over 150 Products are complicated by post-merger changes in product naming conventions which affected some of the Products. Finally, Product-focused searching adds additional required effort and burden because product searches are conducted independent of and in different system data sets than those used for entity searches.

In carrying out this phase of the discovery, our continued search for responsive documents will concentrate on the following types of files:

1. Strategic planning files regarding the Products.

2. E-mails from the persons identified in Plaintiffs' and Defendants' interrogatory answers.

3. Files concerning TDCC's acquisition of UCC.

4. Files of Board presentations and minutes.

5. Files devoted to Plaintiffs.

6. Files devoted to end-users in India and the United States.

7. Files devoted to documents evaluating competition regarding the Products.

8. Files devoted to presentations, budgets, forecasts and documents discussing competition for, market share of and pricing of the Products.

9. Marketing files for the Products.

10. Product-specific files.

11. Files devoted to trade associations.

12. Accounting systems data reflecting sales of the Products.

The following describes how we plan to carry out the continued search for responsive documents and information during this phase, concentrating on the enumerated files within the numerous locations where such files may exist:

<u>Accounting Systems Searches.</u> We will search the various accounting systems for information relating to the sales of Products.

Richard S. Taffet, Esq.
October 15, 2004
Page 4

United States Records Center Searches. TDCC and UCC documents stored in hard copy, microfilm and microfiche are being searched utilizing the records management system's limited text search capabilities and other record management system features. Specifically, searches utilizing the filtering capabilities of the records management system architecture are being conducted to isolate and reduce the total universe of documents to a manageable subset of potentially responsive documents that then can be systematically searched for the documents requested by Plaintiffs. In this fashion, Defendants hope to avoid a repeat of the situation in which they reviewed 300+ of the over 1000 boxes of documents to provide responsive documents in an "unprioritized" search.

More specifically, TDCC's records management system records manual will be used to identify and locate specific document types likely to reside in files in the categories enumerated above, as well as date and record owner, to filter the total universe of documents to a manageable population of files likely to contain potentially responsive documents. Once to this point, the potentially responsive documents found within these files will be reviewed to identify actually responsive documents. Any non-privileged responsive documents not already produced to Plaintiffs would then be produced.

India & Singapore Records Storage Searches. As I noted above with respect to personal jurisdiction-related discovery, Defendants' foreign subsidiaries' records management systems do not possess electronic text search and filtering mechanisms. As a consequence, different tactics are being employed to confirm the accuracy and completeness of the relevant materials to be drawn from these locations during this phase. To the extent that they are available and helpful, records storage indices will be reviewed for possible identification of files in the categories enumerated above. Contacts have been renewed with staff in the Pacific area and they will be consulted regarding the continued search.

Email Systems. Searches of Defendants' email systems are being prepared to ensure accuracy and completeness of Defendants' discovery responses. Email and .pst files (to the extent available) of Defendants' employees identified in Defendants' interrogatory responses will be searched. Similarly, emails and .pst files of additional employees of Defendants identified as having potentially responsive documents will be collected and reviewed for responsiveness using electronic document search and filtering techniques. Any non-privileged responsive documents not already produced to Plaintiffs would be produced.

Electronic Documents. File servers of Defendants and Dow subsidiaries will be screened to identify those servers that support activity related to the sale and distribution of Products to, End Users and to other customers in Singapore and the United States. Once those servers are located, electronic document search and filtering techniques will be used to identify potentially responsive documents likely to reside in files in the categories enumerated above. Such identified documents will be reviewed to identify actually responsive documents. Non-privileged responsive documents that have not been produced already would be produced.

Richard S. Taffet, Esq.
October 15, 2004
Page 5

<u>Employee Files.</u> Employees who are still with Dow or one of its subsidiaries and are identified as holding potentially relevant positions or being the custodian of document files in any of the enumerated categories will be interviewed, and the identified document files will be collected. Non-privileged responsive documents found in those files and not already produced will be produced.

We hope that this plan will provide a basis for continued progress with meaningful discovery, while avoiding unnecessary time and expense. Even when focused as described above, this has been, and will continue to be, a costly and ambitious undertaking. We remain committed, however, to accommodating the parties' reasonable discovery needs and moving ahead with the case. We look forward to meeting and conferring with you Monday about this proposed plan, and getting your thoughts on it.

Very truly yours,

*Andrew S. Marovitz/CJK*

Andrew S. Marovitz

cc:   Alicia Downey, Esq.        Craig Raabe, Esq.
      Robert Langer, Esq.        Christopher Kelly, Esq.

DCDB01 20674049.1 15-Oct-04 19:20