UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL  :
SERVICES PTE. LTD., and MEGA VISA     :
SOLUTIONS (S) PTE. LTD.,              :
                                      :
        Plaintiffs,                  :
                                      :  Civil No. 3:02 CV 1107 (AVC)
      v.                                 :
                                      :
THE DOW CHEMICAL COMPANY, UNION       :
CARBIDE CORPORATION, and UNION        :
CARBIDE ASIA PACIFIC, INC.,           :
                                      :
        Defendants.                  :  November 2, 2004

### THE DOW CHEMICAL COMPANY'S
### THIRD SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant The Dow Chemical Company requests that each Plaintiff – MM Global Services Inc., MM Global Services Pte. Ltd., and Mega Visa Solutions (S) Pte. Ltd. – individually respond to the following interrogatories within 30 days of service hereof.

### Definitions and Instructions

The Dow Chemical Company incorporates herein the Definitions and Instructions contained in its First Set of Interrogatories on Merits Discovery (dated October 9, 2003). In addition, for purposes of this Set of Interrogatories:

    i.    "Competitive Product" means, for any Product, a product that was, at any time between January 1, 1993 and the present, offered, marketed or sold in competition with, or as an alternative to, that Product;

    ii.    To identify a purchase shall mean to state the order date, the invoice and order numbers, each particular Product or Competitive Product covered by the order, the

quantity of each Product or Competitive Product covered by the order, the price to Plaintiffs of each Product or Competitive Product covered by the order, the person from whom the purchase was made, the person to whom or entity to which Plaintiffs resold or intended to resell any Product or Competitive Product covered by the order, and the price at which Plaintiffs resold any Product or Competitive Product covered by the order;

   iii. To identify a solicitation shall mean to state the solicitation date, each particular Product or Competitive Product covered by the solicitation, the quantity of each Product or Competitive Product covered by the solicitation, the price to Plaintiffs of each Product or Competitive Product covered by the solicitation, and the identity of the person to whom the solicitation was made.

## Interrogatories (Third Set)

Interrogatory No. 14:

  Identify each purchase of a Product or Competitive Product that you made between January 1, 1993 and the present from anyone other than a Defendant or former Defendant in this action.

Interrogatory No. 15:

  Identify each solicitation for the purchase of a Product or Competitive Product that you made between January 1, 1993 and the present from a supplier other than a Defendant or former Defendant in this action.

Interrogatory No. 16:

For each Product, and for each full or partial calendar year beginning January 1, 1993 to the present, state the name of each Product or Competitive Product that to your knowledge was available for purchase by you from any supplier other than Defendants or former Defendants, and for each such Product or Competitive Product, identify each supplier from which that Product or Competitive Product was available for purchase by you, and state the volume available to you from that supplier in that year and the price at which the Product or Competitive Product was available to you from that supplier in that year.

Interrogatory No. 17:

For each End-User with respect to which you denied any part of The Dow Chemical Company's Request to Admit No. 6, identify that End-User, describe the nature of the interference with your business relationship with that End-User, including:

(a)   the identity of each person who, to your knowledge, took part in that interference;

(b)   the injury the interference caused to each Plaintiff, and as to such injury, the monetary value of that injury, excluding the portion of the injury that was attributable to any source other than the interference; and

(c)   the method by which you calculated your response to (b), including any assumptions made in the process of calculating those responses, and the identity of each document utilized in formulating your response.

3

Interrogatory No. 18:

Identify each purchase from any Defendant or former Defendant of a Product that you then sold in the United States.

Interrogatory No. 19:

If you denied any part of The Dow Chemical Company's Request to Admit No. 8, identify the source of your authority to sell any of the Products in the United States.

Dated: November 2, 2004

Craig A. Raabe (ct 04116)
Edward J. Heath (ct 20992)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
190 S. La Salle Street
Chicago, IL 60603-3441
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street
Washington, DC 20006-1157
(202) 263-3000

Attorneys for Defendant
The Dow Chemical Company

4

## CERTIFICATE OF SERVICE

I, Andrew S. Marovitz, do hereby certify that I caused a true and correct copy of The Dow Chemical Company's Third Set of Interrogatories to be served this date on the following:

Robert M. Langer
Wiggin & Dana LLP
One City Place
185 Asylum Street
Hartford, CT 06103-3402
(by overnight courier)

Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, N.Y. 10022-4689
(by overnight courier)

Alicia L. Downey
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726
(by overnight courier)

Nathan P. Eimer
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
(by overnight courier)

Dated: November 2, 2004

Andrew S. Marovitz

5059611

5