MAYER
BROWN
ROWE
& MAW

December 9, 2004

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Andrew S. Marovitz**
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

**BY FACSIMILE**

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Re:    *MM Global Services, et al. v. The Dow Chemical
Company, et al., Civil No. 3:02 CV 1107 (AVC)*

Dear Richard:

We have reviewed Plaintiffs' December 2, 2004 responses and objections to Defendants' recent discovery requests, and write now to follow-up on what appears to be the inadequate production of documents and information by Plaintiffs in response to those requests. We want to be sure that we have not misunderstood your responses. Please provide us with your position on the following:

**GENERAL OBJECTIONS**

All three of Plaintiffs' discovery responses – responses to the Third Set of Interrogatories, Second Set of Document Production Requests and Second Set of Requests To Admit – contain a list of General Objections. While we are willing to meet and confer to address each such objection individually, it makes no sense to do so unless Plaintiffs actually are withholding documents or information on the basis of such objections. That is not apparent from your responses. Accordingly, let us know

(1)    have any documents or information been withheld on the basis of any of Plaintiffs' General Objections?

(2)    if so, on the basis of which General Objections?

Two of your responses include a General Objection to the definition of "Competitive Product . . . to the extent that it is vague, ambiguous and overbroad." The definition of "Competitive Product," as used in Defendants' requests, is

> for any Product, a product that was, at any time between January 1, 1993 and the present, offered, marketed or sold in competition with, or as an alternative to, that Product.

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Richard S. Taffet, Esq.
December 9, 2004
Page 2

We do not understand how a request for information and documents about products that were
sold in competition with the Products at issue in the case is vague, ambiguous or overbroad in the
context of Plaintiffs' allegation that Defendants violated the Sherman Act by committing resale
price maintenance ("RPM"). Information about competitive transactions is plainly relevant to
that claim and to any alleged damages arising from it. Let us know whether any information or
documents have been withheld on the basis of this General Objection.

## THIRD SET OF INTERROGATORIES[1]

Interrogatory No. 14: This interrogatory seeks the identification of purchases of a Product or
Competitive Product from anyone other than a Defendant or former Defendant. Plaintiffs have
objected to the provision of such information, but agreed to produce "documents that concern
information responsive to Interrogatory No. 14. . . ."

Plaintiffs' answer is insufficient under the Federal Rules. Plaintiffs are permitted to rely upon
Rule 33(d) only if "the answer to an interrogatory may be derived or ascertained from the
business records of the party upon whom the interrogatory has been served" and if Plaintiffs
produce those records. That is not what Plaintiffs' response here offers to provide; instead, it
says that Plaintiffs will produce certain documents that they have selected that "concern
information" responsive to the request. And the documents cited by Plaintiffs' Response (MM
146-230) are a collection of e-mails that do not include invoices, statements or any transactional
documents -- either specific or summary in nature -- evidencing purchases of a Product or
Competitive Product. They do not provide "the order date, the invoice and order numbers, each
particular Product or Competitive Product covered by the order, the quantity of each Product or
Competitive Product covered by the order, the person from whom the purchase was made, the
person to whom or entity to which Plaintiffs resold or intended to resell any Product or
Competitive Product covered by the order, and the price at which Plaintiffs resold any Product or
Competitive Product covered by the Order," all of which were specifically requested by the
interrogatory. See Int. No. 14 and Definition ii. Evidence of these terms of purchases of a
Product or Competitive Product from suppliers other than Defendants is plainly probative of
Plaintiffs' RPM claim.

Please let us know whether Plaintiffs intend to answer the interrogatory as written or provide a
proper Rule 33(d) response.

Interrogatory No. 15: This interrogatory seeks the identification of solicitations for purchases of
a Product or Competitive Product from anyone other than a Defendant or former Defendant.
Plaintiffs have objected to the provision of such information, but agreed to produce "documents
that concern information responsive to Interrogatory No. 15. . . ."

---

[1] For the convenience of the reader, we have summarized the discovery requests and objections. The summaries are
not intended to supplant the actual requests or objections.

Richard S. Taffet, Esq.
December 9, 2004
Page 3

For the reasons identified above in Interrogatory No. 14, Plaintiffs' response is improper. *See also* Definition iii (defining solicitations). Please let us know whether Plaintiffs intend to answer the interrogatory as written or provide a proper Rule 33(d) response.

Interrogatory No. 16: This interrogatory seeks the identification of information regarding Products or Competitive Products that were available to Plaintiffs for purchase from suppliers other than Defendants or former Defendants. Subject to Plaintiffs' objections, Plaintiffs stated that they had no knowledge of any such Products or Competitive Products. Please let us know whether any responsive information is being withheld from Plaintiffs' response on the basis of their objections and, if so, which objections.

Interrogatory No. 17: This interrogatory seeks the identification of the nature of the alleged interference with Plaintiffs' business relationships with the End-Users, including specifically (a) the people involved, (b) the injury caused and monetary value of that injury and (c) the method by which you calculated your response to (b). Plaintiffs provided none of this specific information, falling back instead on general allegations previously included in their complaint. And Plaintiffs state that because discovery is ongoing, they "have not yet fully ascertained the nature and extent of the effect of such communications on their business relationships with the End Users."

Again, this response is insufficient. Plaintiffs must provide whatever responsive information that they have. Thus far, Plaintiffs have provided no specific facts in response to this question, which is at the center of their tort claim: indeed, they have not identified a single person who took part in the alleged interference or a single End-User relationship that was damaged, let alone the damages they purportedly suffered. Please confirm that Plaintiffs will do so promptly (or, alternatively, that they possess no such information).

Interrogatory No. 18: This interrogatory seeks the identification of each purchase from any Defendant or former Defendant of a Product that Plaintiffs then sold in the United States. Subject to their general objections, Plaintiffs stated that "they did not resell any Products in the United States that had not been purchased from any Defendant or former Defendant." Either this response contains a typographical error – the inclusion of the word "not" before "been purchased" – or it is not responsive to the question. Let us know whether Plaintiffs want to rephrase their responses, and confirm that no information is being withheld on the basis of Plaintiffs' objections.

Interrogatory No. 19: This interrogatory seeks "the source of your authority to sell any of the Products in the United States." Plaintiffs object "as the term 'authorized' is vague and ambiguous," and then refer to their response to Request to Admit No. 8, which simply denies the request. That is no answer at all. If Plaintiffs claim in this litigation that they had authority to sell Products in the US, they should identify the source of that authority, whatever they understand it to be. Please let us know whether they intend to do so.

Richard S. Taffet, Esq.
December 9, 2004
Page 4

## SECOND SET OF DOCUMENT REQUESTS

Request 1:     This request seeks the production of documents relating to orders placed by Plaintiffs for a Product or Competitive Product with any supplier other than a Defendant or former Defendant. Plaintiffs objected but, subject to that objection, claim to have produced responsive documents and promise to produce more.

Three questions arise: (a) have any documents been withheld on the basis of any of Plaintiffs' objections, (b) if so, on the basis of which objections and (c) when will Plaintiffs produce the remaining responsive documents?

Request 2:     This request seeks the production of documents relating to solicitations or offers to purchase a Product or Competitive Product with any supplier other than a Defendant or former Defendant. Again, Plaintiffs objected but, subject to that objection, claim to have produced responsive documents and promise to produce more.

The same three questions arise: (a) have any documents been withheld on the basis of any of Plaintiffs' objections, (b) if so, on the basis of which objections and (c) when will Plaintiffs produce the remaining responsive documents?

Request 3:     This request seeks the production of documents relating to offers made by suppliers other than Defendants or former Defendants to sell Products or Competitive Products. Again, Plaintiffs objected but, subject to that objection, claim to have produced responsive documents and promise to produce more.

The same three questions arise: (a) have any documents been withheld on the basis of any of Plaintiffs' objections, (b) if so, on the basis of which objections and (c) when will Plaintiffs produce the remaining responsive documents?

Request No. 4:     This request seeks the production of documents relating to your claim of interference with your business relationship with an End-User. Again, Plaintiffs objected but, subject to that objection, claim to have produced responsive documents and promise to produce more.

The same three questions arise: (a) have any documents been withheld on the basis of any of Plaintiffs' objections, (b) if so, on the basis of which objections and (c) when will Plaintiffs produce the remaining responsive documents?

Request No. 5:     This request seeks the production of affidavits, declarations or other written statements that you or your attorneys provided to or received from any individual who is not employed by you. Plaintiffs stated that, subject to their objections, they have no documents responsive to this request other than affidavits or declarations already served in the litigation.

Two questions arise: (a) have any documents been withheld on the basis of any of Plaintiffs' objections and (b) if so, on the basis of which objections?

Richard S. Taffet, Esq.
December 9, 2004
Page 5

Request No. 6:        This request seeks the production of documents to government bodies that
reflect or report amounts paid by End-Users for the Products.  Plaintiffs have objected to the
production of any such documents, and have stated that the amounts paid by End-Users are
reflected in previously produced documents.

Amounts paid by End-Users for the Products, *as reported to government and taxing authorities*,
are highly probative of Plaintiffs' RPM claim, in that they are statements to government
authorities of actual prices Plaintiffs charged in the marketplace.  Please let us know if Plaintiffs
intend to stand on their objections to this request.

## SECOND SET OF REQUESTS TO ADMIT

Request Nos. 3-7:        Please confirm that no responsive information has been withheld on the
basis of your objections.

Request No. 8:        Please let us know what is "vague and ambiguous" about our request that
Plaintiffs admit that they "were never authorized by Defendants, former Defendants or any of
their affiliates to sell any of the Products in the United States."

We are available to meet with you tomorrow or Monday to discuss your position on these issues.
Please let us know a time that would be convenient for you.


Very truly yours,


Andrew S. Marovitz

cc:        Alicia Downey, Esq.
          Robert M. Langer, Esq.
          Craig A. Raabe, Esq.
          Nathan P. Eimer, Esq.
          Christopher J. Kelly, Esq.