| M A Y E R |
|---|
| B R O W N |
| R O W E |
| & M A W |

December 20, 2004

<u>BY FACSIMILE</u>

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Andrew S. Marovitz**
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

Re:  *MM Global Services, et al. v. The Dow Chemical Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Richard:

I write to summarize our December 16 meet-and-confer session regarding The Dow Chemical Company's November 2 discovery requests to Plaintiffs. Let me know if your understanding of the call differs from this summary in any material way.

### GENERAL OBJECTIONS

Plaintiffs advised that no responsive documents or information had been withheld or would be withheld on the basis of any of their General Objections.

Plaintiffs stated that they were unsure of the meaning of "Competitive Product" as used in the requests. The requests expressly define that term to be,

> for any Product, a product that was, at any time between January 1, 1993 and the present, offered, marketed or sold in competition with, or as an alternative to, that Product.

We disagree that this express definition is unclear in any way. Still, you advised us on the call that Plaintiffs' understanding of "Competitive Product" has been a product that serves the same basic purpose or function as a Product that they sold to End-Users. For purposes of the November 2003 discovery requests, that understanding is acceptable to us.[1]

Plaintiffs advised us that, based upon their understanding and after doing a reasonable search, they found no responsive documents or information about Competitive Products other than what they already produced in documents or interrogatory responses. They also invited Defendants to

---

[1] Indeed, Plaintiffs' own Complaint (at ¶ 51) alleges a far less precise notion of "Competitive Product" – "alternative sources of supply for substitutes to the Products" – than was defined in our discovery requests.

Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles Manchester New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Richard S. Taffet, Esq.
December 20, 2004
Page 2

inquire about specific Competitive Products, by name, if Defendants wish. We will consider that.

**INTERROGATORIES**

Interrogatory Nos. 14-16: Plaintiffs explained that, in response to all of the interrogatories and document requests, the phrase "have produced and/or shall produce documents" actually means that, after a diligent search, Plaintiffs already have produced all responsive documents, and that there are no more responsive documents to produce. They added that their commitment to produce "documents that concern information responsive" to these interrogatories was a commitment to produce documents from which the answer "may be derived or ascertained," as required by Rule 33(d). They added that few such documents and little such information is in their possession because Plaintiffs claim that they were never able to purchase and resell Competitive Products, and that Competitive Products never were available to them from other suppliers. Finally, Plaintiffs admitted that their interrogatory answers do not identify the bates numbers of any responsive documents that were available, but confirmed that all such documents have been produced.

Interrogatory No. 17: Plaintiffs refused to supplement their responses regarding their allegations about interference with End-Users. They claim that every direct act by Defendants with the End-Users constituted interference, that they already have outlined their general theory in their Complaint and that additional questions about specific facts can be asked during depositions.

Plaintiffs also refused to provide any supplementation about the quantification of their alleged damages and their method of calculating that figure. Instead, they confirmed that the relevant information on those topics was provided to Defendants in Plaintiffs' submissions before a settlement conference led by Magistrate Judge Smith, and that Plaintiffs have made those documents part of the discovery record in the case.

Interrogatory No. 18: Plaintiffs confirmed that their answer contains a typographical error – an extra "not" – and should read:

> Subject to the foregoing general objections, Plaintiffs respond that they did not resell any Products in the United States that had been purchased from any Defendant or former Defendant.

Interrogatory No. 19: I addressed this issue in my December 17 letter to you and will look for your response.

**DOCUMENT PRODUCTION REQUESTS**

Request Nos. 1-5: You confirmed that Plaintiffs already have sent to counsel for Defendants all responsive documents in Plaintiffs' possession, custody and control, and that some responsive

Richard S. Taffet, Esq.
December 20, 2004
Page 3

documents were sent in response to earlier requests. You also confirmed that no documents were withheld from production on the basis of any of Plaintiffs' objections.

Request No. 6: Plaintiffs initially refused to produce documents responsive to this request for copies of certain materials submitted to governmental authorities, but then agreed to determine whether they have in their possession, custody or control responsive documents reflecting individual transactions with End-Users regarding the Products. Please let us know whether Plaintiffs have any such documents and, if they do, when they will be produced. Plaintiffs did say that all tariff documents regarding the Products previously were sent to Defendants.

At the same time, Plaintiffs made clear that they will not produce responsive documents that reflect or report aggregate amounts paid by End-Users for the Products. Plaintiffs do not know whether they even possess such documents, and will not look for them, on the grounds that such documents are not relevant to the issues in dispute.

**REQUESTS TO ADMIT**

Request Nos. 3-7: Plaintiffs confirmed that no responsive information was withheld on the basis of their objections, and that Plaintiffs' answers to the requests would not have changed if Plaintiffs' objections had not been asserted.

Request No. 8: I addressed this issue in my December 17 letter to you and will look for a response.

Very truly yours,

Andrew S. Marovitz

cc:  Robert M. Langer, Esq.
     Alicia Downey, Esq.
     Craig A. Raabe, Esq.
     Nathan P. Eimer, Esq.
     Christopher J. Kelly, Esq.