UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL
SERVICES PTE. LTD., and MEGAVISA
SOLUTIONS (S) PTE. LTD.,

                Plaintiffs,

-v-

THE DOW CHEMICAL COMPANY, UNION
CARBIDE CORPORATION, UNION CARBIDE
ASIA PACIFIC, INC., UNION CARBIDE
CUSTOMER SERVICES PTE. LTD., AND DOW
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,

                Defendants.

Civil No. 302 CV 1107 (AVC)

December 2, 2004

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO THE DOW CHEMICAL COMPANY'S SECOND SET OF REQUESTS TO ADMIT

Pursuant to Federal Rules of Civil Procedure 26 and 36, the Local Rules of this Court, and the parties' Stipulated Protective Order dated December 17, 2002, Plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively, "Plaintiffs"), by their undersigned attorneys, Bingham McCutchen LLP and Wiggin and Dana LLP, hereby answer and object to defendant The Dow Chemical Company's Second Set of Requests to Admit (the "Requests") in the above captioned action.

### GENERAL OBJECTIONS

1. Plaintiffs object to the definition of "Competitive Product," to the extent that it is vague, ambiguous, and overbroad.

2. Plaintiffs object to the Requests to the extent they do not specify a time period and to the extent they seek information outside of the relevant time period.

3. Plaintiffs object to the Requests to the extent they seek information that is not in Plaintiffs' possession, custody or control.

4. Plaintiffs object to the Requests to the extent they seek information constituting privileged communications, attorney work-product or trial preparation.

5. Plaintiffs object to the Requests to the extent they seek information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence..

6. Plaintiffs object to the Requests to the extent they are ambiguous, vague or otherwise incomprehensible.

7. Plaintiffs object to the Requests to the extent they seek legal conclusions.

8. These General Objections are incorporated by reference into Plaintiffs' response to each specific Request. The fact that an answer is given does not waive any general or specific objection.

9. Plaintiffs will answer the Requests on the basis of information currently known and reserve the right to modify and/or supplement the Answers contained herein, including based upon information obtained from Defendants in this case.

## SPECIFIC ANSWERS AND OBJECTIONS

### REQUEST NO. 3:

Admit that between 1993 and March 31, 2002, you never purchased a Product or Competitive Product from anyone other than a Defendant or former Defendant in this action.

### RESPONSE TO REQUEST NO. 3:

Subject to the foregoing general objections, admitted as to Products, but denied as to "Competitive Products," as the term is vague, ambiguous, and overbroad. By way of further response, Plaintiffs admit that their efforts to solicit alternative sources of materials for resale to their customers during the period in question were unsuccessful.

### REQUEST NO. 4:

Admit that between 1993 and March 31, 2002, you never solicited the purchase of a Product or Competitive Product from anyone other than a Defendant or former Defendant in this action.

### RESPONSE TO REQUEST NO. 4:

Subject to the foregoing general objections, denied. Also denied as to "Competitive Products," as the term is vague, ambiguous, and overbroad. By way of further response, Plaintiffs admit they sought and solicited, from Defendants and/or former Defendants and others, alternative sources of materials for resale to customers whom Defendants and/or former Defendants were unable or unwilling to supply during the time period in question.

### REQUEST NO. 5:

Admit that between 1993 and March 31, 2002, for each Product, the same Product or a Competitive Product was available for purchase by you or from one or more suppliers other than Defendants and former Defendants in this action.

### RESPONSE TO REQUEST NO. 5:

Subject to the foregoing general objections, denied. Also denied as to "Competitive Products," as the term is vague, ambiguous, and overbroad. By way of further response, Plaintiffs admit that their efforts to solicit alternative sources of materials for resale during the

3

period in question were unsuccessful.

### REQUEST NO. 6:

Separately for each (a) Defendant and former Defendant and (b) End-User identified in the list titled "End Users of Products" sent by Richard S. Taffet, Esq. to Andrew S. Marovitz, Esq. on July 6, 2004, admit that the Defendant or former Defendant never interfered with your business relationship with the End-User.

### RESPONSE TO REQUEST NO. 6:

Plaintiffs object, as the term "interfered" is vague and ambiguous and discovery concerning Defendants' interference with Plaintiffs' business relationships with the End-Users is in the possession of the Defendants and former Defendants and has not yet been provided to Plaintiffs, notwithstanding requests therefor. Subject to the foregoing general and specific objections, as to each End-User at issue, denied.

### REQUEST NO. 7:

Admit that Plaintiffs never sold any of the Products in the United States.

### RESPONSE TO REQUEST NO. 7:

Subject to the foregoing general objections, admitted.

### REQUEST NO. 8:

Admit that Plaintiffs were never authorized by Defendants, former Defendants or any of their affiliates to sell any of the Products in the United States.

**RESPONSE TO REQUEST NO. 8:**

Subject to the foregoing general objections, and the further objection that the term "authorized" is vague and ambiguous, denied.

BINGHAM McCUTCHEN LLP

By: _____
Richard S. Taffet (ct 10201)
Alicia Downey (ct 22066)

399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

5

## CERTIFICATE OF SERVICE

I, Nia Cross, hereby certify that on this date I caused true and correct copies of the foregoing to be served on the following via overnight courier:

Craig A. Raabe, Esq.  
Robinson & Cole LLP  
280 Trumbull Street  
Hartford, CT 06103-3597

Andrew S. Marovitz, Esq.  
Mayer, Brown, Rowe & Maw LLP  
190 South LaSalle Street  
Chicago, IL 60603

Christopher J. Kelly, Esq.  
Mayer, Brown, Rowe & Maw LLP  
1909 K Street, N.W.  
Washington, DC 20006-1101

Nathan P. Eimer, Esq.  
Eimer Stahl Klevorn & Solberg LLP  
224 South Michigan Avenue, Suite 1100  
Chicago, IL 60604

Dated: December 2, 2004

_____  
Nia Cross

LITDOCS/578302.1