**BINGHAM McCUTCHEN**

Alicia L. Downey
Direct Phone: (617) 951-8187
alicia.downey@bingham.com

December 21, 2004

**Via Facsimile (312) 706-8651**

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, Illinois 60603

Re: *MM Global Services Inc. v. The Dow Chemical Co.*

Dear Andy:

We are in receipt of your letter of yesterday evening. As you requested, this is to let you know that our understanding of the December 16 conference call materially differs from your summary. Please note that unless otherwise stated below, we do not agree with your characterization of our positions or any of our statements. We address each of your points in turn.

With regard to the General Objections, we stated to you only that we were not presently aware of any responsive documents being withheld from production on the basis of those objections.

We maintain our valid objection to the term "Competitive Product" as vague. Moreover, in this context, such a term arguably calls for a legal conclusion. Just as you required plaintiffs to identify more precisely the "Products" (which information was provided to you), so we require defendants to define what they mean by "Competitive Products." Your letter is correct only to the extent that you acknowledge that we advised you that we would be glad to revisit your discovery requests in the light of a more precise definition of the term, including the name of the specific product you wish to inquire about and its supplier, to be provided by you.

### Interrogatories

Interrogatories 14-16. You state that we "admitted" that the interrogatory answers do not identify the Bates numbers of any responsive documents that were available, but confirmed that all such documents have been produced. This is false. We did not "admit" any such thing. We pointed out that the interrogatories were objectionable because they were duplicative and oppressive, and we did not

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Mr. Andrew S. Marovitz
December 21, 2004
Page 2 of 3

go back and review documents that had previously been produced. The Interrogatory answers are clear on their face, however, and many, if not most, documents from which responsive information may be ascertained are identified by Bates number. If and when any additional responsive documents come to light, they will be produced.

Interrogatory 17. We maintain our objection to your request to provide a more detailed response. We pointed out that the inquiry about the "interference" with plaintiffs' customer relations was understood to include all of defendants' conduct that caused plaintiffs to lose all their customers. The answer provided is fully responsive, based on the discovery accomplished to date. We did not refuse to supplement the answer, should documents and information in defendants' possession warrant supplementation. However, defendants have failed to produce this discovery for years, on various pretextual grounds. If they have specific questions concerning specific customers, a deposition is better suited to obtain the information Finally, we confirmed that the calculation of damages resulting from defendants' interference and the basis for the calculation have been provided to you. We reserve the right to supplement or amend that calculation as discovery progresses.

Interrogatory 19. If possible, we will undertake to provide an answer in light of your December 17 letter.

Document Requests 1-5. We stated that no additional, responsive document production was in progress at this time. With regard to documents withheld on the basis of general objections, see above.

Request 6. In response to this request, we said we had no idea what defendants were looking for—and you confirmed that you had no idea either. We also pointed out that we were not aware of any documents that would be submitted to a government agency that revealed the price paid by an end user in connection with a specific transaction. Notwithstanding our valid objections to the purely cumulative nature of this request (since documents reflecting the prices paid by end users on a transaction by transaction basis have already been produced), we said that we would at least inquire of our clients about whether such documents exist. You initially agreed with that suggestion, but then later said that you also wanted any documents submitted to a government agency that revealed the aggregate sales of UCC/Dow products within any given year, which contradicts the rationale for the request set forth in your December 9 letter.

Your second paragraph regarding Request 6, which purports to summarize what "Plaintiffs made clear" is just plain wrong. First, there can be no responsive documents to a request that makes no sense. Second, we never talked about "documents that reflect or report aggregate amounts paid by End-Users for the Products" generally. We discussed only documents submitted to governmental

Bingham McCutchen LLP
bingham.com

Mr. Andrew S. Marovitz
December 21, 2004
Page 3 of 3

authorities that showed the aggregate sales of all UCC/Dow products within a year. Without commenting further on the difficulty of trying to hit a constantly moving target or the lack of any basis for your asserted need to see whether documents submitted to governmental agencies might differ from the documents already in defendants' possession, and without waiving any previously asserted objections, we said we would inquire, and we have inquired, whether documents meeting these various descriptions exist. We are awaiting that information.

Bingham McCutchen LLP
bingham.com

Requests to Admit 3-7. The responses speak for themselves, as do the objections.

Request to Admit 8. We will undertake to provide an answer that responds to this request to admit, in light of your December 17 letter.

Thank you for your attention to the above.

Very truly yours,

Alicia L. Downey

cc: Craig A. Raabe, Esq. (via facsimile)
Christopher J. Kelly, Esq. (via facsimile)
Nathan P. Eimer, Esq. (via facsimile)
Richard S. Taffet, Esq. (via facsimile)
Robert M. Langer, Esq. (via facsimile)

**BINGHAM McCUTCHEN**

# Facsimile

DATE: December 21, 2004

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Andrew S. Marovitz, Esq. | 312-706-8651 | |
| | Craig A. Raabe, Esq. | 860-275-8299 | |
| | Nathan P. Eimer, Esq. | 312-692-1718 | |
| | Christopher J. Kelly, Esq. | 202-263-5285 | |
| | Richard S. Taffet, Esq. | 212-702-3603 | |
| | Robert M. Langer, Esq. | 860-525-9380 | |

FROM: Alicia L. Downey        (617) 951-8736        (617) 951-8187
alicia.downey@bingham.com

PAGES: (INCLUDING THIS COVER PAGE): 4

RE: *MM Global Services Inc. v. The Dow Chemical Co.*

MESSAGE:

For transmission problems, please call (617) 951-8586
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 3065 | Client/Matter No: | 3001613/307959 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | Megavisa/Dow Chemical | | | |
| Return To: | Alicia Downey | | Floor No: 17 | |

LITDOCS/570190.1