MAYER
BROWN
ROWE
& MAW

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Andrew S. Marovitz**
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

December 17, 2004

**BY FACSIMILE**

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Re:   *MM Global Services, et al. v. The Dow Chemical
        Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Richard:

During yesterday's call, counsel for the parties discussed (among other things) Plaintiffs' objection to the use of the term "authorized" in Request To Admit No. 8 and in Interrogatory No. 19. We said that we would follow-up on that specific point today, in an effort to avoid unnecessary motion practice.

1.   The Dow Chemical Company asked Plaintiffs in Request To Admit No. 8 to admit that Plaintiffs "were never authorized by Defendants, former Defendants or any of their affiliates to sell any of the Products in the United States." Plaintiffs claimed in an objection that the term "'authorized' is vague and ambiguous," and stated during the call that the term might include an authorization by silence (in other words, a failure to expressly prohibit). While we disagree that the terms of the actual request, as served, are ambiguous, we would like to resolve this issue, if we can. To address the point you raise, by using the word "authorized" in Request To Admit No. 8, we mean an authorization *by any affirmative statement or affirmative act* by Defendants, former Defendants or any of their affiliates. Please advise whether this additional information permits Plaintiffs to answer the request and, if so, what Plaintiffs' answer is.

2.   Interrogatory No. 19 is derivative of Request To Admit No. 8, as is Plaintiffs' objection. If, notwithstanding the explanation provided above, you continue to deny Request To Admit No. 8, we've asked that Plaintiffs identify the "source" of that authority – that is, the "affirmative statement or affirmative act" (including the declarant/actor and the date of the statement/act) – that supports any such denial.

Very truly yours,

Andrew S. Marovitz

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Case 3:02-cv-01107-AVC    Document 269-3    Filed 02/18/2005    Page 3 of 3

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
December 17, 2004
Page 2

cc:   Robert M. Langer, Esq.
      Alicia Downey, Esq.
      Craig A. Raabe, Esq.
      Nathan P. Eimer, Esq.
      Christopher J. Kelly, Esq.