| M A Y E R |
| B R O W N |
| R O W E |
| & M A W |

December 27, 2004

**BY FACSIMILE (617.951.8736)**

Alicia L. Downey, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Andrew S. Marovitz**
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

Re:   *MM Global Services Inc. et al. v. The Dow Chemical Company et al.*

Dear Alicia:

I am writing consistent with my conversation with you and Richard Taffet on December 22, just before the holiday. With respect to our exchange of letters on December 20 and 21, please confirm the following:

1.   Plaintiffs' answer to Interrogatory No. 18 contains a typographical error – an extra "not" – and should read:

> Subject to the foregoing general objections, Plaintiffs respond that they did not resell any Products in the United States that had been purchased from any Defendant or former Defendant.

2.   Plaintiffs construed the phrase "Competitive Products," as defined in the discovery requests, to mean products that they understood serve the same basic purpose or function as Products that they sold to End-Users. Plaintiffs have conducted a reasonable search and have produced all such documents of which Plaintiffs are aware. They also have invited Defendants to inquire about specific Competitive Products, by name of product and supplier.

3.   Plaintiffs' use of the phrase "have produced and/or shall produce documents" in their discovery responses means that all responsive documents have been produced.

4.   Plaintiffs' statement in their interrogatory responses that they have produced "documents that concern information" is equivalent to a statement that they produced documents from which the answer "may be derived or ascertained" as required by Rule 33(d).

5.   Plaintiffs have not knowingly withheld responsive documents from production on the basis of their objections to Document Production Requests 1-5.

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Alicia L. Downey, Esq.
December 27, 2004
Page 2

6.  Plaintiffs' answers – the admissions or denials, respectively – to Requests To Admit 3-7 would not change if Plaintiffs had never asserted their objections. (Put another way, there is no need to resolve these objections because the substantive admissions or denials would remain the same regardless whether the objections were sustained or overruled.)

Differences remain between the parties on several key discovery issues, but the purpose of my call last week and this letter today is to ensure that we have not misunderstood each other on the discrete points noted above, in light of your December 21 letter's third sentence that "unless otherwise stated below, we do not agree with your characterization of our positions or any of our statements."

If the understandings expressed in this letter are mistaken, please let me know how.

Finally, Judge Covello asked the parties at the end of the call last week to schedule another call with him in early January to discuss Plaintiffs' forthcoming letter providing the specifics of their answers to Interrogatory No. 17. Let us know what times on January 6, 7 or 10 work for you so that we can propose a time that is convenient for everyone.

Very truly yours,

Andrew S. Marovitz

cc:  Christopher J. Kelly, Esq.
     Robert M. Langer, Esq.
     Craig A. Raabe, Esq.
     Richard S. Taffet, Esq. (by e-mail)
     Nathan P. Eimer, Esq.