Exhibit 18

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL
SERVICES PTE. LTD., and MEGAVISA
SOLUTIONS (S) PTE. LTD.,

                    Plaintiffs,

                -v-

THE DOW CHEMICAL COMPANY, UNION
CARBIDE CORPORATION, UNION CARBIDE
ASIA PACIFIC, INC., UNION CARBIDE
CUSTOMER SERVICES PTE. LTD., AND DOW
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,

                  Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil No. 302 CV 1107 (AVC)

**December 2, 2004**

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO THE DOW CHEMICAL COMPANY'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26, 33 and 37, the Local Rules of this Court, and the parties' Stipulated Protective Order dated December 17, 2002, Plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively, "Plaintiffs"), by their undersigned attorneys, Bingham McCutchen LLP and Wiggin and Dana LLP, hereby answer and object to defendant The Dow Chemical Company's Third Set of Interrogatories (the "Interrogatories") in the above captioned action.

## GENERAL OBJECTIONS

1.    Plaintiffs object to the extent the Interrogatories request information previously provided by Plaintiffs to Defendants, or which can be derived by Defendants from documents previously produced by Plaintiffs to Defendants, in this case.

2.  Plaintiffs object to the definition of "Competitive Product," to the extent that it is vague, ambiguous and overbroad.

3.  Plaintiffs object to the Interrogatories to the extent they do not specify a time period and to the extent they seek information outside of the relevant time period.

4.  Plaintiffs object to the Interrogatories to the extent they seek information that is not in Plaintiffs' possession, custody or control.

5.  Plaintiffs object to the Interrogatories to the extent they seek information constituting privileged communications, attorney work-product or trial preparation.

6.  Plaintiffs object to the Interrogatories to the extent they seek information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

7.  Plaintiffs object to the Interrogatories to the extent they are overly broad, unduly burdensome, or oppressive.

8.  Plaintiffs object to the Interrogatories to the extent they are ambiguous, vague or otherwise incomprehensible.

9.  Plaintiffs object to the Interrogatories to the extent they seek legal conclusions.

10.  Plaintiffs reserve the right to modify and/or supplement the Answers contained herein.

## SPECIFIC ANSWERS AND OBJECTIONS

The General Objections detailed above apply to and are hereby incorporated by reference into each of the following specific responses.

## INTERROGATORY NO. 14:

Identify each purchase of a Product or Competitive Product that you made between January 1, 1993 and the present from anyone other than a Defendant or former Defendant in this action.

## RESPONSE TO INTERROGATORY NO.14:

Plaintiffs object to this Interrogatory because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs have produced and/or shall produce documents that concern information responsive to Interrogatory No. 14, including documents numbered MM 000146 – MM 000230, as well as previously produced documents concerning their transactions with alternative sources of material for resale to customers whom Defendants and their affiliates were unable or unwilling to supply.

## INTERROGATORY NO. 15:

Identify each solicitation for the purchase of a Product or a Competitive Product that you made between January 1, 1993 and the present from a supplier other than a Defendant or former Defendant in this action.

## RESPONSE TO INTERROGATORY NO.15:

Plaintiffs object to this Interrogatory because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive

3

Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and

specific objections and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs have produced and/or shall

produce documents that concern information responsive to Interrogatory No. 15, including

documents numbered MM 000146 – MM 000230, as well as previously produced documents

concerning their transactions with alternative sources of material for resale to customers whom

Defendants and their affiliates were unable or unwilling to supply.

## INTERROGATORY NO. 16:

For each Product, and for each full or partial calendar year beginning January 1, 1993 to
the present, state the name of each Product or Competitive Product that to your knowledge was
available for purchase by you from any supplier other than Defendants or former Defendants,
and for each such Product or Competitive Product, identify each supplier from which that
Product or Competitive Product was available for purchase by you, and state the volume
available to you from that supplier in that year and the price at which the Product or Competitive
Product was available to you from that supplier in that year.

## RESPONSE TO INTERROGATORY NO.16:

Plaintiffs object to this Interrogatory because it is overbroad, unduly burdensome, and

seeks information not relevant to a claim or defense of any party and not reasonably calculated to

lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive

Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and

specific objections, Plaintiffs state that they did not have knowledge of any Product or

Competitive Product available to them for purchase from any supplier other than the Defendants,

the former Defendants, or their affiliates.

## INTERROGATORY NO. 17:

For each End-User with respect to which you denied any part of The Dow Chemical
Company's Request to Admit No. 6, identify that End-User, describe the nature of the
interference with your business relationship with that End-User, including:

(a)    the identity of each person who, to your knowledge, took part in that

4

interference;

(b)     the injury the interference caused to each Plaintiff, and as to such injury, the monetary value of that injury, excluding the portion of the injury that was attributable to any source other than the interference; and

(c)     the method by which you calculated your response to (b), including any assumptions made in the process of calculating those responses, and the identify of each document utilized in formulating your response.

## RESPONSE TO INTERROGATORY NO.17:

Plaintiffs object to this Interrogatory as the term "interference" is vague and ambiguous. Subject to the foregoing general and specific objections, Plaintiffs note that discovery concerning communications between and among Defendants, former Defendants, and the End Users is ongoing and, therefore, Plaintiffs have not yet fully ascertained the nature and extent of the effect of such communications on their business relationships with the End Users.

Notwithstanding the foregoing, Plaintiffs state that Defendants and/or former Defendants or their affiliates interfered with Plaintiffs' business relationships with each End User by: refusing to fill orders or authorize new orders for reasons that were not justified; purposefully and intentionally implementing substantial but unjustified credit modifications that they knew would and did cause tremendous financial difficulties for Plaintiffs; contacting Plaintiffs' customers directly and informing them that Plaintiffs were experiencing financial difficulties; altering well-established billing practices in a manner that was intended to and did adversely affect Plaintiffs' cash flow, which was used as a pretext to deprive Plaintiffs of Products that Plaintiffs had committed to their End Users; and imposing unjustified credit holds on shipments to Plaintiffs.

As a result of these actions, Plaintiffs' End Users, among other things, lost confidence in Plaintiffs' ability to supply them with the Products, the End Users were often unable to obtain

Products that had already been ordered from Plaintiffs, and as a result Plaintiffs' End Users, many of which were longstanding customers, were induced to establish relationships with other vendors.

## INTERROGATORY NO. 18:

Identify each purchase from any Defendant or former Defendant of a Product that you then sold in the United States.

## RESPONSE TO INTERROGATORY NO.18:

Subject to the foregoing general objections, Plaintiffs respond that they did not resell any Products in the United States that had not been purchased from any Defendant or former Defendant.

## INTERROGATORY NO. 19:

If you denied any part of The Dow Chemical Company's Request to Admit No. 8, identify the source of your authority to sell any of the Products in the United States.

## RESPONSE TO INTERROGATORY NO.19:

Plaintiffs object to this Interrogatory as the term "authorized" is vague and ambiguous.

Subject to the foregoing general and specific objections, Plaintiffs refer to response to Request to Admit No. 8.

AS TO OBJECTIONS:

BINGHAM McCUTCHEN LLP

By:
Richard S. Taffet (ct 10201)
Alicia Downey (ct 22066)

399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

## VERIFICATION

Paresh Zaveri declares under penalty of perjury, that:

He is authorized to sign these answers on behalf of Plaintiffs; and he believes

Plaintiffs' answers to The Dow Chemical Company's Third Set of Interrogatories to be true to

the best of his knowledge, information and belief.


Dated:  December 1, 2004

_____

Paresh Zaveri

## CERTIFICATE OF SERVICE

I, Nia Cross, hereby certify that on this date I caused true and correct copies of the foregoing to be served on the following via overnight courier:

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603

Christopher J. Kelly, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

Nathan P. Eimer, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Dated: December 2, 2004

_____
Nia Cross

LITDOCS/578310.2

9