UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL
SERVICES PTE. LTD., AND MEGAVISA
SOLUTIONS (S) PTE. LTD.,

                     Plaintiffs,

    v.

THE DOW CHEMICAL COMPANY, UNION
CARBIDE CORPORATION, AND UNION
CARBIDE ASIA PACIFIC, INC.,

                     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
NO. 3:02 CV 1107 (AVC)

March 9, 2005

## PLAINTIFFS' OPPOSITION TO THE DOW CHEMICAL
## COMPANY'S MOTION TO COMPEL DISCOVERY RESPONSES

BINGHAM McCUTCHEN LLP
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

*Attorneys for Plaintiffs MM Global Services Inc., MM Global Pte. Ltd.
and Megavisa Solutions (S) Pte. Ltd.*

# I.    PRELIMINARY STATEMENT

On February 18, 2005, defendant The Dow Chemical Company ("Dow") served the instant Motion to Compel Discovery Responses. It purports to request the Court's assistance in compelling plaintiffs to respond further to certain interrogatories, document requests, and requests for admission. Prior to the filing of this motion, the Court had entered a stipulated Scheduling Order, dated February 7, 2005 (the "Scheduling Order"), which addresses each of the issues raised in the motion. Further, on February 28, 2005, in accordance with the Scheduling Order, plaintiffs served their supplemental discovery responses. *See* Exhibits A-C attached hereto.

Thus, not only was this motion premature and without basis when made, it is now moot. Indeed, it is just another example of the frivolous and unnecessary motion practice that defendants have pursued throughout this litigation, and is plainly intended simply to distract from defendants' own discovery deficiencies and abuses.

Defendants' discovery responses dated March 1, 2005 are illustrative. Notwithstanding repeated representations to plaintiffs and the Court that discovery responses would be made promptly and on a rolling basis, starting on March 1, 2005 – the deadline for production of all documents on these subject matters – defendants produced 21 boxes of new documents.[1] Then, on March 2, 3, 4 and 9, beyond the date for compliance established by the Scheduling Order, defendants produced four hard drives containing nearly 1.3 million images of documents. While efforts have been started immediately to review this production to determine whether it constitutes a complete response to this phase of plaintiffs' discovery requests, such an exercise will take some time because defendants have apparently done everything in their power to make it difficult, if not impossible, to undertake this task. For example, defendants have produced the

---

[1] The Scheduling Order provides that "[b]y March 1, 2005, Defendants shall complete their production of documents from the locations specified in their October 15, 2004 letter to plaintiffs and in their December 14, 2004 letter to this Court (the "Letters") that are responsive to the subject matters identified in the Letters."

electronic documents in a manner that does not allow the documents to be sorted or organized in any manner. For the first three hard drives, defendants have provided only the broadest of descriptions of the subject matter of the electronic documents, stating either that they are "[c]ommercial, marketing, planning, strategic and other documents relating to business activities," or "[d]ocuments relating to business activities, including but not limited to, the sale of Products."[2] They have provided absolutely no descriptions for the last hard drive. Thus, absent a review of each document, which for the technical reasons described has been made difficult, it cannot even be determined whether defendants have complied with the Scheduling Order and produced documents concerning each of the subject matters identified in counsel's October 15, 2004 and December 14, 2004 letters.[3] *See* Scheduling Order at ¶ 1. All that being said, the inadequacies of defendants' discovery responses, the depths of which are first being identified, only puts in context the frivolousness of the instant motion. It should be denied in all respects.

## II.    ARGUMENT

Dow claims that there are three areas relating to plaintiffs' discovery responses that are in dispute: (1) the adequacy of plaintiffs' response to Interrogatory 17 of Dow's Third Set of Interrogatories;[4] (2) plaintiffs' production of documents stating sales revenues to government agencies;[5] and (3) what Dow calls "meet-and-confer" issues.[6] The so-called "meet-and-confer"

---

[2] One category of documents from the files of Dow's corporate secretary has been described as "[d]ocuments pertaining to the merger transaction."

[3] Plaintiffs have made an urgent request for defendants to address these issues, and others, but have yet to receive a response. *See* Exhibit D attached hereto (letter dated March 7, 2005 from Richard S. Taffet to Andrew S. Marovitz)

[4] The Dow Chemical Company's Memorandum Of Law In Support Of Motion To Compel Discovery Responses ("Dow Mem.") at 2.

[5] Dow Mem. at 6.

[6] Dow Mem. at 7

issues relate to Dow's suggestion that it has not been provided certain confirmations in writing relating to plaintiffs' positions and that plaintiffs have refused to produce certain documents. Dow Mem. at 7-8. In each instance, these are false issues.

### A.    Answer To Interrogatory 17

Dow's argument in connection with plaintiffs' answer to Interrogatory 17 is, in essence, that the information that plaintiffs have supplied throughout this case concerning their tort claim is not in the format or presented with the specificity they desire. They further argue that the evidence supplied is insufficient to make out a claim. *See* Dow Mem. at 10-11. These, however, are the same arguments they have made, unsuccessfully, in prior discovery motions and during the most recent conferences with the Court. In response, plaintiffs have repeatedly explained and recounted the evidence produced in discovery that identifies its end-users and the conduct known to date concerning defendants' tortious conduct. An overview of such evidence was submitted to the Court, at the Court's direction, in advance of and in compliance with the Scheduling Order, by letter dated January 13, 2005.[7]

In continuing to argue the inadequacy of this evidence, Dow ignores the Court's orders and plaintiffs' compliance therewith on this issue.[8]  For example, for Dow to argue, as it does, that it has been presented with nothing more than allegations in the complaint (Dow Mem. at 10-11) ignores all of the evidence disclosed to date, including as identified in the January 13, 2005 submission.  Further, for Dow to suggest that plaintiffs have not provided all information currently in their possession (Dow Mem. at 11) indicates nothing more than Dow's unsustainable position that, at this stage of the proceeding, plaintiffs are obligated to present an answer in the

---

[7] The January 13 submission is duly incorporated by reference in Plaintiffs' supplemental response to Interrogatory 17. *See* Exhibit A attached hereto (Plaintiffs' Supplemental Answers to The Dow Chemical Company's Third Set of Interrogatories).

[8] In addition to providing the Court with the January 13, 2005 letter, plaintiffs complied with the Court's June 29, 2004 Order denying defendants' earlier discovery motion, by supplying defendants with the name of each end-user customer. Now defendants complain about that as well. *See* Dow Mem. at 2.

form demanded by Dow. It is not their obligation to do so, especially in light of the volume of evidence produced as described in the January 13 submission.[9] Moreover, that Dow may insist that, in its limited view of plaintiffs' tort claim, the evidence identified is not sufficient to make out a claim is of no moment. It will have the opportunity to argue that position after discovery is completed.

It is also patently disingenuous for Dow to characterize this dispute as one involving plaintiffs' refusal to respond to Interrogatory 17 simply because defendants possess information on this subject matter (which, of course, they do). *See* Dow Mem. at 11. Plaintiffs have responded – over and over and over again. As set forth in the January 13 submission, plaintiffs have done so in connection with Interrogatory 17, as well as in connection with defendants' prior interrogatories that sought the same information.[10]

Equally off the mark is Dow's suggestion that it has the right to compel interrogatory answers in the format it desires, rather than pursue its inquiry through use of other more efficient discovery tools. *See* Dow Mem. at 12. Dow argues that different discovery methods are

---

[9] *See Guinyard v. City of New York*, 800 F. Supp. 1083, 1086 (E.D.N.Y. 1992) (rejecting defendant's objection to plaintiffs' response to interrogatory where plaintiffs did not respond in the form requested, where report submitted by plaintiffs "sufficiently set forth plaintiffs' theory and evidence to support it"); 8A Fed. Prac. & Proc. Civ. 2d § 2181("So far as interrogatories require the production of information, parties must disclose whatever information they have as of the time of the demand by the interrogatories. However, the parties should not be bound by these answers, if in the interim between the time of the answers and the trial, they obtain by subsequent investigation new or additional facts. The parties will not be prevented from offering this further information on trial. The discovery rules are not to be employed as a stratagem to maneuver an adverse party into an unfavorable position.") (quoting *McElroy v. United Air Lines, Inc.*, 21 F.R.D. 100, 102 (D. Mo. 1957)).

[10] The cases cited by Dow are not to the contrary. All involved an absence of a discovery response, rather than as here, where a party (Dow) simply states that it is unsatisfied with the evidence that has been supplied or that in its view of the case, albeit incorrect, the evidence is insufficient to prove a claim. *See, e.g., Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 449 (2d Cir. 1975) (defendant failed to disclose "crucial" expert testimony in response to interrogatory); *Novak v. Good Will Grange No. 127, Patrons of Husbandry, Inc.*, 28 F.R.D. 394, 395 (D. Conn. 1961) (defendants refused to respond to interrogatory on ground that plaintiff already knew the answers). Likewise inapt are *In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 25 (D. Conn. 2003) (rejecting defendants' argument that production of any documents would be costly and burdensome), and *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 44 (N.D.N.Y. 1997) (requiring disclosure of information not protected by work product doctrine).

complementary, to which there is no dispute. There also should be no dispute, however, that where specific inquiries can be made more efficiently using one discovery method rather than another, it is entirely appropriate to have the party seeking discovery use that more efficient method, rather than play the type of games as Dow is engaged in here. *See, e.g., Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 167-168 (S.D.N.Y. 2004) (Fed. R. Civ. P. 26(b)(2) incorporates proportionality test that permits discovery to be obtained "from some other source that is more convenient, less burdensome, or less expensive") (quoting Fed. R. Civ. P. 26(b)(2)); *Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 0676, 2001 WL 1425381, at *3 (S.D.N.Y. Nov. 14, 2001) ("Rule 26(b)(2) now provides that the court may limit discovery upon finding that . . . 'the discovery sought is . . . obtainable from some other source that is more convenient, less burdensome, or less expensive'").

In short, this is just the latest attempt by Dow (no doubt also on behalf of the other defendants) to try to pigeon hole plaintiffs' discovery responses into some rubric from which it will argue that there is no liability on plaintiffs' tort claims. But, again, "[t]he discovery rules are not to be employed as a stratagem to maneuver an adverse party into an unfavorable position."[11] Plaintiffs have disclosed the evidence that they are aware of at the present time, and they will show at trial how it, together with the evidence that defendants have (or should have) produced, establish defendants' negligent misrepresentation.

### B.    Statements To Governmental Bodies

Dow complains that plaintiffs have not produced documents submitted to governmental bodies or tax authorities related to either individual or aggregate amounts paid by end-users to plaintiffs for the Products. Dow Mem. at 6. Dow made this part of its motion, and wastes five pages of discussion on it (*see* Dow Mem. at 13-18), even though, assuming it is an issue at all, plaintiffs had committed to address this point as part of the meet-and-confer conferences with

---

[11] 8A Fed. Prac. & Proc. Civ. 2d § 2181.

defendants' counsel and consistent with the Scheduling Order. Moreover, if there was any question whether plaintiffs would or would not address this point, any doubt should have been resolved by the communication to defendants' counsel dated February 17, 2005 (Dow Mem., Exhibit 17). Nonetheless, Dow jumped the gun to create an issue where absolutely none existed, and has put plaintiffs and the Court through the burden of having to waste resources and time addressing it.

Further, consistent with the Scheduling Order, plaintiffs' February 28, 2005 supplemental discovery responses expressly address this issue and make clear that they do not possess either category of documents at issue here. *See, e.g.,* Exhibit B attached hereto (Plaintiffs' Supplemental Responses to The Dow Chemical Company's Second Set of Document Requests on Merits Discovery). Remarkably, Dow still cannot bring itself to acknowledge that no issue remains here.[12]

### C.    Meet-And Confer Issues

The remainder of Dow's memorandum seeks to address what it describes as "meet-and-confer" issues. Dow has grouped these into three categories. None, however, involve any issue that should have even been brought to the Court's attention.

The first category concerns defendants' purported authorization of plaintiffs to sell products in the United States. Dow Mem. at 18-20. Dow now concedes this issue is moot based upon plaintiffs' compliance with the Scheduling Order.[13] *See also* Exhibit C attached hereto. It should be commented, though, that Dow wholly distorts the discussions among counsel concerning the ambiguities raised by the interrogatory in question, but that too is moot. The bottom line is that Dow wasted the time of plaintiffs and the Court in raising this issue before the

---

[12] Dow's counsel has seen clear to now, at least, concede that some of the issues raised by this motion are moot, but without explanation it has not done so in connection with this issue. *See* Exhibit E attached hereto (letter dated March 4, 2005 from Andrew S. Marovitz to Richard S. Taffet) ("Marovitz Letter").

[13] *See* Exhibit E attached hereto (Marovitz Letter).

time to comply with the Scheduling Order had even been reached.[14]

The second category of "meet-and-confer" issues involves an argument by Dow that remains barely comprehensible. It relates to requests for documents and information in plaintiffs' possession concerning what Dow considers to be products competitive with the Products purchased by plaintiffs from the defendants. *See* Dow Mem. at 21-22. Although Dow petulantly refuses to concede that this issue, at least as plaintiffs understand it, was raised prematurely and is now moot (it was and is), all that the dispute involves is Dow's steadfast refusal to provide any explanation of what it means when it uses the term "Competitive Products" in its discovery requests. Nonetheless, to avoid wasting time on this issue, plaintiffs, as they represented they would, simply produced all documents that they have in their possession and that were not previously produced concerning products they purchased and resold, or attempted unsuccessfully to purchase, other than from defendants during the time periods at issue. Whether such products are "Competitive Products," as Dow would define it (a definition they will not disclose) can be left to another day. Plaintiffs have produced all the responsive discovery they have. Moreover, Dow's brief acknowledges that plaintiffs have already produced documents that concern competition (Dow Mem. at 22), even though the documents identified do not reflect anything that would describe what Dow may mean by "Competitive Products."[15]

The third category of "meet-and-confer" issues concerns Dow's argument that, for some reason, plaintiffs should be required to confirm in writing representations made during the meet-

---

[14] As part of its discussion on this issue Dow also makes an issue about whether plaintiffs confirmed that a typographical error existed in a prior response to Interrogatory 18. Not only does this issue border on the ridiculous and certainly should not rise to the level of being addressed in motion practice, it was confirmed on at least two meet-and-confer conference calls with Dow's counsel that there was *in fact* a typographical error. This also was addressed in plaintiffs' February 28, 2005 supplemental discovery responses. *See* Exhibit A attached hereto.

[15] Counsel's March 4 letter (Exhibit E) highlights the absurdity of this discussion. Even though plaintiffs have produced all of the documents that could relate to any definition of what might be competitive products, Dow's counsel just will not concede the absence of any issue. Now it makes further inquiries into whether in fact all documents and information have been produced. Of course there is no basis to raise any doubt in this regard, but such inquiries are all part of defendants' gamesmanship.

and-confer sessions. *See* Dow Mem. at 23. Not surprisingly, no authority is offered to support such a request, nor is such a request proper. Indeed, Dow's motion itself acknowledges that the representations sought have been made, and their only gripe is that plaintiffs have not "confirmed" the statements by adopting Dow's carefully chosen verbiage that restates and reinterprets plainly stated objections and statements made by plaintiffs and their counsel.

Nevertheless, in an effort to abate counsel's seemingly intractable confusion, plaintiffs confirm the following:

- Plaintiffs believe they have produced *ALL* documents in their possession known to be responsive to the discovery served on them; [16]

- Plaintiffs have not knowingly withheld *ANY* responsive documents from production based on their objections to Document Production Requests 1-5;

- Unless otherwise stated, references to particular documents in response to an interrogatory are intended to direct the reader to documents from which responsive information may be derived or ascertained; and

- The answers to Requests to Admit Nos. 3-7 would be the same even in the absence of plaintiffs' valid objections.

Plaintiffs look forward to receiving similar assurances from defendants regarding their compliance with plaintiffs' requests and the proper interpretation of defendants' nearly identical objections thereto.

### III.    CONCLUSION

Dow's instant motion, much like its prior motion practice, is not directed to legitimate issues. Rather, the apparent motive for raising these baseless and wasteful issues is to further a strategy of avoiding what has been, and what seems likely will continue to be, defendants' egregious discovery failures and abuses. The instant motion, in fact, rises to new heights of

---

[16] Dow's counsel now concedes this issue moot. Exhibit E attached hereto (Marovitz Letter).

frivolousness, there being simply no issues for the Court to decide, except perhaps how to address the injustice and unfair burden being caused plaintiffs and the Court by defendants' abusive discovery motion practice. Accordingly, this motion should be denied and the Court should take such action as it deems appropriate to make it clear to Dow and the other defendants that their gamesmanship will not be tolerated.

Respectfully submitted,

**WIGGIN AND DANA LLP**

Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT  06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

BINGHAM McCUTCHEN LLP
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY  10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of March, 2005, a copy of the foregoing

has been hand delivered to the following:

Craig A. Raabe
Elizabeth A. Fowler
Stephen M. Deane
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT  06103

and sent via FedEx to the following:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
Mayer Brown Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL  60603-3441

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC  20006

Nathan P. Eimer
Andrew G. Klevorn
Ryan S. Hedges
Vanessa G. Jacobsen
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604



_____
Robert M. Langer

\15726\1\48318.1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL : 
SERVICES PTE. LTD., and MEGAVISA : 
SOLUTIONS (S) PTE. LTD., : 
  : 
Plaintiffs, : 
  : 
-v- : Civil No. 302 CV 1107 (AVC)
  : 
THE DOW CHEMICAL COMPANY, UNION : February 28, 2005
CARBIDE CORPORATION, UNION CARBIDE : 
ASIA PACIFIC, INC., UNION CARBIDE : 
CUSTOMER SERVICES PTE. LTD., AND DOW : 
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., : 
  : 
Defendants. : 
  : 

## PLAINTIFFS' SUPPLEMENTAL ANSWERS AND OBJECTIONS TO THE DOW CHEMICAL COMPANY'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26, 33 and 37, the Local Rules of this Court, and the parties' Stipulated Protective Order dated December 17, 2002, Plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS"), by their undersigned attorneys, Bingham McCutchen LLP and Wiggin and Dana LLP, hereby supplement their previous answers and objections to defendant The Dow Chemical Company's Third Set of Interrogatories (the "Interrogatories").

### GENERAL OBJECTIONS

1. Plaintiffs incorporate by reference the General Objections set forth in their initial answers and objections to the Interrogatories.

2. Plaintiffs supplement their answers to the Interrogatories on the basis of information currently known and reserve the right to modify and/or supplement the Answers contained herein, including based upon information obtained from Defendants in this case.

LITDOCS/588909.1

## SPECIFIC SUPPLEMENTAL ANSWERS AND OBJECTIONS

The General Objections set forth above and in Plaintiffs' initial answers to the Interrogatories are incorporated in the following supplemental answers and objections.

## INTERROGATORY NO. 14:

Identify each purchase of a Product or Competitive Product that you made between January 1, 1993 and the present from anyone other than a Defendant or former Defendant in this action.

## RESPONSE TO INTERROGATORY NO.14:

Plaintiffs object to this Interrogatory because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs have produced documents that concern information responsive to Interrogatory No. 14, including documents numbered MM 000146 – MM 000230, as well as previously produced documents concerning their transactions with alternative sources of material for resale to customers whom Defendants and their affiliates were unable or unwilling to supply.

In supplementation to the above, Plaintiffs are producing documents numbered MM 000232 – MM 000480, which concern purchases of products by Plaintiffs from entities other than a Defendant or former Defendant during the relevant time period. These documents are being produced subject to and without waiving Plaintiffs' objection to the term "Competitive Product," and Plaintiffs neither assume nor admit that any of the products discussed in the foregoing documents are competitive with any Product.

2

## INTERROGATORY NO. 15:

Identify each solicitation for the purchase of a Product or a Competitive Product that you made between January 1, 1993 and the present from a supplier other than a Defendant or former Defendant in this action.

## RESPONSE TO INTERROGATORY NO.15:

Plaintiffs object to this Interrogatory because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs have produced documents that concern information responsive to Interrogatory No. 15, including documents numbered MM 000146 – MM 000230, as well as previously produced documents concerning their transactions with alternative sources of material for resale to customers whom Defendants and their affiliates were unable or unwilling to supply.

In supplementation to the above, Plaintiffs are producing documents numbered MM 000232 – MM 000480, which concern solicitations for the purchase of products by Plaintiffs from entities other than a Defendant or former Defendant during the relevant time period. These documents are being produced subject to and without waiving Plaintiffs' objection to the term "Competitive Product," and Plaintiffs neither assume nor admit that any of the products discussed in the foregoing documents are competitive with any Product.

3

**INTERROGATORY NO. 16:**

For each Product, and for each full or partial calendar year beginning January 1, 1993 to the present, state the name of each Product or Competitive Product that to your knowledge was available for purchase by you from any supplier other than Defendants or former Defendants, and for each such Product or Competitive Product, identify each supplier from which that Product or Competitive Product was available for purchase by you, and state the volume available to you from that supplier in that year and the price at which the Product or Competitive Product was available to you from that supplier in that year.

**RESPONSE TO INTERROGATORY NO.16:**

Plaintiffs object to this Interrogatory because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections, Plaintiffs state that they did not have knowledge of any Product or Competitive Product available to them for purchase from any supplier other than the Defendants, the former Defendants, or their affiliates.

By way of further response, Plaintiffs state that they had knowledge of products available to them for purchase from suppliers other than the Defendants, former Defendants, or their affiliates, as reflected in documents numbered MM 000232 – MM 000480, but Plaintiffs neither assume nor admit that such products were competitive with any Product.

**INTERROGATORY NO. 17:**

For each End-User with respect to which you denied any part of The Dow Chemical Company's Request to Admit No. 6, identify that End-User, describe the nature of the interference with your business relationship with that End-User, including:

     (a)    the identity of each person who, to your knowledge, took part in that interference;

     (b)    the injury the interference caused to each Plaintiff, and as to such injury, the monetary value of that injury, excluding the portion of the injury that

4

was attributable to any source other than the interference; and

(c)    the method by which you calculated your response to (b), including any assumptions made in the process of calculating those responses, and the identify of each document utilized in formulating your response.

## RESPONSE TO INTERROGATORY NO.17:

Plaintiffs object to this Interrogatory as the term "interference" is vague and ambiguous. Subject to the foregoing general and specific objections, Plaintiffs note that discovery concerning communications between and among Defendants, former Defendants, and the End Users is ongoing and, therefore, Plaintiffs have not yet fully ascertained the nature and extent of the effect of such communications on their business relationships with the End Users. .

Notwithstanding the foregoing, Plaintiffs state that Defendants and/or former Defendants or their affiliates interfered with Plaintiffs' business relationships with each End User by: refusing to fill orders or authorize new orders for reasons that were not justified; purposefully and intentionally implementing substantial but unjustified credit modifications that they knew would and did cause tremendous financial difficulties for Plaintiffs; contacting Plaintiffs' customers directly and informing them that Plaintiffs were experiencing financial difficulties; altering well-established billing practices in a manner that was intended to and did adversely affect Plaintiffs' cash flow, which was used as a pretext to deprive Plaintiffs of Products that Plaintiffs had committed to their End Users; and imposing unjustified credit holds on shipments to Plaintiffs.

As a result of these actions, Plaintiffs' End Users, among other things, lost confidence in Plaintiffs' ability to supply them with the Products, the End Users were often unable to obtain Products that had already been ordered from Plaintiffs, and as a result Plaintiffs' End Users, many of which were longstanding customers, were induced to establish relationships with other vendors.

5

By way of further response, Plaintiffs refer to and incorporate by reference their correspondence to the Court dated January 13, 2005, and the attachments thereto.

## INTERROGATORY NO. 18:

Identify each purchase from any Defendant or former Defendant of a Product that you then sold in the United States.

## RESPONSE TO INTERROGATORY NO.18:

Subject to the foregoing general objections, Plaintiffs respond that they did not resell any Products in the United States that had been purchased from any Defendant or former Defendant.

## INTERROGATORY NO. 19:

If you denied any part of The Dow Chemical Company's Request to Admit No. 8, identify the source of your authority to sell any of the Products in the United States.

## RESPONSE TO INTERROGATORY NO.19:

Plaintiffs object to this Interrogatory as the term "authority" and "authorized" is vague and ambiguous. Subject to the foregoing general and specific objections, Plaintiffs refer to response to Request to Admit No. 8.

By way of further response, to the extent that this Interrogatory inquires solely about the source of "authority," being "authorized", or having "authorization" as limited to "any affirmative statement or affirmative act by Defendants," (see December 17, 2004 letter from Andrew S. Marovitz to Richard S. Taffet), Plaintiffs state that they were not so authorized to sell any of the Products in the United States.

6

AS TO OBJECTIONS:

BINGHAM McCUTCHEN LLP

By: _____
    Richard S. Taffet (ct 10281)
    Alicia Downey (ct 22066)

399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

7

## VERIFICATION

Paresh Zaveri declares under penalty of perjury, that:

He is authorized to sign these answers on behalf of Plaintiffs; and he believes Plaintiffs'

Supplemental Answers And Objections To The Dow Chemical Company's Third Set Of

Interrogatories to be true to the best of his knowledge, information and belief.

Dated:  February 28, 2005

_____
Paresh Zaveri

## CERTIFICATE OF SERVICE

I, Nia Cross, hereby certify that on the below date, I caused true and correct

copies of Plaintiffs' Supplemental Answers And Objections To The Dow Chemical Company's

Third Set Of Interrogatories to be served on the following via overnight courier:

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603

Christopher J. Kelly, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

Nathan P. Eimer, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Dated: February 28, 2005

_____
Nia Cross

9

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL    :
SERVICES PTE. LTD., and MEGAVISA    :
SOLUTIONS (S) PTE. LTD.,    :
   :
         Plaintiffs,    :
   :  Civil No. 302 CV 1107 (AVC)
      -v-    :
   :  **February 28, 2005**
THE DOW CHEMICAL COMPANY, UNION    :
CARBIDE CORPORATION, UNION CARBIDE    :
ASIA PACIFIC, INC., UNION CARBIDE    :
CUSTOMER SERVICES PTE. LTD., AND DOW    :
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,    :
   :
         Defendants.    :
   :

## PLAINTIFFS' SUPPLEMENTAL RESPONSES TO THE DOW CHEMICAL COMPANY'S SECOND SET OF DOCUMENT REQUESTS ON MERITS DISCOVERY

Pursuant to Federal Rules of Civil Procedure 26, 34 and 37, the Local Rules of this Court, and the parties' Stipulated Protective Order dated December 17, 2002, Plaintiffs MM Global Services Inc. ("MMGS") (collectively, "Plaintiffs"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS"), by their undersigned attorneys, Bingham McCutchen LLP and Wiggin and Dana LLP, hereby supplement their responses and objections to defendant The Dow Chemical Company's Second Set of Document Requests on Merits Discovery (the "Requests") in the above captioned action.

### GENERAL OBJECTIONS

1.      Plaintiffs incorporate by reference the General Objections set forth in their initial responses and objections to the Requests.

2.      Plaintiffs' search for documents is ongoing. Plaintiffs reserve the right to modify and/or supplement their written responses contained herein, including based upon

information and documents obtained from Defendants in this case, and provide additional documents as they become available.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections detailed above apply to and are hereby incorporated by reference into each of the following specific responses.

### REQUEST NO. 1:

All documents that evidence, refer or relate to any order for a Product or Competitive Product placed by you, between January 1, 1993 and the present, with any supplier other than a Defendant or former Defendant in this action.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections, Plaintiffs have produced and/or shall produce responsive documents.

By way of further response, Plaintiffs' supplemental production of documents numbered MM 000232 – 000480 reflects transaction, including purchases, concerning products from suppliers other than a Defendant or former Defendant. Such documents are being produced subject to and without waiving Plaintiffs' objection to the term "Competitive Product," and Plaintiffs neither assume nor admit that any of the products discussed in the foregoing documents are competitive with any Product.

### REQUEST NO. 2:

All documents that evidence, refer or relate to any solicitation or offer by you, made between January 1, 1993 and the present, to purchase a Product or Competitive Product from any

2

supplier other than a Defendant or former Defendant in this action.

## RESPONSE TO REQUEST NO. 2:

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections, Plaintiffs have produced and/or shall produce responsive documents.

By way of further response, Plaintiffs' supplemental production of documents numbered MM 000232 – 000480 reflects transactions, including solicitations to purchase, concerning products from suppliers other than a Defendant or former Defendant. Such documents are being produced subject to and without waiving Plaintiffs' objection to the term "Competitive Product," and Plaintiffs neither assume nor admit that any of the products discussed in the foregoing documents are competitive with any Product.

## REQUEST NO. 3:

All documents that evidence, refer or relate to any offer made between January 1, 1993 and the present by any supplier other than a Defendant or former Defendant in this action, to sell a Product or Competitive Product.

## RESPONSE TO REQUEST NO. 3:

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term "Competitive Product," as it is vague, ambiguous, and overbroad. Subject to the foregoing general and specific objections, Plaintiffs have produced and/or shall produce responsive documents.

By way of further response, Plaintiffs' supplemental production of documents numbered

3

MM 000232 – 000480 reflects transactions, including offers received to buy, concerning products from suppliers other than a Defendant or former Defendant. Such documents are being produced subject to and without waiving Plaintiffs' objection to the term "Competitive Product," and Plaintiffs neither assume nor admit that any of the products discussed in the foregoing documents are competitive with any Product.

## REQUEST NO. 6

All documents submitted to any government body, enforcement authority or tax authority that reflect or report amounts paid by End-Users for the Products.

## RESPONSE TO REQUEST NO. 6

Plaintiffs object to this Request because it is overbroad and seeks information not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. By way of further response, Plaintiffs state that all amounts paid by End Users for the Products are reflected in documents already in the possession of Defendants and/or former Defendants.

After further diligent inquiry, Plaintiffs state that they are not in the possession, custody, or control of any documents submitted to any government body, enforcement authority or tax authority that reflect or report amounts paid by End-Users for the Products, or documents submitted to such authorities that show the annual aggregate sales of all UCC/Dow products by Plaintiffs.

4

BINGHAM McCUTCHEN LLP

By: _____

Richard S. Taffet (ct 10201)
Alicia Downey (ct 22066)

399 Park Avenue
New York, NY  10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT  06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

LITDOCS/588962.1

## CERTIFICATE OF SERVICE

I, Nia Cross, hereby certify that on this date I caused true and correct copies of

Plaintiffs' Supplemental Responses To The Dow Chemical Company's Second Set Of Document

Requests On Merits Discovery to be served on the following via overnight courier:

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603

Christopher J. Kelly, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

Nathan P. Eimer, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Dated: February 28, 2005

_____
Nia Cross

6

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES INC., MM GLOBAL          :
SERVICES PTE. LTD., and MEGAVISA            :
SOLUTIONS (S) PTE. LTD.,                     :
                                             :
                        Plaintiffs,          :
                                             :
            -v-                              :   Civil No. 302 CV 1107 (AVC)
                                             :
THE DOW CHEMICAL COMPANY, UNION             :   February 28, 2005
CARBIDE CORPORATION, UNION CARBIDE          :
ASIA PACIFIC, INC., UNION CARBIDE           :
CUSTOMER SERVICES PTE. LTD., AND DOW        :
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,     :
                                             :
                        Defendants.          :
                                             :

## PLAINTIFFS' SUPPLEMENTAL ANSWERS AND OBJECTIONS TO THE DOW CHEMICAL COMPANY'S SECOND SET OF REQUESTS TO ADMIT

Pursuant to Federal Rules of Civil Procedure 26 and 36, the Local Rules of this Court, and the parties' Stipulated Protective Order dated December 17, 2002, Plaintiffs MM Global Services Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S") and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively, "Plaintiffs"), by their undersigned attorneys, Bingham McCutchen LLP and Wiggin and Dana LLP, hereby supplement their responses and objections to defendant The Dow Chemical Company's Second Set of Requests to Admit (the "Requests") in the above captioned action.

### GENERAL OBJECTIONS

1.      Plaintiffs incorporate by reference the General Objections set forth in their initial responses to the Requests.

  2. Plaintiffs will answer the Requests on the basis of information currently known and reserve the right to modify and/or supplement the responses contained herein, including based upon information obtained from Defendants in this case.

SPECIFIC ANSWERS AND OBJECTIONS

  The General Objections are incorporated by reference into Plaintiffs' response to each specific Request. The fact that an answer is given does not waive any general or specific objection.

## REQUEST NO. 8

  Admit that Plaintiffs were never authorized by Defendants, former Defendants or any of their affiliates to sell any of the Products in the United States.

## RESPONSE TO REQUEST NO. 8

  Subject to the foregoing general objections, and the further objection that the term "authorized" is vague and ambiguous, denied.

  By way of further response, to the extent that this Request to Admit inquires solely about the source of "authority," being "authorized", or having "authorization" as limited to "any affirmative statement or affirmative act by Defendants," (see December 17, 2004 letter from Andrew S. Marovitz to Richard S. Taffet), Plaintiffs admit that they were not so authorized to sell any of the Products in the United States.

BINGHAM McCUTCHEN LLP

By: _____
    Richard S. Taffet (ct 10201)
    Alicia Downey (ct 22866)

399 Park Avenue
New York, NY  10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT  06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Nia Cross, hereby certify that on this date I caused true and correct copies of

Plaintiffs' Supplemental Answers And Objections To The Dow Chemical Company's Second

Set Of Requests To Admit to be served on the following via overnight courier:

Craig A. Raabe, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603

Christopher J. Kelly, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

Nathan P. Eimer, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Dated: February 28, 2005

Nia Cross

# EXHIBIT D

**BINGHAM McCUTCHEN**

Richard S. Taffet
Direct Phone: (212) 705-7729
Direct Fax:     (212) 702-3603
richard.taffet@bingham.com
Our File No.: 307574

Bingham McCutchen LLP
399 Park Avenue
New York, NY
10022-4689

212.705.7000
212.752.5378 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

March 7, 2005

**Via Facsimile**

Andrew S. Marovitz, Esq.
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Re: *MM Global Services Inc. v. The Dow Chemical Co.*

Dear Andy:

We are in receipt of three hard drives, which arrived on March 2, 3, and 4, 2005. You represent that there are approximately 1.2 million documents on these hard drives. The documents, however, have apparently been produced in a manner that seeks to make their review and use difficult if not impossible. For example, the documents are presented as ".tif" files on the hard drives rather than in their original format. Accordingly, the documents are not searchable without the meta-data and full text for these files. You or your electronic discovery vendor have withheld such data. The production has been made in this manner notwithstanding our November 8, 2004 letter to you. In that letter we noted that your October 15 letter indicated that email and .pst files would be searched electronically. Accordingly, we specifically requested that the electronic documents be produced in the same format as they existed "on CD-ROM or other searchable media." In various discovery conferences with Judge Covello we also discussed the need for electronic files and documents to be copied and produced in their original format or in some other searchable format.

In these circumstances, please immediately provide to us the meta-data and full text for the ".tif" files. Once we receive this data we will advise whether it permits satisfactory review of the electronic documents. Alternatively, please provide additional copies of all documents in their original formats or compiled in a program that permits them to be searched and reviewed efficiently.

Certain additional points also need to be addressed in connection with the production of electronic documents.

First, your March 4, 2005 letter purports to identify the custodian of the records being produced in electronic format. This list does not include documents from each of the individuals identified in the parties' discovery disclosures to date, notwithstanding your

**BINGHAM McCUTCHEN**

Andrew S. Marovitz, Esq.
March 7, 2005
Page 2

agreement that documents from all such individuals would be searched. It may be that you have not included in your March 4, 2005 letter documents that would have been from electronic files of former employees of the defendants. If this is the case, please confirm and also identify when each such person ceased his or her employment with defendants, and what happened to the electronic files of those individuals. It is our understanding that many of these individuals remained employed by defendants even after the instant lawsuit was commenced, and we require clarification concerning whether their documents continue to exist, where they are located and whether they have been searched for and produced.

Second, you have indicated that "counsel only" documents are included throughout the electronic production. To avoid even an inadvertent disclosure of these documents please identify the "counsel only" documents by Bates number immediately. We anticipate commencing our efforts to review the electronic documents this week, with the assistance of our client. We will, of course, make every reasonable effort to maintain the integrity of the documents marked "counsel only," but your immediate supply of an identification of the documents will be very useful in that regard. It will also allow us to determine whether defendants' designation of specific documents as "counsel only" is appropriate. Given defendants' prior attempts improperly to designate documents as such, including publicly available documents, we are concerned that defendants may have engaged in such conduct once again.

We hope we can address all of these issues in advance of the call with Judge Covello later this week.

Very truly yours,

Richard S. Taffet

cc:    Craig A. Raabe, Esq.
       Christopher J. Kelly, Esq.
       Nathan P. Eimer, Esq.
       Alicia L. Downey, Esq.
       Robert M. Langer, Esq.

Bingham McCutchen LLP
399 Park Avenue
New York, NY
10022-4689

212.705.7000
212.752.5378 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

# EXHIBIT E

MAYER
BROWN
ROWE
& MAW

March 4, 2005

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Andrew S. Marovitz
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

**BY FACSIMILE**

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689

Re:    *MM Global Services, et al. v. The Dow Chemical*
       *Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Richard:

We have your letter of February 28, which asks that The Dow Chemical Company ("Dow")
withdraw its pending Motion To Compel on the ground that Plaintiffs' disclosures purportedly
satisfy their obligations pursuant to the Court's Scheduling Order and "render moot virtually all
of the issues" in the Motion. We now have read your letter and those disclosures, and agree that
Plaintiffs' February 28 discovery responses adequately address <u>two</u> issues raised by the Motion.
First, the disclosures respond to the issues raised in Section II(D)(1) of Dow's brief: that
Plaintiffs were not authorized to (and did not) sell the Products in United States commerce.
Second, your letter represents that Plaintiffs have fully satisfied their production obligations
under the Scheduling Order. We understand that to mean that Plaintiffs now have produced the
documents responsive to the requests, other than those withheld on the objections being litigated.
Based upon your representation, we agree that the first bullet point in Section II(D)(3) of the
brief (at 23) has been mooted with the recent production. (The other bullet points have not.)
Dow therefore will not press those two issues in its Motion, and Plaintiffs are free in their
Response to inform the Court of that fact.

The disclosures purport to address another issue, but not clearly or completely. They include
249 pages of documents that "concern" products purchased by Plaintiffs from other suppliers.
But the disclosures do not state (a) that these pages constitute all of the documents in Plaintiffs'
possession that reasonably respond to the Competitive Products requests (a term to which
Plaintiffs still object), (b) why these documents concerning purchases were chosen as opposed to
other relevant documents that may still be in Plaintiffs' possession or (c) whether there is
additional information that is responsive to the interrogatories regarding Competitive Products
but is not contained in the documents being produced. Accordingly, the issues raised in Section
II(D)(2) of Dow's brief remain unresolved and need to be addressed by the Court.

Plaintiffs' recent disclosures do not adequately address the remaining issues raised by the
Motion, and Dow therefore will not withdraw it. Still, if you have any additional questions,
please feel free to call.

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
March 4, 2005
Page 2

Very truly yours,

Andrew S. Marovitz

cc:    Robert M. Langer, Esq.
       Alicia Downey, Esq.
       Craig A. Raabe, Esq.
       Nathan P. Eimer, Esq.
       Christopher J. Kelly, Esq.

# Mayer, Brown, Rowe & Maw LLP

190 South La Salle Street
Chicago, Illinois 60603-3441

Main phone: (312) 782-0600
Main fax: (312) 701-7711

MAYER
BROWN
ROWE
& MAW

## FACSIMILE COVER SHEET

| FROM: | Andrew Marovitz | Date/time: | Friday, March 04, 2005 4:31:36 PM |
|---|---|---|---|
| Direct Tel: | 312-701-7116 | Pages: | 03  ALL PAGES MUST BE NUMBERED |
| Direct Fax: | 312-706-8651 | | |

**TO THE FOLLOWING:**

| Name | Company | Fax # | Telephone # |
|---|---|---|---|
| Richard S. Taffet, Esq. | Bingham McCutchen LLP | 1.212.702.3603 | |

**MESSAGE:**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

IF YOU HAVE ANY TRANSMISSION DIFFICULTY,
PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (312) 701-7981

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.