UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., <br> MM GLOBAL SERVICES <br> PTE. LTD., and MEGA VISA <br> SOLUTIONS (S) PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL <br> COMPANY, UNION <br> CARBIDE CORPORATION, <br> UNION CARBIDE ASIA <br> PACIFIC, INC., UNION CARBIDE <br> CUSTOMER SERVICES PTE. LTD., <br> and DOW CHEMICAL PACIFIC <br> (SINGAPORE) PTE. LTD., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : Civil No. 3:02 CV 1107 (AVC) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### AFFIDAVIT OF WILLIAM LEIKHIM

I, William Leikhim, hereby declare as follows:

1. I am a resident of Midland, Michigan, and have been an employee of THE DOW CHEMICAL COMPANY since September 2001.

2. My current position is that of Accounting Manager in the North America Financial and Statutory Group.

3. Prior to September 2001, I was employed by Union Carbide Corporation ("UCC") from 1978 to September 2001, holding various positions with the company during my tenure. My last assignment with UCC was as International Accounting Manager. In that capacity, I am authorized to make this affidavit.

1-PH/1784517.1

4.  In my position as International Accounting Manager, I was responsible for the Accounts Payable, Cash Application and Custodial accounting groups for UCC's international affiliates in all regions of the world outside of North America. My staff was located in Singapore for the Pacific area, and in South Charleston, West Virginia for Europe and South America. I performed my duties for this position from South Charleston, West Virginia.

5.  I have reviewed certain portions of Plaintiffs' Memorandum of Law in Opposition to Defendants Union Carbide Asia Pacific, Inc., Union Carbide Customer Services Pte. Ltd. and Dow Chemical Pacific (Singapore) Pvt. Ltd.'s Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Personal Jurisdiction ("Plaintiffs' Response Brief") – specifically Plaintiffs' factual allegations under the heading "Defendants' Centralized Order Entry System and Contracting in Connecticut" at pages 4-6 – and found the statements therein to contain factual inaccuracies.

6.  I wish to provide the Court with factually accurate information about the location of the ordering systems employed by UCC's Asian subsidiaries. I am qualified to do this due to my previous job roles for UCC where I had familiarity with the business applications utilized at that time by UCC's Asian subsidiaries and how they interacted with UCC's systems.

7.  Contrary to Plaintiffs' assertions, CEBA is not a computer system; nor is it controlled by UCC in Connecticut. CEBA, which stands for **Customer Export Business Asia,** was an organizational process design utilized by Union Carbide Customer Services Pte. Ltd. ("UCCS") in Singapore.

8.  I do not see how Plaintiffs' claim that UCC controlled CEBA from Danbury is supported by the email attached as Exhibit 2 to Plaintiffs' Response Brief.

9. Outside of North America, UCC utilized **Business Planning and Control Software** ("BPCS") software, which was implemented in various stages throughout the 1990s, and which was physically located in South Charleston, West Virginia.

10. After 1998, BPCS exchanged information with UCC's SAP(R3) system in order to facilitate the logistical aspects of filling the orders placed on UCC by UCCS. Like BPCS, SAP(R3) was computer software that was physically located in South Charleston, West Virginia.

11. UCC's TOPS Inventory Management System was also housed in South Charleston, West Virginia. UCC's Customer Service Representatives, who assisted the order filling process in the United States, were located in either Houston, Texas, or Somerset, New Jersey.

12. UCC did not export any products from Connecticut because it had no manufacturing or storage facilities in Connecticut.

13. Subsequent to the merger of UCC into a subsidiary of The Dow Chemical Company on February 6, 2001, and other mergers/dissolutions of UCC subsidiaries, SAP(R3) and BPCS were integrated into SAP (R2), beginning in the fourth quarter of 2001. Both BPCS and SAP (R3) have since been deactivated.

_____
William Leikhim

Subscribed and sworn to before me
this 17th day of July, 2003.

_____
Notary Public, Midland County, MI

Linda Abrams
Notary Public, Midland County, Michigan
My Commission Expires May 27, 2006

3