UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 MAY 23 P 5: 08

US DISTRICT COURT
HARTFORD CT

MM GLOBAL SERVICES, INC., MM GLOBAL )
SERVICES PTE., LTD., AND MEGAVISA )
SOLUTIONS (S) PTE, LTD., )
                                          Plaintiffs, )    CIVIL ACTION
                                                   )    NO. 3:02 CV 1107 (AVC)
     v. )

THE DOW CHEMICAL COMPANY, UNION )    May 23, 2005
CARBIDE CORPORATION, AND UNION )
CARBIDE ASIA PACIFIC, INC., )
                                          Defendants. )

**SUPPLEMENTAL AFFIDAVIT OF ROBERT M. LANGER**

STATE OF CONNECTICUT)
                          )   ss.:                             Hartford, Connecticut
COUNTY OF HARTFORD )

      Robert M. Langer, having been duly sworn, deposes and says:

      1.     I am a partner in the firm of Wiggin and Dana LLP, co-counsel for plaintiffs in the above-captioned action. I submit this Supplemental Affidavit to put before the Court certain documents in further support of Plaintiffs' Motion to Vacate the Order Granting Rule 12(b)(2) Motions to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction.

      2.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Third Supplemental Responses and Objections of Defendants The Dow Chemical Company, Union Carbide Corporation, and Union Carbide Asia Pacific, Inc. to Plaintiffs' First Set of Personal Jurisdiction Document Requests and Interrogatories, dated May 10, 2005.

_____
Robert M. Langer

Subscribed and sworn to me this
23rd day of May, 2005.

_____
Notary Public

\15726\1\50030 My Commission Expires September 30, 2007

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL : 
SERVICES PTE. LTD., and MEGA VISA :
SOLUTIONS (S) PTE. LTD., :
  :
               Plaintiffs, :
  :   Civil No. 3:02 CV 1107 (AVC)
      v. :
  :
THE DOW CHEMICAL COMPANY, UNION :
CARBIDE CORPORATION, and UNION :
CARBIDE ASIA PACIFIC, INC., :
  :
               Defendants. :   May 10, 2005

**THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS OF
DEFENDANTS THE DOW CHEMICAL COMPANY, UNION CARBIDE
CORPORATION, AND UNION CARBIDE ASIA PACIFIC, INC. TO
PLAINTIFFS' FIRST SET OF PERSONAL JURISDICTION DOCUMENT
REQUESTS AND INTERROGATORIES**

Defendants the Dow Chemical Company ("TDCC"), Union Carbide Corporation ("UCC"), and Union Carbide Asia Pacific, Inc. ("UCAP"), by and through their attorneys and pursuant to Fed. R. Civ. P. 33 & 34, hereby submit their third written supplemental responses to Plaintiffs' First Set of Personal Jurisdiction Document Requests and Interrogatories ("First Interrogatories and Document Requests" or "First Requests").

## GENERAL OBJECTIONS

1.    Defendants object to the First Interrogatories and Document Requests in their entirety on the grounds that this Court lacks personal jurisdiction over UCAP in this action and, therefore, UCAP is not subject to discovery as a party.

2.    Defendants object to the First Interrogatories and Document Requests in their entirety on the grounds that they do not comply with the Hague Convention on the

taking of evidence abroad in civil or commercial matters ("Hague Evidence Convention"), 23 U.S.T. 2555, T.I.A.S. No. 744, 28 U.S.C. § 1781.

3. Defendants object to the First Interrogatories and Document Requests in their entirety on the grounds that they do not comply with the laws of Singapore on the taking of evidence, including but not limited to, Orders 24 and 66 of the Rules of Court and The Evidence (Civil Proceedings in Other Jurisdictions) Act.

4. Defendants object to the definition of "you" and "your" as overly broad and unduly burdensome.

5. Defendants object to the First Interrogatories and Document Requests to the extent they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from discovery. To the extent that any information or documents subject to a privilege or otherwise protected from discovery are supplied in response to these First Interrogatories and Document Requests, such production is inadvertent and not intended as a waiver.

6. Defendants object to Plaintiffs' instruction as to the relevant time period on the grounds that it seeks the production of documents that are not relevant to any claim or defense in the case, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.

7. Defendants object to the First Interrogatories and Document Requests to the extent they purport to impose upon Defendants obligations greater than those required by Rules 33 & 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut.

2

information responsive to a request if it exists, is in Defendants' possession, custody or control, and is not privileged or otherwise protected from discovery.

14. Defendants expressly reserve their right to modify these responses as necessary.

## DOCUMENTS REQUESTED

1. All purchase orders, invoices, statements of account, and written summaries reflecting your sales of Products to UCCS and Dow Singapore, respectively.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overly broad, is cumulative and duplicative of discovery already produced by Defendants in this litigation, seeks documents beyond Defendants' possession, custody, or control, and is unduly burdensome. Defendants further object to this Request to the extent it asks Defendants to gather responsive documents in the possession of a third party.

Subject to and without waiving these or their General Objections, Defendants TDCC and UCC have produced responsive, non-privileged documents reflecting their sales of Products to UCCS and Dow Chemical Pacific (Singapore) Pte. Ltd. ("Dow Chemical Pacific"). As to sales of Products by UCC to UCCS during the period November 27, 1998 through December 31, 2000, see response to Interrogatory 1, below. After reasonable inqury, UCAP does not believe that it sold any Products to Dow Chemical Pacific.

2. All documents sufficient to identify the annual volume of and revenue from your sales of Products to UCCS and Dow Singapore, respectively.

4

**RESPONSE:**

Defendants object to this Request on the grounds that it is overly broad, is cumulative and duplicative of discovery already produced by Defendants in this litigation, seeks documents beyond Defendants' possession, custody, or control, and is unduly burdensome. Defendants further object to this Request to the extent it asks Defendants to gather responsive documents in the possession of a third party. Defendants object to this Request to the extent it requires Defendants to create any documents that are not currently in Defendants' possession, custody, or control.

Subject to and without waiving these or their General Objections, Defendants TDCC and UCC have produced responsive, non-privileged documents in their possession, custody, or control sufficient to show the annual volume of and revenue from sales of Products to UCCS and Dow Chemical Pacific. As to sales of Products by UCC to UCCS during the period November 27, 1998 through December 31, 2000, see response to Interrogatory 1, below. After reasonable inqury, UCAP does not believe that it sold any products to Dow Chemical Pacific.

3. All documents identified in your responses to the Interrogatories contained herein.

**RESPONSE:**

Defendants object to this Request on the grounds that it is cumulative and duplicative of discovery already produced by Defendants in this litigation. Defendants further object to this Request to the extent it asks Defendants to gather responsive documents in the possession of a third party.

Subject to and without waiving these or their General Objections, Defendants have produced responsive, non-privileged documents in their possession, custody, or control.

4. All documents not otherwise requested relating to the subject matters identified in Plaintiffs' Rule 30(b)(6) Notice of Deposition to you, dated July 23, 2004, concerning personal jurisdiction.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overly broad, is cumulative and duplicative of discovery already produced by Defendants in this litigation, seeks documents beyond Defendants' possession, custody, or control, and is unduly burdensome. Defendants further object to this Request to the extent it asks Defendants to gather responsive documents in the possession of a third party. Finally, Defendants object to Plaintiffs' request for all documents not otherwise requested "relating to the subject matters identified in Plaintiffs' Rule 30(b)(6) Notice of Deposition" on the ground that such a request is vague and ambiguous.

## INTERROGATORIES

1. State the annual volume of and revenue from your sales of Products to UCCS and Dow Singapore, respectively.

**RESPONSE:**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving these or their General Objections, Defendants respond as follows:

After reasonable inquiry, and based upon automated records available to it, UCC believes that it made the following sales[1] of Products to Dow Chemical Pacific:

| Year | Total Dollars | Total Quantity |
|---|---|---|
| 2001 | $971,851.04 | 209792.821 KG<br>681901.191 LB<br>2705.012 LM |
| 2002 | $17,546,122.97 | 14439676.807 KG<br>5240648.688 LB<br>11958.9 LM<br>28576 LS |
| 2003 | $7,752,035.62 | 4392654.761 KG<br>1642028.178 LB<br>433.655 LM<br>4554 LV |
| 2004 | $13,057524.47 | 2324062.969 KG<br>1101543.12 LB<br>4644 LV |

After reasonable inquiry, and based upon automated records available to it, TDCC believes that it made the following sales[2] of Products to Dow Chemical Pacific:

| Year | Total Dollars | Total Quantity |
|---|---|---|
| 1996 | $104,092,975.39 | 1195920 FW<br>125 KG<br>272066633.2 LB<br>13 TN |
| 1997 | $21,518,371.71 | 13939707.85 KG<br>5758181.726 LB<br>3803.519 LM<br>114957.6 LV<br>24 TN |
| 1998 | $38,471,169.73 | 26784420.51 KG<br>30706441.18 LB<br>8799.899 LM<br>809521.802 LV<br>8 TN |

---

[1] The updated numbers reflect samples, returns, exchanges, and sales that are reflected in documents D 026006 - D 026209.

[2] The updated numbers reflect samples, returns, exchanges, and sales that are reflected in documents D 026006 - D 026209.

7

| | | |
|---|---|---|
| 1999 | $74,047,102.51 | 22015.929 BF<br>51890419.08 KG<br>62958592.23 LB<br>2669.18 LM<br>222499.001 LV<br>5.45 TN |
| 2000 | $86,961,275.42 | 120276.69 BF<br>46993733.169 KG<br>57027627.58 LB<br>8015.998 LM<br>123229.488 LV<br>22.1 TN |
| 2001 | $101,773,651.65 | 51585733.761 KG<br>63407881.93 LB<br>4703.034 LM<br>13290 LV<br>15 TN |
| 2002 | $132,379,870.33 | 24889.36 BF<br>956.88 GL<br>92371510.699 KG<br>77486168.251 LB<br>3780.199 LM<br>82991.518 LV<br>103700 SF<br>13 TN |
| 2003 | $140,723,534.29 | 691655.727 BF<br>4348.84 GL<br>82010278.883 KG<br>89674552.052 LB<br>3325.641 LM<br>272577.409 LV<br>194700 SF<br>12 TN |
| 2004 | $107,633,849.47 | 2239632.171 BF<br>13956 EA<br>3373.284 GL<br>64303826.631 KG<br>65608396.324 LB<br>354.443 LM<br>16963.2 LS<br>355760 LV<br>76700 SF |

After reasonable inquiry, UCAP does not believe it made any sales to Dow Chemical Pacific.

8

After reasonable inquiry, and based upon automated records available to it, UCC believes that it made the following sales of Products to Union Carbide Customer Services Pte. Ltd. ("UCCS"):

| Year | Total Dollars | Total Quantity |
|---|---|---|
| 1996 | $13,683.580.68 | 44920507 LB |
| 1997 | $353,161,465.20 | 915013576 LB |
| 1998 | $250,920,435.08 | 787061112 LB |
| 1999 | No automated data | No automated data |
| 2000 | No automated data | No automated data |
| 2001 | $1,835,920.03 | 38000 LB<br>2020625 LV |
| 2002 | $3,037,817.91 | 18774 LB<br>3552413 LV |
| 2003 | $5,186.58 | 3864 LB |
| 2004 | $0 | 0 |

Despite reasonable inquiry, UCC has not located automated records from which accurate UCC-UCCS sales figures can be derived for the period November 27, 1998 through December 31, 2000.

9

After reasonable inquiry, and based upon automated records available to it, TDCC believes that it made the following sales to UCCS:

| Year | Total Dollars | Total Quantity |
| --- | --- | --- |
| 2001 | $545,179.81 | 540089.656 KG<br>53040 LB |
| 2002 | $75,536.80 | 22157.872 KG<br>106,000 LB |
| 2003 | $0 | 0 |
| 2004 | $0 | 0 |

After reasonable inqury, UCAP does not believe that it made any sales to UCCS.

2.  Identify any and all persons responsible for accepting orders from UCCS and Dow Singapore, respectively, to purchase Products.

**RESPONSE:**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving these or their General Objections, Defendants respond as follows:

TDCC's SAP system is automated and integrated as between TDCC and Dow Chemical Pacific. Accordingly, no person was responsible for accepting orders from Dow Chemical Pacific. Persons responsible for accepting orders from UCCS included Laurie Gemmell, John O'Keefe, Roger Castaldo, and Laurie LeBrun, all of whom were Customer Service Representatives at Union Carbide's Houston Corporate Center.

3.  Identify any and all persons whom you have reason to believe were acting on behalf of UCCS and Dow Chemical Pacific, respectively, in placing orders for Products.

**RESPONSE:**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory to the extent it requests information in the possession of a third party. Subject to and without waiving these or their General Objections, Defendants respond as follows:

Defendants themselves do not know precisely which people acted on behalf of UCCS and Dow Chemical Pacific in placing orders for Products, but note that relevant information is provided in the responses and objections served today by UCCS and Dow Chemical Pacific.

4. Identify, including the employer and business address, any and all persons with knowledge of your sales of Products to UCCS or Dow Singapore, the scope of their knowledge, and the basis of your belief as to the scope of their knowledge.

**RESPONSE:**

Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory to the extent it requests information in the possession of a third party. Defendants object to the request to identify the "basis of [their] belief as to the scope of their knowledge" as vague and ambiguous.

Subject to and without waiving these or their General Objections, Defendants respond as follows:

Upon information and belief obtained to date, the job responsibilities of the individuals listed below lead Defendants to believe that they have relevant knowledge. The understood scope of that knowledge is based upon those job responsibilities.

11

Categorized by the job titles listed below, "Business Directors," "Business Group Presidents" and "Product Directors" generally had global responsibility for products and groups of products; "Export Sales Managers" were generally responsible for export sales from the United States; and "Product Supply Managers" generally were aware of sales in their respective product areas.

| Name (First then Last Name) | Relevant Position | Office Location | Last Known Address |
|---|---|---|---|
| Kevin Dillan | Business Director, Industrial Performance Chemicals, UCC; Global Business Director, Dow Amines, TDCC | Danbury, CT (UCC); Midland, MI (TDCC) | 2020 Dow Center Midland, MI 48674 |
| Luke (Chi Chung C) Du | Business Director, Wire & Cable, UCC; Director, New Business Development, Wire & Cable, TDCC | Danbury, CT (UCC); Somerset, NJ (TDCC); Taipei, Taiwan (TDCC) | 7F, No. 2, Tun Hwa South Road, Sec. 1 Taipei, Taiwan, R.O.C. |
| Eugene J. Fisher | Export Sales Manager; Global Business Manager, Wire & Cable; Senior Leader, BS&M, Wire & Cable, all UCC | Danbury, CT | 145 Piermont Road Norwood, NJ 07648 |
| Andrew N. Liveris | Vice President, Specialty Chemicals; Business Group President for Performance Chemicals, TDCC | Midland, MI | 2020 Dow Center Midland, MI 48674 |
| Steven J. Meadow | International Business Manager, Solvents, Intermediates & Monomers, UCC; Senior Raw Materials Purchasing Manager, TDCC | Danbury, CT (UCC); Midland, MI (TDCC) | 2020 Dow Center Midland, MI 48674 |

| Neal A. Wyhs | Business Director, Solvents, Intermediates, & Monomers, UCC; Integrated Supply Chain Director, Organic Intermediates, Solvents & Monomers, TDCC | Danbury, CT (UCC & TDCC) | 20640 Meadow Thrash Ct., Ashburn, VA 20147 |

Dated: May 10, 2005

AS TO OBJECTIONS:

*Dana S. Douglas* (signature)

Nathan P. Eimer (ct 23693)
Scott C. Solberg (phv0234)
Vanessa G. Jacobsen (phv 0036)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7600

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
190 South La Salle Street
Chicago, Illinois 60603
(312) 782-0600

*Counsel for Defendants Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1157
(202) 263-3000

Craig A. Raabe (ct 04116)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 05103-3497
(860) 275-8304

*Counsel for Defendant The Dow Chemical Company*

*Counsel for all Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the Third Supplemental Responses and Objections of Defendants The Dow Chemical Company, Union Carbide Corporation, and Union Carbide Asia Pacific, Inc. to Plaintiffs' First Set of Personal Jurisdiction Document Requests and Interrogatories to be served this date via overnight mail and facsimile on the following:

Robert M. Langer, Esq.
WIGGIN & DANA LLP
One City Place
185 Asylum Street
Hartford, CT 06103-3402

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022

Alicia L. Downey, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, Massachusetts 02110

Dated: May 10, 2005

*/s/ Dana S. Douglas*
Dana S. Douglas

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of May, 2005, a copy of the foregoing has been hand delivered to the following:

Craig A. Raabe
Elizabeth A. Fowler
Stephen M. Deane
Marion B. Manzo
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

and sent via FedEx to the following:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
Mayer Brown Rowe & Maw LLP
190 South LaSalle Street
Chicago, IL 60603-3441

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC 20006

Nathan P. Eimer
Andrew G. Klevorn
Scott C. Solberg
Ryan S. Hedges
Vanessa G. Jacobsen
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604

Robert M. Langer

\15726\1\48318.4