UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE., LTD., AND MEGAVISA SOLUTIONS (S) PTE, LTD.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>　　　　　　　　　　　　Defendants. | CIVIL ACTION<br>NO. 3-02 CV 1107 (AVC)<br><br>August 5, 2005 |

**PLAINTIFFS' CROSS-MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY, TO REMOVE "COUNSEL ONLY" DESIGNATIONS AND FOR SANCTIONS**

Plaintiffs MM Global Services, Inc., MM Global Services Pte., Ltd., and Megavisa Solutions (S) Pte., Ltd. (collectively, "plaintiffs") hereby cross-move, in response to the Defendants' Motion for Protective Order filed June 21, 2005, to compel defendants to respond fully and completely to the interrogatories and document requests served by plaintiffs on May 16, 2005, and to remove all "Confidential—Counsel Only" and similar designations from their document production. Plaintiffs further cross-move for an Order, pursuant to the inherent authority of the Court and Fed. R. Civ. P. 37(a)(4), requiring defendants to pay all costs and expenses (including attorneys' fees) incurred by plaintiffs since March 1, 2005, in connection with defendants' failure to comply with the Court's discovery Orders dated June 29, 2004, August 17, 2004, and February 7, 2005, including but not limited to attorneys' fees and expenses incurred in bringing this cross-motion and opposing defendants' motion for protective order.

**ORAL ARGUMENT REQUESTED**

- 2 -

In support of this cross-motion, plaintiffs respectfully refer the Court to the accompanying Memorandum of Law, Declaration of Alicia L. Downey and the exhibits thereto, and Declaration of Ajay Mittal. In particular, as set forth therein:

1. Defendants have not met their burden of establishing, as they are required to do under Fed. R. Civ. P. 26(c), that responding to the interrogatories and document requests in dispute would cause them "annoyance, embarrassment, oppression, or undue burden or expense." The interrogatories and document requests at issue seek information and documents that are relevant to the claims and defenses in the case, and the Court should compel full responses to these requests, particularly in light of the unacceptable manner in which defendants have responded to plaintiffs' previous discovery requests.

2. Defendants refuse to disclose the specific bases on which they determined that over half of their total production of documents at present—249,856 files—are so "highly sensitive" that plaintiffs' officers and employees should be barred from reviewing them in aid of preparing plaintiffs' case. Many of defendants' "Counsel Only" documents, including those appended to defendants' motion papers, contain no sensitive information at all. Under the Stipulated Protective Order entered December 18, 2002, it is the defendants' burden to justify all such designations. Defendants' failure to meet their obligations in this regard has prevented and, without relief, will continue to prevent plaintiffs from efficiently assisting their counsel in reviewing a large volume of potentially relevant documents. As they have been unwilling to disclose to plaintiffs exactly what criteria they used, defendants have failed to meet their burden and the designations should therefore be removed.

3. Finally, the Court may and should impose sanctions in the circumstances presented here. Defendants' ongoing document production was exceedingly untimely and

violated the February 7, 2005 Scheduling Order in that and other important respects. Documents were not produced in a manner consistent with the requirements of Fed. R. Civ. P. 34, or as otherwise ordered by the Court or agreed by the parties. Rather, with no prior review by counsel for completeness, responsiveness, or reproduction quality, documents were delivered to plaintiffs in a series of disorganized, voluminous collections of hard copy and electronic business records, thousands of which were later discovered by plaintiffs to be non-responsive, unintelligible, or duplicative. This manner of production, defendants' refusal to provide any form of an index to their production until four months after the March 1, 2005 discovery deadline, and their failure promptly to cure the pervasive technical problems with their electronic documents have imposed significant unnecessary costs and prevented plaintiffs from efficiently reviewing and identifying relevant documents in aid of their case.

4.    Plaintiffs believe that oral argument will assist the Court in understanding the various factual and legal issues presented by the parties' present discovery dispute.

5.    The undersigned certifies that counsel have conferred in a good faith effort to resolve the issues raised in this cross-motion but were unable to do so.


WHEREFORE, plaintiffs request entry of an Order: (a) compelling defendants to respond fully and completely to the interrogatories and document requests served by plaintiffs on May 16, 2005; (b) directing defendants to remove all "Confidential—Counsel Only" and similar designations from their document production or to otherwise permit all such documents to be treated as non-confidential in accordance with the Stipulated Protective Order entered December 18, 2002; (c) requiring defendants to pay all costs and expenses (including attorneys' fees) incurred by plaintiffs since March 1, 2005, in connection with defendants' failure to comply with

LITDOCS/609453.1

the Court's discovery Orders dated June 29, 2004, August 17, 2004, and February 7, 2005, including but not limited to attorneys' fees and expenses incurred in bringing this cross-motion and opposing defendants' motion for protective order; and (d) for such further relief as the Court considers appropriate.

Respectfully submitted,

**BINGHAM McCUTCHEN LLP,**

*/s/ Alicia L. Downey*

Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of August, 2005, a copy of the foregoing has been hand-delivered to the following:

Craig A. Raabe
Elizabeth A. Fowler
Stephen M. Deane
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

and sent via FedEx to the following:

Andrew S. Marovitz
Britt M. Miller
Dana S. Douglas
Mayer Brown Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606-4637

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC 20006

Nathan P. Eimer
Andrew G. Klevorn
Scott C. Solberg
Ryan S. Hedges
Vanessa G. Jacobsen
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604

/s/ Suzanne E. Wachsstock
Suzanne E. Wachsstock

cc:   The Honorable Alfred V. Covello (via hand delivery)
      United States District Court
      450 Main Street
      Hartford, CT 06103