UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE., LTD., AND MEGAVISA SOLUTIONS (S) PTE, LTD.,

Plaintiffs,

v.

THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,

Defendants.

CIVIL ACTION
NO. 3-02 CV 1107 (AVC)

August 5, 2005

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY, TO REMOVE "COUNSEL ONLY" DESIGNATIONS, AND FOR SANCTIONS**

BINGHAM McCUTCHEN LLP
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

*Attorneys for Plaintiffs MM Global Services Inc., MM Global Pte. Ltd. and Megavisa Solutions (S) Pte. Ltd.*

# TABLE OF CONTENTS

Table of Authorities ..... iii

I. Preliminary Statement ..... 1

A. Defendants' Motion With Respect to the Current Requests Should Be Denied. ..... 1

B. Plaintiffs' Cross-Motion to Compel Should Be Granted. ..... 3

C. Defendants Should Be Ordered to Withdraw All "Counsel Only" Designations from Their Documents. ..... 4

D. The Court Should Impose Sanctions on Defendants. ..... 5

II. BACKGROUND ..... 7

A. The June 29, 2004 Discovery Order. ..... 7

B. Defendants Propose a Protocol for an Initial Phase of Merits Discovery. ..... 9

C. The February 7, 2005 Scheduling Order and Defendants' Response Thereto. ..... 12

D. Plaintiffs' Efforts to Get Defendants to Address the Delays and Other Problems Created by the Timing and Manner of their Document Production. ..... 13

E. Facts Relevant to Potential Spoliation of Documents. ..... 18

F. Facts Relevant to the Parties' Dispute Over Misuse of the "Counsel Only" Restrictions on Defendants' Documents. ..... 19

G. Defendants Proposed No Less Burdensome Alternatives to Responding Fully and Completely to the Current Requests. ..... 22

III. ARGUMENT ..... 23

A. Defendants' Motion for Protective Order Should be Denied. ..... 23

1. The Requests Are Neither Untimely Nor Otherwise Prejudicial. ..... 24

2. Defendants' Submission Does Not Meet Their Burden of Proving, with Specificity, That Responding to Each Interrogatory and Each Document Request in the Current Requests Would Impose Undue Burden and Expense. ..... 26

3. The Court Should Overrule Defendants' Objections That Certain Interrogatories are Duplicative of Prior Document Requests. ..... 29

B. Defendants Should Be Compelled to Answer Interrogatories 1-29 and Document Requests 1-2 Fully and Completely. .......... 31

1. Interrogatories 1-23 Seek Discoverable Facts Relevant to Merits Discovery on Plaintiffs' Antitrust and Tort Claims .......... 32

2. Interrogatories 24-29 Are Designed to Obtain More Detailed Information About Potential Spoliation of Evidence by Defendants. .......... 35

3. Defendants Should be Ordered to Produce All Indices, Databases, and Tables Responsive to Document Request No. 2. .......... 36

C. Appropriate Sanctions Include an Order Requiring Defendants to Pay Certain of Plaintiffs' Attorneys' Fees and Expenses. .......... 38

D. All of Defendants' "Confidential—Counsel Only" Designations Should Be Removed. .......... 42

IV. Conclusion .......... 43

# TABLE OF AUTHORITIES

## CASES


*Ahern v. Trans Union LLC*, 3:01 Civ. 02313, 2002 WL 32114492 (D. Conn. Oct. 23, 2002) ........ 23

*American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263 (E.D.N.C. 1985) ........ 39, 41

*Andritz Sprout-Bauer v. Beazer East, Inc.*, 174 F.R.D. 609 (M.D. Penn. 1997) ........ 39

*Argo Marine Systems, Inc. v. Camar Corp.*, 755 F.2d 1006 (2d Cir. 1985) ........ 40

*Brick v. HSBC Bank USA*, 2004 WL 1811430 (W.D.N.Y. 2004) ........ 40

*Cavaliere v. Margaretten & Co.*, No. 94 CV01928, 1996 WL. 637834 (D. Conn. Mar. 28, 1996) ........ 29

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16 (S.D.N.Y. 1984) ........ 23, 30, 41

*Daval Steel Prods. v. M/v Fakredine*, 951 F.2d 1357 (2d Cir. 1991) ........ 31

*In re Cheyenne Software, Inc. Sec. Litig.*, 1997 WL 714891 (E.D.N.Y. 1997) ........ 35

*In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260 (N.D. Ill. 1979) ........ 29

*In re Honeywell Int'l, Inc. Sec. Litig.*, 2003 WL 22722961 (S.D.N.Y. 2003) ........ 40, 41

*In re Lorazepam & Clorazepate Antitrust Litig.*, 300 F. Supp. 2d 43 (D.D.C. 2004) ........ 39

*In re LTV Steel Co., Inc.*, 307 B.R. 37 (N.D. Ohio 2004) ........ 40

*In re MasterKey Litig.*, 53 F.R.D. 87 (D. Conn. 1971) ........ 30

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 169 F.R.D. 598 (D.N.J. 1997) ........ 35

*In re Verisign, Inc. Securities Litig.*, 2004 WL 2445243 (N.D.Cal. 2004) ........ 40

*Invision Media Comm., Inc. v. Fed. Ins. Co.*, 2004 WL 396037 (S.D.N.Y. 2004) ........ 40

*LeBarron v. Haverhill Cooperative Sch. Dist.*, 127 F.R.D. 38 (D.N.H. 1989) ........ 41

*Lewy v. Remington Arms Co.*, 836 F.2d 1104 (8th Cir. 1988) ........ 35

*Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77 (D. Conn. 1998) ........ 38

*Minnesota v. Philip Morris Inc.*, 606 N.W.2d 677 (Minn. App. Ct. 2000) ........ 37

*Minnesota v. Philip Morris, Inc.*, 10.7 Tobacco Prods. Litig. Rep. 2.275 (1995) ........ 37

*MM Global Servs., Inc. v. Dow Chem. Co.*, 283 F. Supp. 2d 689 (D. Conn. 2003)....................7

*MM Global Servs., Inc. v. Dow Chem. Co.*, 329 F. Supp. 2d 337 (D. Conn. 2004)....................8

*Morse/Diesel, Inc. v. Fid. & Dep. Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988) ....................31

*Nartron Corp. v. Gen. Motors Corp.*, 2003 WL 1985261 (Mich. Ct. App. 2003)....................41

*Nonferrous BM Corp. v. Daniel Caron Ltd.*, No. 94 Civ. 7705, 1996 WL 208182 (S.D.N.Y. Apr. 26, 1996) ....................30

*Omega Engineering, Inc. v. Omega, S.A.*, 3:98 Civ. 2464 (AVC), 2001 WL 173765 (D. Conn. Feb. 6, 2001) ....................23

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002) ....................41

*Rickles, Inc. v. Frances Denney Corp.*, 508 F. Supp. 4 (D. Mass. 1980)....................37

*Scovish v. The Upjohn Co., 15 Conn. L. Rptr.* 446, 1995 WL 731755 (Conn. Super. Ct. Nov. 22, 1995)....................37

*United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958)....................2

*Washington Bancorporation v. Said*, 145 F.R.D. 274 (D.D.C. 1992)....................37

*Zakre v. Norddeutsche Landesbank Girozentrale*, 2004 WL 764895 (S.D.N.Y. 2004) ....................37

**RULES**

*Fed. R. Civ. P. 26*....................2, 23, 31, 43

*Fed. R. Civ. P. 33*....................3, 30

*Fed. R. Civ. P. 34*....................39, 40

*Fed. R. Civ. P. 37*....................8, 38

**SECONDARY SOURCES**

Grenig, Jay E. & Jeffrey S. Kinsler, Handbook of Federal Civil Discovery & Disclosure (2d ed. 2002)....................39

Hare, Francis H. *et al.*, Full Disclosure: Combating Stonewalling and Other Discovery Abuses (1995)....................39

## I. PRELIMINARY STATEMENT

This memorandum of law is filed by plaintiffs MM Global Services, Inc., MM Global Services Pte., Ltd., and Megavisa Solutions (S) Pte., Ltd. (collectively, "plaintiffs") in opposition to the motion for a protective order filed by defendants The Dow Chemical Company ("Dow"), Union Carbide Corporation ("UCC"), and Union Carbide Asia Pacific, Inc. ("UCAP") (collectively, "defendants") as their response to Plaintiffs' Third Set of Interrogatories and Fourth Request for Production of Documents dated May 16, 2005 (the "Current Requests"), and in support of three separate but related requests for relief:

- An order compelling defendants to further respond to Interrogatories No. 1-29 and Document Requests 1-2 of the Current Requests as fully, completely, and expeditiously as possible[1];
- An order directing defendants to remove all "Confidential—Counsel Only," "Counsel Eyes Only" and similar designations from defendants' documents or otherwise to permit such documents to be treated as non-confidential in accordance with the Stipulated Protective Order dated December 18, 2002; and
- A sanctions order requiring defendants to pay all costs and expenses (including attorneys' fees) that plaintiffs have incurred since March 1, 2005, as a result of defendants' failure to comply with the Orders dated June 29, 2004, August 17, 2004, and February 7, 2005, including but not limited to attorneys' fees and expenses incurred in bringing the instant cross-motion and opposing defendants' motion for protective order.

### A. Defendants' Motion With Respect to the Current Requests Should Be Denied.

"Modern instruments of discovery serve a useful purpose [and] together with pretrial

---

[1] Defendants' Responses and Objections to the Current Requests are appended as Exhibit A to the accompanying Declaration of Alicia L. Downey ("Downey Decl."). As set forth therein, defendants refuse to respond at all to Interrogatories 1-23 and Document Request No. 1, while providing only partial responses to Interrogatories 24-29 and Document Request No. 2.

procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order against discovery only when—and only to the extent that—"justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, without meeting this standard, defendants seek to excuse their wholly inadequate response to the Current Requests.

The Declaration of William Herr submitted by defendants as factual support for their motion mischaracterizes the scope of discovery sought by plaintiffs[2] and lacks the requisite specificity about the prospective burden of compliance. Moreover, there is no authority—and certainly none cited by defendants—that suggests it is ever appropriate to prevent a party from obtaining discovery merely because the responding party's internal organization and recordkeeping practices allow "no easy way" for them to quickly identify and retrieve responsive documents and information. *See* Herr Decl. ¶ 22. Indeed, in this case, defendants themselves designed a protocol for the scope, manner and timing of their document production, which they represented to plaintiffs and the Court would avoid undue burden and expense. To the extent they chose at some point to abandon that protocol, they did so unilaterally for their own strategic reasons, and not at plaintiffs' behest.

The Current Requests are neither excessive in scope nor untimely. This is not a situation involving "eleventh hour" discovery tactics long after the close of discovery or on the eve of trial. This case has barely advanced on the merits since it was filed, largely because of

---

[2] For example, had defendants inquired before filing their motion for protective order, plaintiffs would have told them that they were not seeking twenty years worth of individual transaction documents.

defendants' three-year all-out effort to delay or avoid discovery altogether. (Defendants filed at least fifteen separate motions—including renewed motions and motions for reconsideration—for dismissal of all or some of plaintiffs' claims, six motions seeking to stay or otherwise limit discovery, two motions for interlocutory review, and a petition to the Second Circuit for a writ of mandamus.) In fact, defendants continue to supplement their document production in response to previous requests into late July 2005 (over one year since the June 29, 2004 Order issued), even as the parties have started taking depositions.

Likewise, none of the Current Requests, specifically Interrogatories 1-23, are properly objectionable as duplicative of prior requests for production of documents. Even if they echo portions of certain prior document requests, merely pointing to a voluminous production of documents (in this case 462,538 files exceeding 1.5 million numbered paper and electronic pages) does not satisfy a party's obligations under Rule 33(d) to specifically identify, in response to interrogatories, the documents from which responsive information can be derived. Furthermore, contrary to defendants' repeated assertions, the burden of obtaining the requested information does not fall equally between plaintiffs and defendants. Given the impenetrable state of defendants' document production, plaintiffs are unable to obtain responsive information "readily" themselves from previously produced documents. For these reasons, defendants' motion for a protective order should be denied.

**B. Plaintiffs' Cross-Motion to Compel Should Be Granted.**

The Court should order defendants to respond to the Current Requests because the requested discovery is relevant to the merits of various claims and defenses, not just the issue of

subject matter jurisdiction under the FTAIA.[3] Interrogatories 1-23 seek information relevant to proving plaintiffs' antitrust and misrepresentation claims and to rebutting defendants' anticipated defenses to those claims. Interrogatories 24-29 seek information about defendants' efforts to preserve, search for, and retrieve relevant documents, particularly from the electronic files maintained by key former employees, the absence of which defendants have been unable to explain other than by referring vaguely to general policies and practices. Document Request No. 1 merely requests all documents identified in response to the Interrogatories to the extent not already produced. Document Request No. 2 was partially addressed by the production, in July 2005, of a limited electronic index to the defendants' document production, but for the reasons set forth below, that response is inadequate.

### C. Defendants Should Be Ordered to Withdraw All "Counsel Only" Designations from Their Documents.

Defendants' persistent and unabashed abuse of the "Counsel Only" designation for outdated and otherwise clearly non-confidential documents should not only preclude use of the designation in future productions, but should also require them to withdraw all "Counsel Only" designations from the documents produced to date. The Court will recall that defendants' systematic placement of the "Counsel Only" restriction on 535,000 pages of their electronic documents was raised at the March 31, 2005 status conference. Plaintiffs were concerned because, under the Stipulated Protective Order endorsed by the Court on December 18, 2002, plaintiffs' officers and employees were totally barred from reviewing such documents. At that

---

[3] Regarding that issue, defendants' June 21, 2005 Combined Memorandum reflects their latest attempt to persuade the Court to accept their miscasting of the law, the allegations and the evidence. In the interest of brevity, rather than repeat their detailed rebuttal, plaintiffs respectfully refer the Court to the Ruling of August 11, 2004 denying defendants' renewed motion to dismiss Count I of the Amended Complaint for lack of subject matter jurisdiction.

time, defendants were directed to review their Counsel Only documents and, as a result, they withdrew such designations from all but a manageable quantity of their documents.

However, when defendants produced more documents in May and July, the number of documents designated as "Confidential—Counsel Only" leapt to over 249,000 (and an even greater, but unknown number of individual pages). This is more than half of the total number of documents defendants produced in this case. Many supposedly "highly sensitive" documents designated "Counsel Only" consist of little more than blank or nearly pages, emails noting the dates and times of meetings, heavily redacted documents, and blank questionnaire forms. Many are dated more than five years ago. It is obvious that the designations were not applied by anyone with an understanding of the terms of the Stipulated Protective Order.

Despite plaintiffs' good faith effort to resolve what appears to have been systematic abuse of the "Counsel Only" restriction, defendants have refused to disclose the criteria they used in making their designations. They also refuse to review their Counsel Only documents one by one to verify that their designations were proper, stating that the burden should be on plaintiffs' counsel to question each individual document, in blatant contravention of the Stipulated Protective Order, which places the burden on defendants to justify their confidentiality designations. Since they have not met their burden, and since their ongoing abuse of the designation will hinder plaintiffs' ability to prepare their case, defendants should be ordered to withdraw all such designations permanently.

**D. The Court Should Impose Sanctions on Defendants.**

Defendants' continued violation of the Court's scheduling orders, in conjunction with their actions in making plaintiffs' review of their documents as difficult and time-consuming as possible, more than justify the imposition of sanctions at this time. Under the Court's most recent scheduling order, defendants were to have completed a well-defined subset of merits