documents stored electronically in the usual course of business into an unsearchable format, they again violated Rule 34. Courts have held that the "production of TIFF version alone is not sufficient . . . the electronic version must include metadata as well as be searchable." *In re Verisign, Inc. Securities Litig.*, 2004 WL 2445243, **1-2 (N.D.Cal. 2004); *In re Honeywell Int'l, Inc. Sec. Litig.*, 2003 WL 22722961, *2 (S.D.N.Y. 2003). Indeed, at least one court has specifically held that hard copies of the documents and an index—even a detailed index with annotated charts—is insufficient, when the documents could have been produced in the original electronic format. *Honeywell*, 2003 WL 22722961 at *2.

Sanctions are merited because defendants' piecemeal and haphazard production has caused delays and pushed this phase of discovery far beyond the boundaries set out in the Scheduling Order. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002) (suggesting on remand that sanctions may be appropriate for breaches of discovery obligations caused by party's "purposeful sluggishness" in production of documents); *Nartron Corp. v. Gen. Motors Corp.*, 2003 WL 1985261, *4 (Mich. Ct. App. 2003) (affirming sanctions award for delays in responding to discovery requests and attenuated and piecemeal production of altered/partially deleted database). Their transgressions are especially egregious given that they enjoyed full access to their own documents through their "fully searchable database," while withholding even the crudest of searchability tools from plaintiffs until days before the first depositions began. *See American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985) (failure to provide a more specific source of information than a warehouse containing more than one million disorganized documents resulted in discovery sanctions, especially where producing party had more efficient computerized access to same information).

Defendants repeatedly point to the size of their document production as evidence of their good faith in responding to plaintiffs' merits discovery requests. "However, it is the content not the quantity of the discovered material that may indicate the existence or absence of good faith. . . . [S]heer volume alone cannot give rise to a presumption of good faith . . . ." *Compagnie Francaise*, 105 F.R.D. at 31; *see also LeBarron v. Haverhill Cooperative Sch. Dist.*, 127 F.R.D. 38 (D.N.H. 1989) (finding that sanctions can be appropriate even when a party does not act in bad faith but nonetheless fails to follow discovery orders). Sanctions are warranted here because defendants' deliberate actions violated Court Orders and the Rules of Civil Procedure, causing plaintiffs to incur significant and wholly unnecessary burden and expense.

### D. All of Defendants' "Confidential—Counsel Only" Designations Should Be Removed.

Appropriate sanctions are also warranted to remedy defendants' wholesale misdesignation of "Counsel Only" documents. This misdesignation has created significant delays and injected further disorder and confusion into an already chaotic production of documents. Defendants cannot credibly claim that counsel reviewed and designated all such documents by any valid process. Indeed, defendants' own conduct illustrates their lack of good faith. On June 21, 2005, they filed papers in support of their motion for protective order, to which were appended several "Confidential—Counsel Only" documents, effectively placing their own "highly sensitive" information in the public domain! See Defendants' Exhibits 12, 13, 19, 20, 27.

Defendants clearly care less about protecting the information contained in these documents than they do about hindering plaintiffs from assisting their counsel in the preparation of their case. The December 18, 2002 Stipulated Protective Order places the burden on defendants to justify the special treatment they demand for 249,856 documents in this case.

Because they have not done so in a reasonable time, and because they have refused to discuss any alternative accommodation of plaintiffs' concerns in this regard, and because this is the third time in less than twelve months that plaintiffs have been forced to raise this issue, all such designations should be removed, permanently and forthwith.

## IV. CONCLUSION

Defendants are not entitled to a protective order. It is plaintiffs, not defendants, who have been prejudiced in the course of more than a year of unceasing discovery battles in what defendants clearly hoped would be a war they would win, not on the merits, but by attrition. The discovery sought by plaintiffs is timely, necessary, and well within the scope of permissible discovery under Rule 26. Plaintiffs' motion to compel should therefore be granted in its entirety. In addition, the Court should order defendants to pay plaintiffs' fees and expenses for the time and effort incurred since March 1, 2005, as a result of defendants' unapologetic failures to comply with the Orders of this Court.

Respectfully submitted,

**BINGHAM McCUTCHEN LLP,**

_____
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)