UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>                                    Defendants. | CIVIL ACTION<br>NO. 3:02 CV 1107 (AVC)<br><br>October 3, 2005 |

## SUPPLEMENTAL DECLARATION
## OF ALICIA L. DOWNEY

Alicia L. Downey, declares as follows:

1. I am a partner in the firm of Bingham McCutchen LLP, co-counsel for plaintiffs in the above-captioned action. I submit this Supplemental Declaration to put before the Court certain documents and facts in support of Plaintiffs' Reply in Further Support of Their Cross-Motion to Compel Further Responses to Discovery, to Remove "Counsel Only" Designations, and For Sanctions. Unless otherwise stated, I make this Declaration on personal knowledge.

**Relevant Documents**

2. Attached hereto as <u>Exhibit A</u> is a true and correct copy of a relevant excerpt of Plaintiffs' Exhibit 101 introduced in the deposition of Ronald Neri on August 23, 2005.

3. Attached hereto as <u>Exhibit B</u> are true and correct copies of pages 8-10, 16-19, 87, 92, and 179-80 of the transcript of the deposition of Ronald Neri on August 23, 2005.

4. Attached hereto as <u>Exhibit C</u> are true and correct copies of pages 39 and 42 of the

transcript of the deposition of Eugene Fisher on August 26, 2005.

5. Attached hereto as <u>Exhibit D</u> is a true and correct copy of a letter from Dana Douglas to Alicia Downey dated August 31, 2005.

6. Attached hereto as <u>Exhibit E</u> is a true and correct copy of a letter from Dana Douglas to Alicia Downey dated September 29, 2005.

7. Attached hereto as <u>Exhibit F</u> are true and correct copies of samples of excerpts from Defendants' July 22, 2005 Privilege Log.

8. Attached hereto as <u>Exhibit G</u> are true and correct copies of pages 13-14 and 256 of the transcript of the deposition of Venketraman (V.K.) Moorthy on July 21-22, 2005.

9. Attached hereto as <u>Exhibit H</u> is a true and correct copy of Plaintiffs' Exhibit 117 introduced in Mr. Neri's deposition on August 23, 2005.

10. Attached hereto as <u>Exhibit I</u> are true and correct copies of pages 120-21 of the transcript of the deposition of Ajay Mittal on July 28, 2005.

**Relevant Facts**

11. On September 22, 2005, in a conference call among counsel to discuss various ongoing discovery-related issues, including the scheduling of further depositions, defendants' counsel disclosed to us, for the first time, that defendants did not produce approximately 200,000 pages of documents that, before October 6, 2004, had been gathered, Bates-numbered, indexed and placed "in the pipeline" for production. The explanation offered for withholding these documents was their claim that in the October 6, 2004 status conference, the Court *directed* them to cease their production efforts so that less burdensome alternatives could be pursued. This huge gap in defendants' production was discovered only because our searches of the electronic index repeatedly identified entries for which we could not find any corresponding hard copy or

electronic documents. We had no access to any of these documents while preparing for and taking depositions of defendants' 30(b)(6) witnesses in July and August. Today, defendants delivered 66 boxes containing the missing documents, but my understanding is that these documents were withheld by defendants for at least a year.

12. On June 20, 2005, defendants identified John Yimoyines and Kevin Dillan, two key witnesses formerly employed by UCC and now employed by Dow, as 30(b)(6) witnesses to testify on numerous topics on behalf of UCC and Dow. Thereafter, we made numerous inquiries of defendants' counsel about dates on which to take their depositions. As of the date of this declaration, we have been informed that defendants will not make Mr. Yimoyines available until November 9, 2005, at the earliest, while Mr. Dillan has been proposed for December 8-9, 2005.

13. Defendants identified Dow in-house counsel William Herr in their June 20, 2005 30(b)(6) witness designations. In a conference call held in July, I asked defendants' counsel to provide dates on which Mr. Herr and the other designees would be available. My repeated oral and written requests to schedule these depositions went unanswered. On September 30, 2005, defendants finally indicated that Mr. Herr could be available on November 29, 2005.

14. In April 2005, Eimer Stahl attorney Vanessa Jacobson asked us to produce the bulk of plaintiffs' original document production (approximately 100,000 pages) for a second time, so that they could arrange to have them scanned into computer images by a vendor of their own choosing. In response to this request, we were reluctant to relinquish possession of the documents (most of which were original business records), and therefore urged defendants' counsel to inspect the documents in person and allow us to arrange for reproducing them through our vendor. Ms. Jacobson declined and insisted on delivery of the documents to defendants' chosen vendor for scanning. Had defendants' counsel bothered to inspect the original documents

for themselves they would have seen documents collected in binders, file folders of different colors, and the actual manner in which documents were attached to and filed next to each other. Defendants' vendor took its direction from defendants' counsel, not us, concerning the manner in which the documents were reproduced.

I declare, under the penalty of perjury, that the foregoing is true and correct.

Signed this 3rd day of October 2005.

_/s/ Alicia L. Downey_
Alicia L. Downey