UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD.,<br><br>         Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>         Defendants. | CIVIL ACTION<br>NO. 3:02 CV 1107 (AVC)<br><br>October 11, 2005 |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
IMPROPERLY WITHHELD AND REDACTED DOCUMENTS**

Plaintiffs MM Global Services, Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S"), and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively, "plaintiffs") move the Court for an Order compelling defendants to produce all documents they have improperly withheld or redacted on the basis of the attorney-client or work product privileges, and for further relief related thereto as set forth below.

In support of this motion, plaintiffs respectfully refer the Court to the accompanying Memorandum of Law and Declaration of Alicia L. Downey and the exhibits attached thereto. As set forth therein, defendants have withheld or redacted thousands of responsive documents by improperly asserting that they contain either privileged attorney-client communications or work product of counsel. Defendants' Privilege Log dated July 22, 2005, reflects on its face that defendants have not only invoked nonexistent privileges, but also failed to provide sufficient information from which to conclude that any cognizable privileges were properly claimed. Furthermore, defendants have redacted highly relevant information from the specific documents

submitted herewith (appended as Exhibits A through Q to the Declaration of Alicia L. Downey ("Downey Decl.")), despite the lack of any basis on which to assert that they are privileged. In the absence of Court intervention, defendants' improper assertions of privilege have precluded and will continue to preclude plaintiffs from obtaining testimony from deponents concerning documents that such witnesses authored or received.

WHEREFORE, plaintiffs ask the Court for an Order:

(a) Directing defendants to produce a complete and accurate Privilege Log of all documents withheld or redacted on grounds of the attorney-client or work product privileges, which specifies with particularity the factual basis on which defendants are invoking such privileges, including but not limited to: (i) the identity of any and all counsel to whom allegedly privileged communications were directed or who prepared alleged "work product"; (ii) the subject matter of the allegedly privileged communications or work product; (iii) whether the communications specifically conveyed or requested confidential legal advice; and (iv) verification by appropriate persons with knowledge that such communications were intended to be and in fact were kept confidential; and, further, failing the production of a satisfactory submission, produce all allegedly privileged or work product documents in their entirety;

(b) Directing defendants to produce an unredacted copy of Plaintiffs' Deposition Exhibit 92 (see Downey Decl. Ex. A) and all documents containing the contents of Exhibit 92 (Downey Decl., Ex. B-P), and further, produce Lawrence Cheung for additional deposition examination in Hartford, Connecticut, to be conducted at defendants' expense;

(c) Directing defendants to produce an unredacted copy of the document submitted as Downey Decl. Ex. Q;

(d) Directing defendants to withdraw, as having been waived, all privilege claims to the documents identified in Downey Decl. Ex. V (Letter from Dana S. Douglas dated September 29, 2005, purporting to designate and demand the return of certain documents on grounds of privilege); and

(e) Granting such other relief as the Court may determine to be appropriate.

## CERTIFICATE UNDER LOCAL RULE 37

Before filing the above motion, plaintiffs' counsel met and conferred, by telephone and in writing, concerning the issues raised herein, but other than as indicated above, the parties were unable to resolve their dispute.

By: /s/ Richard S. Taffet
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent via telecopier and first-class mail on this 11th of October 2005 to the following counsel of record:

Craig A. Raabe, Esq.  
ROBINSON & COLE LLP  
280 Trumbell Street  
Hartford, CT 06103-3597

Andrew S. Marovitz  
MAYER, BROWN, ROWE & MAW LLP  
71 South Wacker Drive  
Chicago, IL 60606

Scott C. Solberg, Esq.  
EIMER STAHL KLEVORN & SOLBERG LLP  
224 South Michigan Avenue, Suite 1100  
Chicago, IL 60604

Christopher J. Kelly, Esq.  
MAYER, BROWN, ROWE & MAW LLP  
1909 K Street, N.W.  
Washington, D.C. 20006-1101