UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>Defendants. | CIVIL ACTION<br>NO. 3:02 CV 1107 (AVC) |

### DECLARATION OF ALICIA L. DOWNEY

Alicia L. Downey, declares as follows:

1. I am a partner in the firm of Bingham McCutchen LLP, co-counsel for plaintiffs in the above-captioned action. I submit this Declaration to put before the Court certain documents and facts in support of plaintiffs' Motion to Compel Production of Witnesses for Deposition Pursuant to Rule 30. Unless otherwise stated, I make this Declaration on personal knowledge.

**Relevant Documents**

2. Attached hereto as Exhibit A is a true and correct copy of the Notice of Depositions of Graham Fox, Andrew Liveris, Ravi Muthukrishnan, Michael Marinnacio, Ashish Mitra, and Marcus Wildi dated September 9, 2005.

3. Attached hereto as Exhibit B is a true and correct copy of Defendant The Dow Chemical Company's Answers and Objections to Plaintiffs' First Set of Interrogatories dated

November 6, 2002.

4. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Supplemental Responses and Objections of Defendant The Dow Chemical Company to Plaintiffs' Second Set of Interrogatories dated May 24, 2004.

5. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Third Supplemental Responses and Objections of Defendants The Dow Chemical Company, Union Carbide Corporation, and Union Carbide Asia Pacific, Inc. to Plaintiffs' First Set of Personal Jurisdiction Document Requests and Interrogatories dated May 10, 2005.

6. Attached hereto as <u>Exhibit E</u> is a true and correct copy of the Supplemental Responses and Objections of Defendant Union Carbide Corporation to Plaintiffs' Second Set of Interrogatories dated May 24, 2004.

7. Attached hereto as <u>Exhibit F</u> is a true and correct copy of Defendants' Initial Disclosures dated November 1, 2002.

8. Attached hereto as <u>Exhibit G</u> is a true and correct copy of the Third Supplemental Responses and Objections of Dow Chemical Pacific (Singapore) Pte. Ltd. to Plaintiffs' First Set of Personal Jurisdiction Document Requests and Interrogatories dated May 10, 2005.

9. Attached hereto as <u>Exhibit H</u> is a true and correct copy of the Supplemental Responses and Objections of Union Carbide Customer Services Pte. Ltd. to Plaintiffs' First Set of Personal Jurisdiction Document Requests and Interrogatories dated October 6, 2004.

10. Attached hereto as <u>Exhibit I</u> is a true and correct copy of Defendant The Dow Chemical Company's Supplemental Answers to Plaintiffs' First Set of Interrogatories dated January 23, 2003.

11. Attached hereto as <u>Exhibit J</u> is a true and correct copy of the FRCP 26(a)(1) Initial Disclosures of Plaintiffs dated November 1, 2002.

12. Attached hereto as <u>Exhibit K</u> are true and correct copies of pages 90-91 and 286-287 of the transcript of the deposition of Ronald Neri on August 23, 2005.

13. Attached hereto as <u>Exhibit L</u> is a true and correct copy of a letter from Dana Douglas to Richard Taffet dated January 12, 2005.

14. Attached hereto as <u>Exhibit M</u> is a true and correct copy of a letter from Dana Douglas to Richard Taffet dated January 14, 2005.

15. Attached hereto as <u>Exhibit N</u> is a true and correct copy of a letter from Andrew Marovitz to Richard Taffet dated March 1, 2005.

16. Attached hereto as <u>Exhibit O</u> is a true and correct copy of a letter from Andrew Marovitz to Richard Taffet dated March 4, 2005.

17. Attached hereto as <u>Exhibit P</u> is a true and correct copy of a letter from Andrew Marovitz to Richard Taffet dated March 10, 2005.

18. Attached hereto as <u>Exhibit Q</u> is a true and correct copy of a letter from Dana Douglas to Richard Taffet dated May 6, 2005.

19. Attached hereto as <u>Exhibit R</u> is a true and correct copy of a letter from Dana Douglas to Alicia Downey dated May 23, 2005.

20. Attached hereto as <u>Exhibit S</u> is a true and correct copy of a letter from Dana Douglas to Richard Taffet dated July 29, 2005.

**Relevant Facts**

21. During a meet and confer telephone conference on September 30, 2005, counsel for defendants stated they would not produce Mr. Liveris for deposition unless ordered by the

Court.

22. During the same call, defendants' counsel did not state an express objection to producing Michael Marinaccio, but they have since failed to provide any date upon which he will be made available irrespective of location.

23. Defendants' counsel also asserted that, because Graham Fox is not directly employed by any defendant, they will merely attempt to assist in arranging for Mr. Fox's availability, but only in Dubai and subject to the laws and rules of that jurisdiction, if any, applicable to taking pretrial testimony.

24. Defendants' counsel also asserted that, because Muthukrishnan Ravi is not directly employed by any defendant, they will merely attempt to assist in arranging for his availability, but only in Singapore and subject to the laws and rules of that jurisdiction, if any, applicable to taking pretrial testimony.

25. Defendants' counsel also asserted that, because Marcus Wildi is not directly employed by any defendant, they will merely attempt to assist in arranging for his availability, but only in Switzerland and subject to the laws and rules of that jurisdiction, if any, applicable to taking pretrial testimony.

26. Defendants' counsel also informed plaintiffs that Ahsish Mitra had recently left his employment, and they have taken the position that because of his status as a former employee and because he was not directly employed by any defendant, they have no duty to produce him in response to the Notice.

27. Notwithstanding these positions with respect to the six witnesses identified above (the "Dow Witnesses"), defendants have not ruled out the use of testimony from these witnesses either on summary judgment or at trial. During the September 30, 2005 meet and confer call,

defendants' counsel stated that such testimony may be used by defendants, depending on the showings made by plaintiffs.

28.     Searches that I performed using defendants' document production index, which purports to list all of the documents produced by defendants to date, reveal that the Dow Witnesses have been identified by defendants as the authors or recipients of thousands of documents responsive to plaintiffs' document requests.

29.     According to the index, the documents that Mr. Liveris either wrote or received include such titles as "DOW in India," "IC price improvement plans," "Indian Pharma Market," "CALL TO ACTION--CHEMICALS AND PERFORMANCE CHEMICALS IN PACIFIC," "Lock-down highlights from A. Liveris," "MANUFACTURING OF ACETATES IN INDIA," and "Dowfax opportunity for India."

I declare, under the penalty of perjury, that the foregoing is true and correct.

Signed this 12th day of October 2005.

_____
Alicia L. Downey