UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., | : : : : |
| Plaintiffs | : : |
| v. | : Civil No. 3:02 CV 1107 (AVC) : |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, and UNION CARBIDE ASIA PACIFIC, INC., | : : : : |
| Defendants. | : October 27, 2005 |

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR SUBSTITUTION AS PLAINTIFF

Plaintiffs have moved to substitute an unknown Singaporean entity, Advent Manage Limited ("Advent"), as plaintiff in this matter pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. In a one paragraph motion, Plaintiffs assert that substitution is appropriate because the three plaintiff entities "are no longer actively engaged in business" and they purportedly transferred "certain of their assets, including all rights, claims, causes of action and obligations in [this] proceeding," to Advent two months ago.

Plaintiffs' motion fails at the threshold because it neglects to present any evidence to establish that a valid transfer of interest has in fact taken place. But even if Plaintiffs could offer such evidence, the best course in this case would be to join Advent as an additional party plaintiff. Joinder would prejudice no one. Substitution, on the other hand, would raise questions as to whether the original Plaintiffs could seek to take advantage of their "non-party" status to

avoid their discovery obligations under the Federal Rules. Moreover, given that all but one of the four plaintiffs (current and proposed) are foreign corporations, substitution would also raise potential issues concerning the enforceability of any judgment rendered in this case, including whether the former plaintiffs could try split their cause of action by bringing a second action in a foreign court. As such, Defendants respectfully request that Plaintiffs' motion for substitution be denied and that, if anything, the alleged transferee be joined as an additional party upon a showing of a valid transfer of interest.

## ARGUMENT

Rule 25(c) provides that "in case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Thus on its face the rule contemplates three options: (1) continue the action with the original named parties; (2) substitute the transferee for the original party; or (3) join the transferee as a plaintiff to the action. *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 366 (N.D. Fla. 1995).[1]

As a threshold matter, a party seeking substitution must prove that there has, in fact, been a valid and binding "transfer of interest" between the original party and the proposed substitute.

---

[1] "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* (hereinafter "Wright & Miller") §1958; *Luxliner*, 13 F.3d at 71. That is, a court can, in its discretion, decide to continue an action with the original parties, and "the judgment will be binding on his successor in interest even though he is not named." Wright & Miller §1958; *Barker*, 163 F.3d at 366 ("even if not named, successors in interest are always bound by the judgment"); *Fed. Deposit Ins. Corp. v. Tisch*, 89 F.R.D. 446, 448 (E.D. N.Y. 1981) (noting that courts evaluating Rule 25(c) motions consider "how the conduct of the lawsuit will be most facilitated...").

*Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993). If no such transfer has occurred, substitution is not allowed. *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (noting that "although granting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court ... such discretion may not be abused by allowing substitution in the absence of a transfer of interest").

In the present case, Plaintiffs have failed to present any evidence to show that they transferred their entire interests in this matter to Advent. Plaintiffs' motion also fails to provide any meaningful description of Advent (a company which, despite an internet and public records search, remains a mystery to Defendants), let alone explain the terms and conditions of the assignment referred to in their motion. Absent such evidence, substitution is not permissible.[2]

But even if Plaintiffs could establish a binding and valid transfer of their entire rights and interest in this case, the better course here would be to join Advent as an additional party, rather than substitute it as the sole plaintiff. Joinder is appropriate where the additional party would facilitate the litigation without prejudicing the existing parties' rights. *Jazzland Ltd. v. Bordenave*, No. 98-1356, 1999 WL 243820 (E.D. La. April 22, 1999) (adding assignee of all rights, title and interest in subject trademarks as party plaintiff because joinder would not prejudice any party)(attached as Exhibit A); *Fed. Deposit Ins. Corp. v. Tisch*, 89 F.R.D. 446, 448 (E.D. N.Y. 1981) (finding joinder proper where original plaintiff retained an interest in the outcome of litigation even though it had assigned its claims against defendants to the substituting party, because assignor and assignee were real parties in interest); *Gen. Battery Corp. v. Globe-*

---

[2] Defendants intend to conduct discovery on the unsupported assertions made in Plaintiffs' motion. At a minimum, however, the request to substitute is premature.

*Union, Inc.*, 100 F.R.D. 258 (D.C. Del. 1982) (permitting joinder of subsidiary as defendant/counter-plaintiff where original party parent corporation had assigned its right, title and interests in patents in suit to subsidiary).

The potential for prejudice here weighs against substitution. First, allowing the three original Plaintiffs to become "non-parties" could prejudice Defendants' ability to conduct the discovery to which they are entitled. The Federal Rules of Civil Procedure impose different obligations on parties as opposed to non-parties. *Compare, e.g.,* Fed. R. Civ. P. 30, 33 and 34(a) and (b) with Fed. R. Civ. P. 34(c) and 45. Two of the three original plaintiffs here are foreign corporations with purely foreign operations. Having opted to bring suit in the United States, they should remain subject to discovery as parties.[3]

Second, if substitution is granted, it is unclear whether the original Plaintiffs could use their change of status to avoid the preclusive effect of a judgment in this Court, or to otherwise split their cause of action by bringing a second suit in a foreign court. While Defendants suspect that the laws of Singapore or India (or wherever) would ultimately prohibit such action, there is no good reason for this Court to open the door to the possibility. Joinder of Advent as an additional plaintiff – unlike substitution – poses no risk of prejudice to any party. Indeed, joinder would serve to ensure that <u>all</u> potential claimants will be bound by a final judgment in this case.

---

[3] Since essentially all of the sales and conduct in this case took place in India and Singapore, it is not surprising that most of the witnesses (including Plaintiffs' witnesses) are located outside of the United States. Defendants have already had to invoke foreign process with respect to certain witnesses residing in India by seeking the issuance of a letter of request to the High Court of Judicature of Bombay at Mumbai pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781. If Plaintiffs are allowed to withdraw as parties to the case, they could conceivably seek to require Defendants to invoke that same complex process to obtain depositions of plaintiffs' witnesses, a result that would be greatly prejudicial to Defendants.

## CONCLUSION

For all of these reasons, Defendants respectfully request that Plaintiffs' Motion for Substitution be denied and, pending evidence of a valid transfer of interest, that Advent Manage Limited be joined as an additional plaintiff in the case pursuant to Federal Rule of Civil Procedure 25(c).

Respectfully Submitted,

Dated: October 27, 2005                By:

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street
Washington, DC  20006-1157
(202) 263-3000

*Attorneys for Defendant The Dow Chemical Company*

Nathan P. Eimer (ct 23693)
Scott C. Solberg (phv 0234)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL  60604
(312) 660-7600

*Attorneys for Defendants Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

Craig A. Raabe (ct 04116)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597
(860) 275-8304

*Attorneys for All Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Response To Plaintiffs' Motion For Substitution As Plaintiff* was mailed via first-class mail, postage prepaid, on this 27th day of October, 2005, to the following counsel of record:

Richard S. Taffet, Esquire
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689

Suzanne Wachsstock, Esquire
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325

Robert M. Langer, Esq.
Wiggin & Dana LLLP
CityPlace
185 Asylum Street
Hartford, CT  06103

_____
Craig A. Raabe