Exhibit A



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 243820 (E.D.La.)
(Cite as: 1999 WL 243820 (E.D.La.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
JAZZLAND, LTD.
v.
Curtis BORDENAVE, Jr., et al.
No. CIV. A. 98-1356.

April 22, 1999.

AFRICK, Magistrate J.

*1 Before the Court is plaintiff's motion to substitute in which plaintiff, Jazzland, Ltd., states that it has assigned to Jazzland, Inc., all its rights, title, and interest in the Jazzland marks that are the subject of this litigation, including all registrations and goodwill associated with said marks. Defendants oppose the substitution and assert that Jazzland, Ltd., filed claims against the defendants which included five causes of action based on false designation of origin, unfair trade practices and unfair competition under Louisiana law, a declaratory action seeking cancellation of defendants' Louisiana registrations and an injunction against one of the defendants. Defendants assert that they filed an answer, counterclaims and third-party claims based on false designation of origin, improper advertisement and publicity in interstate commerce, and sending out merchandise bearing false designation, all of which constitute unfair trade practices under Louisiana law. Defendants argue that because they have filed substantial counterclaims against Jazzland, Ltd., it would be completely inequitable to allow Jazzland, Ltd. to extract itself from this litigation. Defendants contend that plaintiff did not file this motion to substitute until after the deadline for amending the pleadings had expired and that the substitution would raise new issues which may require additional discovery and disrupt the November 1, 1999, trial date. Defendants further argue that plaintiff's statement that all of its interest in Jazzland, Ltd., has been transferred is conclusory and is unsupported by documentation.

By minute entry of March 17, 1999, plaintiff was ordered to produce evidence that Jazzland, Ltd., has assigned to Jazzland, Inc., all of its rights, title, and interest in the Jazzland marks that are the subject of this litigation, including all registrations and goodwill associated with said marks. In reply, plaintiff submitted a copy of an intellectual property assignment which states that on July 9, 1998, Jazzland, Ltd., as assignor, and Thomas K. Winingder, as assignee, entered into an agreement to "sell, assign, transfer, and set over unto Assignee, its successors and assigns, Assignor's entire right, title and interest in and to the Intellectual Property and any registration, renewal or extension thereof, together with the goodwill of the business." [FN1] Immediately thereafter, Thomas Winingder, as assignor, and Jazzland, Inc., as assignee, entered into an agreement to "sell, assign, transfer, and set over unto Assignee, its successors and assigns, Assignor's entire right, title and interest in and to the Intellectual Property and any registration, renewal or extension thereof, together with the goodwill of the business." [FN2] Therefore, plaintiff has complied with the March 17, 1999, minute entry and has produced evidence to convince the Court of such transfer.

FN1. Rec. Doc. No. 26, Exhibit A.

FN2. Rec. Doc. No. 26, Exhibit B.

In case of any "transfer of interest," Fed.R.Civ.P. 25(c) provides that an action "may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." "Whether to substitute or join a transferee under Rule 25(c) is a discretionary determination by the trial court." [FN3] "The court, if it sees fit, may allow the transferee to be substituted for the transferor. It is also free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party." [FN4] As stated in *General Battery Corporation v. Globe-Union, Inc.,* 100 F.R.D. 258, 262-63 (D.Del.1982),

FN3. See *West v. Giancontieri,* 1997 WL 816296 (E.D.La.1997).

FN4. *West v. Giancontieri,* 1997 WL 816296 at *1 (citing WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PROCEDURE: Civil 2d § 1958).

*2 Similarly, Rule 25(c) permits the court to continue to hear a case where the action survives but the original party has transferred interest in the litigation to another. Rather than require the assignee to initiate a new action, the rule enables the court to continue the action with the assignee joined with or in the place of the original party.

"The rule does not determine what actions shall survive a transfer of interest by a party, it deals only with the mechanics of substitution in an action which does survive under applicable substantive law." [FN5] "Transferring assets of a corporation that is engaged in litigation and its effect on the lawsuit is governed by state law." [FN6]

> FN5. *General Battery Corporation v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D.Del.1982); see *Covington Grain Company, Inc., v. Deal*, 638 F.2d 1357, 1361 (5th Cir.1981)(rule "is procedural only and does not affect the substantive rights of the parties which are determined by state law."); see *In re Record Club of America*, 28 B.R. 996, 998 (M.D.Penn.1983)(because the rule does not create substantive rights, it is necessary to look to state law to determine whether a corporation may pursue litigation after dissolution).
>
> FN6. *Virgo v. Riviera Beach Associates, Inc.*, 30 F.3d 1350, 1358 (11th Cir.1994).

Jazzland, Ltd., is "a corporation organized under the laws of the State of Louisiana." [FN7] Under Louisiana law, a corporation comes into formal existence when the Louisiana Secretary of State issues it a certificate of incorporation. [FN8] A corporation remains in existence until it is formally dissolved by a certificate of dissolution. [FN9] Under La. R.S. 12:148(C) (West 1999), although corporate existence ceases as of the effective date stated in the certificate of dissolution, it continues "for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation." [FN10] It is unclear from the record whether the Secretary of State has issued a certificate of dissolution to Jazzland, Ltd.

> FN7. Rec. Doc. No. 26, exhibit A.
>
> FN8. La. R.S. 12:25(C)(West 1999) ("Upon the issuance of the certificate of incorporation, the corporation shall be duly incorporated, and the corporate existence shall begin...."); La. R.S. 12:25(B)(West 1999)("The certificate of incorporation shall be conclusive evidence of the fact that the corporation has been duly incorporated..."); see *Innovative Therapy Products Inc., v. Roe*, 1998 WL 405049, *3 (E.D.La.)).
>
> FN9. La. R.S. 12:148 (West 1999); see *United States v. 717.42 Acres of Land*, 955 F.2d 376, 380 n. 1 (5th Cir.1992)(legal dissolution occurs when the Louisiana Secretary of State issues a certificate of dissolution).
>
> FN10. *In Re Islander Shipholding, Inc.*, 715 So.2d 7, 11 (La.App. 5th Cir.1998); La. R.S. 12:148(C)(West 1999).

After hearing argument by the parties, the Court is convinced that neither party would be prejudiced if Jazzland, Ltd.., is retained as a party plaintiff and Jazzland, Inc., is joined as an additional party plaintiff. Representations were made that Jazzland, Ltd., continued to litigate this lawsuit after the transfer of interest took place.

Accordingly,

IT IS ORDERED that Jazzland, Ltd., be retained as a party to the lawsuit.

IT IS FURTHER ORDERED that Jazzland, Inc., be made an additional party plaintiff.

IT IS FURTHER ORDERED that defendants be given the opportunity within 10 days to amend their pleadings for the purpose of focusing any of their counterclaims against Jazzland, Inc.

Not Reported in F.Supp.2d, 1999 WL 243820 (E.D.La.)

**Motions, Pleadings and Filings** (Back to top)

- 2:98cv01356            (Docket) (May. 05, 1998)

END OF DOCUMENT