UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL
SERVICES PTE. LTD., and MEGA VISA
SOLUTIONS (S) PTE. LTD.,

   Plaintiffs

   v.

THE DOW CHEMICAL COMPANY, UNION
CARBIDE CORPORATION, and UNION
CARBIDE ASIA PACIFIC, INC.,

   Defendants.

Civil No. 3:02 CV 1107 (AVC)

November 1, 2005

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION PURSUANT TO RULE 30

This case involves the sale of products in India. Two of the three plaintiffs and one defendant are foreign entities with purely foreign operations, and the allegations underlying Plaintiffs' complaint pertain to conduct that occurred primarily in India and Singapore. Not surprisingly, most of the witnesses in this case are located abroad. Plaintiffs, who chose to bring this action in the United States, have moved to compel Defendants to produce certain current and former employees of their foreign subsidiaries for depositions in the United States.[1] Plaintiffs make this request in spite of their own unwillingness to produce a foreign *party* witness for his deposition in the United States. Plaintiffs apparently believe it is acceptable to force Defendants'

---

[1] Plaintiffs have also moved to compel the depositions of two witnesses located in the United States, Michael Marinaccio (a retiree of The Dow Chemical Company ("TDCC")) and Andrew Liveris (TDCC's current President and Chief Executive Officer). Defendants have never refused to produce Mr. Marinaccio and have provided potential dates for his deposition. Plaintiffs' request to depose Mr. Liveris is the subject of a separate motion for protective order currently pending before the Court.

foreign witnesses to bear the burden of traveling to the United States for depositions, but not their own. For the reasons discussed below, Defendants respectfully request that Plaintiffs' Motion to Compel be denied in its entirety.

## ARGUMENT

### 1. *Ashish Mitra*

Ashish Mitra is a former employee of Dow Chemical International Ltd. in Mumbai, India. He presently resides in India. His status as a non-party witness precludes Plaintiffs from compelling his deposition pursuant to Federal Rule of Civil Procedure 30. Plaintiffs' contention that Defendants must produce Mr. Mitra because he is Defendants' "managing agent" is unsupportable. Pls.' Motion to Compel at 10. Mr. Mitra was never employed by Defendants. He no longer works for any affiliated company; nor is he "effectively under the control" of any defendant in this matter. The most Plaintiffs can say on this point is that Defendants must exercise "a significant degree of control" over Mr. Mitra because Defendants previously were "involved in scheduling the depositions" of certain other former employees. *Id.* at 13. But each of those former employees (Messrs. Neri, Moorthy and Fisher) was <u>subpoenaed</u> for deposition pursuant to Rule 45. Messrs. Neri and Moorthy also voluntarily agreed to serve as Rule 30(b)(6) witnesses for defendant Union Carbide Asia Pacific, Inc. None of this, of course, provides any basis to compel the deposition of Mr. Mitra, who has not been subpoenaed and who, to date, has not agreed to testify on behalf of any party. If Plaintiffs wish to depose Mr. Mitra, they should resort to the same procedure that Defendants initiated to obtain the depositions of Plaintiffs' foreign witnesses, specifically the procedure set forth in Rule 28(b) and 28 U.S.C. § 1781.

- 2 -

### *2. Messrs. Graham Fox, Ravi Muthukrishnan and Marcus Wildi*

Plaintiffs have also moved to compel the depositions of three foreign residents currently employed by foreign affiliates of TDCC: Graham Fox (located in Dubai, U.A.E.), Ravi Muthukrishnan (located in Singapore), and Marcus Wildi (located in Horgen, Switzerland). As non-party witnesses, Defendants are not obligated to produce them for depositions in the United States pursuant to Rule 30.[2]

If Plaintiffs wish to depose Messrs. Fox, Muthukrishnan and Wildi, they should do so in each witness's place of residence. It is well recognized that "an out-of-state deponent is under no obligation to travel to the location where the case was filed for deposition." *O'Sullivan v. Rivera*, 229 F.R.D. 187, 188 (D. N.M. 2004); *Chris-Craft Indus. Prods, Inc. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) (ordering that depositions of defendants' Japanese employees be taken in Japan because conducting depositions in Illinois would cause undue burden to employees "in terms of lost executive work time and expenses..."). "There is a general presumption that a defendant's deposition will be held in the district of his residence." *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D. N.Y. 2001)

---

[2] As with Mr. Mitra, Plaintiffs are incorrect in asserting that Messrs. Fox, Muthukrishnan and Wildi are "managing agents" of the Defendants subject to notice under Rule 30. Pls.' Motion to Compel at 11-13. All three individuals are employed by foreign subsidiaries of TDCC, not any of the Defendants themselves. Their status as employees of one defendant's foreign subsidiary does not make them "managing agents" of the corporate defendants for purposes of Rule 30. Accordingly, their deposition must be obtained by subpoena or other process rather than notice. *Archer Daniels Midland, Co. v. Aon Risk Servs. Inc. of Minn.*, 187 F.R.D. 578, 588 (D. Minn. 1999) (citations omitted). However, even if their depositions can be compelled pursuant to Rule 30, Defendants submit that the proper location for such depositions is each witness's country of residence, not the United States, for the reasons discussed above. *See e.g., Chris-Craft Indus. Prods, Inc. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) (noticed depositions of foreign defendants' employees located in Japan ordered to take place in Japan).

(internal quotations and citation omitted).[3] To overcome this presumption, a plaintiff bears the "[a]ffirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location." *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88 Civ. 2670, 1990 WL 155727, at *1 (S.D. N.Y. Oct. 5, 1990).[4] Plaintiffs have failed to carry that burden here.

While Hartford may be a convenient location for *Plaintiffs' counsel*, it is certainly not so for Messrs. Fox, Muthukrishnan and Wildi.[5] "It is the plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents." *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005). Furthermore, in deciding where to hold a deposition, "[t]he convenience of counsel is less compelling than any hardship to the witnesses." *Six West Retail Acquisition, Inc.*, 203 F.R.D. at 108 (citation omitted); *Yaskawa Elec. Corp. v. Kollmorgen Corp.*, 201 F.R.D. 443, 445 (N.D. Ill. 2001) ("[t]he convenience of counsel . . . cannot weigh much compared to the inconvenience to the nonparty witnesses"). Accordingly, courts routinely refuse to compel foreign residents to appear in the United States for depositions

---

[3] *See als, Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88 Civ. 2670, 1990 WL 155727, at *1 (S.D. N.Y. Oct. 5, 1990) (citations omitted) ("[o]rdinarily, the proper place for taking an individual's deposition is his or her place of residence") (attached as Exhibit A); *O'Sullivan*, 229 F.R.D. at 189 ("Generally, if a deponent lives a great distance from the deposing party, then the deposition takes place near the location of the out-of-state deponent").

[4] The rationale for this rule is that "[i]t is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." *Morin*, 229 F.R.D. at 363. Thus, "because the Plaintiff has greater influence over the choice of forum, courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." *O'Sullivan*, 229 F.R.D. at 189.

[5] Likewise, Plaintiffs' reliance on the Court's September 1, 2004 Order to argue that the depositions of these witnesses should be held in Hartford, Connecticut is not dispositive. Pls.' Motion to Compel at 13. Plaintiffs themselves acknowledge that the Court's order is limited to Rule 30(b)(6) depositions and directs that only those depositions are to be held at the U.S. Courthouse in Hartford, Connecticut. *Id.*

where doing so would unduly burden the witness. *See e.g., id.* (granting plaintiffs' motion for protective order directing depositions of nonparty residents of Japan to take place in Guam, as proposed by plaintiffs, rather than the United States); *Fed. Deposit Ins. Co.*, 1990 WL 155727 at *2 (refusing to compel depositions of residents of Argentina in New York because "although plaintiff noticed defendants, all of whom live and work in Buenos Aires, Argentina, to appear in New York, plaintiff has provided the Court with no peculiar and certainly no compelling reason why the depositions should not take place at the defendants' residence, except for plaintiff's convenience"); *Less v. Taber Instrument Corp.*, 53 F.R.D. 645, 647 (W.D. N.Y. 1971) (observing that "[a] mere witness will not be required to leave his residence and business and travel great distances for the convenience of the parties…").[6]

This Court should not compel Messrs. Fox, Muthukrishnan and Wildi to appear in the United States for depositions. These individuals – all non-parties with only marginal involvement in the events at issue – work and reside in foreign countries. Ordering them to travel to the United States for depositions will be disruptive to them and their employers. *See Six West Retail Acquisition, Inc.*, 203 F.R.D. at 108 (ordering depositions of Japanese corporate officials to take place in Japan rather than New York in part because their schedules would be disrupted by a trip to the United States and their absence from work would adversely affect the

---

[6] Indeed, even in cases where the deponent resides in the *United States*, courts often require the deposition of that witness to take place in his home state. *O'Sullivan*, 229 F.R.D. at 189 (ordering that deposition be conducted near deponent's residence in Colorado rather than New Mexico forum because "[t]he Plaintiff failed to establish any circumstances of undue hardship justifying [deponent] to travel to New Mexico"); *Morin*, 229 F.R.D. 362 (granting defendants' motion for protective order directing that deposition take place in deponent's home state of Ohio rather than Connecticut, where action was pending).

defendants' affairs); *Less*, 53 F.R.D. at 647 (noting that "a non-party witness, even more than a party, must be protected against undue burden and expense"). Under these circumstances, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel.[7]

### 3. *Michael Marinaccio*

Any issue concerning the deposition of Michael Marinaccio is essentially moot. Plaintiffs' motion (at 3) acknowledges that Defendants never objected to producing Mr. Marinaccio for deposition. Indeed, the only question was his availability. Mr. Marinaccio is a former employee of TDCC and, despite his status as a non-party witness, he has agreed to make himself available for deposition without a subpoena on either January 4 or 5, 2006 (or any other mutually agreeable date).

### 4. *Andrew Liveris*

Whether Mr. Liveris, TDCC's current President and CEO, can be compelled to appear for his deposition is the subject of a separate Motion for Protective Order which is currently pending before this Court. Defendants hereby incorporate by reference that Motion for Protective Order, and object to the production of Mr. Liveris for the reasons stated therein.

---

[7] At a minimum, if the Court orders Messrs. Fox, Muthukrishnan and Wildi to appear for their depositions in the United States, Plaintiffs should be required to bear any associated costs, including travel expenses for these witnesses. "[U]nder the Federal Rules of Civil Procedure, a federal court has broad discretion to determine the appropriate location for a deposition *and may attach conditions, such as the payment of expenses, as it finds appropriate.*" *Rapoca Energy Co., L.P. v. Amci Export Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001) (emphasis added).

## CONCLUSION

For the reasons stated above, Defendants respectfully request that Plaintiffs' Motion to Compel Production of Witnesses for Deposition Pursuant to Rule 30 be denied in its entirety.

Respectfully Submitted,

Dated: November 1, 2005

By: _____
Craig A. Raabe
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street
Washington, DC 20006-1157
(202) 263-3000

*Attorneys for Defendant The Dow Chemical Company*

Nathan P. Eimer (ct 23693)
Scott C. Solberg (phv 0234)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7600

*Attorneys for Defendants Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Defendants' Opposition To Plaintiffs' Motion To Compel Production Of Witnesses For Deposition Pursuant To Rule 30 as forwarded this 1st day of November, 2005, by first-class mail, postage prepaid, to the following counsel:

Alicia L. Downey, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110-1726

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Suzanne Wachsstock, Esq.
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

Robert M. Langer, Esq.
Steven Bruce Malech, Esq.
Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103

Christopher J. Kelly, Esq.
Mayer Brown Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006

Nathan P. Eimer, Esq.
Andrew G. Klevorn, Esq.
Ryan S. Hedges, Esq.
Eimer Stahl Klevorn & Solberg, LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

Paul A. Winick, Esq.
Michael S. Elkin, Esq.
Susan B. McInerney, Esq.
Alyson L. Redman, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, NY 10022-6225

_____
Craig A. Raabe