Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 155727 (S.D.N.Y.)
(Cite as: 1990 WL 155727 (S.D.N.Y.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
FEDERAL DEPOSIT INSURANCE COMPANY, Plaintiff,
v.
La ANTILLANA, S.A., Ricardo Mario Roveda, Juan Tomas Frias, Enrique Waterhouse,
and Alberto Gabrielli, Defendants.
No. 88 Civ. 2670 (JFK).

Oct. 5, 1990.

Ira L. Hyams, P.C., Jericho, N.Y. (Ira L. Hyams, Jericho, N.Y., of counsel), for plaintiff.

Fox & Horan, New York City, for Alberto Gabrielli; Carl L. Distefano, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for Ricardo Mario Roveda; Marisa A. Marinelli, New York City, of counsel.

Winston & Strawn, New York City, for Juan Tomas Frias and Enrique Waterhouse; Dan S. Durham, New York City, of counsel.

*OPINION AND ORDER*
KEENAN, District Judge.

*1 Before the Court are the motions of defendants Alberto Gabrielli, Ricardo Mario Roveda, Juan Tomas Frias and Enrique Waterhouse, for a protective order under Fed.R.Civ.P. 26(c), directing that defendants' depositions be conducted at defendants' residences in Argentina, and that plaintiff advance to defendants' New York counsel travel expenses and reasonable attorneys' fees incurred in attending the depositions in Argentina. Defendants Frias and Waterhouse move jointly for the protective order. Defendants Roveda and Gabrielli each move separately, although each joins in the motion of Frias and Waterhouse.

*BACKGROUND*
The parties are involved in an action over the default of certain loans extended from an account at the Central National Bank in New York, New York. Defendants were signatories and guarantors of this account, known as the La Antillana account. In May 1990, defendants were noticed to appear on July 19, 1990, at the offices of plaintiff, the Federal Deposit Insurance Company, in New York for oral depositions pertaining to this lawsuit. In July, 1990, defendants moved for a protective order, pursuant to Rule 26(c); plaintiff however refused to respond to the motions. Plaintiff claimed that defendants had not made full responses to plaintiff's document requests, and until they completed discovery, plaintiff asked the Court not to require him to respond to defendants' motions. On September 11, 1990, the Court found defendants' compliance with discovery to be proper, and ordered plaintiff to respond to defendants' motions for protective orders by September 21, 1990; plaintiff complied.

*DISCUSSION*
Ordinarily, the proper place for taking an individual's deposition is his or her place of residence. *See Deep South Oil Co. of Texas v. Metropolitan Life Insurance Co.*, 21 F.R.D. 340, 342 (S.D.N.Y.1958). *See also Buryan v. Max Factor & Co.*, 41 F.R.D. 565 (S.D.N.Y.1967) (court followed general rule that proper place for taking deposition of a corporate defendant is corporation's place of business or at officer's residence); *Kurt M. Jachmann Co. v. Hartley, Cooper & Co., Ltd.*, 16 F.R.D. 565 (S.D.N.Y.1954) (court vacated plaintiff's notices to depose defendants, British subjects residing in England, in New York). If a plaintiff notices an individual defendant's deposition with a location other than defendant's residence or place of business and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating "peculiar" circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir.1979). *See also Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D.Ill.1982) (defendant's objections to alternate deposition location should be sustained unless unusual circumstances exist which justify defendant's inconvenience). The rationale behind this presumptive deference to the defendant is that plaintiff has had the liberty of bringing the suit and has exercised choice as to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 155727 (S.D.N.Y.)
**(Cite as: 1990 WL 155727 (S.D.N.Y.))**

Page 2

action's forum; because defendants are not before the Court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents. *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547 (S.D.N.Y.1989) (citing *Farquhar v. Shelden,* 116 F.R.D. 70, 72 (E.D.Mich.1987)).

**\*2** Plaintiff has failed to rise to the challenge of presenting "peculiar" circumstances to the Court in support of its noticing defendants in New York. Plaintiff claims:

[t]he defendants chose to do business through a New York bank account and there is no reason why they should not attend in New York for their depositions.... FDIC does not wish to conduct the depositions in New York.

Hyams Aff. at 2-3.

The Court finds that although plaintiff noticed defendants, all of whom live and work in Buenos Aires, Argentina, to appear in New York, plaintiff has provided the Court with no peculiar and certainly no compelling reason why the depositions should not take place at defendants' residence, except for plaintiff's convenience.

In *Mill-Run Tours, Inc. v. Khashoggi, supra,* cited by both parties, the Court found that while "caselaw has established a general presumption that an individual defendant's deposition will be held in the district of his or her residence," depending on the level of choice defendant had in coming before the Court, other factors influencing the designation of the deposition site might compel the Court to exercise its discretionary power over the site. *Mill-Run,* 124 F.R.D. at 550. The more choice a defendant had in coming before the Court, the more likely it is that the presumption will be suspended. If the presumption is suspended, other factors such as cost, convenience and efficiency, are weighed to determine whether the Court should exercise its discretionary power over the deposition site. While not putting forth any justification as to why the Court should suspend the presumption and consider the *Mill-Run* factors, plaintiff asserts that *Mill-Run* supports its position.

The Court found in *Mill-Run* that the plaintiff, seeking to recover for unpaid airline tickets from a number of members of the Khashoggi family, brought its suit in the only practical forum possible since the defendants were reputed to live in many Middle Eastern and European countries. The plaintiff had "little choice" but to proceed with its action in New York, noticing defendants in New York. Acknowledging plaintiff's lack of freedom in choosing a forum and defendants' ability to be in many places, including New York, the Court suspended the general rule presumption and consulted the other factors in ruling on defendants' protective order. 124 F.R.D. at 550. Plaintiff in the instant case is not in a similar predicament. Defendants in the instant case all reside in the same country and city; defendants have noted additionally that a number of non-party witnesses also live in Buenos Aires, Argentina. Plaintiff had pragmatic choices before it when choosing a forum and a deposition site and presents no like reasons to *Mill-Run* for the suspension of the general rule presumption.

Even assuming *arguendo* that the presumption should be suspended, plaintiff's choice of deposition site must fail pursuant to the three *Mill-Run* factors.

I. *Cost*

**\*3** In *Mill-Run,* the cost of holding the depositions, while substantial, was agreed to be awarded to the prevailing party at the conclusion of the litigation. *Mill-Run,* 124 F.R.D. at 550. There is no such agreement in the instant case and thus consideration of which party is best able to absorb the related costs for the depositions, as noted in *Mill-Run,* is the measuring scale guiding this factor. Defendants are being sued in their individual capacity, and two of the four defendants have indicated meaningful financial difficulties in pursuing this matter, while plaintiff is a corporation of significant size and resources. The Court finds, therefore, that the cost factor weighs in defendants' favor.

II. *Convenience*

The *Mill-Run* court breaks convenience into three sub-factors: convenience of counsel, defendants' residence, and extent of disruption to defendants' affairs during travel to and from the depositions.

A. Convenience of counsel

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.   Page 3
Not Reported in F.Supp., 1990 WL 155727 (S.D.N.Y.)
**(Cite as: 1990 WL 155727 (S.D.N.Y.))**

Although it is impossible to conclude from his affirmation, plaintiff's counsel is possibly a solo practitioner. Accordingly, were the depositions to be held in Argentina, plaintiff's counsel would have to make burdensome schedule changes in order to attend the depositions. *Mill-Run,* 124 F.R.D. at 551. Defendant's New York counsel are employed by large firms which realistically makes their trip to Argentina less difficult to schedule. However, if the depositions were held in New York, the only inconvenience to either party's counsel would be to Mr. Alejandro Allende, defendants Frias and Waterhouse's Argentine counsel who, due to his clients' inability to communicate effectively in English, would need to accompany defendants to New York.

B. Residence of defendants

Unlike the defendants in *Mill-Run* who were unable to demonstrate to the Court proof of their residence outside the United States, defendants in the instant case have offered affidavits in support of their claim that each of them resides in Argentina. Additionally, plaintiff has provided no evidence challenging these assertions except in the case of defendant Gabrielli's place of employment. However, according to Gabrielli's Reply Declaration, the information that plaintiff cites in support of his claim that Gabrielli should be deposed in the United States is no longer accurate: Gabrielli now lives and works in Buenos Aires, Argentina. Gabrielli Reply Declaration at ¶ 2.

C. Disruption of defendants' affairs

The majority of defendants have demonstrated in detail in their affidavits that their business affairs would be considerably disrupted were they to be compelled to travel to New York for the taking of their depositions. Plaintiff has again provided no evidence to refute these declarations and thus this sub-factor is resolved in favor of defendants.

III. *Efficiency*

The *Mill-Run* court noted two considerations to be evaluated when resolving the efficiency factor: retrieval of documents and the need for judicial supervision. In the instant case, the parties agree that accessibility to documents for both plaintiff and defendants is not an important consideration. Since the parties in the instant case have conducted their discovery process with no unusual degree of acrimony, the Court does not anticipate that there will be a need for the resolution of discovery disputes which might prove to be unwieldy should the depositions be held in Argentina.

*4 Thus, even if the Court suspends the general rule presumption of a defendant's residence being the best place to conduct depositions, the three *Mill-Run* factors do not compel the Court to exercise its discretionary power over the deposition site. In addition, the Court also notes that plaintiff has failed to comply with Local Rule 3(b) by neglecting to provide the Court with a memorandum of law. [FN1] That in and of itself is sufficient cause for the Court to grant defendants' motions by default.

The Court orders plaintiff to take defendants' deposition at their residences or places of business, in Buenos Aires, Argentina. The Court declines to direct plaintiff to advance defendants' New York counsel their travel expenses since these expenses are anticipated costs in the representation of defendants in foreign countries. In addition, the Court also declines to order plaintiff to shoulder defendants' attorneys' fees since these fees are necessarily part of defendants' defense expenses.

*CONCLUSION*

For the reasons stated above, the Court grants defendants' motions for a protective order under Fed.R.Civ.P. 26(c) and orders that plaintiff take defendants' depositions in Buenos Aires, Argentina.

SO ORDERED.

> FN1. Rule 3. Motions.
> (b) Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion and an answering memorandum, similarly divided, setting forth the points and authorities relied on in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 155727 (S.D.N.Y.)  
**(Cite as: 1990 WL 155727 (S.D.N.Y.))**

Page 4

opposition. *Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.* (emphasis added).

Not Reported in F.Supp., 1990 WL 155727 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:88cv02670 (Docket) (Apr. 15, 1988)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.