UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., <br><br> Defendants. | CIVIL ACTION <br> NO. 3:02 CV 1107 (AVC) <br><br> November 8, 2005 |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR SUBSTITUTION AS PLAINTIFF

Plaintiffs MM Global Services, Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S"), and MegaVisa Solutions (S) Pte. Ltd. ("MVS") (collectively, "plaintiffs") hereby reply to Defendants' Response to Plaintiffs' Motion for Substitution as Plaintiff.

Defendants first urge the Court to deny the motion because they claim there is insufficient evidence that the assignment that is the basis of plaintiffs' motion actually took place. In light of Ajay Mittal's Declaration submitted herewith, this argument fails.

Alternatively, defendants argue that Advent Manage Limited ("Advent"), the proposed new plaintiff, should be joined as a party plaintiff, thereby preserving, among other things, defendants' ability to pursue discovery from the original plaintiffs. Such a step is entirely unnecessary to address any possible prejudice, but, in all events, plaintiffs would not object if the Court were simply to join Advent as an additional named plaintiff.

## I. ARGUMENT

As defendants concede, Rule 25(c) does not require any steps to be taken after an interest has been transferred. *See* Defendants' Response to Plaintiffs' Motion For Substitution As Plaintiff (Defs. Opp.") at 2 n.1. Rather, "[t]he decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated." *FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981). Thus, where no rights of the parties will be altered, and the substitution of a party is purely procedural, the Court can and should exercise its discretion to permit the substitution. *See Luxliner P.I. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993).

Here, defendants challenge the substitution of Advent for the presently named plaintiffs on the initial ground that insufficient proof is offered of a valid and binding transfer. The showing required under Rule 25(c) to support the substitution of a party in circumstances such as those presented here, however, is not especially rigorous.[1] *See, e.g., Heidelberg Print Fin. Am., Inc. v. Augusto M. Sevilla*, 2002 WL 417197 (S.D.N.Y. Mar. 15, 2002) (granting motion for substitution based on affidavit verifying fact of transfer of interest); *FDIC v. Rizzo*, 1997 WL 727551 (N.D.N.Y. Aug. 4, 1997) (same). The Mittal Declaration is more than sufficient to meet this standard.[2] There, Mr. Mittal explains that Advent is a British Virgin Island corporation in good standing, to which plaintiffs assigned all of their rights, claims, causes of action and

---

[1] The cases cited by defendants are not to the contrary. In *In re Chalasani*, 93 F.3d 1300, 1312 (2d Cir. 1996), for example, the requested substitution was not approved where there was no proof whatsoever of a transfer or assignment of an interest from a bank to a secured creditor that would satisfy Rule 25(c). In the *Luxliner* case, the court there held that there were genuine issues of material fact arising out of the plaintiffs' Rule 25(c) contested motion to join or substitute a new party as a defendant on a previously entered judgment. 13 F.3d 69 (3d Cir. 1993).

[2] Defendants suggest that they will seek discovery on the assignment of rights to Advent (Defs. Opp. at 3 n.2), but they have no standing to do so and can show no relevance of such discovery to the issues of this case.

obligations in this case, and which further agreed with plaintiffs to assume the cost of litigating this case in return for a percentage of any recovery. Mittal Decl. ¶ 2; *id.*, Ex. A.

Nor will the substitution of Advent for the existing plaintiffs cause any prejudice to defendants, their arguments to the contrary notwithstanding. First, defendants will in no way be prejudiced in their ability to take discovery of the original plaintiffs if they become "non-parties." *See* Defs. Opp. at 4. This is not the intent of the motion, and as stated by Mr. Mittal, who still controls the original plaintiffs, defendants will continue to be afforded full discovery of the original plaintiffs, subject only to the same objections as have been and as are appropriate to continue to put forth as if the original plaintiffs remain. Mittal Decl. at ¶ 3. Likewise, defendants will face no prejudice resulting from plaintiffs seeking to avoid any judgment in this Court (especially since there are no claims alleged against them), or by the original plaintiffs bringing any action in a foreign court that the original plaintiffs could not otherwise have commenced if they remain as named parties. *Id.*[3] None of these possibilities, therefore, can be considered even remotely prejudicial.

Substituting Advent for the original plaintiffs will simply permit the party now with the real interest in the outcome of this case to be named as the party plaintiff. This will avoid confusion when the case is being tried to a jury (assuming defendants can survive plaintiffs' motion for summary judgment), and will ease in the enforcement of any judgment against defendants.

Nevertheless, if the Court determines that simply joining Advent as an additional named party plaintiff is appropriate, no objection is raised here. Plaintiffs do request, however, that in

---

[3] As if unable to help themselves, defendants even take this opportunity to raise yet again their rejected argument that the sales and conduct at issue in this case occurred exclusively in Singapore and India. *See* Defs. Opp. at 4 n.3. This argument was fallacious when first made, and the evidence developed through discovery to date shows now that defendants must be making it to intentionally mislead the Court. Such evidence will be presented at the appropriate juncture in this case, including to ask the Court to reconsider its decisions on the applicable law concerning plaintiffs' contract and tort claims.

that event, the Court consider appropriate jury instructions and other procedural steps to avoid any confusion that may arise from the continued presence of the original plaintiffs as named parties.

## II.   CONCLUSION

For the foregoing reasons, plaintiffs' motion to substitute Advent Manage Limited as the named party plaintiff should be granted. Alternatively, at a minimum, Advent should be joined as an additional party plaintiff.

**MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., AND MEGAVISA SOLUTIONS (S) PTE. LTD.,**

By: /s/ Alicia L. Downey
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Tel. (212) 705-7000
Fax. (212) 752-5378

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One CityPlace
185 Asylum Street
Hartford, CT 06103
Tel. (860) 297-3724
Fax. (860) 525-9380

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via telecopier and first-class mail on this 8th of November 2005 to the following counsel of record:

Craig A. Raabe, Esq.
ROBINSON & COLE LLP
280 Trumbell Street
Hartford, CT 06103-3597

Andrew S. Marovitz
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606

Scott C. Solberg, Esq.
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Christopher J. Kelly, Esq.
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

/s/ Alicia L. Downey