UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE., LTD., AND MEGAVISA SOLUTIONS (S) PTE, LTD.,

Plaintiffs,

v.

THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,

Defendants.

CIVIL ACTION
NO. 3-02 CV 1107 (AVC)

November 14, 2005

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY IN FURTHER SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER AND IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL, TO REMOVE "COUNSEL ONLY" DESIGNATIONS, AND FOR SANCTIONS**

BINGHAM McCUTCHEN LLP
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

*Attorneys for Plaintiffs MM Global Services Inc., MM Global Pte. Ltd. and Megavisa Solutions (S) Pte. Ltd.*

## I. PRELIMINARY STATEMENT

Defendants' Motion for Leave to File Surreply (the "Surreply Motion") should be understood for what it is—a desperate effort to get the last word in on cross-motions that, as they readily concede, have already generated more than enough words. (Surreply Motion at 1-2, listing the four briefs filed in connection with this issue.) As a threshold matter, the Court need not even consider whether defendants' surreply is needed to respond to allegedly new arguments raised in plaintiffs' reply brief, because their Surreply Motion is both untimely and procedurally improper. Setting those fatal defects aside, the surreply itself is simply uncalled for. Defendants have already filed two briefs concerning the matters addressed in their proposed surreply, totaling 48 pages and including numerous documentary attachments. Furthermore, they do not specifically identify a single new argument raised in plaintiffs' reply that warrants their 28-page proposed surreply; indeed, their repeated refrain is that plaintiffs have improperly "recycled" arguments earlier made. Even if that were true—and it is not—this hardly provides a basis for permitting further submissions beyond those authorized by the federal rules. Nor does the fact that plaintiffs cited additional factual evidence in support of their legal arguments warrant a surreply, when both parties will have ample opportunity to address these matters when and if the Court determines that oral argument is appropriate on these motions.

## II. ARGUMENT

### A. Defendants' Motion Is Procedurally Improper and Should Be Dismissed For This Reason Alone.

As a threshold matter, the Court should reject the Surreply Motion and the accompanying proposed submission because they flout both the applicable case law and the Local Rules of this

District.[1] Indeed, defendants' continuing disregard for their discovery obligations apparently has now evolved into disrespect for this Court's motion practice rules.

Most obviously, defendants improperly filed their surreply memorandum of law together with their motion for leave to file the same. Numerous decisions within this Circuit hold that parties are forbidden from filing a surreply brief in conjunction with an as-yet-undecided motion for leave to file the same brief. *See, e.g., Locals 302 and 612 et al. v. Blanchard,* 2005 U.S. Dist. LEXIS 17679, at *19 n.8 (S.D.N.Y. August 25, 2005) (quoting *U.S. v. IBM Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975)); *Marczeski v. Law*, 122 F. Supp. 2d 315, 318 n.2 (D. Conn. 2000); *Facit, Inc. v. Krueger, Inc.*, 732 F. Supp. 1267, 1269 n.1 (S.D.N.Y. 1990); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990), *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990).

Courts within this Circuit typically punish parties who violate this rule by refusing to consider the surreply. *Accord Blanchard,* 2005 U.S. Dist. LEXIS 17679, at *19 n.8; *Facit*, 732 F. Supp. at 1269 n.1 (refusing to consider a surreply where the memorandum was filed in conjunction with the request for leave to file); *Travelers Ins. Co.*, 735 F. Supp. at 495-96 (same); *cf. Marczeski*, 122 F. Supp. 2d at 318 n.2 (stating that, were the plaintiff not *pro se*, "the Court would have stricken" the plaintiff's surreply memorandum for filing it without first obtaining

---

[1] In fact, a number of decisions within this District have held that a surreply is <u>never</u> appropriate, other than when filed by a *pro se* litigant. *See Deray v. Larson*, No. 3:02-CV-2139 (JCH), 2004 WL 2211939 at *4 (D. Conn. Sept. 29, 2004) ("Defendants correctly point out that sur-replies are not permitted under the Local Rules of the District of Connecticut") (unpublished opinion) (citing D. Conn. L. Civ. R. 7; *Root v. Liston*, No. Civ. A. 3:03-CV-949 (JCH), 2003 WL 22937686, at *3 (D. Conn. Dec. 10, 2003)). Judge Hall, the author of both *Deray* and *Liston*, previously penned *Tuchman v. Connecticut*, 185 F. Supp. 2d 169 (D. Conn. 2002), the sole case on which defendants rely in support of their Motion. Thus, the author of the only case cited in support of the Surreply Motion later determined that surreplies are not permitted in this District.

leave of the Court).[2] The court in *IBM Corp* articulated the justification for this strict remedy: "To permit the reply papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance." *IBM Corp.*, 66 F.R.D. at 385.

Here, defendants indisputably have flouted this precedent, and deliberately achieved the prohibited result by filing their memorandum of law in conjunction with their Motion. Therefore, and in accordance with Circuit precedent, the Court should deny the Motion forthwith.

Moreover, this Court should find that defendants are time-barred from filing a surreply brief. Although the Local Rules do not specifically mention time limits for seeking leave to file surreply briefs, Rule 7 of the Local Rules of Civil Procedure, which addresses time limits for reply briefs, applies to "[a]ny reply brief," and a "sur"reply by definition is a type of reply brief. Local Rule 7 provides that "[a]ny reply brief must be filed within 10 days of the filing of the responsive brief to which reply is being made . . . ." D. Conn. L. Civ. R. 7(d). Defendants filed their surreply request on October 28, 2005, twenty-five days after plaintiffs filed their October 3, 2005 reply brief.[3] Defendants have not provided any justification whatsoever for their delayed

---

[2] In an unpublished opinion, *Correspondent Services Corp. v. JVW Investment, Ltd.*, No. 99 Civ. 8934 (RWS), 2004 WL 218087 at *7 (S.D.N.Y. Sept. 29, 2004), the court elected to entertain a surreply brief even though it was "procedurally flawed, insofar as the proposed surreply memorandum was filed in conjunction with and attached to their motion for leave to file such papers." Unlike here, however, the request in that case was made within the context of a dispositive motion, not a discovery dispute that was already the subject of four separate briefs. *See id.*

[3] Indeed, defendants' submission even exceeded the 21-day time limit provided for filing an initial opposition to a motion under D. Conn. L. Civ. R. 7(a)(1).

request.

Because defendants' procedurally defective motion and brief violate both the Local Rules and clear precedent, and because the proper remedy for such conduct is denial of the offending motion, the Court should reject the Surreply Motion, regardless of whether the proposed surreply addresses new issues raised for the first time in plaintiffs' October 3, 2005 reply brief—which, as discussed below, it does not.

**B. Defendants' Motion Should Be Denied Because Plaintiffs' Reply Brief Did Not Raise New Arguments or Issues Necessitating a Surreply.**

A surreply is an extraordinary pleading that is generally permitted only when a party raises a truly new argument in a reply brief to which a response is warranted. *See, e.g., Gladstone Ford v. New York City Transit Authority,* 43 Fed. Appx. 445, 449 (2d Cir. 2002) (affirming district court's denial of leave to file a surreply where there was "no tenable basis for seeking leave to file a surreply" because reply brief did not raise new issue to which surreply purported to respond); *Cifarelli v. Village of Babylon*, 93 F.3d 47, 53 (2d Cir. 1996) (upholding district court's refusal to permit surreply where issue was raised in an opposition brief prior to being discussed in the reply brief); *Travelers Ins. Co.*, 735 F. Supp. at 495-96 (granting motion to strike plaintiff's surreply because, though the defendant's reply brief discussed issues not raised in their initial brief, the issues had been raised in the plaintiff's opposition brief and the defendant was therefore entitled to respond in its reply brief without opening the door to a surreply); *Nalco Chemical Co. v. Hydro Technologies, Inc.*, 809 F. Supp. 672, 676 (E.D. Wisc. 1992) (denying leave to file a surreply because the court found that each of the issues movant claimed to be new had been raised prior to plaintiff's reply brief).

The mere fact that a reply makes new points in response to arguments made in an opposition brief does not automatically justify a surreply; there must be a showing that the party

seeking to file the surreply would be at an unfair disadvantage if relief were denied, because the issues or evidence were unforeseen. *See, e.g., Bayway Refining Co. v. Oxygenated Marketing & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (quotation and citations omitted); *Travelers Ins. Co.*, 735 F. Supp. at 495 ("The moving party may address in his reply papers new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues."). That is not the case here.

As Defendants recognize, the issue of their noncompliance with Plaintiffs' outstanding discovery requests has already generated four separate briefs:

1. Defendants' June 21, 2005 Motion for Protective Order ("Defendants' Motion");

2. Plaintiffs' August 5, 2005 Opposition to Defendants' Motion and a Cross-Motion to Compel, to Remove 'Counsel-Only' Designations, and for Sanctions ("Plaintiffs' Cross-Motion");

3. Defendants' September 12, 2005 "Combined Reply" in further support of their Motion for Protective Order and in opposition to plaintiffs' Cross-Motion ("Defendants' Opposition"); and

4. Plaintiffs' October 3, 2005, Reply in further support of their Cross-Motion ("Plaintiffs' Reply").

Defendants have had more than ample opportunity to anticipate and respond to, in detail, each and every argument made by plaintiffs, and to articulate any additional arguments of their own. Already having filed two substantive briefs on the issue, defendants cannot resist the urge to get in the last word (or, in defendants' case, the last plethora of words), and are now trying to restate the same arguments in yet another way, and in yet another 25+-page brief. Neither the Federal Rules of Civil Procedure nor the caselaw permit such abuse and needless proliferation of the litigation process.

As even a cursory review makes clear, Plaintiffs' Reply raised no new issues but instead simply responded to assertions raised in Defendants' Opposition and, in that context, amplified certain arguments raised in support of Plaintiffs' Cross-Motion. *See* Plaintiffs' Reply at 8-10 (responding to defendants' Opposition argument that defendants do not have to respond to plaintiffs' Current Requests); *id.* at 10-12 (responding to defendants' assertions that compliance with the Current Requests would be too expensive or burdensome and that plaintiffs should not object to Mr. Herr's declaration until after his deposition is taken); *id.* at 12-14 (responding to defendants' claim that they have properly produced documents and reiterating plaintiffs' argument in the Cross-Motion that hard copy and electronic production have been provided in such a way as to create significant obstacles to efficient and meaningful document review); *id.* at 14-15 (responding to defendants' contention that plaintiffs' document production was inadequate); *id.* at 15-17 (responding to defendants' allegations regarding Ajay Mittal's document retention, and reiterating plaintiffs' argument made in its Cross-Motion that serious questions remain about possible spoliation of evidence by defendants); *id.* at 17-19 (reiterating plaintiffs' argument in its Cross-Motion that defendants' "Counsel Only" designations of documents are an improper exercise aimed at subverting the discovery process); *id.* at 19-20 (addressing defendants' response to plaintiffs' request for sanctions).

Plaintiffs did offer in their Reply brief an update on further discovery-related developments that occurred after the filing of plaintiffs' Cross-Motion. *Id.* at 4-8 (the "Update"). This Update disclosed that: 1) defendants had just revealed that they improperly withheld 200,000 pages of documents that were ready to be produced in 2004 but were not produced until October 3, 2005; 2) defendants' 30(b)(6) witnesses identified categories of key documents that had not yet been produced to plaintiffs; and 3) defendants continue to assert privilege claims

over a large number of documents they insist were "inadvertently" produced, without providing any basis for the belated privilege designation or explanation of their asserted "inadvertent" production. *Id.*

These facts do not warrant a surreply response, however, because they are not new legal arguments, but simply factual updates to issues already briefed in plaintiffs' Cross-Motion and defendants' Opposition relating to document production and the assertion of privilege.[4] *See Gladstone Ford,* 43 Fed. Appx. at 449; *Cifarelli*, 93 F.3d at 53; *Travelers Ins. Co.*, 735 F. Supp. at 495-96; *Nalco*, 809 F. Supp. at 676. By inclusion of the Update, plaintiffs do not seek any additional relief, or attempt to add to or alter the claims asserted in plaintiffs' Cross-Motion. Moreover, should the Court deem it appropriate to grant defendants an opportunity to respond to these specific facts, it can do so without entertaining defendants' surreply request, by granting the parties' requests for oral argument. Accordingly, the Update—the only portion of plaintiffs' Reply containing new information—does not justify defendants' request to file a surreply.

Indeed, defendants repeatedly criticize plaintiffs' briefing for *not* raising new arguments, but instead "raising the same recycled criticisms about Defendants' massive production . . . ." *See* Proposed Surreply at 1-2. More broadly, throughout their proposed brief, defendants reveal that their true intent is to address arguments previously made by plaintiffs in the Cross-Motion or

---

[4] To the extent that the Court is inclined to consider any of the points made in the proposed surreply, plaintiffs are compelled to respond here to only one substantive, and utterly groundless, claim made therein. Defendants accuse plaintiffs of breaching their ethical obligations in refusing to return claimed privileged documents. Surreply at pp. 15-18. To the contrary, as set forth in Plaintiffs' Motion to Compel Production of Improperly Withheld and Redacted Documents filed October 11, 2005, it is defendants' continued insistence on return of these documents—even in the face of mounting conclusive evidence that they have no valid privilege claim as to many, if not all, of them—that flies in the face of applicable legal and ethical precepts.

previously raised by defendants in their Opposition. *See, e.g., id.* at 2-3 (expressly responding to plaintiffs' "first brief"); *id.* at 4 ("Here, instead of explaining in *either of their two briefs* how their Current Requests . . ."); *id.* at 11-12 (readily admitting that plaintiffs raised the issue of the availability of electronic production in a fully searchable format in "[b]oth of Plaintiffs' Briefs"); *id.* at 12-14 ("Plaintiffs . . . spend little time responding to Defendants' charge . . . "); *id.* at 14-15 ("[N]either of Plaintiffs' briefs point to a specific document that Plaintiffs believe was inappropriately designated"); *id.* at 24-27 (spending four pages arguing that sanctions are improper, yet failing to make a single reference to plaintiffs' Reply).

Finally, defendants complain that plaintiffs "reserve their most aggressive language for the reply, thus affording Defendants no traditional opportunity to respond to their charges." Proposed Surreply at 2. That is a hollow basis on which to permit superfluous briefing. As the court in *Cifarelli* made clear, a surreply is not permitted simply to allow a party to correct its mistake in "cho[osing] not to address [an argument] as forcefully as [it] could have in [its] response papers." *Cifarelli*, 93 F.3d. at 53.

Notably, defendants have not offered, nor have plaintiffs found, a single reported decision granting leave to file a surreply motion where no new arguments were raised in the reply brief—particularly where the underlying issue was a non-dispositive one. The lone case cited by the defendant in support of its motion for leave to file a surreply, *Tuchman v. Connecticut*, 185 F. Supp. 2d 169 (D. Conn. 2002), demonstrates this point. In a footnote, the court in *Tuchman* granted the plaintiffs' motion for leave to file a surreply in connection with a motion to dismiss "in the interests of fairness, *given the disposition of the motion* . . . ." *Id.* at 170 n.1 (emphasis added). There, however, the surreply addressed jurisdictional challenges to

the plaintiffs' very ability to bring suit—not, as here, a non-dispositive discovery motion.[5] *See also Correspondent Services Corp.*, 2004 WL 2181087 at *7 (granting an otherwise procedurally-flawed motion for leave to file a surreply "so as to permit comprehensive adjudication" of the third-party defendant's motion to dismiss). Accordingly, the Court should deny defendants' Surreply Motion.

## III. CONCLUSION

Defendants have had sufficient opportunity to present any arguments they could come up with in connection with the subject motions and cross-motions—and they have done so in over 48 pages of briefing, plus many inches of documentary attachments. They have offered no basis whatsoever, and there is none, for this Court to indulge them with another opportunity to present the same arguments for the third time. Their Surreply Motion should therefore be denied.

---

[5] Additionally, though the decision does not specify what issues were raised in initial briefing versus reply/surreply briefing, it appears that the surreply was the plaintiffs' first attempt to address the defendants' recently-raised jurisdictional challenges. *See id.* at 170 n.1 ("The court . . . considers any new arguments where appropriate."). As discussed above, defendants cannot plausibly argue that plaintiffs raised any new arguments in Plaintiffs' Reply.

Respectfully submitted,

**BINGHAM McCUTCHEN LLP,**

/s/ Alicia L. Downey

Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

**CERTIFICATE OF SERVICE**

This is to certify that on this 15th day of November, 2005, a copy of the foregoing was sent by telecopier and first-class mail to the following:

Craig A. Raabe
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

Andrew S. Marovitz
Mayer Brown Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606-4637

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC 20006

Scott C. Solberg
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604

/s/ Alicia L. Downey
Alicia L. Downey

cc: The Honorable Alfred V. Covello (via hand delivery)
United States District Court
450 Main Street
Hartford, CT 06103