UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD. & MEGA VISA SOLUTIONS (S) PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION & UNION CARBIDE ASIA PACIFIC, INC., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : Civil No. 3:02 CV 1107 (AVC) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : November 30, 2005 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND IN OPPOSITION TO CROSS-MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY, TO REMOVE "COUNSEL ONLY" DESIGNATIONS, AND FOR SANCTIONS**

Craig A. Raabe (ct 04116)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  05103-3497
(860) 275-8304

Nathan P. Eimer (ct 23693)
Scott Solberg (phv 0234)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL  60604
(312) 660-7600

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
71 S. Wacker Drive
Chicago, Illinois  60606
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C.  20006-1157
(202) 263-3000

*Counsel for Defendants The Dow Chemical Company,
Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

I.   **Introduction**

Plaintiffs' most recent brief asks this Court to close its eyes to Defendants' Surreply, which addresses issues Plaintiffs raised for the first time in their October 3, 2005 Reply Brief on discovery.[1]  In support of their position, Plaintiffs pretend that case law from another district required Defendants to file their Motion for Leave without contemporaneously submitting their Surreply Memorandum.  Pls. Br. at 2-3.  But Plaintiffs ignore the case law from *this District* endorsing Defendants' coordinated filing approach.  *See infra* at 2-3.  Plaintiffs' other hypertechnical arguments[2] – advanced for the purpose of shielding this Court from Defendants' responses to the new arguments in Plaintiffs' Reply – similarly glide over the key facts:

- In complaining that "Plaintiffs' Reply raised no new issues but instead simply responded to assertions raised in Defendants' Opposition" (Pls. Br. at 6), Plaintiffs neglect to confront the entirely new section in their Reply – which they entitled "UPDATE ON STATUS OF DISCOVERY" (Pls. Reply Br. at 4-8) – and their later concession in the same brief that they seek sanctions based upon "*the newest information* set forth herein." *Id.* at 20 (emphasis added).

- In complaining about the total length of the parties' briefs on Defendants' Combined Motion for a Protective Order and their Cross-Motion to Compel, Plaintiffs neglect to mention that they filed a 12-page brief in opposition to Defendants' 3-page speaking motion.

- In complaining about the duration of briefing – Defendants' Motion and Surreply were filed 25 days after Plaintiffs' Reply – Plaintiffs neglect to mention that they took 45 days (from June 21 to August 5) to file their response brief to Defendants' Combined Motion for a Protective Order and another 21 days – from September 12 to October 3 – to file their Reply, all without objection from Defendants.

---

[1] *See* Plaintiffs' Reply in Further Support of Their Cross-Motion to Compel Further Responses to Discovery, to Remove "Counsel Only" Designations, and for Sanctions (Oct. 3, 2005) ("Plaintiffs' Reply Br.").

[2] The defendants say "hypertechnical" because there is no dispute that Defendants properly filed a Motion for Leave to file their Surreply.  Plaintiffs quibble with whether Defendants should have waited for the Court to grant the Motion for Leave before actually filing their Surreply, or whether Defendants could properly submit the Surreply, subject to a grant of leave, to avoid delay.  If the Court grants the Motion, the Surreply will be considered filed; if the Court denies the Motion, it will not be.

It is time for Plaintiffs to play fair. Plaintiffs cannot raise issues for the first time in a Reply Brief without expecting that Defendants will move for leave to address those issues. Plaintiffs' attempt to oppose Defendants' Motion is yet another example of Plaintiffs' one-sided approach to this litigation. Defendants request that the Court grant their Motion for Leave to File a Surreply Memorandum so that it can hear the whole story.

II.     **Defendants Properly Filed Their Motion for Leave to File a Surreply Memorandum.**

As this Court certainly knows, the Federal and Local Rules are silent on the subject of surreply briefs, presumably because the rules do not anticipate that litigants will raise new issues in reply. But the case law from this District is not silent: courts here contemporaneously consider motions for leave and the surreplies themselves. For example, in *Zito v. SBC Pension Benefit Plan*, 2005 WL 486748 (D. Conn. March 1, 2005), the court considered a surreply brief that was filed either just before or at the same time as the motion for leave to file the surreply. *Id.* at *1 n.1 (referencing the surreply brief as appearing one docket entry before the motion for leave to file the surreply brief). The court suggested that it is appropriate to review surreply briefs "in order to avoid any suggestion that it overlooked something material to its decision." *Id.* In *Tuchman v. Connecticut*, 185 F. Supp. 2d 169 (D. Conn. 2002), the court granted a motion seeking leave to file a surreply "in the interests of fairness" and considered "any new arguments where appropriate." *Id.* at 170 n.1. The court's immediate consideration of the arguments presented in the surreply brief indicates that the surreply was filed before the court granted leave to file it. *Id.* at 172 n.2, 174 n.6 (addressing arguments raised in the surreply brief). *See also City of Cincinnati v. Dorr-Oliver, Inc.*, 659 F.Supp. 259, 267 n.5 (D. Conn. 1986) ("The plaintiff has moved to file a surreply brief. That motion is granted and the brief has been carefully considered.").

Instead of favoring the Court with the relevant jurisprudence, Plaintiffs' decision to rely upon cases from *another* district to request that this Court "punish" (Pls. Br. at 2-3) Defendants on this basis is unjustifiable.[3] The few cases cited by Plaintiffs from this District (*id.*) plainly do not support their argument, as those were cases in which the litigant simply filed a surreply brief *without* making any request for leave to file it, as Defendants have done here. *See, e.g. Marczeski v. Law*, 122 F. Supp. 2d 315, 317 (D. Conn. 2000) (no motion for leave to file a surreply was filed); *DeRay v. Larson*, 2004 WL 2211939 at *4 (D. Conn. Sept. 29, 2004) (interpreting the filing of a surreply brief by a *pro se* litigant as requesting leave to file a surreply brief and granting the motion); *Root v. Liston*, 2003 WL 22937686 (D. Conn. Dec. 10, 2003) (striking surreply brief where no request was made for leave to file it).

Fundamentally, it is sensible for a party to file its surreply brief at the same time the party files its motion for leave. As a practical matter, the Court (not to mention Plaintiffs) could not evaluate Defendants' Motion for Leave to File a Surreply Memorandum without considering the Memorandum Defendants proposed to file. *Keene v. Hartford Hospital*, 208 F. Supp.2d 238, 248 (D. Conn. 2002) (considering the issues addressed by plaintiffs' proposed surreply to decide whether to grant motion for leave to file it). Moreover, interests of efficiency suggest that Defendants should not have waited to file their Surreply Memorandum until after the Court granted their Motion for Leave to file it. By filing the Surreply Memorandum at the same time as the Motion for Leave, Defendants made their Memorandum immediately available to the Court for its review if the Court decides to grant Defendants' Motion for Leave. If the Court

---

[3] So, too, is Plaintiffs' reliance upon *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, *vac'd on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990). In *Travelers*, the court initially refused to consider a surreply brief because the motion for leave was not granted before the surreply brief was filed. This ruling was later vacated after the court determined that it had failed to consider all of the pertinent facts. A ruling from another district that was vacated because the court later determined that it did not sufficiently consider the facts hardly provides good support for an argument that would preclude this Court from the benefit of briefing on newly-raised issues.

decides to deny Defendants' Motion for Leave, the Surreply Memorandum can be stricken from the docket without further review.

Finally, Defendants were not procedurally time-barred from filing their Motion for Leave to File a Surreply Memorandum. There is no Federal or Local Rule that addresses the time to file a surreply brief. Local Rule 7, which is cited by Plaintiffs, pertains to the time to file a reply, not a surreply, which is not addressed by the rules. That is one of the reasons that Defendants sought leave to file the Surreply from the Court in the first place.[4]

### III.  Defendants' Surreply Memorandum Addresses Arguments Raised For The First Time By Plaintiffs In Their Reply Brief.

After raising these technical points, Plaintiffs' Response (at 6-8) posits that leave to file the Surreply should be denied because Defendants' Surreply simply rehashes arguments that previously were addressed or that the newly-raised issues are "not new legal issues" but were merely presented to provide a factual "update" on discovery disputes. Plaintiffs' representations in their brief are belied by Plaintiffs' own Reply.

*First*, while "UPDATE ON STATUS OF DISCOVERY" (Pls. Reply Br. at 4) sounds better than "NEW MATERIAL IN REPLY," the fact is that these issues regarding Defendants' document production had not been previously presented to this Court or addressed by Defendants. It was inappropriate for Plaintiffs to use their Reply Brief as a vehicle to raise these new issues with the Court; once they did so, it was necessary and appropriate for Defendants to seek leave to address these issues in a Surreply.

*Second*, in addition to the new factual information noted elsewhere, Plaintiffs did introduce "new legal arguments" (Pls. Br. at 7) in their Reply. For instance, Plaintiffs' Reply argues for the first time that the Court's prior decisions on discovery outside India should be

---

[4] In any event, Plaintiffs do not articulate any prejudice (nor could they) from the fact that Defendants filed their Surreply papers on October 28 instead of October 17, ten business days following the previous filing.

5

construed to mean that Defendants must produce all relevant documents about all distributors around the world. Pls. Reply Br. at 9. This new "law of the case" argument was never before presented and is completely inconsistent with this Court's actual ruling, as demonstrated in Defendants' Surreply Memorandum (at 4). Accordingly, it was appropriate for Defendants to submit a surreply to address these and the other new issues raised by Plaintiffs in their Reply. *Keene*, 208 F. Supp. 2d at 248 (granting a motion to file a surreply brief where "plaintiff's proposed surreply only clarifies evidence already in the record").

*Third*, context is critical here. This particular dispute began with a straightforward request by Defendants for entry of a Protective Order based upon another round of discovery served by Plaintiffs. Plaintiffs – who now claim that there has been excessive briefing – responded to that straightforward request 45 days later by launching their Cross-Motion To Compel, To Remove "Counsel Only" Designations and for Sanctions, thus exponentially expanding the scope of the dispute and attempting to reserve for themselves the last word on the subject. To permit Plaintiffs to use their "Reply" to inject into these proceedings a completely new section clothed as an "UPDATE" and still more new arguments and facts about Defendants' Motion for Protective Order (*see* Pls. Reply Br. at 8-20) (raising new issues about the document production topics first raised by Defendants' Motion on June 21, all of which are covered in Defendants' October 28 Surreply) would be fundamentally unfair.

*Fourth*, if Plaintiffs seriously believed that all of their "new" arguments had been fully addressed in other briefing (Pls. Mem. at 4-7), then there would have been no need for Plaintiffs to pack their Reply with these new arguments in the first place. The same is true for Plaintiffs' suggestion that Defendants might have an opportunity to address issues newly raised if the Court grants oral argument. Pls. Br. at 6-7. Plaintiffs could have addressed any of these points at oral

6

argument, but chose instead to raise them for the first time in their Reply. While Defendants would welcome the opportunity to address any of these issues at oral argument, they should be permitted to respond in kind to Plaintiffs' written brief.

## IV. Conclusion

In the end, while there is little doubt that Plaintiffs would prefer that the Court hear only their very one-sided presentation of the disputes, concepts of fair play dictate that Defendants have an opportunity to respond to the newly-raised issues. *See Bayway Refining Co. v. Oxygenated Marketing & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (citation omitted). This concept has exponentially more force in the face of the fact that Plaintiffs offered these disputes to support their request for sanctions. Pls. Reply Br. at 20 (requesting an award for sanctions "in light of the newest information set forth herein about the gaps and omissions in [Defendants'] document production and their improper designation of documents as 'privileged' or 'work product'"). The Court should have the benefit of both sides' positions on each issue presented by a motion. As such, Defendants respectfully request that the Court grant Defendants' Motion for Leave to File their Surreply Memorandum and consider the issues discussed therein.

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion to File a Surreply Memorandum in Support of Defendants' Motion for a Protective Order and in Opposition to Cross-Motion to Compel Further Responses to Discovery, to remove "Counsel Only" Designations, and for Sanctions.

                         Respectfully submitted,

                         /s/ Craig A. Raabe

| | |
|---|---|
| Andrew S. Marovitz (ct 25409) | Craig A. Raabe (ct 04116) |
| Dana S. Douglas (ct 25412) | ROBINSON & COLE LLP |
| MAYER, BROWN, ROWE & MAW LLP | 280 Trumbull Street |
| 71 S. Wacker Drive | Hartford, CT 05103-3497 |
| Chicago, IL 60606 | (860) 275-8304 |
| (312) 782-0600 | |
| | Nathan P. Eimer (ct 23693) |
| Christopher J. Kelly (ct 25410) | Scott Solberg (phv 0234) |
| MAYER, BROWN, ROWE & MAW LLP | EIMER STAHL KLEVORN & SOLBERG LLP |
| 1909 K Street, N.W. | 224 South Michigan Avenue, Suite 1100 |
| Washington, DC 20006-1157 | Chicago, IL 60604 |
| (202) 263-3000 | (312) 660-7600 |

*Counsel for Defendants The Dow Chemical Company,*
*Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

## CERTIFICATE OF SERVICE

I, Craig A. Raabe, do hereby certify that I caused a true and correct copy of DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF ANDREW N. LIVERIS to be served this date via courier on the following:

Robert M. Langer
WIGGIN & DANA LLP
One City Place
185 Asylum Street
Hartford, CT 06103-3402


and via overnight delivery on the following:

Richard S. Taffet
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689

Alicia L. Downey
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726


Dated: November 30, 2005

Craig A. Raabe