UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD. and MEGA VISA SOLUTIONS (S) PTE. LTD.<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, and UNION CARBIDE ASIA PACIFIC, INC.<br><br>Defendants. | Civil No. 3:02 CV 1107 (AVC)<br><br>December 8, 2005 |

### DEFENDANTS' MOTION PURSUANT TO FED. R. CIV. P. 37(a)(2)(B) TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL STATEMENTS

Defendants The Dow Chemical Company, Union Carbide Corporation and Union Carbide Asia Pacific, Inc. respectfully move this Court pursuant to Fed. R. Civ. P. 37(a)(2)(B) for an order compelling each of Plaintiffs MM Global Services, Inc. ("MM Global Houston"), MM Global Services Pte. Ltd. ("MM Global Singapore") and Mega Visa Solutions (S) Pte. Ltd. ("MegaVisa Singapore"), to produce all financial statements for any Plaintiff, including both monthly and annual statements, whose production Defendants first requested in October 2003. In support of this motion, Defendants state as follows:

1.   Plaintiffs allege that they have suffered financial injury in their business operations as a result of Defendants' conduct.

2. Plaintiffs' financial statements are plainly relevant to whether, in fact, Plaintiffs were harmed by any of the alleged conduct. In particular, monthly financial data, including data reflecting Plaintiffs' sales, are necessary to allow Defendants to identify, analyze and understand the damages alleged, and to determine with more particularity the actual reasons for any lost profits that Plaintiffs claim. Plaintiffs too have sought and obtained highly specific sales data from Defendants in aid of their claims.

3. In October 2003, Defendants' first set of document requests called for, among other things: "All of your annual, quarterly, monthly, and other periodic financial statements, including, but not limited to, all balance sheets, income statements, accounting trial balances, and cash flow analyses, including all charts of accounts relating to such financial statements, from January 1, 1993 to the present." Defendants The Dow Chemical Company and Union Carbide Corporation's First Set of Document Requests on Merits Discovery (Oct. 9, 2003) ("Defendants' First Merits Document Requests"), ¶ 5.

4. Plaintiffs objected to the request on the grounds of overbreadth, burdensomeness, and irrelevance, but stated that they "shall produce non-privileged documents in their possession, custody or control responsive to this request, to the extent such documents have not already been produced." Plaintiffs' Responses to Defendants' First Set of Document Requests on the Merits (Nov. 10, 2003), at 4.

5. Plaintiffs produced some documents in response to this request on April 30, 2004 and November 23, 2004.

2

6.  Plaintiffs' production has been only partially responsive to Defendants' request. For example, neither MM Global Singapore nor MegaVisa Singapore has produced a single audited monthly balance sheet, income statement, or cash flow statement, for any month in the entire Relevant Period, as defined by the Court's June 29, 2004 Order.

7.  While MM Global Houston has produced audited reports for some months in the Relevant Period for itself and its predecessor, Mega Global Services Inc. ("Mega Global Houston"), reports for numerous other months in the Relevant Period are missing, and MM Global Houston has produced no audited cash flow statements of any kind for any period in the Relevant Period. Similarly, the only annual financial statements MM Global Houston has produced for itself and Mega Global Houston are unaudited balance sheet compilations.

8.  On July 25, 2005, Defendants requested that Plaintiffs produce the following financial reports for Plaintiffs:

   a.  MM Global Houston

      i.  Audited monthly balance sheets for January 1994, February 1994, July 1994, March 1995, April 1995, January 1997, October 1998, and November 1998 for MM Global Houston and Mega Global Houston.

      ii. Audited monthly income statements for January 1994, February 1994, March 1994, April 1994, July 1994, January 1997, October 1998, and November 1998 for MM Global Houston and Mega Global Houston.

      iii. Audited cash flow statements falling within the Relevant Period for MM Global Houston and Mega Global Houston.

3

      b.    <u>MM Global Singapore</u>

          i.    Audited annual cash flow statements for 1993 and 1994.

          ii.    Audited monthly balance sheets, audited monthly income statements, and audited monthly cash flow statements, for the entire Relevant Period.

      c.    <u>MegaVisa Singapore</u>

          i.    Audited monthly balance sheets, audited monthly income statements, and audited monthly cash flow statements, for the entire Relevant Period.

9. Plaintiffs have not produced <u>any</u> documents in response to the July 25, 2005 request. They have not contended that they do not have any such documents. Instead, they have questioned why Defendants need such documents, and have argued that Defendants' counsel earlier agreed to forego production of monthly financial statements.

10. In a September 22, 2005 meet-and-confer session, Plaintiffs' counsel told Defendants' counsel that they were searching for the requested financial statements, but asserted wrongly that Defendants' counsel had agreed to forego the production of monthly financial statements.

11. In a September 30, 2005 meet-and-confer session, Plaintiffs' counsel agreed to find factual support for their contention that Defendants' counsel had agreed to forego production of the monthly financial statements. To date, they have not done so, despite being reminded of this commitment in a subsequent letter from Defendants' counsel.

Wherefore, Defendants respectfully request that the Court enter an order compelling

Plaintiffs to produce all financial statements in their possession, custody, or control requested in Defendants' First Merits Document Requests, and in particular the documents described in paragraph 9.a, 9.b, and 9.c above.[1]

Respectfully submitted,

*Elizabeth R. Leong*

| | |
|---|---|
| Craig A. Raabe (ct 04116) | Andrew S. Marovitz (ct 25409) |
| Jason M. Kuselias (ct20293) | Dana S. Douglas (ct 25412) |
| Elizabeth R. Leong (ct24453) | MAYER, BROWN, ROWE & MAW LLP |
| ROBINSON & COLE LLP | 71 S. Wacker Drive |
| 280 Trumbull Street | Chicago, Illinois 60606 |
| Hartford, CT 05103-3497 | (312) 782-0600 |
| (860) 275-8304 | |
| | Christopher J. Kelly (ct 25410) |
| Nathan P. Eimer (ct 23693) | MAYER, BROWN, ROWE & MAW LLP |
| Scott Solberg (phv 0234) | 1909 K Street, N.W. |
| EIMER STAHL KLEVORN & SOLBERG LLP | Washington, D.C. 20006-1157 |
| 224 South Michigan Avenue, Suite 1100 | (202) 263-3000 |
| Chicago, IL 60604 | |
| (312) 660-7600 | |

*Counsel for Defendants The Dow Chemical Company,
Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

---

[1] The undersigned counsel certifies that Defendants have in good faith conferred and attempted to confer with counsel for Plaintiffs in an effort to secure the requested financial statements without court action, but the parties have been unable to reach resolution on this dispute.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand-delivered on this 1st day of December, 2005, to:

>Robert M. Langer
>WIGGIN & DANA LLP
>One City Place
>185 Asylum Street
>Hartford, CT 06103-3402

and via overnight delivery on the following:

>Richard S. Taffet
>BINGHAM MCCUTCHEN LLP
>399 Park Avenue
>New York, NY 10022-4689

>Alicia L. Downey
>BINGHAM MCCUTCHEN LLP
>150 Federal Street
>Boston, MA 02110-1726

>Suzanne Wachsstock, Esq.
>Wiggin & Dana LLP
>400 Atlantic Street
>P.O. Box 110325
>Stamford, CT  06911-0325

_____
Elizabeth R. Leong