| MAYER |
|-------|
| BROWN |
| ROWE |
| & MAW |

October 5, 2005

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Richard S. Taffet, Esq. (By Facsimile)
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Andrew S. Marovitz
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

Alicia L. Downey, Esq. (By E-Mail)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Re: *MM Global Services, et al. v. The Dow Chemical Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Richard and Alicia:

I write to follow-up on a few issues regarding our recent meet-and-confer sessions.

1. In light of Ajay Mittal's unavailability for his scheduled deposition last month due to other business, Plaintiffs will produce Mr. Mittal in Hartford for three days of deposition on December 14-16. Defendants have not agreed that three days is sufficient to cover all of the 30(b)(6) topics for which Mr. Mittal has been designated.

2. Plaintiffs have asked for "a written proffer concerning the need to depose Anil Mittal." Downey Letter at 2 (Aug. 31, 2005). As Alicia noted, Anil Mittal oversaw the operations of MM Global Services Pte. Ltd. in 1993. Downey Letter at 1 (Sept. 9, 2005). We further understand that Mr. Mittal served as a director of the company from 1996-2002; indeed, he signed (on behalf of the company) several reports that were produced in this litigation. Anil Mittal also was a member of the Mittal Finance Committee to which Ajay Mittal directed his request for credit – and which denied that request for credit – following Ajay Mittal's inability to receive all of the credit that he demanded from Defendants. Plaintiffs now cite Defendants' decisions on the extension of credit to Plaintiffs as a basis for their tort claim in this litigation.

All that said, while we are happy to provide some of the reasons that we wish to depose Mr. Mittal (this list is not intended to be exhaustive), it is not Defendants' burden to "establish any need to impose on Mr. Mittal or add to the time and expense already being spent on discovery." Downey Letter at 2 (Aug. 31, 2005). In light of all of these circumstances, any such burden to prevent Mr. Mittal's deposition is Plaintiffs'. Still, based upon your representations that Mr. Mittal does not travel to the United States and does not stay in hotel rooms, we have agreed to

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
Alicia L. Downey, Esq.
October 5, 2005
Page 2

accommodate him and take his deposition in London – where he has an apartment and where other depositions of other overseas witnesses in this case might be taken – or in India. You have not responded to that offer. Please let us know whether you intend to make him available or whether you will move for a protective order.

3.  As we advised, we will make available to Plaintiffs certain documents that Defendants previously produced but that Plaintiffs can no longer find. We mentioned last week that we would be pleased to make those hard copy documents available for your inspection where they are presently located: in our offices in Chicago. You have requested that we reproduce them in Hartford, which we will do provided that Plaintiffs agree to reimburse Defendants for the shipping costs to and from Chicago, as we do not have a set of the documents presently located in Hartford, and had no plans to send them there. Please let us know how you wish to proceed. Once we know whether we will be shipping the boxes to Hartford or you will be coming to Chicago, we can arrange dates for your inspection.

4.  During last week's meet-and-confer, Plaintiffs committed to find some support for their statement that the parties previously agreed that Plaintiffs would not need to produce monthly financial statements. (This topic was raised, again, in Dana Douglas's July 25, 2005 letter.) Plaintiffs also asked Defendants to describe why annual statements are insufficient.

Plaintiffs have provided insufficient detail to support the annual, 1993-2000 general sales data that they declare supports their claim for damages (*see* Taffet Letter Tab 9 (Feb. 20, 2003)). We need monthly sales data to help us replicate and understand the damages alleged, and to determine with more particularity the reasons for any lost profits claimed by Plaintiffs. We need more detailed data – not merely on an annual basis – to help us do that. In light of the highly specific sales figures demanded by Plaintiffs and actually produced by Defendants, we see no justification for Plaintiffs' decision to withhold relevant information that bears directly upon the purported value of their businesses and their claim for damages.

5.  During the past week, we have sent you the attachment report, 60+ boxes of in-process documents that you requested, the redacted version of PX 92, other redacted documents and an updated list of privileged documents to be returned. There remain several additional requests that we continue to work on, including an updated privilege log, information on certain merger documents and bates ranges, and the need to obtain several deposition dates in addition to the ones recently provided and now confirmed in your most recent letter.

6.  Finally, we asked, both orally and in writing, for the return of privileged documents inadvertently produced and identified in recent correspondence. Plaintiffs have rejected those requests. We had intended to discuss this with you further, but see that you have presented this issue to the Court in Plaintiffs' recent Reply. Accordingly, we will respond directly to the Court at the appropriate time.

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
Alicia L. Downey, Esq.
October 5, 2005
Page 3

Very truly yours,

Andrew S. Marovitz

cc: Robert M. Langer, Esq.
Craig A. Raabe, Esq.
Nathan P. Eimer, Esq. & Scott Solberg, Esq.
Christopher J. Kelly, Esq.
Dana S. Douglas, Esq.