IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., and MEGA VISA SOLUTIONS (S) PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., <br><br> Defendants. | 3:02 CV 1107 (AVC) <br><br><br><br> January 11, 2006 |

**DEFENDANT DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.'S ANSWER
AND ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Dow Chemical Company Pacific (Singapore) Pte. Ltd. ("Dow Singapore"), by and through its attorneys, hereby answers the First Amended Complaint (the "Complaint") of Plaintiffs MM Global Services, Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S"), and Mega Visa Solutions (S) Pte. Ltd.'s ("MVS") (collectively, "Plaintiffs") as follows.

Except as expressly stated below, Dow Singapore answers and responds only to those allegations contained in the Complaint that are directed against it. Dow Singapore is without sufficient knowledge or information to form a belief concerning the truth of the allegations in the

Complaint that are directed against other Defendants and on that basis denies all such allegations.

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint states legal conclusions for which no answer is required. To the extent it is construed to present averments of fact, they are denied. Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint that are directed against other Defendants and on that basis denies them. Dow Singapore denies the remaining allegations in this Paragraph.

## JURISDICTION & VENUE

2. Paragraph 2 of the Complaint states legal conclusions for which no answer is required. To the extent it is construed to present averments of fact, they are denied. Further answering, Dow Singapore denies that the Court has subject matter jurisdiction over Plaintiffs' federal antitrust claims, denies that the Court has diversity jurisdiction, denies the Court has personal jurisdiction, and denies that supplemental jurisdiction exists over Plaintiffs' state law claims.

3. Denied.

## PARTIES

### The Plaintiffs

4. Upon information and belief, Dow Singapore admits that, (i) MMGS was a Texas corporation, and (ii) the principal place of business of MMGS was located in Texas at the

address alleged in Paragraph 4 of the Complaint.  Dow Singapore denies the remaining allegations in this Paragraph.

5.      Upon information and belief, Dow Singapore admits that (i) MMGS-S was a Singapore corporation, and (ii) the principal place of business of MMGS-S was located in Singapore at the address alleged in Paragraph 5 of the Complaint.  Dow Singapore denies the remaining allegations in this Paragraph.

6.      Upon information and belief, Dow Singapore admits that (i) MVS is a Singapore corporation, and (ii) the principal place of business of MVS was located in Singapore at the address alleged in Paragraph 6 of the Complaint.  Dow Singapore denies the remaining allegations in this Paragraph.

7.      Upon information and belief, Dow Singapore admits that (i) MVMS is an Indian corporation, and (ii) the principal place of business of MVMS is located in Mumbai, India.  Upon a reasonable investigation, Dow Singapore is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this Paragraph and therefore denies them.

**The Defendants**

8.      Admitted, except that, upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to which chemicals, plastic and agricultural products are being referred to in this Paragraph, and thus it lacks sufficient

knowledge or information to form a belief as to where those unidentified chemicals, plastic and agricultural products were sold.

9.  Admitted.

10.  Upon information and belief, Dow Singapore admits that UCAP (i) is a Delaware corporation, (ii) had its principal place of business in Singapore at the location alleged in this Paragraph, and (iii) is a wholly-owned subsidiary of UCC. Dow Singapore denies the remaining allegations in this Paragraph.

11.  Upon information and belief, Dow Singapore admits that UCCS (i) is a Singapore corporation, (ii) had its principal place of business in Singapore, though not at the particular address alleged in this Paragraph, and (iii) is a wholly-owned subsidiary of UCC. Dow Singapore denies the remaining allegations in this Paragraph.

12.  Dow Singapore admits that, on or about February 6, 2001, Union Carbide Corporation ("UCC") entered into a corporate transaction with a subsidiary of The Dow Chemical Company ("TDCC") and thereafter became a wholly-owned subsidiary of TDCC. Dow Singapore denies the remaining allegations in this Paragraph.

13.  Dow Singapore admits that it (i) is a Singapore corporation, (ii) has its principal place of business at the location alleged in Paragraph 13 of the Complaint, and (iii) is a wholly-owned subsidiary of TDCC. Dow Singapore denies the remaining allegations in this Paragraph.

-5-

## FACTS

### The Products

14.     Dow Singapore admits that (i) it sold certain products to Plaintiffs, and (ii) the four broad categories of chemicals and polymers set forth in Paragraph 14 encompass many of those Products.  Upon information and belief, Dow Singapore admits (i) UCCS also sold certain Products to Plaintiffs, and (ii) that the four broad categories of chemicals and polymers set forth in Paragraph 14 encompass many of those Products.  Dow Singapore denies the remaining allegations in this Paragraph.

15.     Dow Singapore admits that some—though not all—of the Products that Plaintiffs purchased from Dow Singapore were manufactured in the Gulf States area of the United States. Further answering, Dow Singapore states that the allegations concerning title and risk of loss constitute legal conclusions for which no response is required.  To the extent the allegations are construed to present averments of fact, they are denied.  Dow Singapore denies the remaining allegations in this Paragraph.

### The Contractual Relationship

16.     Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiffs' allegations regarding UCC's sales practices prior to 1984, its relationship with Union Carbide India Limited, any civil or criminal charges brought against UCC by the Indian government, or any settlement thereof.  Dow Singapore denies Plaintiffs' characterization of the Bhopal incident, and denies the remaining allegations in this Paragraph.

Further answering, Dow Singapore avers that the allegations in Paragraph 16 of the Complaint are immaterial and irrelevant to the claims in this lawsuit.

17. Dow Singapore states that the Letter dated November 16, 1987 (the "11/16/87 Letter") speaks for itself and denies any allegation in this Paragraph inconsistent with its terms. Upon reasonable investigation, Dow Singapore is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph.

18. Dow Singapore states that the 11/16/87 Letter speaks for itself and denies any allegation in this Paragraph inconsistent with its terms. Dow Singapore denies the remaining allegations in this Paragraph.

19. Denied.

20. Upon reasonable investigation, Dow Singapore is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and on that basis denies them.

21. Dow Singapore states that the letter dated April 5, 1993 (the "4/5/93 Letter") speaks for itself and denies any allegations in this Paragraph inconsistent with its terms. Dow Singapore denies the remaining allegations in this Paragraph.

22. Dow Singapore states that the 4/5/93 Letter speaks for itself and denies any allegation in this Paragraph inconsistent with its terms. Upon reasonable investigation, Dow Singapore is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and on that basis denies them.

23. Upon information and belief, Dow Singapore admits that MMGS-S was established as a Singapore corporation in or around 1993. Upon reasonable investigation, Dow Singapore is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this Paragraph and on that basis denies them.

24. Dow Singapore states that the Letter dated September 8, 1995 (the "9/8/95 Letter") speaks for itself and denies any allegation in this Paragraph inconsistent with its terms. Dow Singapore denies the remaining allegations in this Paragraph.

25. Upon information and belief, Dow Singapore admits that, as of 1998, MMGS-S assumed certain responsibilities from MMGS, and that, in 2000, MVS assumed certain responsibilities from MMGS-S. Dow Singapore states that the letter dated June 27, 2000 (the "6/27/00 Letter") speaks for itself and denies any allegation in this Paragraph inconsistent with its terms. Dow Singapore denies the remaining allegations in this Paragraph.

26. Denied.

**Defendants' Resale Price Fixing**

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### Defendants' Contract Breaches and Tortious Conduct

31.     Dow Singapore denies the allegations of Paragraph 31. Further answering, Dow Singapore states that it lacks sufficient knowledge or information to form a belief as to whether resale of Products accounted for at least 85% of Plaintiffs' business, and on that basis denies such allegations.

32.     Denied.

**A.     Defendants' Unlawful Conduct — 1999 to 2000**

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Upon information and belief, Dow Singapore admits that two end-user customers in India—Finolex and Sterlite—asserted claims against one or more of the Plaintiffs and/or UCC alleging the breach of certain sales contracts for wire and cable products. Dow Singapore denies the remaining allegations in this Paragraph.

**B.     Defendants' Unlawful Conduct — 2001**

38.     Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint

that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

39. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

40. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

41. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

42. Denied.

43. Denied.

44. Dow Singapore is without sufficient knowledge or information to form a belief whether Plaintiffs have maintained or reestablished relationships with any customers in India. Dow Singapore denies the remaining allegations in this Paragraph.

45. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

46. Denied. Further answering, Dow Singapore avers that, with Plaintiffs' consent, Dow India agreed to ship certain orders directly to a few end-user customers in India in order to mitigate any hardship that those customers may have suffered as a result of MVS-related delays.

47. Upon a reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Dow Singapore denies the remaining allegations in this Paragraph.

48. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

49. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

### Defendants Unlawful Conduct — 2002

50. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

51. Upon reasonable investigation, Dow Singapore lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint that are directed toward other Defendants. Dow Singapore denies the remaining allegations in this Paragraph.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1)

52. Dow Singapore incorporates by reference its answers to each and every allegation contained in Paragraphs 1 through 51 above as if fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### BREACH OF CONTRACT

58.     Dow Singapore incorporates by reference its answers to each and every allegation contained in Paragraphs 1 through 57 above as if fully set forth herein.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

and

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### FRAUDULENT MISREPRESENTATION AND NON-DISCLOSURE

64. – 75.     The claims related to Paragraphs 64 through 75 of the Complaint were dismissed and therefore no response is required to the allegations therein. To the extent that a response to Paragraphs 64 through 75 is required, Dow Singapore denies each and every one of those allegations.

### FIFTH CLAM FOR RELIEF AGAINST DEFENDANTS
### NEGLIGENT MISREPRESENTATION

76.     Dow Singapore incorporates by reference its answers to each and every allegation contained in Paragraphs 1 through 75 above as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES**

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP**

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**UNFAIR COMPETITION**

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT**

**TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT**

**ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT**

and

**TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**VIOLATION OF CONNECTICUT ANTITRUST ACT**

81. – 117. The claims related to Paragraphs 81 through 117 of the Complaint were dismissed and therefore no response is required to the allegations therein. To the extent that a response to Paragraphs 81 through 117 is required, Dow Singapore denies each and every one of those allegations.

**PRAYER FOR RELIEF**

To the extent that an answer may be required to the Prayer for Relief following Paragraph 117 of the Complaint, Dow Singapore denies each and every allegation contained therein.

**JURY DEMAND**

To the extent that an answer may be required to the Jury Demand at the end of Plaintiffs' Complaint, Dow Singapore denies each and every allegation contained therein.

**DENIAL**

Dow Singapore denies each and every allegation of the Complaint not specifically admitted above.

**ADDITIONAL DEFENSES**

Without assuming any burden that it would not otherwise bear, Dow Singapore also asserts the following additional defenses:

**First Defense**

The Court lacks subject matter jurisdiction over Plaintiffs' federal antitrust claim asserted in Plaintiffs' First Amended Complaint.

**Second Defense**

The Court lacks diversity jurisdiction over this action.

**Third Defense**

The Court lacks personal jurisdiction over Dow Singapore.

### Fourth Defense

All or a portion of Plaintiffs' claims for damages flowing from the alleged resale price maintenance in India is barred by the applicable statute of limitations.

### Fifth Defense

Plaintiffs' First Claim for Relief fails to state a claim on which relief can be granted.

### Sixth Defense

Plaintiffs lack standing under the federal antitrust laws.

### Seventh Defense

Plaintiffs' breach of contract claim, asserted as the Second Claim for Relief, is barred by the doctrine of accord and satisfaction.

### Eighth Defense

Plaintiffs have waived their breach of contract claim.

### Ninth Defense

Plaintiffs' alleged contract damages, if proven, are subject to a set-off in the approximate amount of $1.3 million.

### Tenth Defense

Plaintiffs' contract damages claim is reduced or barred altogether by Plaintiffs' failure to mitigate their damages.

**Eleventh Defense**

Plaintiffs' Second Claim for Relief fails to state a claim for breach of contract on which relief can be granted.

**Twelfth Defense**

All or part of Plaintiffs' Second Claim for Relief is barred by the equitable doctrine of laches.

**Thirteenth Defense**

Plaintiffs' Fifth Claim for Relief fails to state a claim for negligent misrepresentation on which relief can be granted.

**Fourteenth Defense**

Some or all of the plaintiffs lack standing due to the liquidation and transfer of their rights of action to liquidator KPMG.

**Fifteenth Defense**

All of the plaintiffs' claims are barred by the doctrine of estoppel.

**Sixteenth Defense**

Dow Singapore adopts by reference any applicable defense pled by any other Defendant not expressly set forth herein.

Dow Singapore reserves the right to assert other defenses as discovery proceeds.

WHEREFORE, Defendant Dow Chemical Pacific (Singapore) Pte. Ltd. requests that the Court enter judgment in its favor and against plaintiffs MM Global Services, Inc., MM Global

Services Pte. Ltd., and Mega Visa Solutions (S) Pte. Ltd. on the remaining claims of the First Amended Complaint, and award Dow Chemical Pacific (Singapore) Pte. Ltd. the costs of this action and any other relief which this Court deems just and equitable.

Respectfully Submitted,

_____
Elizabeth R. Leong

| | |
|---|---|
| Craig A. Raabe (ct 04116) | Andrew S. Marovitz (ct 25409) |
| Jason M. Kuselias (ct20293) | Dana S. Douglas (ct 25412) |
| Elizabeth R. Leong (ct24453( | MAYER, BROWN, ROWE & MAW LLP |
| ROBINSON & COLE LLP | 71 S. Wacker Drive |
| 280 Trumbull Street | Chicago, Illinois 60606 |
| Hartford, CT 05103-3497 | (312) 782-0600 |
| (860) 275-8304 | |
| | Christopher J. Kelly (ct 25410) |
| Nathan P. Eimer (ct 23693) | MAYER, BROWN, ROWE & MAW LLP |
| Scott C. Solberg (phv 0234) | 1909 K Street, N.W. |
| EIMER STAHL KLEVORN & SOLBERG LLP | Washington, D.C. 20006-1157 |
| 224 South Michigan Avenue, Suite 1100 | (202) 263-3000 |
| Chicago, IL 60604 | |
| (312) 660-7600 | |

*Counsel for Defendants The Dow Chemical Company,*
*Union Carbide Corporation and Union Carbide Asia Pacific, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of DEFENDANT DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT was hand-delivered on this 11th day of January, 2006, to:

>Robert M. Langer
>WIGGIN & DANA LLP
>One City Place
>185 Asylum Street
>Hartford, CT 06103-3402

and via overnight delivery on the following:

>Richard S. Taffet
>BINGHAM MCCUTCHEN LLP
>399 Park Avenue
>New York, NY 10022-4689

>Alicia L. Downey
>BINGHAM MCCUTCHEN LLP
>150 Federal Street
>Boston, MA 02110-1726

>Suzanne Wachsstock, Esq.
>Wiggin & Dana LLP
>400 Atlantic Street
>P.O. Box 110325
>Stamford, CT 06911-0325

_____
Elizabeth R. Leong