05/14/03  15:20 FAX 860 275 8299           ROBINSON&COLE LLP                     ⌀006/015

FILED

2003 MAY -1  P 1:46

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., :
*et al.*, :
 :
        Plaintiffs, :
 :  Civil No. 3:02 CV 1107 (AVC)
    v. :
 :
THE DOW CHEMICAL :
COMPANY, *et al.*, :
 :
        Defendants. :  May 1, 2003

**DEFENDANTS THE DOW CHEMICAL COMPANY AND
UNION CARBIDE CORPORATION'S MEMORANDUM IN SUPPORT OF
THEIR MOTION TO MODIFY THE COURT'S RULING OF APRIL 17, 2003
DENYING DEFENDANTS' FORUM NON CONVENIENS MOTION**

Defendants The Dow Chemical Company ("Dow") and Union Carbide Corporation ("UCC") submit this memorandum on their motion to modify the Court's April 17, 2003 Ruling on Defendants' Motion to Dismiss for Forum Non Conveniens, pursuant to D. Conn. L. Civ. R. 9(e).

**PRELIMINARY STATEMENT**

Defendants Dow and UCC seek a modification of the Court's April 17, 2003 ruling that denied Defendants' motion to dismiss for *forum non conveniens*. Defendants request that the Court's ruling be modified to make it without prejudice to Defendants renewing their *forum non conveniens* motion after the Court rules on the pending motions to dismiss the Amended

HART1-1097594-1

Complaint's antitrust claims for lack of subject matter jurisdiction and to dismiss the Amended Complaint for failure to state a claim. This modification would be appropriate for two reasons.

First, the Court issued its ruling prior to the negotiated and Court-ordered discovery on the facts underlying the *forum non conveniens* motion. The Revised Scheduling Order of April 4, 2003 provided that the parties would conduct deposition discovery on the *forum non conveniens* motion during May and June 2003, followed by briefs apprising the Court of the impact of that discovery on the motion. The parties also have been engaged in extensive document and interrogatory discovery for months in preparation for those depositions.

The fact discovery the parties were engaged in is critical to the proper resolution of the *forum non conveniens* motion. Although Plaintiffs have made *allegations* that this case belongs in Connecticut, Defendants believe that the *evidence* would show that this is an Asian business dispute that belongs in Singapore. Defendants were in the process of collecting that evidence – through depositions scheduled for May and June 2003 and through document and interrogatory discovery – on the schedule set forth in the April 4, 2003 Revised Scheduling Order.

The second reason that this motion for modification should be granted is that the *forum non conveniens* motion would be best addressed after the Court rules on the pending motions to dismiss the Amended Complaint's antitrust claims for lack of subject matter jurisdiction and to dismiss the Amended Complaint for failure to a claim. The Court's *forum non conveniens* ruling turned in part on the fact that Plaintiffs would not be able to pursue their claims concerning fixing resale prices in India because Singapore law does not recognize such a cause of action. But Defendants' pending motions to dismiss show that Plaintiffs also cannot pursue those claims

2

in this Court. That is because claims of fixing resale prices charged in India are beyond this Court's subject matter jurisdiction and otherwise fail to state claims under federal and state law.

Furthermore, Defendants submit that the pending motions to dismiss for lack of subject matter jurisdiction and failure to state a claim should, at the very least, narrow the scope of claims in this case. Defendants should be permitted to renew their *forum non conveniens* motion once the claims are narrowed. That is because the *forum non conveniens* analysis depends in large part on the location of events, witnesses, and evidence relevant to the claims at issue. That analysis can best be performed only after it is determined what claims remain in the case.

Accordingly, Dow and UCC respectfully request that the Court modify its ruling on the *forum non conveniens* motion to state that the ruling is without prejudice to Defendants renewing that motion sometime after the Court rules on Dow and UCC's two other pending motions to dismiss claims in the Amended Complaint.

## STATEMENT OF FACTS

Defendants Dow and UCC filed their motion to dismiss on grounds of *forum non conveniens* on September 9, 2002. That motion necessarily was filed prior to any discovery being taken. Plaintiffs filed their opposition brief on November 12, 2002, disputing several of the facts underlying Dow and UCC's motion.

The parties' opposing views of the facts underlying the *forum non conveniens* motion led to the parties seeking extensive document and interrogatory discovery on those facts. The Court's order of November 20, 2002 stayed merits discovery while the parties conducted

discovery on the *forum non conveniens* motion as well as a pending motion to dismiss the antitrust claims for lack of subject matter jurisdiction.

The parties have produced over 150,000 pages of documents in discovery on the *forum non conveniens* motion in preparation for depositions. The vast majority of those documents are from files maintained in Singapore or India. In addition, the parties have served and responded to four sets of interrogatories on *forum non conveniens* issues.

The parties originally were scheduled to conduct depositions on the *forum non conveniens* motion in January and February 2003. However, at a conference on February 14, 2003, the Court permitted those depositions to be postponed in order to provide time for the parties both to resolve issues on document discovery and to participate in Court-ordered settlement discussions with Magistrate Judge Smith. After the third settlement conference on March 20, 2003 ended without resolving the case, the parties jointly submitted a proposed Revised Scheduling Order that, *inter alia*, rescheduled the *forum non conveniens* discovery.

The Revised Scheduling Order was issued on April 4, 2003. It scheduled depositions on the *forum non conveniens* motion for May and June 2003. It also provided that the parties would brief the results of the months of deposition and document discovery on the *forum non conveniens* motion. Defendants' brief was set for July 25, 2003, and Plaintiffs' brief for August 15, 2003. The *forum non conveniens* motion then would be fully briefed and submitted.

In the meantime, Plaintiffs filed an Amended Complaint on March 24, 2003, adding new parties and making other new fact allegations. The parties proposed, and Court issued, a schedule calling for Defendants' response to the Amended Complaint on April 23, 2003,

4

followed by opposition briefs in 30 days and replies in 15 days. On April 23, 2003, Defendants filed their three motions tailored to the new allegations of the Amended Complaint: (1) a motion to dismiss for *forum non conveniens*, (2) a motion to dismiss the antitrust claims for lack of subject matter jurisdiction, and (3) a motion to dismiss for failure to state a claim.

The following day, April 24, 2003, Defendants' counsel received in the mail the Court's Order denying Dow and UCC's original *forum non conveniens* motion.[1]

## ARGUMENT

### THE COURT'S *FORUM NON CONVENIENS* RULING SHOULD BE MADE WITHOUT PREJUDICE TO DEFENDANTS RENEWING THAT MOTION AFTER THE OTHER MOTIONS TO DISMISS ARE DECIDED

#### A. Introduction

The Court's ruling on the *forum non conveniens* motion should be modified to be without prejudice to be renewed because the Court's ruling on the other pending motions to dismiss, plus evidence from discovery not yet completed, reasonably could shift the *forum non conveniens* factors in favor of granting the motion. At the very least, Defendants should not be denied the option to demonstrate through discovery that the allegations with which Plaintiffs opposed the *forum non conveniens* motion are refuted by the actual evidence obtained through discovery.

---

[1] Dow and UCC filed their April 23, 2003 motion to dismiss the Amended Complaint on *forum non conveniens* grounds before Defendants' counsel learned of the Court's Order of April 17, 2003 denying the original *forum non conveniens* motion, which arrived in the mail on April 24, 2003. In light of the Court's resolution of the original *forum non conveniens* motion, and this motion for modification of the April 17, 2003 Ruling, the Court need not address that April 23, 2003 *forum non conveniens* motion and could treat it as moot.

5

### B.   The Pending Motions To Dismiss Should Have An Important Impact On The *Forum Non Conveniens* Factors

The pending motions to dismiss clearly could have a major impact on the *forum non conveniens* analysis. As noted in the April 17, 2003 Ruling, there are two steps to the *forum non conveniens* analysis. The first step is whether an adequate alternative forum exists. That step has two elements: whether the forum permits litigation of the subject matter of the dispute, and whether the defendants are subject to service of process there. Ruling of April 17, 2003 at 10.

On the first element, the Court's denial of the *forum non conveniens* motion was premised in part on Singapore not recognizing a cause of action for Plaintiffs' claims concerning a resale price maintenance agreement over prices charged in India. However, Defendants believe that their pending motions to dismiss demonstrate that Plaintiffs also cannot pursue that claim in this Court because Plaintiffs' antitrust and related claims over resale prices charged only in India are beyond the subject matter jurisdiction of this Court. If the resale price maintenance agreement claims are dismissed, the *forum non conveniens* factor of Plaintiffs being able to litigate their claims in Singapore would shift in Defendants' favor.

The other element in the analysis of whether Singapore is an adequate alternative forum is whether the Defendants would be subject to personal jurisdiction if the suit were re-filed there. As Defendants stated in their April 24, 2003 memorandum in support of their motion to dismiss the Amended Complaint on grounds of *forum non conveniens*, Dow and UCC would consent to

6

05/14/03  15:22 FAX 860 275 8299        ROBINSON&COLE LLP                    ⌀012/015

personal jurisdiction in Singapore as a condition for the dismissal of this case.[2] As the Court's April 17, 2003 Ruling noted, such consent is sufficient to resolve the personal jurisdiction issue in favor of granting the motion. April 17, 2003 Ruling at 13-14.

Furthermore, Defendants submit that a ruling on the pending motion to dismiss for failure to state a claim should, at the very least, narrow the claims in this case. The *forum non conveniens* analysis depends in large part on the location of events, witnesses, and evidence that are relevant to the claims at issue. That analysis can best be performed only after it is determined what claims remain in the case.

### C. Defendants Should Be Permitted To Show Through Discovery That This Is An Asian Dispute That Belongs In Singapore, Not Connecticut

As shown above in the Statement of Facts, Defendants have not had the opportunity to complete and present to the Court the *forum non conveniens* fact discovery on the schedule that was agreed to by the parties and approved by the Court. The Court's weighing of the private and public interest factors that form the second step of the *forum non conveniens* analysis is a very fact-intensive inquiry into the geography of the case, including the location of relevant events, witnesses, and evidence. *See* Ruling of April 17, 2003 at 18-23. Defendants should not be denied the option of demonstrating that the *allegations* on which Plaintiffs relied in opposing the *forum non conveniens* motion on these issues are refuted by the *evidence* obtained through discovery.

---

[2] Memorandum of Law in Support of the Motion of Defendants The Dow Chemical Company and Union Carbide Corporation to Dismiss the First Amended Complaint on Forum Non

7

By way of example only, Defendants believe that discovery would demonstrate that, contrary to Plaintiffs' assertions: (1) the overwhelming majority of relevant witnesses in this case are in Singapore and India, and not in Connecticut or anywhere in the United States, (2) the relevant witnesses who are employed by Dow or UCC's subsidiaries in Singapore do not travel to the United States "repeatedly and continuously" for any purpose, (3) the overwhelming portion of events relevant to Plaintiffs' claims took place (if they occurred at all) in Singapore or India, and not in Connecticut or anywhere in the United States, and (4) the overwhelming majority of documents relevant to Plaintiffs' claims were generated and maintained in Singapore and India by Asian-based entities, confirming that this case is centered in Asia, not Connecticut.

Defendants are not asking the Court to determine now whether Defendants' view of these critical geographic facts is correct. The Court need only resolve that Defendants should not be foreclosed from proving through evidence obtained in discovery that Defendants' view of those facts is true, and that Plaintiffs' contrary view is not true.

Defendants also are not asking the Court to order the parties to return immediately to *forum non conveniens* discovery. What *forum non conveniens* discovery would be necessary, and on what schedule, should be decided only after the Court rules on the pending motions to dismiss and thus determines which claims, if any, remain in the case.

---

Conveniens Grounds, at 19 n. 7 (filed April 23, 2003).

8

## CONCLUSION

For the above stated reasons, Dow and UCC respectfully request that the Court modify its ruling on the *forum non conveniens* motion to state that the ruling is without prejudice to Defendants renewing that motion after the Court rules on Dow and UCC's pending motions to dismiss the Amended Complaint's antitrust claims for lack of subject matter jurisdiction and to dismiss the Amended Complaint for failure to state a claim.

Respectfully submitted,

_____
CRAIG A. RAABE (ct 04116)
EDWARD J. HEATH (ct 20992)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8304

WILLIAM L. WEBBER (ct 18369)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 739-5798

MARK P. EDWARDS (ct 23890)
CHARLES J. REITMEYER
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5769

Attorneys for Defendants
The Dow Chemical Company and
Union Carbide Corporation