UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE., LTD., MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD, AND ADVENT MANAGE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>Defendants. | CIVIL ACTION<br>NO. 3-02 CV 1107 (AVC)<br><br>March 7, 2006 |

**JOINT MOTION BY COUNSEL FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD**

Pursuant to Local Rule 7(e), the undersigned attorneys hereby move the Court for an Order issuing the notice required under Local Rule 7(e) and any other direction the Court may provide, and upon such notice, permitting the undersigned attorneys leave to withdraw as counsel of record for Megavisa Solutions (Singapore) Pte Ltd ("Megavisa Singapore"). The accompanying Memorandum of Law and Declaration of Alicia L. Downey ("Downey Decl.") establish good cause for granting this relief forthwith. To the extent the Court determines that additional support is required to confirm or establish good cause to grant this Motion, the undersigned request permission to file any such supplemental submission of facts *in camera*.

Good cause to grant this Motion exists because the circumstances justify both mandatory and permissive withdrawal by counsel from their representation of Megavisa Singapore:

1.  Mandatory withdrawal is compelled by the existence of conflicts that have developed between the interests of Megavisa Singapore and Advent Manage Limited ("Advent") and the other two plaintiffs, which, despite diligent efforts by counsel, the undersigned have not been able to resolve. *See* Connecticut Rules of Professional Conduct Rules 1.7 and 1.16(a).

2.  Permissive withdrawal is justifed by the failure of Megavisa Singapore (now under the control of Liquidators appointed in a Singapore proceeding) to cooperate in any effort to resolve the present conflicts of interest, their failure to agree to compensate the undersigned for services they have requested be provided to them, and by the terms of counsel's engagement agreements with Megavisa Singapore, which authorize withdrawal in circumstances such as those presented here. *See* Connecticut Rules of Professional Conduct Rules 1.16(b) and 1.16(b)(4), (6).

None of the parties, including Megavisa Singapore, will be prejudiced by the granting of this Motion. *See* Connecticut Rules of Professional Conduct Rules 1.16(b). The relief sought here will not impose delay or otherwise disrupt these proceedings. Megavisa Singapore is not the real party in interest in this case, having assigned its rights and obligations in this case to Advent. Pursuant to the assignment, the case is being conducted under the direction of Advent, which will continue to be represented by the undersigned attorneys, and Megavisa Singapore is not participating in these proceedings on its own behalf. *See* Downey Decl. ¶ 2. Further, there are no counterclaims pending against Megavisa Singapore in this case, and defendants will not be prejudiced by any of the relief

sought by this Motion, because they will continue to face the same claims and requests for damages regardless of who may represent Megavisa Singapore in this matter.

The Liquidators have been provided with reasonable advance notice of the bases for this Motion and of the undersigned's need to withdraw in the circumstances presented. No response has been received and the conflicts remain unresolved.

The Liquidators are represented by Singapore counsel whose letterhead indicates that his firm is a joint venture with the international law firm of Allen & Overy LLP, which has an office in New York, New York (see www.allenovery.com). *See* Downey Decl. ¶ 7. The Liquidators should readily be able to engage successor counsel to appear for Megavisa Singapore pursuant to such notice and direction under Local Rule 7(e) as this Court may provide.

Pursuant to Local Rule 7(e), the undersigned have served a copy of this Motion and its supporting materials on the Liquidators and on their counsel by hand delivery to their last known business addresses. In the interest of ensuring the most prompt and direct notice, this Motion has also been transmitted by email to the Liquidators' counsel at the email address he has used to communicate with the undersigned.

If the facts submitted herewith do not by themselves warrant granting this Motion, counsel requests the opportunity to present the Court with a more detailed factual record establishing the grounds for withdrawal. To the extent these additional facts are reflected in privileged and confidential communications, however, disclosure in the absence of a Court Order allowing them to be submitted *in camera* might be inconsistent with counsel's ongoing duties to Megavisa Singapore. Out of an abundance of caution, therefore, and only if needed by the Court, counsel requests permission to file any such materials *in camera*.

LITDOCS/632115.1

## RELIEF REQUESTED

WHEREFORE, upon issuance forthwith of the notice required under Local Rule 7(e) with respect to the engagement of successor counsel by Megavisa Singapore and such other direction as the Court may provide, the undersigned attorneys respectfully request an Order granting them leave to withdraw their appearance as counsel for Megavisa Singapore. In addition, should the Court desire additional factual support in connection with this Motion, counsel respectfully request leave to submit any further supporting facts *in camera.*

March 7, 2006

Respectfully submitted,

| BINGHAM McCUTCHEN LLP | WIGGIN AND DANA LLP |
|---|---|
| By: *Richard S. Taffet/cmg* <br> Richard S. Taffet (ct 10201) <br> 399 Park Avenue <br> New York, NY 10022-4689 <br> (212) 705-7000 (tel) <br> (212) 752-5378 (tel) | By: *Robert M. Langer/cmg* <br> Robert M. Langer (ct 06305) <br> One City Place <br> 185 Asylum Street <br> Hartford, CT 06103 <br> (860) 297-3724 (tel) <br> (860) 525-9380 (fax) |
| By: *Alicia L. Downey/cmg* <br> Alicia Downey (ct 22066) <br> 150 Federal Street <br> Boston, MA 02110 <br> (617) 951-8187 (tel) <br> (617) 951-8736 (fax) | By: *Suzanne E. Wachsstock/cmg* <br> Suzanne E. Wachsstock (ct 17627) <br> 400 Atlantic Street <br> Stamford, CT 06901 <br> (203) 363-7601 (tel) <br> (203) 363-7676 (fax) |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on March 7, 2006 upon:

Craig A. Raabe, Esq. (by hand)
ROBINSON & COLE LLP
280 Trumbell Street
Hartford, CT 06103-3597

Andrew S. Marovitz (by Federal Express)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606

Scott C. Solberg, Esq. (by Federal Express)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Christopher J. Kelly, Esq. (by Federal Express)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Vinodh Coomaraswamy, SC (by hand & email)
SHOOK LIN & BOK
1 Robinson Road
#18-00-AIA Tower
Singapore 048542

Mr. Peter Chay Fook Yuen (by hand)
Mr. Bob Yap Cheng Ghee (by hand)
Mr. Yeap Lam Keung (by hand)
c/o KPMG
16 Raffles Quay #22-00
Hong Leong Building
Singapore 048581

_/s/ Alicia L. Downey_
Alicia L. Downey