UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE., LTD., MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD, AND ADVENT MANAGE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., <br><br> Defendants. | CIVIL ACTION <br> NO. 3-02 CV 1107 (AVC) <br><br> March 7, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION BY COUNSEL FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFF MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD**

The undersigned attorneys seek leave to withdraw as counsel of record for Megavisa Solutions (Singapore) Pte Ltd ("Megavisa Singapore"). As set forth below and in the accompanying Declaration of Alicia L. Downey, there is "good cause" for granting such leave. The undersigned attorneys further request that the Court issue forthwith the notice required under Local Rule 7(e) to Megavisa Singapore regarding its engagement of successor counsel and such other direction as the Court may provide. To the extent the Court determines that it requires additional support to establish good cause for immediate withdrawal, counsel hereby request leave to submit any such additional supporting facts *in camera*.

## **RELEVANT FACTS**

By way of a written assignment dated August 30, 2005, Megavisa Singapore transferred to plaintiff Advent Manage Limited ("Advent") all of its rights, claims, causes of action and obligations in the above-captioned proceeding. *See* Declaration of Alicia L. Downey ("Downey Decl.") ¶ 2. Pursuant to the express terms of the assignment, the case is being conducted under the direction of Advent, and Megavisa Singapore is not participating in these proceedings on its own behalf. *See id.*

On January 30, 2006, the Court issued an Order granting plaintiffs' Motion for Substitution "to the extent only that Advent is hereby ordered to be added as an additional party-plaintiff." Downey Decl. ¶ 3. Megavisa Solutions remains a named plaintiff, but it is Advent, which will continue to be represented by the undersigned, that is the plaintiff party in interest. *Id.*

Mr. Vinodh Coomaraswamy, of the Singapore law firm of Shook Lin & Bok, is counsel for certain Liquidators appointed on or about October 21, 2005, in a Singapore-based proceeding numbered Companies Winding Up No. 164 of 2005/X. Downey Decl. ¶ 4. The Liquidators, through counsel, have asserted that they control the affairs and remaining assets of Megavisa Singapore. *Id.* They have reserved their right to challenge the August 30, 2005 assignment, but have not retained U.S. counsel to represent Megavisa Singapore in this case for that or any other purpose. *Id.*

Conflicts have arisen between the interests of Megavisa Singapore, on the one hand, and Advent and the other two plaintiffs, on the other, which remain unresolved despite diligent efforts by the undersigned counsel. *See* Downey Decl. ¶ 5. The conflicts are such that Megavisa Singapore's interests have become adverse to those of Advent and the other plaintiffs. *Id.* In addition, the Liquidators have failed to fulfill their obligations to the undersigned regarding matters vital to the representation by failing to cooperate in any effort

to resolve the present conflicts of interest and by failing to agree to compensate the undersigned counsel for services they have requested be provided to them. *Id.*

Given the foregoing, the undersigned have notified counsel for the Liquidators in writing of the existence of the bases for both mandatory and permissive withdrawal under the applicable rules. Downey Decl. ¶ 6. The notification expressly requested that the Liquidators retain successor counsel for Megavisa Singapore on or before March 6, 2006, after which counsel would move to withdraw. *Id.* As of the date of this Motion, the Liquidators have not responded either directly or through their counsel. *Id.*

## ARGUMENT

### A. There is Good Cause to Grant this Motion.

Withdrawal of an attorney's appearance as counsel of record for a party is governed by Local Rule 7(e) (formerly Local Rule 15), which provides:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. <u>In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice</u> to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party. [Emphasis added.]

The court has wide discretion in deciding a motion for withdrawal of counsel. *Vachula v. General Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000), *citing Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). "As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the

Judges of the Connecticut Superior Court; *see* D. Conn. L. Civ. R. 3(a); to determine whether withdrawal is permissive or mandatory given the facts presented." *Vachula*, 199 F.R.D. at 457. The circumstances here establish both mandatory and permissive grounds for counsel's withdrawal from representation of Megavisa Singapore.

First, withdrawal in this case is mandatory under Connecticut Rule of Professional Conduct 1.16(a), which provides that "a lawyer . . . shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct . . . ." Rule 1.7 of the Rules of Professional Conduct provides, in relevant part:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> > (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> >
> > (2) each client consents after consultation.

The present conflicts of interest between Megavisa Singapore and the other plaintiffs, including Advent, necessitate counsel's withdrawal from respresentation of Megavisa Singapore.

Second, the circumstances permit withdrawal under Rule 1.16(b), which provides that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if . . .

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; . . .
>
> (6) other good cause for withdrawal exists.

As noted above, because Megavisa Singapore is a plaintiff in name only, withdrawal will have no material adverse effect on its substantive rights in this case or its ability to challenge the assignment in the proper Singapore forum.

4

Permissive withdrawal is also justified because the Liquidators have failed to fulfill their obligations to the undersigned regarding matters vital to the representation. *See* Conn. R. Prof. Conduct 1.16(b)(4). *See Vachula*, 199 F.R.D. at 459, *citing Tower Factory Outlet v. Textilimpex-Tricot*, 1994 WL 411528 (N.D.N.Y. August 2, 1994) (withdrawal granted where client in liquidation proceedings failed to communicate with counsel); *Statue of Liberty v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (withdrawal granted where client refused to answer phone calls and letters). Withdrawal is also expressly permitted under the terms of the engagement agreements between counsel and Megavisa Singapore in circumstances such as those presented here. Downey Decl. ¶ 5. *See* Conn. R. Prof. Conduct 1.16(b)(6).

**B.  Granting the Motion Will Neither Disrupt the Prosecution of this Case nor Prejudice Megavisa Singapore or Defendants.**

"In addressing motions to withdraw as counsel, district courts have typically considered 'whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (citation omitted); *Vachula*, 199 F.R.D. at 458. The relief sought here will not impose delay or otherwise disrupt these proceedings. Megavisa Singapore is not a real party in interest in this case, having assigned its rights and obligations in this case to Advent. Pursuant to the assignment, the case is being conducted under the direction of Advent, and Megavisa Singapore is not participating in these proceedings on its own behalf. Further, there are no counterclaims pending against against Megavisa Singapore in this case, and defendants will not be prejudiced by any of the relief sought by this Motion, because they will continue to face the same claims and requests for damages regardless of who may represent Megavisa Singapore in this matter. As contemplated by the assignment, the litigation, including any settlement conferences, can and should proceed without further delay.

LITDOCS/632808.1

### C. The Court Should Issue the Notice Required under Local Rule 7(e) Forthwith.

Under Local Rule 7(e), where good cause is shown, "the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel . . . will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party."

The Liquidators are represented by Singapore counsel whose letterhead indicates that his firm is a joint venture with the international law firm of Allen & Overy LLP, which has an office in New York, New York (see www.allenovery.com). Downey Decl. ¶ 7. They should readily be able to engage successor counsel to appear for Megavisa Singapore pursuant to such notice and direction under Local Rule 7(e) as this Court may provide.

### D. To the Extent Deemed Necessary by the Court, Counsel Should Be Allowed to Submit Additional Supporting Facts *In Camera*.

The undersigned are prohibited from disclosing confidential information relating to the representation of a client without the client's consent or in the absence of other circumstances not present here. Conn. R. Prof. Conduct 1.6. For that reason, counsel have taken the precaution of setting forth the bases of the instant Motion in a manner that will reserve any confidences of Megavisa Singapore and the other plaintiffs. To the extent that the Court determines that it needs more details, however, the undersigned request leave to file such additional information *in camera*. See *Whiting*, 187 F.3d at 319 (noting moving counsel's offer of further information *in camera* to support motion for withdrawal). This request will be moot, of course, if the Court determines that there is good cause to grant this Motion based on the present submissions.

6

## CONCLUSION

For the reasons set forth herein, the Court should grant the relief requested in the Joint Motion By Counsel for Leave to Withdraw as Counsel for Plaintiff Megavisa Solutions (Singapore) Pte Ltd.

March 7, 2006

                                                              Respectfully submitted,

| BINGHAM McCUTCHEN LLP | WIGGIN AND DANA LLP |
|---|---|
| By: *Richard S. Taffet /cns* <br> Richard S. Taffet (ct 10201) <br> 399 Park Avenue <br> New York, NY 10022-4689 <br> (212) 705-7000 (tel) <br> (212) 752-5378 (tel) | By: *Robert M. Langer /cns* <br> Robert M. Langer (ct 06305) <br> One City Place <br> 185 Asylum Street <br> Hartford, CT 06103 <br> (860) 297-3724 (tel) <br> (860) 525-9380 (fax) |
| By: *Alicia L. Downey /cns* <br> Alicia L. Downey (ct 22066) <br> 150 Federal Street <br> Boston, MA 02110 <br> (617) 951-8187 (tel) <br> (617) 951-8736 (fax) | By: *Suzanne E. Wachsstock /cns* <br> Suzanne E. Wachsstock (ct 17627) <br> 400 Atlantic Street <br> Stamford, CT 06901 <br> (203) 363-7601 (tel) <br> (203) 363-7676 (fax) |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on March 7, 2006 upon:

Craig A. Raabe, Esq. (by hand)
ROBINSON & COLE LLP
280 Trumbell Street
Hartford, CT 06103-3597

Andrew S. Marovitz (by Federal Express)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606

Scott C. Solberg, Esq. (by Federal Express)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Christopher J. Kelly, Esq. (by Federal Express)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Vinodh Coomaraswamy, SC (by hand & email)
SHOOK LIN & BOK
1 Robinson Road
#18-00-AIA Tower
Singapore 048542

Mr. Peter Chay Fook Yuen (by hand)
Mr. Bob Yap Cheng Ghee (by hand)
Mr. Yeap Lam Keung (by hand)
c/o KPMG
16 Raffles Quay #22-00
Hong Leong Building
Singapore 048581

_____
Alicia L. Downey