UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD, AND ADVENT MANAGE LIMITED,<br><br>                Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 3:02 CV 1107 (AVC)<br><br>March 7, 2006 |

### DECLARATION OF ALICIA L. DOWNEY

Alicia L. Downey, declares as follows:

1. I am a partner in the firm of Bingham McCutchen LLP, co-counsel for plaintiffs MM Global Services, Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S"), and MegaVisa Solutions (Singapore) Pte Ltd ("Megavisa Singapore"), through their assignee-in-interest and co-party plaintiff Advent Manage Limited ("Advent") (collectively, "plaintiffs") in the above-captioned action. I submit this Declaration to put before the Court certain facts in support of the Joint Motion by Counsel for Leave to Withdraw as Counsel for Plaintiff Megavisa Solutions (Singapore) Pte Ltd. Unless otherwise stated, I make this Declaration on personal knowledge.

2. By way of a written assignment dated August 30, 2005, Megavisa Singapore transferred to Advent all of its rights, claims, causes of action and obligations in the above-captioned proceeding. Pursuant to the express terms of the assignment, this case is being

conducted under the direction of Advent, and Megavisa Singapore is not participating in these proceedings on its own behalf.

3. On January 30, 2006, the Court issued an Order granting plaintiffs' Motion for Substitution "to the extent only that Advent is hereby ordered to be added as an additional party-plaintiff." Megavisa Solutions remains a named plaintiff, but it is Advent, which will continue to be represented by moving counsel, that is the plaintiff party in interest.

4. Mr. Vinodh Coomaraswamy, of the Singapore law firm of Shook Lin & Bok, is counsel for certain Liquidators appointed on or about October 21, 2005, in a Singapore-based proceeding numbered Companies Winding Up No. 164 of 2005/X. The Liquidators, through counsel, have asserted that they control the affairs and remaining assets of Megavisa Singapore. They have reserved their right to challenge the August 30, 2005 assignment, but have not retained U.S. counsel to represent Megavisa Singapore in this case for that or any other purpose.

5. Conflicts have arisen between the interests of Megavisa Singapore, on the one hand, and Advent and the other two plaintiffs, on the other, which remain unresolved, despite diligent efforts by moving counsel. The conflicts are such that Megavisa Singapore's interests have become adverse to those of Advent and the other plaintiffs. In addition, the Liquidators have failed to fulfill their obligations to moving counsel regarding matters vital to the representation by failing to cooperate in any effort to resolve the present conflicts of interest and by failing to compensate moving counsel for services they have requested be provided to them. Withdrawal is expressly permitted under the terms of the engagement agreements between counsel and Megavisa Singapore in circumstances such as those presented here.

6. Moving counsel have notified counsel for the Liquidators in writing of the existence of the bases for both mandatory and permissive withdrawal under the applicable rules.

3

The notification expressly requested that the Liquidators retain successor counsel for Megavisa Singapore on or before March 6, 2006, after which counsel would move to withdraw. As of the date of this Motion, the Liquidators have not responded either directly or through their counsel.

7.   The Liquidators are represented by Singapore counsel whose letterhead indicates that his firm is a joint venture with the international law firm of Allen & Overy LLP, which, according to the firm's website, has an office in New York, New York. See www.allenovery.com.

I declare, under the penalty of perjury, that the foregoing is true and correct. Signed this 6th day of March 2006.

_____

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on March 7, 2006 upon:

Craig A. Raabe, Esq. (by hand)
ROBINSON & COLE LLP
280 Trumbell Street
Hartford, CT 06103-3597

Scott C. Solberg, Esq. (by Federal Express)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

Vinodh Coomaraswamy, SC (by hand & email)
SHOOK LIN & BOK
1 Robinson Road
#18-00-AIA Tower
Singapore 048542

Andrew S. Marovitz (by Federal Express)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606

Christopher J. Kelly, Esq. (by Federal Express)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Mr. Peter Chay Fook Yuen (by hand)
Mr. Bob Yap Cheng Ghee (by hand)
Mr. Yeap Lam Keung (by hand)
c/o KPMG
16 Raffles Quay #22-00
Hong Leong Building
Singapore 048581

_/s/ Alicia M. Downey_