UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., MEGA VISA SOLUTIONS (S) PTE. LTD., and ADVENT MANAGE LIMITED<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., DOW CHEMICAL COMPANY PACIFIC (SINGAPORE) PTE. LTD., and UNION CARBIDE CUSTOMER SERVICE PTE. LTD.<br><br>Defendants. | Civil No. 3:02 CV 1107 (AVC)<br><br>March 29, 2006 |

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME BY 90 DAYS TO RESPOND TO JOINT MOTION BY COUNSEL FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD**

Having chastised Defendants for trying to understand the purported assignment of claims and having assured this Court that MegaVisa Solutions (Singapore) Pte. Ltd. ("MegaVisa") and Advent Manage Limited ("Advent") have the same interest—i.e., receiving lots of money from Defendants—Attorneys Richard S. Taffet and Alicia L. Downey and their Connecticut co-counsel ("Taffet and Downey") now admit that actual conflicts prevent them from continuing to represent both MegaVisa and Advent. Attorneys Taffet and Downey seek permission to withdraw from their representation of their original client MegaVisa, while continuing their

representation of a new client, Advent. In other words, Attorneys Taffet and Downey are attempting to jettison one client in favor of another client whose interests have become adverse.

While Defendants are conducting discovery regarding Advent and the purported assignment of claims, neither Defendants nor the Liquidators know all of the operative facts.[1] Defendants also do not know the facts surrounding the newly discovered conflicts. Accordingly, the Defendants cannot meaningfully respond to the Motion to Withdraw at this time. Therefore, in accordance with Rule 7(b) of the Local Rules of Civil Procedure and for the reasons set forth below, Defendants move for a 90-day enlargement of time to respond to Plaintiffs' motion, which the Defendants anticipate will provide sufficient time for discovery on the issues relevant to the Motion to Withdraw. This is the Defendants' first motion for enlargement on this issue. Despite diligent efforts, the Defendants' have not been able to ascertain the Plaintiffs' position regarding this motion for enlargement.

## I.    Legal Standard Regarding Client Conflicts.

The Commentary to Rule 1.7 of the Connecticut Rules of Professional Conduct explains that "[w]here more than one client is involved and the lawyer withdraws because a conflict arises after representation, whether the lawyer may continue to represent any of the clients is determined by Rule 1.9." Rule 1.9 states as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter . . . [r]epresent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

---

[1] Defendants have a motion pending before this Court to permit them to provide the Liquidators of MegaVisa with the facts relating to Advent and the assignment.

2

Ct. Rules of Prof. Conduct, Rule 1.9. Put another way, an attorney cannot withdraw from representing one party in a dispute and continue representing another party if those parties' interests are adverse and consent has not been obtained.

## II. Background Facts.

The facts concerning the purported assignment (or at least those currently known to Defendants) have been discussed in prior briefs and thus will not be repeated here. *See, e.g.*, **Dkt. No. 413**. On October 7, 2005, MegaVisa, MM Global Services, Inc., and MM Global Services Pte. Ltd., (the "Original Plaintiffs") moved jointly to substitute Advent for them as plaintiffs. Attorneys Taffet and Downey purported to represent Advent for the purpose of the substitution motion and from that date forward. (**Dkt. No. 322**) On January 30, 2006, this Court granted Original Plaintiffs' motion only "to the extent that Advent is hereby ordered to be added as an additional party-plaintiff." (**Dkt. No. 422**)

Since that time, the parties have continued to litigate, with Attorneys Taffet and Downey purporting to represent all three of the Original Plaintiffs *and* Advent. In their capacity as counsel for the Original Plaintiffs, Attorneys Taffet and Downey have produced witnesses for depositions, exchanged letters with Defendants' counsel, filed briefs, and participated in Court hearings. Notably, Attorneys Taffet and Downey have repeatedly assured this Court that their original clients and Advent have the same interest—getting as much money from the Defendants as possible—while at the same time trying to prevent the Defendants from providing the Liquidators of MegaVisa with even the most basic documents relating to the purported

assignment of claims from MegaVisa to Advent. Without such information, the Liquidators cannot ascertain whether the purported assignment was valid.[2]

Now, five months later, Attorneys Taffet and Downey concede that actual conflicts exist between the interests of MegaVisa and Advent. As a result, Attorneys Taffet and Downey have moved to withdraw as counsel for MegaVisa but wish to remain as counsel for the remaining two original Plaintiffs and Advent.[3] Attorneys Taffet and Downey have not proffered consents from the two clients.

### III.  Facts Relating to the Conflicts.

Defendants' knowledge of the conflicts is limited to what Attorneys Taffet and Downey revealed in their papers. Specifically, Attorneys Taffet and Downey admit that actual conflicts exist between MegaVisa and Advent. Attorney Downey declared under penalty of perjury that "[c]onflicts have arisen between the interests of MegaVisa Singapore, on the one hand, and Advent and the other two plaintiffs, on the other, which remain unresolved, despite diligent efforts by moving counsel." (Downey Decl., ¶ 5). Attorney Downey concluded that "[t]he

---

[2] This dispute is probably a microcosm of the conflicts Attorneys Taffet and Downey are facing. On one hand, they have a client (*i.e.*, Advent) whose interest is presumably in maintaining the validity of the purported assignment, while, on the other hand, they have a client (*i.e.*, MegaVisa) now under the control of Liquidators whose interest is potentially in demonstrating the invalidity of the purported assignment.

[3] Curiously, Attorneys Taffet and Downey seek to continue to represent two of the Original Plaintiffs, namely MM Global Services, Inc. and MM Global Services Pte. Ltd.. But neither of these parties appears to have any continuing interest in this litigation. Both parties purportedly assigned their rights in the litigation to MegaVisa prior to MegaVisa's purported assignment to Advent (and thus prior to the liquidation of MegaVisa). Moreover, it is unclear how Attorneys Taffet and Downey have a conflict representing MegaVisa but do not have one representing either MM Global Services, Inc. and MM Global Services Pte. Ltd.

conflicts are such that MegaVisa Singapore's interests have become *adverse* to those of Advent and the other plaintiffs." (*Id.*) (emphasis added). Attorney Downey's candid admissions are definitive and clear. There is thus apparently no dispute as to whether the interests of MegaVisa and Advent are adverse.

With all parties agreeing that the interests of MegaVisa and Advent are adverse, Attorneys Taffet and Downey can only continue representing Advent only if MegaVisa consents. *See* Ct. Rules of Prof. Conduct, 1.9. No such consent appears to have been given. Taffet and Downey acknowledge that the Liquidators (who now control the affairs of MegaVisa) have been made aware of the conflict, but that "[n]o response has been received and the conflicts remain unresolved." Motion, at 3. Moreover, Attorneys Taffet and Downey did not proffer evidence of consent from either client. Absent consent, Attorneys Taffet and Downey cannot represent Advent.

### IV.     Additional discovery is needed.

Defendants do not know the identity of the real party in interest. Similarly, the Liquidators of MegaVisa, who must consent to Attorney Taffet and Downey's request, know almost nothing about Advent and the purported assignment. Plaintiffs have refused Defendants' request to provide the Liquidators of MegaVisa with even the most basic information relating to Advent and the purported assignment. Defendants thus have a motion pending with this Court to permit disclosure of this information to the Liquidators. Until such time as the Liquidators are able to review this, and other, information relating to Advent and the purported assignment, informed consent is not possible.

Finally, Attorneys Taffet and Downey have not provided any facts related to the conflicts. The Court, the Defendants and the Liquidators must understand the nature and the scope of these conflicts in order to determine whether Attorneys Taffet and Downey could properly even request MegaVisa's consent, or represent Advent based on such consent. Where the parties interests are "directly adverse," as Attorney Downey concedes they are here, consent might not be obtainable. The Commentary to Rule 1.7 explains: "[W]hen a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer cannot properly ask for such agreement or provide representation on the basis of the client's consent." Commentary to Rule 1.7. In other words, even if MegaVisa were to consent to Attorneys Taffet and Downey's representation of Advent (which it apparently heretofore has not), the specific facts of the conflicts must be examined to determine whether such consent is proper.

V.     **Conclusion.**

Attorneys Taffet and Downey now admit that an actual conflict exists preventing them from representing MegaVisa, on one hand and Advent, on the other. Attorneys Taffet and Downey nevertheless suggest that they be permitted to choose which party they will continue to represent. This appears contrary to the Connecticut Rules of Professional Conduct. Absent an express showing of informed consent by MegaVisa (through the Liquidators), Attorneys Taffet and Downey should be required to withdraw from this case. Nevertheless, without a determination regarding the real party in interest and the facts surrounding the new conflicts,

Defendants are currently unable to respond to the Motion to Withdraw. Defendants therefore move for an enlargement of time of 90 days within which to respond to the Motion to Withdraw.

Respectfully submitted,

_____
Craig A. Raabe (ct 04116)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 05103-3497
(860) 275-8304

Attorney for all Defendants

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1157
(202) 263-3000

*Counsel for Defendants
The Dow Chemical Company and Dow
Chemical Pacific (Singapore) Pte. Ltd.*

Nathan P. Eimer (ct 23693)
Scott C. Solberg (phv 0234)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue - Suite 1100
Chicago, IL 60604
(312) 660-7600

*Counsel for Defendants
Union Carbide Corporation,
Union Carbide Asia Pacific, Inc.
and Union Carbide Customer Service Pte. Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO JOINT MOTION BY COUNSEL FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD was forwarded this 29th day of March, 2006, via hand-delivery to:

Robert M. Langer, Esq.
Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103

and via Federal Express to:

Alicia L. Downey, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110-1726

Suzanne Wachsstock, Esq.
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

_____
Craig A. Raabe