UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., MEGAVISA SOLUTIONS (S) PTE. LTD., AND ADVENT MANAGE LIMITED, | ) ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION ) NO.  3:02 CV 1107 (AVC) |
| v. | ) |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., | ) ) April 6, 2006 ) ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF ALICIA L. DOWNEY

Alicia L. Downey, declares as follows:

1.      I am a partner in the firm of Bingham McCutchen LLP, co-counsel for plaintiffs

MM Global Services, Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S"), and

MegaVisa Solutions (S) Pte. Ltd. ("Megavisa Solutions"), through their assignee-in-interest and

co-party plaintiff Advent Manage Limited ("Advent") (collectively, "plaintiffs") in the above-

captioned action.  I submit this Declaration to put before the Court certain documents and facts

in support of Plaintiffs' Memorandum in Opposition to Defendants' Motion to Provide Advent

Manage Limited Documents to the Liquidators.  Unless otherwise stated, I make this Declaration

on personal knowledge.

2.      By letter dated December 20, 2005, defendants' counsel asked the Court to stay

all merits discovery to permit them to investigate the validity of the assignment under which the

three original plaintiffs assigned their claims to Advent.  Counsel's letter specifically advised the

Court that "Counsel for the Liquidators wishes to become involved in these proceedings," and that defendants had "notified such counsel" of the status conference to be held the next day.

3.     The next day, in the December 21, 2005 status conference with the Court (which I attended), defendants' counsel demanded that the Court direct plaintiffs to respond immediately to all pending Advent-related discovery, notwithstanding the numerous objections plaintiffs had interposed. The Court indicated only that plaintiffs should produce the assignment itself, which Advent did. It was further made clear that all other Advent-related discovery would remain on hold pending further discussion. The Liquidators' counsel did not attend the call, and at no time did defendants' counsel disclose an intent or desire to provide the discovery they sought to the Liquidators.

4.     On January 30, 2006, we were advised that the Court would be issuing an Order stating, in relevant part, that the case was being referred to Magistrate Judge Smith for a settlement conference and that virtually all proceedings in this case except for "discovery in aid of the settlement conference" would be stayed. We agreed with defendants' counsel to confer on February 3 about which of the still-pending discovery efforts, including the Advent-related discovery in abeyance since December 21, 2005, fell within the exception to the overall stay directed by the Court.

5.     On February 2, 2006, in advance of the scheduled conference call, defendants' counsel proposed to narrow the focus of the Advent-related discovery to seven categories of documents. A true and correct copy of defendants' counsel's February 2, 2006 letter is attached hereto as Exhibit 1.

6.     A conference call between plaintiffs' and defendants' counsel took place late in the afternoon on February 3, 2006. I was in attendance and participated in the call. The discussions were summarized in a letter I sent the following Monday, February 6, 2006, a true and correct copy of which is attached hereto as Exhibit 2. As stated therein, defendants had failed to respond to repeated inquiries as to why, in view of what defendants already knew, additional Advent-related discovery was needed for the settlement conference. Defendants also did not respond to the point made by my partner Mr. Taffet, more than once during that call, that the existence of the mere potential for a challenge, to the extent that it might expose defendants to any form of "double liability," was one that could be accommodated and addressed in a properly structured settlement agreement and, thus, lack of Advent discovery was irrelevant to the settlement process. Nevertheless, in the interest of eliminating defendants' asserted excuse for avoiding settlement discussions, we undertook to investigate what documents might exist that would be relevant to the categories of documents sought by defendants. At no time during the February 3, 2006 conference call did defendants' counsel disclose that they intended to provide whatever Advent-related discovery they obtained to the Liquidators. Had we known of counsel's true intentions, we would have discontinued the negotiations.

7.     In a letter dated February 7, 2006, defendants further modified their requests and identified six categories of document requests to which they insisted upon a response. A true and correct copy of the February 7, 2006 letter is attached hereto as Exhibit 3. This correspondence, too, failed to explain how documents responsive to the requests would aid in the settlement conference, and it did not disclose that defendants would seek to provide the discovery to Liquidators. On February 14 and 15, 2006, I transmitted highly confidential Advent-related documents and information to defendants. The documents and page 2 of my

3

February 14, 2006 letter were designated "Counsel Only" pursuant to the Stipulated Protective

Order dated December 18, 2002, a true and correct copy of which is attached hereto as <u>Exhibit 4</u>.

In my February 14, 2006 transmittal letter, I reminded defendants' counsel that we had advised

them previously: "[O]nce you have had an opportunity to review the referenced documents we

are prepared to discuss their implications for the settlement conference." Defendants' counsel

never responded to this invitation but instead have asked to provide all the documents and

information they received to the Liquidators.


     I declare, under the penalty of perjury, that the foregoing is true and correct. Signed this

5th day of April 2006.

Alicia L. Downey

# EXHIBIT 1

MAYER
BROWN
ROWE
& MAW

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Andrew S. Marovitz**
Direct Tel (312) 701-7116
Direct Fax (312) 706-8651
amarovitz@mayerbrownrowe.com

February 2, 2006

### By Facsimile & US Mail

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Re:    *MM Global Services, et al. v. The Dow Chemical
       Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Richard:

We thought that it would be useful to preview for you our thoughts on the two general topics that
will be discussed during our meet-and-confer telephone call scheduled for Friday at 3:30 p.m.

### A.    Advent Manage Limited

While we believe that Defendants are entitled to all of the documents requested in their
December 12 Subpoena to Advent and their December 13 Document Requests to the three
original plaintiffs ("Plaintiffs"),[1] we are mindful of the Court's preference that the parties
expeditiously resolve their outstanding discovery dispute with respect to Advent Manage
Limited ("Advent") and the liquidation proceedings. Accordingly, we have reexamined those
document requests and, if Plaintiffs and Advent agree to produce these documents, we would
accept the following:

1.    Documents relating to the incorporation, organization and ownership of Advent Manage
      Limited ("Advent") and/or Success Achieve Limited ("Success");

2.    Documents relating to any communications between (a) Plaintiffs and/or the Mittal
      Group and (b) Advent and/or Success;

3.    Documents relating to assignments, negotiations, contracts and/or agreements between
      (a) Plaintiffs and/or the Mittal Group and (b) Advent and/or Success;

4.    Documents in the possession, custody or control of Advent and/or Success relating to the
      lawsuit;

---

[1] For ease of reference, this letter continues to use the phrase "Plaintiffs" to describe the three original plaintiffs:
MM Global Services, Inc., MM Global Services Pte., Ltd. and Megavisa Solutions (S) Pte. Ltd. We are aware that,
on January 30, the Court permitted Advent Manage Limited to be added as a party-plaintiff in the action.

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
February 2, 2006
Page 2

5.    Documents in the possession, custody or control of Plaintiffs relating to Advent and/or Success;

6.    Documents relating to the assets and financial statements of Advent and/or Success; and

7.    Documents related to the Liquidators (KPMG), its employees and/or Mitco Labuan Co Limited.

Please note that several of the document areas described above seek documents relating to Success, as Plaintiffs first disclosed the identity of Success on January 30 following Defendants' service of their requests.

**B.    DISCOVERY THAT IS EXEMPT FROM THE COURT'S STAY**

The Court made clear that the proceedings are generally stayed, except that the parties should focus on matters in discovery that will further efforts to obtain information relevant to the upcoming settlement conference. At the same time, the Court added that it would permit specific discovery, if any, to proceed if the parties already have done their preparation and delaying that discovery until later would constitute a waste of resources. Plaintiffs mentioned during the call that, in their view, a few depositions satisfied this standard, but did not identify those depositions. While we would be happy to consider Plaintiffs' position, we do not believe that any of the pending depositions qualify. Neither of the two witnesses whose depositions were confirmed by us previously (before the stay) for February – Steve Meadow (February 15) and Kevin Dillan (February 16) – has been prepared for their depositions. The other depositions that were in the pipeline (UCCS, Dow Singapore, Kenneth Bromfield, Howard Ungerleider and Duane Dickson) have not yet been confirmed.[2] Whatever preparation costs have been incurred by Plaintiffs to prepare deposition outlines or pull documents will not be wasted if the depositions proceed after the conference; on the other hand, preparing these witnesses for their depositions and then requiring them to travel to Connecticut and sit for their depositions would be wasteful, particularly if the conference obviates the need for their depositions. Indeed, it is our view that Plaintiffs' pending responses to the UCCS Counterclaim and to Defendants' Motion for Summary Judgment – both of which were previously filed – are far more significant to the issues likely to be raised in the settlement conference than any of the depositions that Plaintiffs' noticed and are in the pipeline.

---

[2] We previously wrote that we had availability for Mr. Kumar's deposition on March 9 but had yet to finally confirm Mr. Kumar's availability for that date. Mr. Kumar has not yet purchased airline tickets or made arrangements to make the trans-Atlantic flight to the U.S. – nor has he been prepared for his deposition – and we do not believe that Judge Covello's direction contemplates that Defendants incur these expenses pre-settlement conference, just as the Court has not yet acted on Defendants' motions to take the depositions of a number of witnesses in India.

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
February 2, 2006
Page 3

In any event, we provide you with these thoughts so that you might consider them in advance of
our Friday call.  We look forward to speaking with you.

Very truly yours,

Andrew S. Marovitz

cc (by e-mail):
      Robert M. Langer, Esq.
      Alicia L. Downey, Esq.
      Craig A. Raabe, Esq.
      Nathan P. Eimer, Esq.
      Scott Solberg, Esq.
      Christopher J. Kelly, Esq.
      Dana S. Douglas, Esq.

# EXHIBIT 2

**BINGHAM McCUTCHEN**

Alicia L. Downey
Direct Phone: (617) 951-8187
alicia.downey@bingham.com

February 6, 2006

**BY TELECOPIER**

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Andrew S. Marovitz, Esq. (via facsimile at 312-706-8651)
Dana S. Douglas, Esq. (via facsimile at 312-706-8662)
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Nathan P. Eimer, Esq. (via facsimile at 312-692-1718)
Scott C. Solberg, Esq.
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604

**Re: *MM Global Services Inc. v. The Dow Chemical Co.***

Dear Counsel:

This is a summary of our conference call on Friday, February 3, 2006, in connection with potential discovery that the parties may believe is necessary to proceed with the settlement conference before Judge Smith, as ordered by Judge Covello. Overall, we thought the discussion was constructive, and we hope it can be used as the basis for moving forward in addressing the issues that remain open, so we might have the greatest likelihood of a successful settlement conference.

As we believe we made clear, we fully understand defendants' need to avoid being exposed to the risk of settling with less than all of the plaintiffs and thereby face further litigation or claims for additional damages. We understand Judge Covello's point that defendants should not have to pay twice. Toward this end, we advised that we are continuing our diligent efforts to gain greater information concerning the position of the Singapore liquidators.

We further discussed the categories of documents that defendants characterized in Andy's February 2, 2006 letter. We pointed out that, as drafted, certain of the categories are very broad and others appear to seek documents that have no relationship with the issues that Judge Covello has raised as of concern. You did provide certain explanations, and we advised that we will seek to determine what documents may exist that would be relevant to the categories as we understand them based upon your explanations.

LITDOCS/630103.1

Andrew S. Marovitz, Esq. et als.
February 6, 2006
Page 2 of 2

Bingham McCutchen LLP
bingham.com

We did, however, continue to seek from you some explanation concerning what the specific concerns were of defendants in connection with the settlement process. For example, we pointed out that we can understand that defendants may feel at risk if they were to settle with only Advent and not the originally named plaintiffs. We are not clear, however, as we explained, what other concerns defendants may have, for example, in connection with creditors. Accordingly, we requested that you provide us with such guidance promptly, and that you reconsider Mr. Eimer's stated refusal to address this request. Likewise, we requested that you provide us a description of the types of documents that you think might have information that would address the concerns defendants might have in connection with the settlement. Here, too, we hope that you will reconsider the blanket refusal expressed by Mr. Eimer and Mr. Raabe to provide such a description, or even to engage in a good faith discussion of the type of documents that might be involved. Withholding such information, in both cases, suggests to us that defendants' concerns, and their need for any discovery, is just not a constructive development.

Finally, assuming that Judge Covello's referral of this matter to Judge Smith for settlement purposes was based on a good faith indication by defendants during their *ex parte* conference with the judge of a willingness to settle, we found it a bit disturbing that Mr. Eimer insisted on characterizing defendants' last settlement offer as "generous." If this is, in fact, defendants' position and plaintiffs should not anticipate any further progress beyond that position, we would appreciate your prompt confirmation.

We look forward to further discussions concerning these issues.

Very truly yours,

*Alicia L. Downey* /cmg

Alicia L. Downey

cc:    Christopher J. Kelly, Esq.
       Richard S. Taffet, Esq.
       Craig A. Raabe, Esq.
       Robert M. Langer, Esq.
              (all by facsimile)

# EXHIBIT 3

```
MAYER
BROWN
R  O  W  E
&  M  A  W
```

February 7, 2006

Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

**By Facsimile**

Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689

Christopher J. Kelly
Direct Tel (202) 263-3285
Direct Fax (202) 263-5285
cjkelly@mayerbrownrowe.com

     Re:   *MM Global Services et al. v. The Dow Chemical Company, et al.,*
          Civil No. 3:02 CV (AVC)

Dear Richard:

     I am writing to follow up on our meet-and-confer teleconference of last Friday with regard to our December 13, 2005 document request to Plaintiffs MM Global Services, Inc., MM Global Services Pte. Ltd. and MegaVisa Solutions (S) Pte. Ltd. (the "Original Plaintiffs"), and our December 12, 2005 subpoena to Plaintiff Advent Manage Limited ("Advent"). We have received Alicia Downey's letter of yesterday, addressing the same teleconference. Needless to say, we do not agree with her view of Defendants' concerns or her unhelpful characterizations of our participation in the teleconference. However, rather than pursue a pointless debate, we thought it would be more useful simply to offer a new proposal for a satisfactory document production.

     In light of the teleconference, we once again re-examined the document requests and the subpoena, and have determined that, if the Original Plaintiffs and Advent agree to produce the following documents promptly, we would agree that their production would constitute compliance with the document requests and the subpoena:

1.    Documents sufficient to show the date and place of incorporation or other formation, form of organization and ownership structure of Advent Manage Limited ("Advent") and Success Achieve Limited ("Success");

2.    Documents relating to any communications relating to this litigation between (a) the Original Plaintiffs and/or the Mittal Group and (b) Advent and/or Success;

Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  Manchester  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Richard S. Taffet, Esq.
February 7, 2006
Page 2

3.  Documents relating to assignments, negotiations, contracts and/or agreements relating to this litigation between (a) the Original Plaintiffs and/or the Mittal Group and (b) Advent and/or Success;

4.  Documents in the possession, custody or control of Advent and/or Success relating to this litigation;

5.  Documents in the possession, custody or control of any Original Plaintiff relating to the actual or potential assignment of the Original Plaintiffs' claims in this litigation to Advent and/or Success, or to the ability or interest of Advent and/or Success in receiving an assignment of the Original Plaintiffs' claims in this litigation; and

6.  For the current fiscal year to date and the last three full fiscal years, the audited financial statements, including income statements and balance sheets, of Advent and/or Success.

As you can see, items 1, 4 and 6 are directed to Advent and Success, item 5 is directed to the Original Plaintiffs, and items 2 and 3 are directed to the Original Plaintiffs *and* to Advent and Success. Please let us know whether the Original Plaintiffs and Advent and Success will agree to produce these documents to Defendants promptly in compliance with the December 13 document request and the December 12 subpoena.

Sincerely,

Christopher J. Kelly

cc:  Alicia L. Downey, Esq.
     Robert M. Langer, Esq.
     Suzanne E. Wachsstock, Esq.
     Nathan P. Eimer, Esq.
     Andrew S. Marovitz, Esq.
     Craig A. Raabe, Esq.

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

MM GLOBAL SERVICES, INC., MM GLOBAL  :
SERVICES PTE. LTD., and MEGA VISA  :
SOLUTIONS (S) PTE. LTD.,  :

                  Plaintiffs,  :    Civ. No.: 3:02 CV 1107 (AVC)

           -v.-  :

THE DOW CHEMICAL COMPANY and  :
UNION CARBIDE CORPORATION,  :

                  Defendants.  :    DECEMBER 17, 2002
                               :

-------------------------------------------------------------X

## STIPULATED PROTECTIVE ORDER

    This Protective Order is between plaintiffs MM Global Services, Inc., MM Global

Services Pte. Ltd., and Mega Visa Solutions (S) Pte. Ltd. and defendants The Dow Chemical

Company and Union Carbide Corporation.

    The parties recognize that some of the documents, information or material that will be

produced by each of the parties and by certain third parties may include matter held as trade

secrets, know-how or other confidential, technical, commercial or financial information. Such

documents, information or materials shall be governed by the following Protective Order, which

is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

    Therefore, it is ORDERED THAT:

        A.    This Protective Order shall be applicable to and govern all documents, things, and

information or other material exchanged, all depositions, documents produced in response to

NOTED and SO ORDERED.

December 18, 2002.

Alfred V. Covello, Chief U.S.D.J.

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2002 DEC 17  P 3: 25

DISTRICT COURT

---------------------------------------------------------X

MM GLOBAL SERVICES, INC., MM GLOBAL : 
SERVICES PTE. LTD., and MEGA VISA : 
SOLUTIONS (S) PTE. LTD., :

                      Plaintiffs, :    Civ. No.: 3:02 CV 1107 (AVC)

          -v.- :

THE DOW CHEMICAL COMPANY and :
UNION CARBIDE CORPORATION, :

              Defendants. :    DECEMBER 17, 2002

                     :

---------------------------------------------------------X

## STIPULATED PROTECTIVE ORDER

    This Protective Order is between plaintiffs MM Global Services, Inc., MM Global

Services Pte. Ltd., and Mega Visa Solutions (S) Pte. Ltd. and defendants The Dow Chemical

Company and Union Carbide Corporation.

    The parties recognize that some of the documents, information or material that will be

produced by each of the parties and by certain third parties may include matter held as trade

secrets, know-how or other confidential, technical, commercial or financial information. Such

documents, information or materials shall be governed by the following Protective Order, which

is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

    Therefore, it is ORDERED THAT:

    A.    This Protective Order shall be applicable to and govern all documents, things, and

information or other material exchanged, all depositions, documents produced in response to

requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure as amended by any applicable Local Rule, as well as any documents, information and things or other materials exchanged pursuant to any alternative dispute resolution proceeding, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL" (hereinafter "**Confidential Material**") or "COUNSEL ONLY CONFIDENTIAL" (hereinafter "**Counsel Only Confidential Material**") that is hereafter furnished, directly or indirectly, by or on behalf of any party or third party in connection with this action (collectively referred to herein as "information"). **Confidential Material** and **Counsel Only Confidential Material** shall be used by the recipient solely for the purpose of conducting this litigation.

B.    In designating information as **Confidential Material**, a producing person or party shall make such a designation only as to material that the producing person or party in good faith believes constitutes proprietary information, confidential business information or trade secret information, or material furnished to it by third parties, which information and material is not publicly known and which the producing person or party would normally not reveal to third parties or would cause third parties to maintain in confidence. In the event a producing person or party has information that is subject to discovery and such information was supplied to the producing person or party by a third party subject to an agreement of confidentiality, the producing party shall request, in writing, the permission of such party to produce such information to the requesting party subject to the terms of this Protective Order. If permission is denied in writing, within five (5) business days of receipt of such denial, the producing party

2

shall notify the requesting party of such denial and seek any appropriate relief from this Court and, in connection with its obligation to produce such information, pursue any other avenues of relief it deems appropriate.

      C.     Information designated as **Confidential Material** may be disclosed only to the following persons:

          1.     outside counsel and in-house counsel for the receiving party directly working on this litigation and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

          2.     independent experts or consultants of the receiving party, who are not employed either by the receiving party or a competitor of the producing party, and who have been expressly retained by any attorney described in Paragraph C(I) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work and only after complying with paragraph F of this Protective Order;

          3.     any director, officer or employee of a party, or of Mega Visa Marketing Solutions Ltd. (f/k/a Visa Petrochemicals Pvt. Ltd.), Vaids Technology (Paresh Zaveri only), Dow Chemical Pacific Pte. Ltd., Dow Chemical Pvt. Ltd., Dow Europe GmbH, Dow Exports, S.A., Union Carbide Customer Services, Inc. and Union Carbide Asia Pacific, Inc., if such person directly works on this litigation, with disclosures only to the extent necessary to perform such work, and only after complying with Paragraph F of this Protective Order;

3

4.    upon agreement of the producing party or with leave of Court, any person of whom testimony is taken, except that such person may only be shown copies of **Confidential Material** during his or her testimony, and may not retain any **Confidential Material**;

5.    the Court;

6.    Court reporting personnel involved in taking or transcribing testimony in this action; and

7.    any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

D.    **Confidential Material** that is current or recent information that is highly competitively sensitive or other **Confidential Material** that is otherwise highly sensitive may be designated "**Counsel Only Confidential Material**."

E.    Information designated as **Counsel Only Confidential Material** may be disclosed only to the following persons:

1.    outside counsel for the receiving party who are directly working on this litigation and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

2.    independent experts or consultants of the receiving party who are not employed either by the receiving party or a competitor of the producing party, and who have been expressly retained by any outside counsel described in Paragraph C(l) to assist in the preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and only after complying with Paragraph F of this Protective Order;

4

3.    upon agreement of the producing party or with leave of Court, any person of whom testimony is taken, except that such person may only be shown copies of **Counsel Only Confidential Material** during his or her testimony, and may not retain any **Counsel Only Confidential Material**;

4.    the Court;

5.    Court reporting personnel involved in taking or transcribing testimony in this action; and

6.    any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

F.    Access to **Confidential Material** and **Counsel Only Confidential Material** shall be as follows:

1.    The outside counsel and in-house counsel and all paralegal assistants, and clerical employees working under the direct supervision of such outside counsel as designated in Paragraphs C(1) and E(1), shall have access to **Confidential Material** and **Counsel Only Confidential Material**, as applicable, upon entry of this Protective Order.

2.    The independent experts and consultants described in Paragraphs C(2) and E(2) shall be made aware of the provisions of this Protective Order and manifest their assent to be bound thereby by signing a copy of the annexed Acknowledgment of **Confidential Material** and/or Acknowledgment of **Counsel Only Confidential Material** prior to receiving access to such **Confidential Material** and/or **Counsel Only Confidential Material**.  Provided, however,

5

that no party may designate any competitor of the other party as an independent expert or consultant.

      3.     All other individuals identified in Paragraphs C(3), (4), (6) and (7) and Paragraphs E(3), (5) and (6) shall have access to the **Confidential Material** or **Counsel Only Confidential Material**, as the case may be, after being made aware of this Protective Order and manifesting their assent to be bound thereby by signing the annexed Acknowledgement of **Confidential Material** and/or Acknowledgement of **Counsel Only Confidential Material**.

      4.     Acknowledgments of **Confidential Material** and Acknowledgments of **Counsel Only Confidential Material** shall be retained in the records of the outside counsel for the receiving party, and shall be provided to the producing party promptly upon the termination of the litigation.

      5.     The persons receiving **Confidential Material** or **Counsel Only Confidential Material** under the provisions of this Protective Order are enjoined from disclosing it or its substance to any other person, except in conformance with this Protective Order.

    G.     Each individual who receives any **Confidential Material** or **Counsel Only Confidential Material** hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

    H.     The recipient of any **Confidential Material** or **Counsel Only Confidential Material** that is provided under this Protective Order shall exercise the same standard of due and

6

proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no event less than reasonable care.

I.    Parties or third parties shall designate **Confidential Material** or **Counsel Only Confidential Material** as follows:

1.    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "CONFIDENTIAL" or "COUNSEL ONLY CONFIDENTIAL."

2.    In the event that a party or third party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "COUNSEL ONLY CONFIDENTIAL" at the time of production, that party shall have ten (10) business days after such production to stamp or otherwise designate the document or other information.

J.    In the case of depositions, the following procedures shall be followed:

1.    Designation of the portion of the transcript (including exhibits) which contains **Confidential Material** or **Counsel Only Confidential Material** shall be made either (i) by a statement to such effect on the record in the course of the deposition or (ii) upon review of such transcript by counsel for the party or third party whose **Confidential Material** or **Counsel Only Confidential Material** the deponent has had access. Notification to opposing counsel of **Confidential Material** or **Counsel Only Confidential Material** may occur within ten (10) business days after counsel's receipt of the transcript. Counsel shall list on a separate

7

piece of paper the numbers of the pages of the transcript containing **Confidential Material** or **Counsel Only Confidential Material**, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such subsequent designation by counsel, the entire deposition transcript shall be deemed **Counsel Only Confidential Material**, unless counsel during the deposition states that the information is **Confidential Material**. If no designation is made on the record or within ten (10) business days after receipt of the transcript, the transcript shall be considered not to contain any **Confidential Material** or **Counsel Only Confidential Material**.

      2.     Counsel for the party whose **Confidential Material** or **Counsel Only Confidential Material** is about to be disclosed at the deposition, either orally or by way of documentation, may also request that all persons other than the persons who are entitled to have access to such material under this Protective Order leave the deposition room during the appropriate confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

      K.     Transcripts of depositions or portions thereof will not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other matters. If a deposition transcript or any portion thereof is filed and if it contains **Confidential Material** or **Counsel Only Confidential Material**, the transcript or portion thereof shall bear the appropriate legend on the caption page and shall be filed under seal.

L.     A party shall not be obligated to challenge the propriety of a **Confidential Material** or **Counsel Only Confidential Material** designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees with such designation, such party shall provide to the producing party written notice of its disagreement with the designation at any time. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as **Confidential Material** or **Counsel Only Confidential Material** is on the party making such designation.

M.     The Clerk of the Court is directed to maintain under seal all documents, and all transcripts of deposition testimony, or portions of either, filed with this Court in this litigation by any party which are, in whole or in part, designated as **Confidential Material** or **Counsel Only Confidential Material**, including all pleadings, deposition transcripts and portions thereof, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Protective Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

N.     In the event that any **Confidential Material** or **Counsel Only Confidential Material** is used in any court proceeding in connection with this litigation, it shall not lose its Confidential or Counsel Only status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

9

O.     Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a person having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in this lawsuit and designated as **Confidential Material** or **Counsel Only Confidential Material**.

P.     Nothing in this Protective Order shall preclude any party to the lawsuit or its attorney (a) from showing a document designated as **Confidential Material** or **Counsel Only Confidential Material** to an individual who prepared or received that document, or (b) from disclosing or using, in any manner or for any purpose in this litigation, the party's own information or documents which the party itself has designated as **Confidential Material** or **Counsel Only Confidential Material**, or (c) from showing a document designated by the disclosing party as **Confidential Material** or **Counsel Only Confidential Material** to an individual who is a current employee, officer, director or testifying on behalf of the disclosing party.

Q.     This Protective Order shall not bar any attorney herein in the course of rendering advice to the party that he or she represents with respect to this litigation from conveying to that party his or her evaluation in a general way of **Confidential Material** produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with that party, the attorney shall not disclose or paraphrase the specific contents of any **Counsel Only**

10

**Confidential Material** produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

R.    Should a producing party determine that a document subject to privilege or immunity from discovery has been produced inadvertently, it shall bring that fact to the attention of the receiving party. The inadvertently disclosed documents and all copies shall be returned to the producing party. Such disclosure shall not result in the waiver of any associated privilege.

S.    Within sixty (60) calendar days of the termination of litigation between the parties, all **Confidential Material**, all **Counsel Only Confidential Material**, and all copies thereof in the possession of any outside counsel of any receiving party as described in Paragraphs C or E or any person as described in Paragraphs C or E shall be returned to the party which produced it or shall be destroyed. Provided further, that if the documents are destroyed, a Certificate of Destruction signed by counsel shall be provided to the producing party within ten (10) business days of the destruction of the documents. Within thirty (30) calendar days of the termination of litigation between the parties, all **Confidential Material** and all copies thereof, in the possession of any in-house counsel of any receiving party as described in Paragraph C shall be returned to the party who produced it or shall be destroyed. A Certificate of Destruction signed by such person shall be provided within ten (10) business days of the destruction of the documents.

T.    The Protective Order is without prejudice to the right of any producing person or party to seek relief from the Court, upon good cause shown, from any of the provisions contained

11

in Paragraphs A through T, inclusive, hereof. The parties may reach an agreement in writing to

modify the times or dates set forth in this Protective Order without the consent of the Court.

U.      The parties agree to be bound by the terms of this Protective Order as of the date

of their execution below, pending the Court's issuance of this Order or a modified version of it.

The parties further stipulate and agree that any breach of this Order by the receiving party shall

cause the producing party irreparable harm.

SO STIPULATED:


Robert M. Langer (ct. 06305)
WIGGIN & DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103-3402
Tel: (860) 297-3724
Fax: (860) 525-9380

Richard Taffet (ct. 10201)
THELEN REID & PRIEST LLP
875 Third Avenue
New York, New York 10022-6225
Tel: (212) 603-2000
Fax: (212) 603-2001


Craig A. Raabe (ct. 04116)
Edward J. Heath (ct 20992)
Elizabeth A. Fowler (ct 23584)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299

Mark P. Edwards (ct. 23890)
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 963-5769
Fax: (215) 963-5001

William L. Webber (ct. 18369)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N. W.
Washington, D.C. 20004
Tel.: (202) 739-5798
Fax: (202) 739-3001

12

IT IS SO ORDERED:

Date:  December ___, 2002

_____
Alfred V. Covello
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
----------------------------------------------X
MM GLOBAL SERVICES, INC., MM GLOBAL          :
SERVICES PTE. LTD., and MEGA VISA            :
SOLUTIONS (S) PTE. LTD.,                     :
                                             :
                      Plaintiffs,            :    Civ. No.: 3:02 CV 1107 (AVC)
                                             :
              -v.-                            :
                                             :
THE DOW CHEMICAL COMPANY and                 :
UNION CARBIDE CORPORATION,                    :
                                             :
                      Defendants.            :
                                             :
----------------------------------------------X
```

## ACKNOWLEDGMENT OF RECEIPT OF COUNSEL ONLY
## CONFIDENTIAL MATERIAL SUBJECT TO STIPULATED PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1.    My address is:_____

_____

_____.

2.    My present employer is:_____

and the address of my present employment is:_____

_____

_____.

3.    I hereby acknowledge that I may receive information designated as Counsel Only

Confidential Material in this litigation pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER entered in this case, that I have been given a copy of and read the said STIPULATED PROTECTIVE ORDER, that I am familiar with the terms thereof, and that I agree to comply with and to be bound by the terms thereof in connection with all Counsel Only Confidential Material that may be disclosed to me.

     4.    I understand that I am not to use the Counsel Only Confidential Material for any purpose whatsoever other than in connection with this litigation and that I am to maintain all copies of any Counsel Only Confidential Material provided to me in a manner consistent with the provisions of the Stipulated Protective Order.

Signature:_____

Date:_____

2

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of April, 2006, a copy of the foregoing was sent by

telecopier and first-class mail to the following:

Craig A. Raabe
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT  06103

Andrew S. Marovitz
Mayer Brown Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL  60606-4637

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC  20006

Scott C. Solberg
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604


Alicia L. Downey


cc:     The Honorable Alfred V. Covello (via hand delivery)
        United States District Court
        450 Main Street
        Hartford, CT  06103