UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MM GLOBAL SERVICES, INC., MM GLOBAL )
SERVICES PTE., LTD., MEGAVISA SOLUTIONS )
(S) PTE, LTD., AND ADVENT MANAGE LIMITED, )
)
Plaintiffs, )
)  CIVIL ACTION
v. )  NO. 3-02 CV 1107 (AVC)
)
THE DOW CHEMICAL COMPANY, UNION )
CARBIDE CORPORATION, UNION CARBIDE )  April 6, 2006
ASIA PACIFIC, INC., UNION CARBIDE )
CUSTOMER SERVICES PTE. LTD., AND DOW )
CHEMICAL PACIFIC (SINGAPORE) PTE. LTD., )
)
Defendants. )
)

**REPLY MEMORANDUM IN FURTHER SUPPORT OF COUNSEL'S JOINT MOTION
TO WITHDRAW AND OPPOSITION TO DEFENDANTS'
MOTION FOR 90-DAY ENLARGEMENT OF TIME**

I.   PRELIMINARY STATEMENT

This memorandum is submitted in further support of the Joint Motion to Withdraw filed by counsel of record for plaintiffs.[1]  This memorandum is also submitted in opposition to "Defendants' Motion for Enlargement [etc.]" dated March 29, 2006 (the "Enlargement Motion").

Pursuant to Local Rule 7(e), counsel's initial submission in support of their joint motion to withdraw established "good cause" for granting the relief requested.  The time for response has now passed, and the Liquidators in control of Megavisa Solutions, each of whom was personally served with the withdrawal motion papers more than 21 days ago (as was their Singapore Counsel), have neither objected nor even bothered to respond.  Instead, the only filing

---

[1] MM Global Services, Inc. ("MMGS"), MM Global Services Pte. Ltd. ("MMGS-S"), MegaVisa Solutions (S) Pte. Ltd. ("Megavisa Solutions"), and their assignee-in-interest and co-party plaintiff, Advent Manage Limited ("Advent").

made is defendants' Enlargement Motion, which does nothing more than confirm the appropriateness of granting leave for counsel to withdraw as requested.

The Enlargement Motion, besides being a scurrilous personal attack on Advent and the MM Global plaintiffs, their principals and counsel, is wholly misdirected. First, defendants do not dispute any of the facts establishing "good cause" for withdrawal under Local Rule 7(e). Instead they confirm that an actual conflict now exists involving Megavisa Solutions and the other plaintiffs and counsel, which requires granting the motion to withdraw as requested. Indeed, defendants' unexplained role as the would-be conduit for providing Advent's confidential information to the Liquidators has only exacerbated, if not created, this conflict.[2]

Second, the primary stated basis for the Enlargement Motion—i.e., defendants' and the Liquidators' supposed need to take discovery regarding the validity of the assignment—is meritless. The Liquidators have made no such suggestions, and as previously presented to the Court, defendants are not the proper parties to investigate or challenge the assignment, and this is not the forum in which such an investigation or challenge may take place.[3] In any case, defendants have been provided with the Advent-related documents and information they requested for purposes of the settlement conference, and they have not identified any other such discovery that is outstanding or otherwise needed. Nor have the Liquidators taken any steps either here or in Singapore regarding the assignment or related discovery, even though nothing has precluded them from doing so since the liquidation proceedings began over six months ago.

---

[2] *See* Defendants' Motion to Provide Advent Manage Limit [*sic*] Documents to the Liquidators, filed March 20, 2006.

[3] *See, e.g.,* Letter from Alicia L. Downey to the Court dated December 20, 2005 and attachments thereto; Letter from Richard S. Taffet to the Court dated December 21, 2005; Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel Production of Documents and Information Relating to Advent Manage Limited and Success Achieve, filed March 6, 2006.

Defendants' unsupported claims that the Liquidators need such discovery and that it is defendants who must provide it to them are refuted by the Liquidators' own conduct.

Defendants overstep their bounds to an even greater degree by arguing that the ongoing relationships between counsel and the other plaintiffs must be terminated as a consequence of granting the motion to withdraw. Not only do they misread the rules in question, but they do not contend, nor can they, that withdrawal as requested will have any material prejudicial effect on the parties (including Megavisa Solutions) or on the overall administration of this case. Accordingly, since no viable opposition has or can be raised to the motion to withdraw, the Court should grant the relief requested by counsel and deny the Enlargement Motion as moot.

## II.     ARGUMENT

### A.     The Court Should Grant the Motion to Withdraw Without Further Delay.

In support of their Joint Motion to Withdraw, counsel were required to establish that there was "good cause" to grant them relief. *See* Local Rule 7(e) (formerly Local Rule 15). This they did by offering the Court proof of multiple, independent reasons for permitting withdrawal.

- The Liquidators have failed to cooperate in any effort to resolve apparent conflicts of interest that have emerged;

- The Liquidators have not agreed to compensate the undersigned for services they have requested be provided to them;

- The terms of counsel's engagement agreements with Megavisa Solutions authorize withdrawal in circumstances such as those presented here;

- None of the parties, including Megavisa Solutions, which is a party in name only, will be prejudiced by the granting of the Motion;

- The relief sought would not impose delay or otherwise disrupt these proceedings;

- Defendants would not be prejudiced, because they would continue to face the same claims and requests for damages regardless of who may represent Megavisa Solutions in this matter; and

- The Liquidators, who are already represented by Singapore counsel with an affiliate office in New York, New York, should readily be able to engage successor counsel to appear for Megavisa Solutions.

*See* Memorandum of Law filed March 7, 2006 and accompanying Declaration of Alicia L. Downey.

None of this proof has been refuted by the Liquidators on behalf of Megavisa Solutions, nor by defendants. The Liquidators have not appeared either directly or through independent counsel. Likewise defendants, in the guise of their Enlargement Motion, while quick to cast aspersions, do not suggest any way in which this case would be delayed or disrupted or how they would be in any way prejudiced by the relief sought by counsel. In the absence of any such timely showing, the Court should exercise its discretion and promptly grant the relief requested. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999); *Vachula v. General Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000).

### B. Defendants' Enlargement Motion Should Be Rejected.

In addition to defendants' failure to address (or to indicate that they ever intend or would be able to address) moving counsel's showing of "good cause" pursuant to Local Rule 7(e), the Court should swiftly reject the Enlargement Motion as nothing more than a frivolous and improper attempt, yet again, to delay this case, as defendants have tried to do for close to four years.

First, Local Rule 7(b) states that "motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires <u>a particularized showing that the time limitation in question cannot reasonably be met</u> despite the diligence of the party seeking the extension." Local Rule 7(b) (emphasis added). Here, defendants make no such showing, but instead assert a claimed need for some unspecified

discovery. They do so in direct contravention of the Court's Order dated March 10, 2006, which denied their motion to compel the same discovery. Moreover, although not mentioned by defendants, there is presently no assignment-related discovery pending (assuming, *arguendo*, that such discovery would be proper), since defendants have already propounded that discovery, received information and documentation in response, and lost a motion to get more. The Liquidators' silence does not change the fact that defendants are not the proper parties to investigate or challenge the assignment through discovery or any other means. Indeed, the Liquidators' failure to act, even when expressly provided the opportunity to do so in connection with the joint motion to withdraw, indicates that the prospect of a challenge to the assignment, and thus any proper party's asserted "need" for related discovery, is nonexistent.

Likewise, defendants' continued assertion that they need to provide the Liquidators with certain documents (specifically, those produced by Advent solely for purposes of settlement) is a red herring.[4] As commented, at most it shows that defendants themselves are the engineers of a conflict that makes withdrawal appropriate. Defendants decline to explain, however, how they have established a relationship with the Liquidators that is facially at odds with the existing common interests of Advent, the two MM Global plaintiffs, and Megavisa Solutions itself. The absence of any such explanation in the Enlargement Motion cast serious doubts upon defendants' true purposes and good faith.

Finally, the Enlargement Motion suggests, in similarly disingenuous fashion, that defendants may demand that moving counsel be disqualified from this case for all purposes upon withdrawal from their representation of Megavisa Solutions. This argument is precisely the sort of "technique of harassment" cautioned against by the Rules of Professional Conduct, which

---

[4] A detailed response to Defendants' Motion to Provide Advent Documents to the Liquidators is set forth in a separate Opposition brief filed contemporaneously with this Reply.

recognize that "[r]esolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation," not that of opposing counsel seeking to gain an unfair advantage in litigation. *See* Ct. Rules of Prof. Conduct 1.7 commentary; *see also* Scope ("the purpose of the Rules can be subverted when they are invoked by opposing counsel as procedural weapons"). In fact, the result urged by defendants is not supported by the rules they cite.[5] Disqualification, moreover, would not serve to protect any legitimate interest of Megavisa Solutions, but would be highly disruptive to the administration of this case as well as unduly prejudicial to Advent and the MM Global plaintiffs—a result defendants no doubt would like to achieve.

### III.    CONCLUSION

Defendants should not be permitted to cause the delay they so obviously and desperately seek. Rather, pursuant to Local Rule 7(e), the Court should direct Megavisa Solutions to appoint successor counsel and provide the requisite notice that if it fails to do so it could be dismissed as a party. For the reasons stated in counsel's initial submission and herein, the Motion to Withdraw should be granted, and Defendants' Motion for Enlargement should be denied as moot.

---

[5] Neither Rule 1.7 or 1.9 requires that moving counsel be disqualified entirely from participating in this case, particularly where the conduct of defendants and the Liquidators has created and exacerbated the conflict of interest involving Megavisa Solutions, and where that conflict is only one of several independent bases supporting withdrawal. The issues that are the source of the conflict concern differences in positions held by Megavisa Solutions and the other plaintiffs that are not presently before this Court, nor are they issues that defendants or Megavisa Solutions may raise in these proceedings. Rule 1.9 is inapplicable, therefore, because the interests of Megavisa Solutions and Advent in this matter are not "materially adverse." Rather, as respects this case, such interests are, as defendants' acknowledge, fully aligned to obtain as large a recovery from defendants as possible.

Respectfully submitted,

| BINGHAM McCUTCHEN LLP | WIGGIN AND DANA LLP |
|---|---|
| By: _____<br>Richard S. Taffet (ct 10201)<br>399 Park Avenue<br>New York, NY 10022-4689<br>(212) 705-7000 (tel)<br>(212) 752-5378 (tel) | By: _____<br>Robert M. Langer (ct 06305)<br>One City Place<br>185 Asylum Street<br>Hartford, CT 06103<br>(860) 297-3724 (tel)<br>(860) 525-9380 (fax) |
| By: _____<br>Alicia L. Downey (ct 22066)<br>150 Federal Street<br>Boston, MA 02110<br>(617) 951-8187 (tel)<br>(617) 951-8736 (fax) | By: _____<br>Suzanne E. Wachsstock (ct 17627)<br>400 Atlantic Street<br>Stamford, CT 06901<br>(203) 363-7601 (tel)<br>(203) 363-7676 (fax) |

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of April, 2006, a copy of the foregoing was sent by telecopier and first-class mail to the following:

Craig A. Raabe
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

Andrew S. Marovitz
Mayer Brown Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606-4637

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC 20006

Scott C. Solberg
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604

_____
Alicia L. Downey


cc:   The Honorable Alfred V. Covello (via hand delivery)
      United States District Court
      450 Main Street
      Hartford, CT 06103