UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE., LTD., MEGAVISA SOLUTIONS (S) PTE, LTD., AND ADVENT MANAGE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE. LTD., AND DOW CHEMICAL PACIFIC (SINGAPORE) PTE. LTD.,<br><br>Defendants. | CIVIL ACTION<br>NO. 3-02 CV 1107 (AVC)<br><br>June 30, 2006 |

### OPPOSITION TO DEFENDANTS' MOTION FOR 60-DAY ENLARGEMENT OF TIME TO RESPOND TO MOTION BY COUNSEL FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF MEGAVISA SOLUTIONS (SINGAPORE) PTE LTD.

The Court should deny defendants' latest Enlargement Motion and grant counsel's Motion to Withdraw without further delay.

Local Rule 7(b) provides that "motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires <u>a particularized showing that the time limitation in question cannot reasonably be met</u> despite the diligence of the party seeking the extension." Local Rule 7(b) (emphasis added). Defendants have not been diligent. As they did in connection with their previous motion to extend the time to respond to the Motion to Withdraw, they inexplicably waited until the day before their filing deadline before seeking additional time to respond. Furthermore, their Enlargement Motion is bereft of any factual showing—much less a particularized showing—that they have been diligent in anything other than delaying resolution of the Motion to Withdraw, the outcome of which they

LITDOCS/645284.1

- 2 -

insisted was required to ensure that they would be dealing with the proper parties in negotiating settlement or undertaking discovery. Defendants' argument that further delay will somehow facilitate the potential for settlement is not only unsupported by any specific facts, but directly contradicts their previously stated position.

Defendants suggest that no prejudice will result if the parties continue, for another 60 days, to "await[ ] developments in liquidation proceedings in Singapore." The Motion to Withdraw has been pending since early March. Since that time, the Singapore Liquidators have neither responded to the Motion nor sought to appear in this Court for any purpose, and to the best of the undersigned's knowledge, there have been no "developments" in Singapore with any bearing on this case. Defendants have not submitted any information about the nature or the likelihood of such developments occurring within the next 60 days or an offer of proof that such developments would be relevant to the issues raised by the Motion to Withdraw. The Enlargement Motion therefore merits no consideration, and counsel's Joint Motion to Withdraw should be granted forthwith so that this case can go forward.

Respectfully submitted,

**BINGHAM McCUTCHEN LLP,**

*/s/ Alicia L. Downey*
---
Richard S. Taffet (ct 10201)
Alicia L. Downey (ct 22066)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000 (tel)
(212) 752-5378 (fax)

-and-

WIGGIN AND DANA LLP
Robert M. Langer (ct 06305)
Suzanne E. Wachsstock (ct 17627)
One City Place
185 Asylum Street
Hartford, CT 06103
(860) 297-3724 (tel)
(860) 525-9380 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of June, 2006, a copy of the foregoing was sent by telecopier and first-class mail to the following:

Craig A. Raabe
Robinson & Cole LLP
280 Trumbull Street, 28th Floor
Hartford, CT 06103

Andrew S. Marovitz
Mayer Brown Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606-4637

Christopher J. Kelly
Mayer Brown Rowe & Maw LLP
1909 K. Street, N.W.
Washington, DC 20006

Scott C. Solberg
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604

                                              Robert M. Langer

cc:    The Honorable Alfred V. Covello (via hand delivery)
        United States District Court
        450 Main Street
        Hartford, CT 06103