## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., MEGAVISA SOLUTIONS (S) PTE. LTD. and ADVENT MANAGE LTD. | : : : : : | |
| Plaintiffs, | : : | |
| v. | : | Civil No. 3:02 CV 1107 (AVC) |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE, LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE., LTD. | : : : : : : : : : | |
| Defendants. | : | November 13, 2006 |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF RULING AND ORDER RE: DISCOVERY MOTIONS

Craig A. Raabe (ct 04116)0
Jason M. Kuselias (ct20293)
Elizabeth R. Leong (ct24453)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  05103-3497
(860) 275-8304
*Counsel for all Defendants*

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
71 S. Wacker Drive
Chicago, Illinois  60606
(312) 782-0600

Nathan P. Eimer (ct 23693)
Scott C. Solberg (phv 0234)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL  60604
(312) 660-7600
*Counsel for Defendants Union Carbide Corporation, Union Carbide Asia Pacific, Inc. and Union Carbide Customer Services Pte, Ltd.*

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C.  20006-1157
(202) 263-3000
*Counsel for Defendants The Dow Chemical Company and Dow Chemical Pacific (Singapore) Pte., Ltd.*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I. INTRODUCTION ..........................................................................................................1

II. PLAINTIFFS DO NOT, AND CANNOT, SHOW THAT THE ORDER
CONSIDERED RULE 26(B)(2) IN ALLOWING THE DEPOSITION OF
ANDREW LIVERIS..........................................................................................................1

III. PLAINTIFFS HAVE FAILED TO COUNTER THE SHOWING THAT THE
ORDER FUNDAMENTALLY MISUNDERSTOOD THE TWO
INTERROGATORIES .......................................................................................................6

IV. CONCLUSION ...............................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
  99 F.R.D. 99 (E.D. Va. 1983) ................................................................................................5

*Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61 (D. Conn. 2000) ...................................5

*Consolidated Rail Corp. v. Primary Indus. Corp.*, Nos. 92 Civ. 4927,
  92 Civ. 6313, 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993). .....................................................3

*Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*,
  203 F.R.D. 98 (S.D.N.Y. 2001) ................................................................................................3

**Statutes:**

Fed. R. Civ. P. 26(b)(1) .......................................................................................................... 2, 3

Fed. R. Civ. P. 26(b)(2) .................................................................................................1, 2, 3, 4, 5

I.    INTRODUCTION

Plaintiffs tell the Court that Defendants' motion does "nothing more than restate the arguments submitted in their original briefs, all of which were rejected by the Court." Pls.' Mem. Opp. Mot. Recons. ("Pls.' Mem."), 3.  Were this true, the Court should deny the motion, as Plaintiffs urge, "forthwith." *Id*. at 2.  But it is not true.  Indeed, Plaintiffs lack any facts to counter the case for reconsideration, which rests squarely on the face of the Ruling and Order Re: Discovery Motions ("Order") itself.  Conversely, have shown that the Order failed to take into account law and facts that were elemental to two issues it decided.

First, in ruling on Defendants' motion for a protective order against the premature deposition of Andrew Liveris, President, Chief Executive Officer and Chairman of the Board of The Dow Chemical Company ("TDCC") (and Plaintiffs' motion to compel Mr. Liveris to testify prematurely), the Order does not consider and apply Rule 26(b)(2), and the judicial "apex doctrine" that applies that rule to prevent harassing and premature depositions of senior corporate executives.  Next, in granting Plaintiffs' motion to compel responses to two interrogatories, the Order misunderstands the interrogatories themselves.  Plaintiffs' opposition does not counter Defendants' showing on these issues because it cannot.  The Court, therefore, should (1) grant the motion for reconsideration on these two issues by granting the motions for protective orders against Mr. Liveris' deposition and the interrogatories, and (2) deny Plaintiffs' contrary motions to compel the deposition and the interrogatories.

## II. PLAINTIFFS DO NOT, AND CANNOT, SHOW THAT THE ORDER CONSIDERED RULE 26(b)(2) IN ALLOWING THE DEPOSITION OF ANDREW LIVERIS

Defendants showed that, in addressing Mr. Liveris' testimony, the Order did not consider Rule 26(b)(2) and the numerous cases that have developed the "apex doctrine" in applying Rule 26(b)(2) to block premature and harassing attempts to depose senior corporate executives. Mem. Supp. Mot. Recons. ("Defs.' Mem.") at 9. Plaintiffs' response that the Order did "expressly cite[] Rule 26 in its reasoning" conveniently fails to acknowledge the crucial difference between 26(b)(*1*) and 26(b)(*2*). Pls.' Mem. at 3. The Order cited Rule 26(b)(1), which defines the general scope of discovery. Rule 26(b)(2), in contrast, places important limits on that general rule; it directs courts to limit the "frequency or extent of use of the discovery methods *otherwise permitted under these rules*" when, among other things, "the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2) (emphasis added).

Rule 26(b)(2) operates as a limitation of Rule 26(b)(1). Rule 26(b)(2) demands consideration of other factors, such as convenience, burden and expense. These factors and limitations are critical when considering whether Plaintiffs are entitled to harass Defendants by demanding the deposition of Mr. Liveris, who is TDCC's President, Chief Executive Officer and Chairman of the Board and who has no unique knowledge of any subject properly relevant to this dispute.

Plaintiffs maintain that the failure to mention Rule 26(b)(2) "does not mean that the Court did not consider the entire Rule or the cases cited by Dow." Pls.' Mem. at 3-4. But they cannot

point to any indication that in fact the Order did consider Rule 26(b)(2). By Plaintiffs' logic, a court would never have to confront the issue of undue burden, expense or inconvenience; simply addressing discoverability under Rule 26(b)(1) would be enough to settle the other issue. In other words, under Plaintiffs' approach, Rule 26(b)(2) would become superfluous. That cannot be the result the Court intended.

Next, Plaintiffs suggest that the Order's failure to consider the "apex doctrine" cases applying Rule 26(b)(2) makes no difference, for they "in no way undermine the Court's decision . . . ." Pls.' Mem. at 5. Indeed, Plaintiffs observe, "the key case relied upon by Dow is contrary to its position." *Id*. They make much of the fact that, as Defendants had already noted (*see* Defs.' Mem. at 8), the court in *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 106 (S.D.N.Y. 2001), granted motions to compel the depositions of senior corporate executives. But that does not make *Six West* "contrary to [Defendants'] position." Instead, as noted in our earlier brief and contrary to *Plaintiffs*' position, the facts in *Six West* are dissimilar to the facts in the instant case since (a) Mr. Liveris does not have any unique knowledge and (b) there are other less burdensome means to obtain the information that Plaintiffs seek. Indeed, application of *Six West* to this case provides a straightforward test that supports Defendant's position that they should not be compelled to produce Mr. Liveris for a deposition:

> Unless it can be demonstrated that a corporate official has "some unique knowledge" of the issues in the case, [a court may block his or her deposition] while allowing other witnesses with the same knowledge to be questioned.

3

*Id.* at 102 (quoting *Consolidated Rail Corp. v. Primary Indus. Corp.*, Nos. 92 Civ. 4927, 92 Civ. 6313, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993)). Applying this rule, the *Six West* court found that the plaintiffs in that case had shown that the senior executives had "*some* unique knowledge" about Sony's practices of block-booking, "particularly in New York," where the plaintiff movie exhibitor was located. *Id.* at 104 (emphasis in original). Here, the same rule compels the opposite result; Plaintiffs have made no showing at all that Mr. Liveris has *any* "unique knowledge," let alone any unique knowledge relating to sales to them or to any customer in India.

      Plaintiffs do not even contend that they have made any showing comparable to what was on the record in *Six West*; instead, they try to sidestep the issue, insisting that "it is indisputable that, by virtue of his unique position in the company at that time . . . [Mr. Liveris] has at least *some* unique knowledge of matters relevant to plaintiffs' claims." Pls.' Mem. at 7. This inference is not "indisputable"; indeed, it is not even supportable. Plaintiffs do not point to anything in particular, or even in general, that Mr. Liveris alone must have known about the conduct they allege. Evidence apparently does not matter; instead, because of what Plaintiffs characterize as a "unique" position, Mr. Liveris necessarily had unique knowledge – as if he did not work with any number of product managers, marketing managers, country managers, and others more directly involved in the manufacture and distribution of specialty chemical products. Plaintiffs have made no showing that Mr. Liveris has any relevant knowledge that these other persons lack.

4

Yet Plaintiffs have not even attempted to depose these others before asking for Mr. Liveris' testimony.  They complain that they "have already taken the deposition of lower level officials such as John Yimoyines, Ronald Neri and others, none of whom claimed to be familiar with defendants' domestic and international distribution of specialty chemicals . . . ."  Pls.' Mem. at 7 n.2.  This is hardly a surprise.  Neither Mr. Yimoyines, whose relevant responsibilities were for wire and cable products, nor Mr. Neri, who was president of UCAP and retired soon after the merger, was ever involved in specialty-chemicals distribution for TDCC.  Plaintiffs have informed the Court that they are aware of several of Mr. Liveris' subordinates in the Specialty Chemicals business, but have not sought to depose them.  Until Plaintiffs have conducted these depositions and others of similarly-placed Specialty Chemicals managers, they cannot reasonably contend that Mr. Liveris has unique knowledge relating to their allegations.  In fact, the parties already are in the process of scheduling depositions of individuals more directly involved than Mr. Liveris in the distribution of specialty chemicals.

Once the Court applies Rule 26(b)(2) and the apex doctrine cases discussed in Defendants' briefs, it is clear that requiring Mr. Liveris to appear for a deposition at this time is premature.  The Order thus "has overlooked and thus failed to consider an aspect of the law presented by [TDCC] which, if left unredressed, would result in clear error or cause manifest injustice."  *Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61, 62-63 (D. Conn. 2000) (citations omitted).  Reconsideration is necessary to correct this "clear error" and the resulting injustice.

5

### III. PLAINTIFFS HAVE FAILED TO COUNTER THE SHOWING THAT THE ORDER FUNDAMENTALLY MISUNDERSTOOD THE TWO INTERROGATORIES

Plaintiffs' opposition on this point (Pls.' Mem. at 8-10) hardly warrants further comment. Defendants' Motion pointed out that the Order reflects the Court's mistaken belief that Interrogatories 11 and 12 in Plaintiffs' Third Set of Interrogatories concerned sales by the Defendants. In reality, Plaintiffs are seeking information relating to sales by *third parties*, either within the United States (Interrogatory 11) or into the United States (Interrogatory 12). Defs.' Mem. at 10-11. This "error . . . of apprehension" (*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) is material because Defendants *already* have produced voluminous amounts of the information the Order purported to compel – information regarding the *Defendants*' sales of Products in the United States – pursuant to the discovery protocol agreed to by the parties and approved by the Court. Defs.' Mem. at 11. In contrast, information regarding third parties' sales in or into the United States was excluded from the scope of the discovery protocol, and Plaintiffs sought to force Defendants to produce it only once the massive production was virtually complete. *Id*. at 11-12.

In three pages of argument, Plaintiffs never dispute the fact that the Order misapprehends the two interrogatories; indeed, they never even *mention* it. Pls.' Mem. at 8-10. Instead, they mischaracterize the grounds for reconsideration (*id*. at 8 ("[D]efendants' argument on reconsideration is limited to complaining that the requests were made too late in time and would impose an undue burden")), and settle for repeating their arguments on their motion to compel and motion for a protective order. They do add one new, albeit circular, argument: that

Defendants' point that the enforcement of Interrogatories 11 and 12 as written would conflict with the Court-approved discovery protocol is "obviously false." *Id*. at 9. But why? Because, according to Plaintiffs, of the very fact that the Order granted the motion to compel responses to these same two interrogatories. *Id*. Apart from this circular logic, Plaintiffs offer nothing to show why the two interrogatories should be enforced despite their conflict with the discovery protocol.

In sum, Plaintiffs do not even attempt to counter Defendants' demonstration that the Order misapprehended the two interrogatories it was enforcing. Correctly understood, the interrogatories are little more than an attempt to send Defendants back into a lengthy and burdensome search for documents and information, in contravention of the Court-approved discovery protocol. Accordingly, reconsideration is necessary so that the Court can grant Defendants' motion for a protective order as to these interrogatories and deny Plaintiffs' motion to enforce the interrogatories.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to: (1) reconsider its Order insofar as it grants Plaintiffs' motion to compel the deposition of TDCC's President, CEO and Chairman of the Board, Andrew Liveris; grants Plaintiffs' motion to compel as to Interrogatories 11 and 12 in Plaintiffs' Third Set of Interrogatories; and denies Defendants' motions for protective orders with respect to Mr. Liveris' deposition and those two interrogatories; and (2) upon such reconsideration (a) grant Defendants' motions for protective

7

orders with respect to Mr. Liveris' deposition and Interrogatories 11 and 12, and (b) deny

Plaintiffs' contrary motions to compel the deposition and the interrogatories..

                                Respectfully submitted,

                                _____

| | |
|---|---|
| Craig A. Raabe (ct 04116) | Andrew S. Marovitz (ct 25409) |
| Jason M. Kuselias (ct20293) | Dana S. Douglas (ct 25412) |
| Elizabeth R. Leong (ct24453) | MAYER, BROWN, ROWE & MAW LLP |
| ROBINSON & COLE LLP | 71 S. Wacker Drive |
| 280 Trumbull Street | Chicago, Illinois  60606 |
| Hartford, CT  05103-3497 | (312) 782-0600 |
| (860) 275-8304 | |
| *Counsel for all Defendants* | |
| | |
| Nathan P. Eimer (ct 23693) | Christopher J. Kelly (ct 25410) |
| Scott C. Solberg (phv 0234) | MAYER, BROWN, ROWE & MAW LLP |
| EIMER STAHL KLEVORN & SOLBERG LLP | 1909 K Street, N.W. |
| 224 South Michigan Avenue, Suite 1100 | Washington, D.C.  20006-1157 |
| Chicago, IL  60604 | (202) 263-3000 |
| (312) 660-7600 | *Counsel for Defendants The Dow Chemical Company and Dow Chemical Pacific (Singapore) Pte., Ltd.* |
| *Counsel for Defendants Union Carbide Corporation, Union Carbide Asia Pacific, Inc. and Union Carbide Customer Services Pte, Ltd.* | |

CERTIFICATE OF SERVICE

This is to certify that a copy of REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF RULING AND ORDER RE: DISCOVERY MOTIONS was filed electronically and served by mail on anyone unable to accept electronic filing.. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

    \s\
Craig A. Raabe – CT04116
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Phone: (860) 275-8304
Fax: (860) 275-8299
E-mail: craabe@rc.com

9