**1.** This Act may be cited as the Civil Law Act.

Tab 2

**Interpretation**
**2.** In this Act, unless the context otherwise requires —

"court" means the High Court and includes any Judge thereof whether sitting in court or in chambers;

"executor" means the executor or administrator of a deceased person, and includes, as regards any obligation, any person who takes possession of or intermeddles with the property of a deceased person;

"will" includes a codicil.

**Law and equity to be administered concurrently**
**3.** In every civil cause or matter commenced in the court, law and equity shall be administered by the court in its original jurisdiction and by the Court of Appeal according to the rules following:

*Plaintiffs to have equitable relief in claims*

(a) if any plaintiff claims to be entitled to any equitable estate or right, or to relief upon any equitable ground against any deed, instrument or contract, or against any right, title or claim whatsoever asserted by any defendant in such cause or matter, or to any relief founded upon a legal right, which before 1st January 1879 could only have been given by the court on its equity side, the court shall give to such plaintiff such and the same relief, as ought to have been given by the court, on its equity side, in a suit or proceeding for the same, or the like purpose, properly instituted before that date;

*Defendants the same in defences*

(b) if any defendant claims to be entitled to any equitable estate or right, or to relief upon any equitable ground against any deed, instrument or contract, or against any right, title or claim asserted by any plaintiff in such cause or matter, or alleges any ground of equitable defence to any claim of the plaintiff in such cause or matter, the court shall give to every equitable estate, right or ground of relief so claimed, and to every equitable defence so alleged, such and the same effect, by way of defence against the claim of such plaintiff, as the court on its equity side ought to have given, if the same or the like matters had been relied on by way of defence, in any suit or proceeding instituted in the court on its equity side, for the same or the like purpose, before 1st January 1879;

*Defendants to have relief against plaintiffs in suit, service and effect of service*

(c) the court may also grant to any defendant, in respect of any equitable estate or right, or other matter of equity, and also in respect of any legal estate, right or title claimed or asserted by him, all such relief against any plaintiff, as such defendant shall have properly claimed by his pleading, and as the court might have granted in any suit instituted for that purpose, by the same defendant against the same plaintiff before 1st January 1879 and also all such relief, relating to or connected with the original subject of the cause or matter, and in like manner claimed against any other person, whether already a party to the same cause or matter or not, who has been duly served with notice in writing of such claim, pursuant to the Rules of Court, as might properly have been granted against such person, if he had been made a defendant to a cause, duly instituted by the same defendant for the like purpose; and every person served with any such notice shall thenceforth be deemed a party to such cause or matter, with the same rights, in respect of his defence against such claim, as if he had been duly sued in the ordinary way by such defendant;

*Equitable rights appearing incidentally*

(d) the court shall recognise and take notice of all equitable estates, titles and rights, and all equitable duties and liabilities, appearing incidentally in the course of any cause or matter, in the same manner in which the court on its equity side would have recognised and taken notice of the same, in any suit or proceeding duly instituted

therein before 1st January 1879;

*Suits not to be restrained by prohibition or injunction*

    (e) no cause or proceeding at any time pending in the court in its original jurisdiction or in the Court of Appeal, shall be restrained by prohibition or injunction; but every matter of equity on which an injunction against the prosecution of any such cause or proceeding might have been obtained if the Civil Law Ordinance 1878 (IV/1878) had not been passed, either unconditionally or on any terms or conditions, may be relied on by way of defence thereto;

*Court may grant stay of proceedings in a summary way*

    (f) nothing in this Act shall disable the court from directing a stay of proceedings in any cause or matter pending before it, if it thinks fit; and any person, whether a party or not to any such cause or matter, who would have been entitled if the Civil Law Ordinance 1878 had not been passed, to apply to the court to restrain the prosecution thereof, or who may be entitled to enforce, by attachment or otherwise, any judgment, decree, rule or order, contrary to which all or any part of the proceedings in such cause or matter may have been taken, may apply to the court, by summons in a summary way, for a stay of proceedings in such cause or matter, either generally, or so far as is necessary for the purpose of justice; and the court shall thereupon make such order as is just;

*Subject as above, court to give effect to claims at law, and by custom or statute*

    (g) subject to the aforesaid provisions for giving effect to equitable rights and other matters of equity in the manner aforesaid, the said court shall recognise and give effect to all legal claims and demands, and all estates, titles, rights, duties, obligations and liabilities by the common law or by any custom, or created by any law having force in Singapore, in the same manner as the same would have been recognised and given effect to if this Act had not been passed;

*Court to grant all such remedies as any of the parties are entitled to in respect of every legal and equitable claim to avoid multiplicity*

    (h) the court in the exercise of its original jurisdiction and the Court of Appeal, in every cause or matter pending before it, shall grant, either absolutely or on such reasonable terms and conditions as to it seems just, all such remedies whatsoever as any of the parties thereto appear to be entitled to, in respect of any and every legal or equitable claim properly brought forward by them respectively in such cause or matter; so that, as far as possible, all matters so in controversy between the said parties respectively may be completely and finally determined, and all multiplicity of legal proceedings concerning any of such matters avoided.

**Administration of insolvent estates, and winding up of companies. Bankruptcy rules to prevail**
**4.** —(1) In the administration by any court of the assets of any deceased person whose estate proves to be insufficient for the payment in full of his debts and liabilities, and in the winding up of any company under the Companies Act (Cap. 50) whose assets prove to be insufficient for the payment of its debts and liabilities and the costs of winding up, the same rules shall prevail and be observed as to the respective rights of secured and unsecured creditors, and as to debts and liabilities provable, and as to the valuation of annuities and future and contingent liabilities respectively, as are in force for the time being under the law of bankruptcy with respect to the estates of persons adjudged bankrupt.

*Creditors may come in under decree, or winding up*

(2) All persons who, in any such case, would be entitled to prove for and receive dividends out of the estate of any such deceased person, or out of the assets of any such company, may come in under the decree or order for the administration of such estate, or under the winding up of such company, and make such claims against the same as they may respectively be entitled to by virtue of this Act.

*Voluntary waste*

(3) A tenant for life or lives or a leasehold tenant shall not commit voluntary waste; but this subsection shall not apply to any estate or tenancy without impeachment of waste, or affect any licence or other right to commit waste.

*[35/93]*

(4) A tenant who infringes subsection (3) shall be liable in damages to his remainderman or reversioner; and in subsection (3), "leasehold tenant" includes a tenant for a term, a tenant under a periodical tenancy and a tenant at will.

[*Cf. 52 Henry III (Statute of Malborough) c. 23. (1267)*]

*[35/93]*

*Estate for life when not to confer right of equitable waste*

(5) An estate for life without impeachment of waste shall not confer, or be deemed to have conferred, upon the tenant for life any legal right to commit waste of the description known as equitable waste, unless an intention to confer such right expressly appears by the instrument creating such estate.

*Merger when not to operate*

(6) There shall not be any merger by operation of law only of any estate the beneficial interest in which would not before 23rd July 1909 have been deemed to be merged or extinguished in equity.

*Suits for possession of immovable property by mortgagors*

(7) A mortgagor entitled for the time being to the possession or receipt of the rents and profits of any immovable property, as to which no notice of his intention to take possession, or to enter into the receipt of the rents and profits thereof, has been given by the mortgagee, may sue for such possession or for the recovery of such rents or profits or to prevent or recover damages in respect of any trespass or other wrong relative thereto in his own name only, unless the cause of action arises upon a lease or other contract made by him jointly with any other person.

*Assignment of debts and choses in action effectual to pass right and remedy*

(8) Any absolute assignment by writing under the hand of the assignor, not purporting to be by way of charge only, of any debt or other legal chose in action of which express notice in writing has been given to the debtor, trustee or other person from whom the assignor would have been entitled to receive or claim such debt or chose in action, shall be and be deemed to have been effectual in law, subject to all equities which would have been entitled to priority over the right of the assignee under the law as it existed before 23rd July 1909, to pass and transfer the legal right to such debt or chose in action, from the date of such notice, and all legal and other remedies for the same, and the power to give a good discharge for the same, without the concurrence of the assignor.

*Stipulations not of essence of contracts to be construed as in equity*

(9) Stipulations in contracts, as to time or otherwise, which would not, before 23rd July 1909, have been deemed to be or to have become of the essence of such contracts in a court of equity, shall receive in all cases the same construction and effect as they would have received in equity before that date.

*Injunctions and receivers granted or appointed by interlocutory orders*

(10) A Mandatory Order or an injunction may be granted or a receiver appointed by an interlocutory order of the court, either unconditionally or upon such terms and conditions as the court thinks just, in all cases in which it appears to the court to be just or convenient that such order should be made.

*Terms. To prevent waste, etc., when granted*

(11) If an injunction is asked, either before, or at, or after the hearing of any cause or matter, to prevent any threatened or apprehended waste or trespass, the injunction may be granted if the court thinks fit whether the person against whom

the injunction is sought is or is not in possession under any claim of title or otherwise, or, if out of possession, does or does not claim, a right to do the act sought to be restrained under any colour of title, and whether the estates claimed by both, or by either of the parties, are legal or equitable.

*Custody and education of infants*

(12) In questions relating to the custody and education of infants, the rules of equity shall prevail.

*Cases of conflict not enumerated, equity to prevail*

(13) Generally in all matters not particularly mentioned in this section, in which there is any conflict or variance between the rules of equity and the rules of the common law with reference to the same matter, the rules of equity shall prevail.

**Agreement by way of gaming or wagering to be null and void**
**5.** —(1) All contracts or agreements, whether by parol or in writing, by way of gaming or wagering shall be null and void.

(2) No action shall be brought or maintained in the court for recovering any sum of money or valuable thing alleged to be won upon any wager or which has been deposited in the hands of any person to abide the event on which any wager has been made.

(3) Subsections (1) and (2) shall not be deemed to apply to any subscription or contribution, or agreement to subscribe or contribute, for or toward any plate, prize or sum of money to be awarded to the winner or winners of any lawful game, sport, pastime or exercise.

*[2/79]*

(4) For the avoidance of doubt, this section shall not affect the validity or enforceability of any contract or agreement entered into by either or each party by way of business and the making or performance of which by any party constitutes an investment activity.

*[45/98]*

(5) For the purposes of subsection (4), "investment activity" means any of the following activities:

    (a) a transaction in relation to a contract or an option for the future delivery of any securities, commodity, currency or financial instrument, whether or not there is any intention of actual delivery of such securities, commodity, currency or financial instrument;

    (b) a transaction in relation to a contract or an option which is entered into with the intention of settlement of differences in the prices or values of any securities, commodity, currency or financial instrument, whether or not there is any intention of actual delivery of such securities, commodity, currency or financial instrument;

    (c) a transaction involving the exchange or grant of an option for the exchange of any securities, commodity, currency or financial instrument;

    (d) a transaction in securities, commodity, currency or financial instrument;

    (e) a transaction involving the grant of a right or an option relating to an obligation to pay interest or the exchange or grant of an option for the exchange of obligations to pay interest;

    (f) a transaction in relation to a contract or an option to pay the difference between a pre-agreed interest rate and the rate prevailing as at specified intervals;

    (g) a transaction in relation to any securities, futures contract or derivative which is listed or traded on any stock exchange, futures exchange or commodities exchange in any country outside Singapore;

(h) a transaction in relation to any other derivative including but not limited to any swap, cap, collar, floor and any combination thereof; or

(i) such other activity as the Minister may by notification prescribe.

*[45/98]*

*Promises to repay sums paid under such contracts to be null and void*

(6) Any promise, express or implied, to pay any person any sum of money paid by him under or in respect of any contract or agreement rendered null and void by subsections (1) and (2), or to pay any sum of money by way of commission, fee, reward or otherwise in respect of any such contract or of any services in relation thereto or in connection therewith, shall be null and void, and no action shall be brought or maintained to recover any such sum of money.

*[6*

**Contracts which must be evidenced in writing**
**6.** No action shall be brought against —

(a) any executor or administrator upon any special promise to answer damages out of his own estate;

(b) any defendant upon any special promise to answer for the debt, default or miscarriage of another person;

(c) any person upon any agreement made upon consideration of marriage;

(d) any person upon any contract for the sale or other disposition of immovable property, or any interest in such property; or

(e) any person upon any agreement that is not to be performed within the space of one year from the making thereof,

unless the promise or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person lawfully authorised by him.

[*Cf. 29 Charles II c. 3 (Statute of Frauds 1677, s. 4) Law of Property Act 1925, s. 40*]

*[6A*
*[35/93]*

**Trusts respecting immovable property and disposition of equitable interest**
**7.** —(1) A declaration of trust respecting any immovable property or any interest in such property must be manifested and proved by some writing signed by some person who is able to declare such trust or by his will.

(2) A disposition of an equitable interest or trust subsisting at the time of the disposition must be in writing signed by the person disposing of the same or by his agent lawfully authorised in writing or by will.

(3) This section does not affect the creation or operation of resulting, implied or constructive trusts.

[*Cf. 29 Charles II c. 3 (Statute of Frauds 1677, ss. 7, 8 and 9) Law of Property Act 1925, s. 53*]

*[6B*
*[35/93]*

**Abolition of rule in Bain v Fothergill**
**8.** The rule of law known as the rule in Bain v Fothergill is abolished in relation to contracts made on or after 1st January 1999.

*[6C*
*[45/98]*

**Continuity of contracts on European Economic and Monetary Union**

**9.** —(1) It is declared for the avoidance of doubt that —

    (a) if a subject or medium of payment of a contract, agreement, deed, security or other instrument is a currency that has been substituted or replaced by the euro, the euro shall be a commercially reasonable substitute and substantial equivalent that may be —

        (i) used in determining the value of such currency; or

        (ii) tendered, in each case at the conversion rate specified in, and otherwise calculated in accordance with, the applicable regulations adopted by the Council of the EU;

    (b) if a subject or medium of payment of a contract, agreement, deed, security or instrument is the Ecu, the euro shall be a commercially reasonable substitute and substantial equivalent that may be —

        (i) used in determining the value of the Ecu; or

        (ii) tendered, in each case at the conversion rate specified in, and otherwise calculated in accordance with, the applicable regulations adopted by the Council of the EU.

*[45/98]*

(2) It is declared for the avoidance of doubt that to the extent the performance of any of the obligations set out in subsection (1) may, apart from the introduction of the euro, be made in the currency or currencies originally designated in such contract, agreement, deed, security or other instrument, such performance may be made in such currency or currencies (so long as such currency or currencies remain legal tender) or in euro, but not in any other currency, whether or not such other currency —

    (a) has been substituted or replaced by the euro; or

    (b) is a currency that is considered a denomination of the euro and has a fixed conversion rate with respect to the euro.

*[45/98]*

(3) It is declared for the avoidance of doubt that none of the following events shall have the effect of discharging or excusing performance under any contract, agreement, deed, security or instrument, or give a party the right to unilaterally alter or terminate any contract, agreement, deed, security or instrument:

    (a) the introduction of the euro;

    (b) the tendering of euros in connection with any obligation in compliance with paragraph (*a*) or (*b*) of subsection (1);

    (c) the determining of the value of any obligation in compliance with paragraph (*a*) or (*b*) of subsection (1); or

    (d) the calculating or determining of the subject or medium of payment of a contract, agreement, deed, security or instrument with reference to interest rate or other basis that has been substituted or replaced due to the introduction of the euro and that is a reasonable substitute and substantial equivalent.

*[45/98]*

(4) The provisions of this section shall be subject to any agreement between parties with specific reference to or agreement regarding the introduction of the euro.

*[45/98]*

(5) Nothing in this section shall be construed so as to affect the validity or enforceability of any contract, agreement, deed, security or other instrument denominated in whole or in part in a currency affected by alteration in circumstances

other than the introduction of the euro.

*[45/98]*

(6) For the purposes of this section —

 (a) "euro" means the currency of participating member states of the EU that adopt a single currency in accordance with the treaty on EU signed on 7th February 1992;

 (b) "introduction of the euro" means the implementation from time to time of economic and monetary union in member states of the EU in accordance with the treaty on EU signed on 7th February 1992;

 (c) "EU" means the European Union;

 (d) "Ecu" or "European Currency Unit" means the currency basket that is from time to time used as the unit of account of the European Community as defined in European Council Regulation No. 3320/94;

 (e) when the euro first becomes the monetary unit of participating member states of the EU, references to the Ecu in a contract, agreement, deed, security or other instrument that also refers to such definition of the Ecu shall be replaced by references to the euro at a rate of one euro to one Ecu;

 (f) references to the Ecu in a contract, agreement, deed, security or other instrument without such a definition of the Ecu shall be presumed, unless it is shown that the parties intended otherwise, to be references to the currency basket that is from time to time used as the unit of account of the European Community.

*[6D*
*[45/98]*

**Effect of death on certain causes of action**
**10.** —(1) Subject to this section, on the death of any person, all causes of action subsisting against or vested in him shall survive against, or, as the case may be, for the benefit of his estate.

(2) Subsection (1) shall not apply to causes of action for defamation or seduction or for inducing one spouse to leave or remain apart from the other or to any claim for damages on the ground of adultery.

(3) Where a cause of action survives as specified under subsection (1) for the benefit of the estate of a deceased person, the damages recoverable for the benefit of the estate of that person —

 (a) shall not include —

  (i) any exemplary damages; and

  (ii) any damages for loss of income in respect of any period after that person's death;

 (b) in the case of a breach of promise to marry shall be limited to such damage, if any, to the estate of that person as flows from the breach of promise to marry;

 (c) where the death of that person has been caused by the act or omission which gives rise to the cause of action, shall be calculated without reference to any loss or gain to his estate consequent on his death except that a sum in respect of funeral expenses may be included.

*[11/87]*

(4) Where damage has been suffered by reason of any act or omission in respect of which a cause of action would have subsisted against any person if that person had not died before or at the same time as the damage was suffered, there shall be deemed, for the purposes of this section, to have been subsisting against him before his death such cause of action in respect of that act or omission as would have subsisted if he had died after the damage was suffered.

(5) The rights conferred by this section for the benefit of the estates of deceased persons shall be in addition to and not in derogation of any rights conferred on the dependants of deceased persons by section 20 and so much of this section as relates to causes of action against the estates of deceased persons shall apply in relation to causes of action under that section as applies in relation to other causes of action not expressly excepted from the operation of subsection (1).

(6) In the event of the insolvency of an estate against which proceedings are maintainable by virtue of this section, any liability in respect of the cause of action in respect of which the proceedings are maintainable shall be deemed to be a debt provable in the administration of the estate, notwithstanding that it is a demand in the nature of unliquidated damages arising otherwise than by a contract, promise or breach of trust.

*[7*

### Abolition of right to damages for loss of expectation of life
**11.** —(1) In any action for damages for personal injuries, no damages shall be recoverable in respect of any loss of expectation of life caused to the injured person by the injuries, except that if the injured person's expectation of life has been reduced by the injuries, the court, in assessing damages in respect of pain and suffering caused by the injuries, shall take into account any suffering caused or likely to be caused to him by awareness that his expectation of life has been so reduced.

*[11/87]*

(2) In subsection (1), any reference to damages in respect of loss of expectation of life does not include damages in respect of loss of income.

*[8*
*[11/87]*

### Power of courts of record to award interest on debts and damages
**12.** —(1) In any proceedings tried in any court of record for the recovery of any debt or damages, the court may, if it thinks fit, order that there shall be included in the sum for which judgment is given interest at such rate as it thinks fit on the whole or any part of the debt or damages for the whole or any part of the period between the date when the cause of action arose and the date of the judgment.

(2) Nothing in this section —

    (a) shall authorise the giving of interest upon interest;

    (b) shall apply in relation to any debt upon which interest is payable as of right whether by virtue of any agreement or otherwise; or

    (c) shall affect the damages recoverable for the dishonour of a bill of exchange.

*[9*

### Charges and mortgages over choses in action
**13.** For the avoidance of doubt, it is hereby declared that a person (the first person) is able to create, and always has been able to create, in favour of another person (the second person) a legal or equitable charge or mortgage over all or any of the first person's interest in a chose in action enforceable by the first person against the second person, and any charge or mortgage so created shall operate neither to merge the interest thereby created with, nor to extinguish or release, that chose in action.

*[9A*
*[8/93]*

### Abolition of husband's liability for wife's torts and antenuptial contracts, debts and obligations
**14.** —(1) Subject to this section, the husband of a married woman shall not, by reason only of his being her husband, be liable —

    (a) in respect of any tort committed by her whether before or after the marriage, or in respect of any contract entered into, or debt or obligation incurred, by her before the marriage; or

(b) to be sued or made a party to any legal proceedings brought in respect of any such tort, contract, debt or obligation.

(2) For the avoidance of doubt, it is hereby declared that nothing in this section —

(a) renders the husband of a married woman liable in respect of any contract entered into, or debt or obligation incurred, by her after the marriage in respect of which he would not have been liable if this section had not been enacted;

(b) exempts the husband of a married woman from liability in respect of any contract entered into, or debt or obligation (not being a debt or obligation arising out of the commission of a tort) incurred, by her after the marriage in respect of which he would have been liable if this section had not been enacted;

(c) prevents a husband and wife from acquiring, holding and disposing of, any property jointly or as tenants in common, or from rendering themselves or being rendered jointly liable in respect of any tort, contract, debt or obligation, and of suing and being sued either in tort or in contract or otherwise, in the like manner as if they were not married;

(d) prevents the exercise of any joint power given to a husband and wife.
*[10*

**Entitlement to contribution**
**15.** —(1) Subject to subsections (2) to (5), any person liable in respect of any damage suffered by another person may recover contribution from any other person liable in respect of the same damage (whether jointly with him or otherwise).
*[45/98]*

(2) A person shall be entitled to recover contribution by virtue of subsection (1) notwithstanding that he has ceased to be liable in respect of the damage in question since the time when the damage occurred, provided that he was so liable immediately before he made or was ordered or agreed to make the payment in respect of which the contribution is sought.
*[45/98]*

(3) A person shall be liable to make contribution by virtue of subsection (1) notwithstanding that he has ceased to be liable in respect of the damage in question since the time when the damage occurred, unless he ceased to be liable by virtue of the expiry of a period of limitation or prescriptions which extinguished the right on which the claim against him in respect of the damage was based.
*[45/98]*

(4) A person who has made or agreed to make any payment in bona fide settlement or compromise of any claim made against him in respect of any damage (including a payment into court which has been accepted) shall be entitled to recover contribution in accordance with this section without regard to whether or not he himself is or ever was liable in respect of the damage, provided, however, that he would have been liable assuming that the factual basis of the claim against him could be established.
*[45/98]*

(5) A judgment given in any action brought in Singapore by or on behalf of the person who suffered the damage in question against any person from whom contribution is sought under this section shall be conclusive in the proceedings for contribution in favour of the person from whom the contribution is sought, provided that the judgment in his favour rested on a determination of the merits of the claim against him in respect of the damage.
*[45/98]*

(6) References in this section to a person's liability in respect of any damage are references to any such liability which has been or could be established in an action brought against him in Singapore by or on behalf of the person who suffered the damage; but it is immaterial whether any issues arising in any such action was or would be determined (in

accordance with the rules of private international law) by reference to the law of a country outside Singapore.

[11
[45/98]

## Assessment of contribution

**16.** —(1) Subject to subsection (3), in any proceedings for contribution under section 15, the amount of the contribution recoverable from any person shall be such as may be found by the court to be just and equitable having regard to the extent of that person"s responsibility for the damage in question.

[45/98]

(2) Subject to subsection (3), the court shall have power in any such proceedings to exempt any person from liability to make contribution, or to direct that the contribution to be recovered from any person shall amount to a complete indemnity.

[45/98]

(3) Where the amount of the damages which have or might have been awarded in respect of the damage in question in any action brought in Singapore by or on behalf of the person who suffered it against the person from whom the contribution is sought was or would have been subject to —

    (a) any limit imposed by or under any written law or by any agreement made before the damage occurred;

    (b) any reduction by virtue of section 3 of the Contributory Negligence and Personal Injuries Act (Cap. 54); or

    (c) any corresponding limit or reduction under the law of a country outside Singapore,

the person from whom the contribution is sought shall not, by virtue of any contribution awarded under section 15, be required to pay in respect of the damage a greater amount than the amount of those damages as so limited or reduced.

[11A
[45/98]

## Proceedings against persons jointly liable for same debt or damage

**17.** Judgment recovered against any person liable in respect of any debt or damage shall not be a bar to an action, or to the continuance of an action, against any other person who is (apart from any such bar) jointly liable with him in respect of the same debt or damage.

[11B
[45/98]

## Successive actions against liability (jointly or otherwise) for same damage

**18.** If more than one action is brought in respect of any damage by or on behalf of the person by whom it was suffered against persons liable in respect of the damage (whether jointly or otherwise) the plaintiff shall not be entitled to costs in any of those actions, other than that in which judgment is first given, unless the court is of the opinion that there was reasonable ground for bringing the action.

[11C
[45/98]

## Interpretation and application of sections 15 to 18

**19.** —(1) A person is liable in respect of any damage for the purposes of sections 15 to 18 if the person who suffered it (or anyone representing his estate or dependants) is entitled to recover compensation from him in respect of that damage (whatever the legal basis of this liability), whether tort, breach of contract, breach of trust or otherwise.

[45/98]

(2) References in sections 15 to 18 to an action brought by or on behalf of the person who suffered any damage include references to an action brought for the benefit of his estate or dependants.

[45/98]

(3) In sections 15 to 18 —

    (a) "dependants" has the same meaning as in section 20; and

    (b) except in section 15 (5), "action" means an action brought in Singapore.

*[45/98]*

(4) Nothing in sections 15 to 18 shall affect any case where the debt in question became due or, as the case may be, the damage in question occurred before 1st January 1999.

*[45/98]*

(5) A person shall not be entitled to recover contribution or be liable to make contribution in accordance with section 15 by reference to any liability based on breach of any obligation assumed by him before 1st January 1999.

*[45/98]*

(6) The right to recover contribution in accordance with section 15 supersedes any right, other than an express contractual right, to recover contribution (as distinct from indemnity) otherwise than under sections 15 to 18 in corresponding circumstances; but nothing in sections 15 to 18 shall affect —

    (a) any express or implied contractual or other right to indemnity; or

    (b) any express contractual provision regulating or excluding contribution,

which would be enforceable apart from sections 15 to 18 (or render enforceable any agreement for indemnity or contribution which would not be enforceable apart from sections 15 to 18).

*[11D*
*[45/98]*

**Right of action for wrongful act causing death**
**20.** —(1) If death is caused by any wrongful act, neglect or default which is such as would (if death has not ensued) have entitled the person injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured.

*[11/87]*

(2) Subject to section 21 (2), every such action shall be for the benefit of the dependants of the person (referred to in this section and in sections 21 and 22 as the deceased) whose death has been so caused.

*[11/87]*

(3) Every action brought under this section shall be brought by and in the name of the executor or administrator of the deceased.

*[11/87]*

(4) If —

    (a) there is no executor or administrator of the deceased; or

    (b) no action is brought within 6 months after the death by and in the name of an executor or administrator of the deceased,

the action may be brought by and in the name of all or any of the persons for whose benefit an executor or administrator could have brought it.

*[11/87]*

(5) Not more than one action shall lie for or in respect of the same subject-matter of complaint and every such action

shall be brought within 3 years after the death of such deceased person.

*[11/87]*

(6) The plaintiff in every such action brought under this section shall be required to deliver to the defendant or his solicitor full particulars of the persons for whom and on whose behalf the action is brought and of the nature of the claim in respect of which damages are sought to be recovered.

*[11/87]*

(7) In any action brought under this section, the executor of the deceased may insert a claim for and recover any pecuniary loss to the estate of the deceased occasioned by such wrongful act, neglect or default, which sum when recovered shall be deemed part of the assets of the estate of the deceased.

*[11/87]*

(8) In this section, "dependant" means —

    (a) the wife or husband of the deceased;

    (b) any parent, grandparent or great-grandparent of the deceased;

    (c) any child, grandchild or great-grandchild of the deceased;

    (d) any person (not being a child of the deceased) who, in the case of any marriage to which the deceased was at any time a party, was treated by the deceased as a child of the family in relation to that marriage;

    (e) any person who is, or is the issue of, a brother, sister, uncle or aunt of the deceased.

*[11/87]*

(9) In deducing any relationship for the purposes of subsection (8) —

    (a) an adopted person shall be treated as the child of the person or persons by whom he was adopted and not as the child of any other person; and

    (b) subject to paragraph (a), any relationship by affinity shall be treated as a relationship by consanguinity, any relationship of the half blood as a relationship of the whole blood, and the stepchild of any person as his child and an illegitimate person shall be treated as the legitimate child of his mother and reputed father.

*[11/87]*

(10) In subsection (9) (*a*), "adopted" means adopted in pursuance of an adoption order made under the Adoption of Children Act (Cap. 4) or of any adoption recognised as valid by the law of Singapore.

*[11/87]*

(11) Any reference in this section to injury includes any disease and any impairment of a person's physical or mental condition.

*[12*
*[11/87]*

**Bereavement**
**21.** —(1) An action under section 20 may consist of or include a claim for damages for bereavement.

*[11/87]*

(2) A claim for damages for bereavement shall only be for the benefit of such of the following persons as survive the deceased:

    (a) the wife or husband of the deceased;

(b) where there is no spouse by or for whom a claim can be made under paragraph (*a*), the children of the deceased;

(c) where there is no person by or for whom a claim can be made under paragraph (*a*) or (*b*), the parents of the deceased or, if the deceased was illegitimate, his mother;

(d) where there is no person by or for whom a claim can be made under paragraph (*a*), (*b*) or (*c*), but the deceased was at the date of his death a minor, any person who during any marriage to which that person was a party treated the deceased as a child of the family in relation to that marriage; or

(e) where there is no other person by or for whom a claim can be made under this subsection, any brother or sister of the deceased.

(3) The right of a person to claim under this section for damages for bereavement shall not survive for the benefit of his estate.
*[11/87]*

(4) Subject to subsection (6), the sum to be awarded as damages under this section shall be $10,000.
*[11/87]*

(5) Where there is a claim for damages under this section for the benefit of 2 or more persons, the sum awarded shall be divided equally between them (subject to any deduction falling to be made in respect of costs not recovered from the defendant).
*[11/87]*

(6) The President may by order published in the *Gazette* vary the sum specified in subsection (4).
*[13*
*[11/87]*

**Assessment of damages**
**22.** —(1) In every action brought under section 20, the court may award such damages as are proportioned to the losses resulting from the death to the dependants respectively except that in assessing the damages there shall not be taken into account —

(a) any sum paid or payable on the death of the deceased under any contract of assurance or insurance;

(b) any sum payable as a result of the death under the Central Provident Fund Act (Cap. 36); or

(c) any pension or gratuity which has been or will or may be paid as a result of the death.
*[11/87]*

(2) Where damages are awarded under subsection (1), any costs not recovered from the defendant shall be deducted from those damages and thereafter those damages shall be divided among the dependants in such proportions as has been decided under that subsection.
*[11/87]*

(3) In an action brought under section 20 where there fall to be assessed damages payable to a widow in respect of the death of her husband, there shall not be taken into account the remarriage of the widow or her prospect of remarriage.
*[11/87]*

(4) If the dependants have incurred funeral expenses in respect of the deceased, damages may be awarded in respect of those expenses.
*[11/87]*

(5) Money paid into court in satisfaction of a cause of action under this Act may be in one sum without specifying any

person's share.

[14
[11/87]

**Appointments to be valid notwithstanding one or more objects excluded, or only take an unsubstantial share**
**23.** —(1) Where by any deed, will or other instrument a power is given to appoint movable or immovable property amongst several objects in such manner that no one of the objects of the power can be excluded, or some one or more of the objects of the power cannot be excluded by the donee of the power from a share of that property, but without requiring a substantial share of that property to be given to each object of the power or to each object of the power who cannot be excluded, no appointment, which has been or is after 23rd July 1909 made in exercise of any such power or authority, shall be invalid on the ground that an unsubstantial, illusory or nominal share only is thereby appointed, or left unappointed to devolve upon any one or more of the objects of the power or on the ground that any object of that power has been altogether excluded.

(2) Every such appointment shall be valid and effectual notwithstanding that any one or more of the objects does or do not thereunder, or in default thereof, take more than an unsubstantial, illusory or nominal share, and notwithstanding that any one or more of the objects does or do not thereunder, or in default thereof, take a share or shares of the said property.

*Not to affect any deed which declares the amount of the share*

(3) Nothing in this section shall prejudice or affect any provision in any deed, will or other instrument creating any such power as aforesaid, which declares the amount of the share or shares from which no object of the power shall be excluded.

*Not to give any other force to any appointment than the same would have had*

(4) Nothing in this section shall be construed, deemed or taken to give any other validity, force or effect to any appointment than such appointment would have had if a substantial share of the property affected by the power had been thereby appointed, or left unappointed.

[15

**Executor deemed to be trustee for person entitled to residue on intestacy**
**24.** When any person dies or has died, having by his will appointed any person to be his executor, such executor shall be deemed to be a trustee for the person, if any, who would be entitled to the estate in case the person died intestate in respect of any residue not expressly disposed of, unless it appears by the will that the person so appointed executor was intended to take such residue beneficially.

[16

**Executor of executor represents original testator**
**25.** —(1) An executor of a sole or last surviving executor of a testator is the executor of that testator.

[35/93]

(2) Subsection (1) shall not apply to an executor who does not prove the will of his testator and, in the case of an executor who on his death leaves surviving him some other executor of his testator who afterwards proves the will of that testator, it shall cease to apply on such probate being granted.

[35/93]

(3) So long as the chain of such representation is unbroken, the last executor in the chain is the executor of every preceding testator.

[35/93]

(4) The chain of such representation is broken by —

    (a) an intestacy;

(b) the failure of a testator to appoint an executor; or

(c) the failure to obtain a probate of a will,

but is not broken by a temporary grant of administration if probate is subsequently granted.

*[35/93]*

(5) Every person in the chain of representation to a testator —

(a) has the same rights in respect of the estate of that testator as the original executor would have had if living; and

(b) is, to the extent to which the estate of that testator has come to his hands, answerable as if he were an original executor.

[*Cf. 25 Edward III St. 5.c. 5 (1351-2)*]

*[16A*
*[35/93]*

**Devisee of land not to claim payment of mortgage debt out of movable property**
**26.** —(1) If any person dies or has died seised of or entitled to any estate or interest in any immovable property, which is at the time of his death charged with the payment of any sum or sums of money by way of mortgage, and such person has not by his will or deed or other document signified any contrary or other intention, the devisee to whom such immovable property is devised shall not be entitled to have the mortgage debt discharged or satisfied out of the movable property or any other immovable property of that person.

(2) The immovable property so charged shall as between the different persons claiming through or under the deceased person be primarily liable to the payment of all mortgage debts with which the same is charged, every part thereof according to its value bearing a proportionate part of the mortgage debts charged on the whole thereof.

(3) In the construction of the will of any person, a general direction that the debts of the testator shall be paid out of his personal estate shall not be deemed to be a declaration of an intention contrary to or other than the rule contained in this section unless such contrary or other intention is further declared by words expressly or by necessary implication referring to all or some of the testator"s debts or debt charged by way of mortgage on any part of his immovable estate.

(4) In this section, "mortgage" shall be deemed to extend to any lien for unpaid purchase-money upon any immovable property purchased by a testator.

(5) Nothing in this section shall affect or diminish any right of the mortgagee of such immovable property to obtain full payment or satisfaction of his mortgage debt, either out of the estate of the person so dying as aforesaid or otherwise.

*[17*

**Bona vacantia**
**27.** —(1) When a right to the personal estate of any person who dies intestate without next of kin has accrued to the Government, such personal estate or the proceeds thereof shall form part of the Consolidated Fund and shall be appropriated as part of such revenue to such public purposes as Parliament may from time to time think proper and direct.

(2) It shall be lawful for the Minister, by warrant, to order the transfer of the whole or any part of such personal estate, or the proceeds thereof, to any person or persons who shall establish to the satisfaction of the Minister any equitable or moral claim thereto.

*[7/97]*

(3) Nothing in this section shall affect the disposal of any property according to Muslim law.

*[18*

**No person chargeable with rent bona fide paid to holder under defective title**
**28.** —(1) No person shall be chargeable with any rents or profits of any immovable property which he has bona fide paid over to any person of whom he bona fide held the rents or profits notwithstanding it afterwards appears that the person to whom such payment was made had no right to receive the rents or profits.

*Improvements made by bona fide holders*

(2) If any person erects any building or makes an improvement upon any lands held by him bona fide in the belief that he had an estate in fee simple or other absolute estate, and that person, his executor or assign, or his under-tenant is evicted from such lands by any person having a better title, the person who erected the building or made the improvement, his executor or assign, shall be entitled —

  (a) to have the value of the building or improvement so erected or made during such holding and in such belief estimated and paid or secured to him; or

  (b) at the option of the person causing the eviction, to purchase the interest of such person in the lands at the value thereof irrespective of the value of the building or improvement.

*Proviso*

(3) The amount to be paid or secured in respect of such building or improvement shall be the estimated value of the building and improvement at the time of such eviction.

*Double rent or double value on holding over by tenant*

(4) Every tenant holding over after the determination of his tenancy shall be chargeable, at the option of his landlord, with double the amount of his rent until possession is given up by him or with double the value during the period of detention of the land or premises so detained, whether notice to that effect has been given or not.

*Sub-tenant to give notice*

(5) When any writ of summons issued by a landlord against a tenant for the recovery of immovable property is served on or comes to the knowledge of any sub-tenant of the plaintiff's immediate tenant, the sub-tenant being an occupier of the whole or any part of the premises sought to be recovered, he shall forthwith give notice thereof to his immediate landlord, under penalty of forfeiting 3 years' rack rent of the premises held by the sub-tenant to the person of whom he holds, to be recovered by such person by action in any court having jurisdiction.

[19

**Rules to apply to subordinate courts**
**29.** The rules of law enacted in this Act and declared shall with the necessary modifications be, and shall, so far as they were already in force in Singapore, be deemed to have been, in force in the subordinate courts so far as the matters to which such rules relate are respectively cognizable by such courts.

[20

**Presumption of survivorship in regard to claim to property**
**30.** In all cases where 2 or more persons die in circumstances rendering it uncertain which of them survived the other or others, such deaths shall (subject to any order of the court) for all purposes affecting the title to property be presumed to have occurred in order of seniority and accordingly the younger shall be deemed to have survived the elder.

[21

**Accumulation of income**
**31.** —(1)  Income arising from a settlement or disposition of property made on or after the date of commencement of the Trustees (Amendment) Act 2004 may, subject to the terms of the settlement or disposition to the contrary, be accumulated for the duration of the settlement or disposition.

(2) Except as otherwise provided in subsection (4), income arising from a settlement or disposition of property made before the date of commencement of the Trustees (Amendment) Act 2004 shall not be wholly or partially accumulated for any longer period than one of the following, namely:

   (a) the life of the grantor or settlor;

   (b) a term of 21 years from the death of the grantor, settlor or testator;

   (c) the duration of the minority or respective minorities of any person or persons living or en ventre sa mere at the death of the grantor, settlor or testator;

   (d) the duration of the minority or respective minorities only of any person or persons who under the limitations of the instrument directing the accumulations would, for the time being, if of full age, be entitled to the income directed to be accumulated;

   (e) a term of 21 years from the date of the making of the disposition; or

   (f) the duration of the minority or respective minorities of any person or persons in being at the date of the making of the disposition.

(3) In every case where any accumulation is directed otherwise than in accordance with subsection (2), the direction shall, except as otherwise provided in subsection (4), be void, and the income of the property directed to be accumulated shall, so long as the same is directed to be accumulated contrary to this section, go to and be received by the person or persons who would have been entitled thereto if such accumulation had not been directed.

(4) Subsections (2) and (3) do not extend to any provision —

   (a) for payment of the debts of any grantor, settlor, testator or other person; or

   (b) for raising portions for —

      (i) any child, children or remoter issue of any grantor, settlor or testator; or

      (ii) any child, children or remoter issue of a person taking any interest under any settlement or other disposition directing the accumulations or to whom any interest is thereby limited,

and accordingly such provisions may be made as if no statutory restrictions on accumulation of income had been imposed.

**Fixed perpetuity period of 100 years**

**32.** —(1) In the rule against perpetuities as is applicable to any settlement or disposition of property, the perpetuity period shall be 100 years or such shorter period as may be specified in the instrument by which the settlement or disposition is made.

(2) Where any instrument making any settlement or disposition of property refers to lives in being or specifies a perpetuity period that exceeds 100 years, the perpetuity period shall be deemed to be a period of 100 years.

(3) This section shall apply in relation to —

   (a) any instrument made in the exercise of a special power of appointment where the instrument creating the special power of appointment takes effect on or after the date of commencement of the Trustees (Amendment) Act 2004; and

   (b) any other instrument taking effect on or after the date of commencement of the Trustees (Amendment) Act 2004.

**Powers of appointment**

**33.** —(1)  For the purposes of section 32, a power of appointment shall be treated as a special power unless —

    (a) in the instrument creating the power it is expressed to be exercisable by one person only; and

    (b) it could, at all times during its currency when that person is of full age and capacity, be exercised by him so as immediately to transfer to himself the whole of the interest governed by the power without the consent of any other person or compliance with any other condition, not being a formal condition relating only to the mode of exercise of the power.

(2)  For the purpose of determining whether a disposition made under a power of appointment exercisable by will only is void for remoteness, the power shall be treated as a general power where it would have fallen to be so treated if exercisable by deed.

**Necessity to wait and see**

**34.** —(1)  Where, apart from the provisions of this section, a disposition would be invalid as infringing the rule against perpetuities, the disposition shall be treated, until such time (if any) as it becomes certain that the vesting will occur, if at all, after the end of the perpetuity period, as if the disposition were not invalid as infringing the rule against perpetuities, and its becoming so certain shall not affect the validity of anything previously done in relation to the interest disposed of by way of advancement, application of intermediate income, or otherwise.

(2)  Where, apart from the provisions of this section, a disposition consisting of the conferring of a general power of appointment would be invalid as infringing the rule against perpetuities, the disposition shall be treated, until such time (if any) as it becomes certain that the power will not be exercisable within the perpetuity period, as if the disposition were not invalid as infringing the rule against perpetuities.

(3)  Where, apart from the provisions of this section, a disposition consisting of the conferring of any power, option, or other right would be invalid as infringing the rule against perpetuities, the disposition shall be treated as regards any exercise of the right within the perpetuity period as if it were not so invalid and, subject to the provisions of this section, shall be treated as invalid as infringing the rule against perpetuities only if and so far as the right is not fully exercised within that period.

(4)  This section shall apply only in relation to dispositions made on or after the date of commencement of the Trustees (Amendment) Act 2004.