# Halsbury's
# LAWS OF SINGAPORE

VOLUME 9(2)

EQUITY AND TRUSTS

2003
LexisNexis
Singapore

## EDITORIAL ADVISORY BOARD

The Honourable Chief Justice Yong Pung How (Chairman)

The Honourable Attorney-General Mr Chan Sek Keong

The Honourable Justice Chao Hick Tin

The Honourable Justice Lai Kew Chai

Mr LP Thean LLB (Bristol), LLM (London); Advocate and Solicitor of the Supreme Court of Singapore

Mr TPB Menon, LLB (Hons) (Malaya); Advocate and Solicitor of the Supreme Court of Singapore

Mr Sat Pal Khattar, LLM, LLB (Hons) (Sing); Advocate and Solicitor of the Supreme Court of Singapore

Mr Michael Hwang, BCL, MA (Oxon); of Gray's Inn, Barrister-at-Law; Advocate and Solicitor, Singapore and the States of Malaya; Barrister and Solicitor, Victoria, Australia

Associate Professor Tan Cheng Han, LLB (Hons) (NUS), LLM (Cantab); Advocate and Solicitor of the Supreme Court of Singapore

## CONSULTANT EDITOR

Professor Peter Ellinger, M Jur, D Phil (Oxon); Advocate and Solicitor of the Supreme Court of Singapore Consultant, Rajah & Tann

Members of the LexisNexis Group worldwide

| | |
|---|---|
| Singapore | LexisNexis, 3 Killiney Road # 08-08, Winsland House 1, SINGAPORE 239519 |
| Malaysia | Malayan Law Journal Sdn Bhd, KUALA LUMPUR |
| Hong Kong | LexisNexis, HONG KONG |
| India | LexisNexis, NEW DELHI |
| Argentina | LexisNexis Argentina, BUENOS AIRES |
| Australia | LexisNexis Butterworths, CHATSWOOD, New South Wales |
| Austria | LexisNexis Verlag ARD Orac GmbH & Co KG, VIENNA |
| Canada | LexisNexis Butterworths, MARKHAM, Ontario |
| Chile | LexisNexis Chile Ltda, SANTIAGO DE CHILE |
| Czech Republic | Nakladatelství Orac sro, PRAGUE |
| France | Editions du Juris-Classeur SA, PARIS |
| Hungary | HVG-Orac, BUDAPEST |
| Ireland | Butterworths (Ireland) Ltd, DUBLIN |
| Italy | Giuffrè Editore, MILAN |
| New Zealand | LexisNexis Butterworths, WELLINGTON |
| People's Republic of China | LexisNexis Beijing Representative Office, BEIJING |
| Poland | Wydawnictwo Prawnicze LexisNexis, WARSAW |
| South Africa | Butterworths SA, DURBAN |
| Switzerland | Stämpfli Verlag AG, BERNE |
| United Kingdom | LexisNexis Butterworths Tolley, LONDON and EDINBURGH |
| USA | LexisNexis, DAYTON, Ohio |

© LexisNexis, a division of Reed Elsevier (Singapore) Pte Ltd, 2003

All rights reserved. No part of this publication may be reproduced or transmitted in any form or by any means, including photocopying and recording, without the written permission of the copyright holder, application for which should be addressed to the publisher. Such written permission must also be obtained before any part of this publication is stored in a retrieval system of any nature.

ISBN 981-236-000-X (Complete set)

ISBN 981-236-300-9 (Volume 9[2])

Printed in Singapore by Utopia Press

tribution to be recovered from any person will amount to a complete indemnity: s 16(2).

14  Ie under the Contributory Negligence and Personal Injuries Act (Cap 54, 1989 Ed) s 3.
15  Ie under the Civil Law Act s 15.
16  Civil Law Act s 16(1).

[110.180] **Modification and exclusion of contribution**

The law permits persons liable to contribute to modify or exclude that liability[1]. Modification or exclusion of contribution often occurs in suretyship. Among sureties, the rule of contribution is that equality is equity but if the sureties have bound themselves by contract to another rule, it will be enforced[2]. Thus, if one surety has exempted another from contribution, he would no longer be entitled to contribution from him. Exclusion of contribution may be found in construing the suretyship agreements as a whole. If upon true construction, there is not one suretyship agreement but a series of independent suretyship agreements with independent sureties, not intended to be primary concurrent security, it will be inferred that contribution from each surety is excluded. Contract apart, a surety's right of contribution may be lost by an act of the creditor which discharges[3] or releases[4] all the sureties or by an act or conduct of the surety seeking contribution which would make it unjust or inequitable to recognise his right of contribution.

1  See *Ellesmere Brewery Co v Cooper* [1896] 1 QB 75, DC (Eng).
2  See *Hong Kong Bank of Australia Ltd v Larobi Pty Ltd* (1991) 23 NSWLR 593.
3  Cf *Swire v Redman* (1876) 1 QBD 536.
4  See *Ward v National Bank of New Zealand Ltd* (1883) 8 App Cas 755, PC.

[110.181] **General average**

In maritime cases, there occurs a right of contribution known as general average[1]. General average is a levy imposed on all cargo owners or parties in interest towards a loss or expense extraordinarily incurred for the preservation of the ship and cargo[2]. Three conditions are necessary to give rise to general average: (1) the ship and cargo should be placed in a common imminent peril[3]; (2) there is a voluntary sacrifice of property to avert the peril for the benefit of the adventure[4]; and (3) the sacrifice of property should result in the preservation or safety of the remaining property in the case of general average sacrifice[5]. The shipowner is bound to assert a lien on such other property as the person liable to general average has in the shipowner's possession or bring an action against him for his contribution[6]. The rate of contribution is according to relative values[7]. If the obligation to contribute to general average arises, it is no answer that the master did not have authority to sail where he did or to do what he did. But the negligence[8] of the master is a sufficient answer in defence to liability to contribute to general average[9].

1  See generally [220] SHIPPING AND NAVIGATION.
2  See *Birkley v Presgrave* (1801) 1 East 220 at 228.
3  See *Walthew v Mavrojani* (1870) LR 5 Exch 116, Ex Ch.

4  See *Royal Mail Steam Packet Co Ltd v English Bank of Rio de Janeiro Ltd* (1887) 19 QBD 362.
5  But not general average expenditure: see *Chellew v Royal Commission on Sugar Supply* [1921] 2 KB 627 at 636. As to general average expenditure see *Walthew v Mavrojani* (1870) LR 5 Exch 116.
6  See *Strang, Steel & Co v A Scott & Co* (1889) 14 App Cas 601, PC.
7  See *Birkley v Presgrave* (1801) 1 East 220.
8  As to negligence see TORT [240.266] and following.
9  See *Prehn v Baily, The Ettrick* (1881) 6 PD 127, CA (Eng). See also *State Trading Corp of India v Doyle Carriers Inc, The Jute Express* [1991] 2 Lloyd's Rep 55.

## 8. SET-OFF AND MISCELLANEOUS DOCTRINES

CONTENTS

| PARA | |
|---|---|
| [110.182] | In general |
| [110.183] | Combination of accounts |
| [110.184] | Executor's right of retainer |
| [110.185] | Rule in *Cherry v Boultbee* |
| [110.186] | Equitable protection of surety |

[110.182] **In general**

An equitable set-off is strictly not an abatement, in that it is a proceeding in the nature of a cross-action and not a counter-claim in that it is not an independent action and operates either as a self-help remedy or as a defence[1]. Two kinds of set-off were known to the law, namely, statutory set-off and equitable set-off. The former was introduced and then repealed by the Statutes of Set-off 1728–1734[2], but not before it evolved into a common law remedy (also known as independent set-off). Independent set-off is a taking of an account of mutual credits which arise out of unrelated transactions in accordance with the requirements of the Rules of Court[3]. Although it is pleaded as a defence, independent set-off is actually a rule of procedure[4]. An equitable set-off is one imposed by the courts in order to do equity as between the claimant and defendant[5] and, unlike independent set-off, operates in complete or partial defeasance of the plaintiff's claim[6]. The claimant is not given relief unless he gives credit for a related cross-claim which the defendant has against him[7]. Equitable set-off being a substantive and not a procedural defence, the courts no longer have to ask themselves what would the courts of common law or the courts of equity have done before the Supreme Court of Judicature Act 1873, but what should now be done so as to ensure fair dealing between the parties[8]. In the case of bankruptcy, the statutory provisions relating to mutual credit and set-off contained in the Bankruptcy Act[10] apply.

1  The principles of set-off are discussed in more detail elsewhere in this title. See [110.400] and following.

## [110.183] Equity and Trusts    Vol 9(2)

2  In the Statutes of Set-off (2 Geo II c 22 [Insolvent debtors' relief] (1728); 8 Geo II c 24 [Set-off] (1734)) (GB).
3  RC O 18 r 17.
4  See *Aectra Refining and Marketing Inc v Exmar NV* [1995] 1 All ER 641, sub nom *Aectra Refining and Manufacturing Inc v Exmar NV* [1994] 1 WLR 1634, CA (Eng).
5  *Shanghai Hall Ltd v Town House Hotel Ltd* [1967] 1 MLJ 223, FC (Mall), where the learned judge was criticised for giving undue weight to the alleged admission of arrears of rent without considering the equitable doctrine of set-off.
6  See *Aectra Refining and Marketing Inc v Exmar NV* [1995] 1 All ER 641, sub nom *Aectra Refining and Manufacturing Inc v Exmar NV* [1994] 1 WLR 1634, CA (Eng). Equitable set-off is an important species of transaction set-off, as opposed to independent set-off. The price abatement is said to be a common law species of transaction set-off; see *Mondel v Steel* (1841) 8 M & W 858.
7  *BICC v Burndy Corp* [1985] Ch 232.
8  Derham *Set-off* (2nd Ed, 1996) pp 48–52.
9  *Aectra Refining and Marketing Inc v Exmar NV* [1995] 1 All ER 641, sub nom *Aectra Refining and Manufacturing Inc v Exmar NV* [1994] 1 WLR 1634, CA (Eng).
10 The Bankruptcy Act (Cap 20, 2000 Ed) s 88(1) provides that where there have been any mutual credits, mutual debts or other mutual dealings between a bankrupt and any creditor, the debts and liabilities in which each party is or may become subject as a result of such mutual credits, debts or dealings will be set-off against each other and only the balance will be a debt provable in bankruptcy. Further, there will be excluded from any set-off under s 88(1) any debt or liability of the bankrupt which (1) is not a debt provable in bankruptcy; or (2) arises by reason of an obligation incurred at a time when the creditor had notice that a bankruptcy petition relating to the bankrupt was pending. The Companies Act (Cap 50, 1994 Ed) s 327(2) introduces into the winding-up the same rules as the mutual credit and set-off provisions of the Bankruptcy Act s 88, while the Companies Act s 281 makes provisions relating to the payment of debts due by a contributory for applying set-off to which he may set-off money due to him. The relevant date for applying set-off is the date of the commencement of the winding-up: *Re Daintrey, ex p Mant* [1900] 1 QB 546, CA (Eng); *Re City Equitable Fire Insurance Co Ltd (No 2)* [1930] 2 Ch 293, CA (Eng). The effect is that the creditor is exposed to insolvency risk only for the net balance: see *Stein v Blake* [1996] 1 AC 243, [1995] 2 All ER 961, HL. Note that the set-off envisaged by these provisions cannot be excluded by contract, unlike equitable set-off: see *National Westminster Bank Ltd v Halesowen Presswork and Assemblies Ltd* [1972] AC 785, [1972] 1 All ER 641, HL. Such a set-off is strictly limited to mutual claims existing at the bankruptcy date. There can be no set-off of claims by third parties, even with their consent: *British Eagle International Airlines Ltd v Cie Nationale Air France* [1975] 2 All ER 390, [1975] 1 WLR 758, HL.

### [110.183] Combination of accounts

In theory, when a bank combines the several accounts of a customer, in order to set off the debit balance in one account against the credit balance in another account, it is not responding to a claim[1]. It may possibly anticipate a claim by the liquidator or trustee in bankruptcy, but as combination may occur although no claim is made against the bank on the account in credit, it is strictly not a set-off. The authorities are not agreed on the true nature of a combination of accounts, with some preferring to see it as a set-off and others

## Vol 9(2)    Set-off and Miscellaneous Doctrines    [110.184]

rejecting the view[2]. The conditions under which a combination of accounts is justifiable fairly resemble those which warrant a set-off. First, there is a nexus of transactions which is ex hypothesi satisfied when the customer maintains two accounts with the bank of which is the sole creditor and one is overdue[3]. Second, there must be mutuality between the bank and its customer. Mutuality of relationship is lacking if one is a trust account and the other a personal account[4]. The right of combination may be excluded by a common intention to keep two accounts separate. Exclusion is rare when the two accounts are current accounts and notwithstanding they are kept at separate branches of the bank[5]. But the courts will more readily find an intention to keep a loan and current account[6] or special purposes accounts[7] separate.

1  See generally [140] BANKING AND FINANCE.
2  See Goode *Legal Problems of Credit and Security* (2nd Ed, 1988) p 169. Cf Derham *Set-off* (1987) pp 266–270. See also *Clark v Ulster Bank Ltd* [1950] NILR 132 at 142–143.
3  *Jeffryes v Agra and Masterman's Bank* (1866) LR 2 Eq 674 at 679. If no debt is due or a personal account is not in overdraft, combination is impossible.
4  Although it is otherwise if the bank could not have known that one was a trust account: see *Union Bank of Australia Ltd v Murray-Aynsley* [1898] AC 693, PC.
5  *Barclays Bank Ltd v Okenarhe* [1966] 2 Lloyd's Rep 87.
6  *Bradford Old Bank Ltd v Sutcliffe* [1918] 2 KB 833, CA (Eng).
7  *W P Greenhalgh & Sons v Union Bank of Manchester* [1924] 2 KB 153.

### [110.184] Executor's right of retainer

Somewhat akin to the right of set-off[1], the executor's right of retainer is a right an executor has to repay a debt owed to him by the deceased[2] which is exercisable against assets of the deceased vested in him as executor[3] or under his control, actual or constructive[4]. There is a degree of liberality and it has been held that the right arises even though the debt is barred by limitation of time[5] and even though the executor is merely a creditor in the sense of having a claim for liquidated damages against the deceased[6]. Formerly, the right was exercisable only against legal assets[7], but statute has extended it to equitable assets[8]. The right is recognised for a simple reason of placing the executor in a position so that he is not worse off than ordinary creditors of the deceased. As an executor, he is not entitled to claim against the estate he is administering and it would be unjust to him if he were unable to retain a portion of the assets as payment of his debt. Where there are several executors, the exercise of the right of recoupment is shared in by all[9]. But the right is personal to the executor-creditor and does not survive his death[10]. It may be lost by waiver[11].

1  'In its proper use, [set-off] is applicable only to mutual demands, debts and credits': *Cherry v Boultbee* (1839) 4 My & Cr 442 at 447. The executor's right of retainer is rather a right to pay out of the fund in hand.
2  One that is presently due but not a contingent such as a right to an indemnity: see *Re Beavan, Davies, Banks & Co v Beavan* (1913) 2 Ch 595. A joint right as creditor suffices to raise the retainer: *Re Hubback* (1885) 29 ChD 934, CA (Eng). See generally [190] PROBATE, ADMINISTRATION AND SUCCESSION.
3  The right also extends to administrators.

4  *Boehm v Goodall* [1911] 1 Ch 155 at 161.
5  A receiver who is also acting as manager of an estate or business is not answerable for trading losses so long as he carries on the business in a usual and proper manner in accordance with the directions of the court. He is entitled to be indemnified out of assets against all liabilities properly incurred; but any expenses incurred by a receiver in open disregard of the orders of the court are disallowed, whether beneficial to the property or not: *Garland v Garland* (undated) cited in 6 Ves at 800; *Re Langham* (1847) 2 Ph 299 (committee of a mentally disordered person).
6  *Re London United Breweries Ltd, Smith v London United Breweries Ltd* [1907] 2 Ch 511.

## 15.  EQUITABLE DEFENCES

### (1) EQUITABLE SET-OFF

### CONTENTS

PARA
[110.400]   Nature of equitable set-off
[110.401]   Conditions of availability
[110.402]   Freight
[110.403]   Negotiable instruments
[110.404]   Contractual set-off
[110.405]   Modification of set-off
[110.406]   Exclusion of set-off
[110.407]   Defences to set-off

**[110.400] Nature of equitable set-off**
As already said, when applying the law of equitable set-off, the courts no longer ask themselves what would the courts of common law or the courts of equity have done before the Judicature Acts 1873 to 1875[1], but what should now be done so as to ensure fair dealing between the parties[2]. The nature of the claimant's relief, whether legal or equitable, is not important, since the equitable set-off may be imposed so long as the relief the claimant seeks arises in connection with non-payment of money. Thus, if one debt is legal and the other equitable, a set-off is allowed[3]. The defence of set-off is available not only against a monetary claim but also where the claim in the proceedings is for relief other than money, including equitable relief such as specific performance, if the other relief is dependent on the non-payment of a money claim to which there is an equitable right of set-off[4]. However, in order that demands may be set off against each other it is necessary that each should be recoverable by action[5], since set-off is in the nature of a cross-action[6], and set-off cannot be used so as indirectly to make a debt transferable which is by statute not transferable[7]. Equitable set-off is not available if the claim arises after the action has begun[8]. It should be noted that where, under a court order or an arbitrator's award, each party has to pay

---

a sum to the other, although the sums are set off[9], there is no set-off of costs in independent proceedings[10].

1  Ie the Supreme Court of Judicature Act 1873 (UK) and the Supreme Court of Judicature Act 1875 (UK).
2  Because equitable set-off operates as a defence to a claim and is unlike independent set-off which is a procedure to take an account of balances due between the parties: see *Aectra Refining and Marketing Inc v Exmar NV* [1995] 1 All ER 641, sub nom *Aectra Refining and Manufacturing Inc v Exmar NV* [1994] 1 WLR 1634, CA (Eng). See [110.181].
3  *Hunt v Jessel* (1854) 18 Beav 100.
4  *BICC plc v Burndy Corp* [1985] Ch 232, [1985] 1 All ER 417, CA (Eng).
5  *Francis v Dodsworth* (1847) 4 CB 202 at 220; *Rawley v Rawley* (1876) 1 QBD 460, CA (Eng); *Smith v Berry* [1903] 2 KB 317, CA (Eng).
6  *Walker v Clemens* (1850) 15 QB 1046; and see RC O 18 r 17. Hence a statute-barred debt cannot be set off against a debt not barred: *Walker v Clemens* (above); *Henriksens Rederi A/S v THZ Rolimper, The Brede* [1974] QB 233, [1973] 3 All ER 589, CA (Eng).
7  *Gathercole v Smith* (1881) 17 ChD 1, CA (Eng).
8  *Richards v James* (1848) 2 Exch 471; *Edmunds v Lloyd Italico e L'Ancora Cia di Assicurazioni e Riassicurazioni SpA* [1986] 2 All ER 249 at 252, [1986] 1 WLR 492 at 495, CA (Eng). See also *Business Computers Ltd v Anglo-African Leasing Ltd* [1977] 2 All ER 741 at 747, [1977] 1 WLR 578 at 585 per Templeman J; *Black King Shipping Corp and Wayang (Panama) SA v Mark Ranald Massie, The Litsion Pride* [1985] 1 Lloyd's Rep 437 at 518 per Hirst J.
9  *Pringle v Gloag* (1879) 10 ChD 676. See also *Goodfellow v Gray* [1899] 2 QB 498.
10  *David v Rees* [1904] 2 KB 435, CA (Eng); *Bake v French* [1907] 1 Ch 428.

**[110.401] Conditions of availability.**
Three conditions must be fulfilled for a valid equitable set-off to arise. The first relates to the type of cross-claim which is recognised for the purposes of set-off. If the plaintiff claims liquidated damages or payment of a debt, the defendant may set off a similar claim owing by the plaintiff. However, if the plaintiff claims unliquidated damages, it is not every cross-claim which can be deducted. But where a cross-claim is for a sum of money is so closely connected with the plaintiff's claim that it goes to impeach the plaintiff's title to be paid and raises an equity in the defendant, making it unfair that he should pay the plaintiff without deduction, the general rule is that the defendant may deduct with impunity the amount of the cross-claim, or raise it by way of equitable defence when sued[1]. The element of impeachment requires, in the absence of an independent equitable ground, a sufficiently close connection between the claims. This is not necessarily to be equated with a requirement that the claims should arise out of the same transactions, though there is some support for such a proposition[2]. If the cross-claims arise out of separate transactions, they may not be sufficiently connected[3]. On the other hand, it is not enough that the claims arise out of the same contract[4]. Nor is it necessarily enough that the cross-claim is related to the transaction on which the claim is based[5]. It has been said that the cross-claim must go to the root of the plaintiff's claim[6] or that it must question, impugn or disparage the title to the claim[7] or that the claims must be interdependent[8]. There is

[110.401]  Equity and Trusts  Vol 9(2)

some support for the weaker proposition that equitable set-off is available whenever the cross-claim arises out of the same transaction as the claim or out of a transaction that is closely related to the claim[9]. But the impeachment test was subsequently confirmed[10], and has been linked subsequently to the notion that the cross-claim will impeach the plaintiff's claim if the cross-claim is so closely connected with the claim that it would be unfair not to allow a set-off[11]. Because the impeachment test is unfamiliar to modern lawyers, the House of Lords[12] has re-stated the test so that an equitable set-off may arise if there is a cross-claim flowing out of and inseparably connected with the dealings and transactions which also give rise to the claim.

In addition to the existence of cross-demands it is necessary that there should be some special equity to call for a set-off[13]. Such an equity exists where, even though the debts are distinct, one party has given credit to the other on the faith of the debt to himself being paid[14]. However, the courts of equity will not allow a person to set off, even at law, where there is an equity to prevent his doing so[15], that is to say where the rights, although legally mutual[16], are not equitably mutual[16]. Where there are cross-demands between two parties of such a nature that, if both are recoverable at law, they would be the subject of legal set-off, the set-off will be enforced in equity if of either of the demands is matter of equitable jurisdiction[17].

The third condition is mutuality of the relief the plaintiff seeks and the claim the defendant makes. The same persons must be involved in both claims[18] and be beneficially entitled to what each claims against the other. If either is merely a nominee for another in respect of his claim, the condition fails to be satisfied. If the parties are beneficially entitled but in common or jointly with a third person, the condition also fails to be satisfied[19]. Equity, following the law, usually requires that the debts which are to be set off against each other shall be due from and to the parties in the same right. It does not allow a set-off of debts accruing in different rights[20], for example a set-off of a joint debt against a separate debt[21], unless there is a series of transactions clearly showing that joint credit was given on account of the separate debt[22], or, in general, a set-off of a debt due from an executor personally against a debt owing to the estate[23].

---

1. *Piggott v Williams* (1821) 6 Madd 95; *Rawson v Samuel* (1841) Cr & Ph 161 at 165; *Young v Kitchin* (1878) 3 ExD 127; *Newfoundland Government v Newfoundland Rly Co* (1888) 13 App Cas 199, PC; *Bankes v Jarvis* [1903] 1 KB 549; *Morgan & Son Ltd v S Martin Johnson & Co Ltd* [1949] 1 KB 107, [1948] 2 All ER 196, CA (Eng); *Hanak v Green* [1958] 2 QB 9, [1958] 2 All ER 141, CA (Eng); *Henriksens Rederi A/S v THZ Rolimpex, The Brede* [1974] QB 233, [1973] 3 All ER 589, CA (Eng); *Aries Tanker Corp v Total Transport Ltd* [1977] 1 All ER 398, [1977] 1 WLR 185, HL; *Federal Commerce and Navigation Co Ltd v Molena Alpha Inc* [1978] QB 927, [1978] 3 All ER 1066, CA (Eng); *Sim v Rotherham Metropolitan Borough Council* [1987] Ch 216 at 261–262, [1986] 3 All ER 307, HL; *Sim v Rotherham Metropolitan Borough Council* [1987] Ch 216 at 261–262, [1986] 3 All ER 387 at 414–415; *Dole Dried Fruit and Nut Co v Trustin Kerwood Ltd* [1990] 2 Lloyd's Rep 309, CA (Eng); *See Khan v Islington London Borough Council* [1999] EGCS 87, CA (Eng) (set-off of tenant's rent arrears by local authority landlord against home loss payment).

2. *Bank of Boston Connecticut v European Grain and Shipping Ltd* [1989] AC 1056, [1989] 1 All ER 545, HL; *Cf Bim Kemi AB v Blackburn Chemicals Ltd* [2001]

---

[110.401]  Equitable Defences  Vol 9(2)

EWCA Civ 457, [2001] 2 Lloyd's Rep 93, CA (Eng); it is not necessary for a cross-claim to arise out of the same transaction as the principal claim for an inseparable connection to be established between them.

3. *Re Convere Pty Ltd* [1976] VR 345 at 349.

4. *Rawson v Samuel* (1841) Cr & Ph 161. See generally [80] CONTRACT.

5. *Hanak v Green* [1958] 2 QB 9 at 23, [1958] 2 All ER 141 at 148, CA (Eng).

6. *British Anzani (Felixstowe) Ltd v International Marine Management (UK) Ltd* [1980] 1 QB 137 at 145.

7. *MEK Nominees Pty Ltd v Billboard Entertainments Pty Ltd* (1993) Conv R 54–468.

8. *Grant v NZMC Ltd* [1989] 1 NZLR 8 at 13. The fact that the plaintiff is insolvent is not enough for a set-off: *Rawson v Samuel* (1841) Cr & Ph 162 at 175.

9. *Henriksens Rederi A/S v THZ Rolimpex, The Brede* [1974] QB 233 at 248, [1973] 3 All ER 589 at 595, CA (Eng), citing *Morgan & Son Ltd v S Martin Johnson & Co Ltd* [1949] 1 KB 407, [1948] 2 All ER 196, CA (Eng), and *Hanak v Green* [1958] 2 QB 9, [1958] 2 All ER 141, CA (Eng). In *The Brede* (above) at 249 and 596, Lord Denning MR asserted 'with any breach by the plaintiff of the self-same contract, the defendant can in equity set up his loss in diminution or extinction of the contract price'. See also *Bar v Midland Bank Ltd* [1981] 1 Lloyd's Rep 434 at 437, CA (Eng).

10. *Pacific Rim Investment Ltd v Lam Seng Tiong* [1995] 3 SLR 1, CA; *Aries Tanker Corp v Total Transport Ltd* [1977] 1 All ER 398, [1977] 1 WLR 185, HL. See also *Federal Commerce and Navigation Co Ltd v Molena Alpha Inc, The Nanfri* [1978] QB 927, [1978] 3 All ER 1066, CA (Eng) (where Lord Denning MR finally acknowledged that there must be an equitable ground to impeach the plaintiff's claim and went on to ask at 974 and 1078 'what should we do now so as to ensure fair dealing between the parties?'; *AB Contractors Ltd v Flaherty Bros Ltd* (1978) 16 BLR 8 at 14, CA (Eng).

11. *Federal Commerce and Navigation Co Ltd v Molena Alpha Inc, The Nanfri* [1978] QB 927 at 975, 981, 987, [1978] 3 All ER 1066 at 1078, 1083, 1088, CA (Eng); *The Kostas Melas* [1981] 1 Lloyd's Rep 18 at 25; *BICC v Burndy Corp* [1985] Ch 232 at 250, [1985] 1 All ER 417 at 427, CA (Eng); *Sim v Rotherham Metropolitan Borough Council* [1987] Ch 216 at 261–262, [1986] 3 All ER 387 at 414–415.

12. *Bank of Boston Connecticut v European Grain and Shipping Ltd* [1989] AC 1056 at 1102–1103, 1110–1111, [1989] 1 All ER 545 at 552–553, 558–559, HL; *Dole Dried Fruit and Nut Co v Trustin Kerwood Ltd* [1990] 2 Lloyd's Rep 309, CA (Eng) (where a counterclaim was allowed for damages for breach of agency sales contracts); *Esso Petroleum Ltd v Milton* [1997] 2 All ER 593, [1997] 1 WLR 938, CA (Eng) (where counterclaim by motor fuel retailer for future loss arising from oil company's repudiation of contract was held not to be sufficiently connected with oil company's claim for payment for past deliveries). See also *Guinness plc v Saunders* [1988] 2 All ER 940, [1988] 1 WLR 863, CA (Eng); *Zemco Ltd v Jerrom-Pugh* [1993] BCC 275, CA (Eng); *The Aditya Vaibhav* [1991] 1 Lloyd's Rep 573.

13. The exercise of equitable set-off is only permitted if equitable considerations support such an exercise: *Pacific Rim Investment Ltd v Lam Seng Tiong* [1995] 3 SLR 1, CA (the right of equitable set-off arose where there were good equitable grounds for directly impeaching the title to the legal demand which the creditor was seeking to enforce); *OCWS Logistics Pte Ltd v Soon Meng Construction Pte Ltd* [1999] 2 SLR 376. 'Equitable set-off exists in cases where the party seeking the benefit of it can show some equitable ground for being protected against his