UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD. & MEGA VISA SOLUTIONS (S) PTE. LTD., and ADVENT MANAGE LTD.<br>  Plaintiffs<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., UNION CARBIDE CUSTOMER SERVICES PTE, LTD., and DOW CHEMICAL PACIFIC (SINGAPORE) PTE., LTD.<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil No. 3:02 CV 1107 (AVC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: January 8, 2007 |

## MOTION TO COMPEL

Defendants The Dow Chemical Company, Union Carbide Corporation, Union Carbide Asia Pacific, Inc., Union Carbide Customer Services Pte., Ltd., and Dow Chemical Pacific (Singapore) Pte., Ltd. (collectively "Defendants") respectfully request that this Court enter an order compelling Anil Mittal to appear for deposition on a date certain in the United States.  In support of this Motion, Defendants state as follows:

1.	Defendants The Dow Chemical Company, Union Carbide Corporation, and Union Carbide Asia Pacific, Inc. noticed the deposition of Anil Mittal, a Director of Mega Visa Singapore and member of the Mittal Group Finance Committee, on August 31, 2005.  Ex. 1.

2.	In support of their contention that this Court is an appropriate forum for the adjudication of their claims concerning their business in India, Plaintiffs represented that their

witnesses who live in Asia routinely travel to the U.S. and will be available in the U.S. to give testimony. *See* Plfs. Mem. in Opp. To Defs. Mot. To Dismiss for *Forum Non Conveniens* at 31 n.40 ("Plaintiffs' primary witnesses also will be available to testify in the United States, and travel here regularly") (Ex. 2).

3.  Nevertheless, Plaintiffs refused to produce Mr. Mittal for a deposition. Indeed, instead of producing him, Plaintiffs filed a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(b)(2), 26(c) and Local Rule 37 on October 12, 2005. In support of this Motion, Plaintiffs argued that Mr. Mittal's deposition was duplicative and that he resides in Mumbai, India and limits his travel to two or three times a year to London, rendering his deposition burdensome. *See* Plfs. Mem. in Support of Mot. for Protective Order Against Producing Anil Mittal for Deposition at 3, 6-7 (Ex. 3); *see also* Declaration of Anil Mittal dated October 10, 2005 ¶ 2 (Ex. 4).

4.  On November 2, 2005, Defendants filed their Opposition to Plaintiffs' Motion and filed a Motion to Compel Mr. Mittal's deposition. In support of their Motion and Opposition, Defendants argued that (1) evidence discovered to date indicates that Mr. Mittal oversaw operations of Plaintiff Mega Visa Solutions (S) Pte. Ltd. ("Mega Visa Singapore") during a time period at issue in this litigation, (2) Mr. Mittal may have information relevant to this litigation by virtue of his membership in the Mittal Finance Committee, which denied a request from Ajay Mittal for credit for Mega Visa Singapore, and (3) as a director of Mega Visa Singapore, Mr. Mittal may have knowledge of the reasons for the assignment of the claims of

2

Mega Visa Singapore and Plaintiffs MM Global Services, Inc. and MM Global Services (S) Pte. Ltd. to Advent Manage Limited.  Defs. Mem. in Support of Combined Mot. to Compel and Opp. to Mot. for Protective Order at 7-10 (Ex. 5).  Defendants further offered to depose Mr. Mittal in London in order to limit the burden of the deposition.  *Id.* at 13.

5.    After extensive briefing on the issue, the Court denied Plaintiffs' Motion for a Protective Order and, on September 29, 2006, granted Defendants' Motion to Compel Anil Mittal's Deposition.  In relevant part, the Court ruled that "Mr. Mittal may be deposed, if the defendants continue, at this stage in discovery, to deem his testimony relevant and necessary, during one of his trips to London."  September 29, 2006 Order at 9 (Ex. 6).

6.    Mr. Mittal's testimony continues to be relevant and necessary.  Defendants advised Plaintiffs of this fact in a letter dated November 2, 2006.  Letter from S. Solberg to A. Downey and R. Taffet dated (November 2, 2006) (Ex. 7).  In this letter, Defendants requested that Plaintiffs provide dates for Mr. Mittal's deposition in London.  *Id.*

7.    During the meet and confer process, Plaintiffs advised Defendants that Mr. Mittal had been advised of the Court's order, but that Plaintiffs did not have dates for Mr. Mittal's next trip to London.  Letter from D. Douglas to A. Downey dated November 16, 2006 (Ex. 8).

8.    Defendants reiterated their request for dates available for Mr. Mittal's deposition on November 24, 2006.  Letter from D. Douglas to A. Downey dated November 24, 2006 (Ex. 9).

9.     To date, Plaintiffs have not provided Defendants with available dates for Mr. Mittal's deposition.  Indeed, after this Court's ruling and despite Mr. Mittal's signed declaration that he travels "to London 2-3 times per year, mainly to see [his] son who is studying there and to consult doctors" (Declaration of Anil Mittal dated October 10, 2005 ¶ 2 (Ex. 4).), Plaintiffs advised that Mr. Mittal no longer has any plans to travel to London.

10.     This Court's September 29 Order and the Court's concern for Mr. Mittal's travel convenience have been wholly frustrated by Mr. Mittal's decision to refrain from traveling to London following the Court's ruling.  This conduct is particularly improper (and renders discovery particularly one-sided) in view of the overseas witnesses that Defendants, in compliance with the Court's direction, are presenting in the United States for deposition.  In light of the facts that Defendants are presenting witnesses within their control for their depositions in the United States and Mr. Mittal has evidently decided to refrain from traveling to London following the Court's ruling, Defendants now request that the Court order that Mr. Mittal's deposition take place on a date certain in the United States.

WHEREFORE, Defendants respectfully request that the Court enter an order compelling Plaintiffs to produce Mr. Mittal for deposition on a date certain in the United States.

        Respectfully submitted,

        \S\

        Craig A. Raabe (ct 04116)
        ROBINSON & COLE LLP
        280 Trumbull Street
        Hartford, CT  05103-3497
        *Attorney for all Defendants*

| | |
|---|---|
| Andrew S. Marovitz (ct 25409) | Nathan P. Eimer (ct 23693) |
| Dana S. Douglas (ct 25412) | Scott C. Solberg (phv 0234) |
| MAYER, BROWN, ROWE & MAW LLP | EIMER STAHL KLEVORN & SOLBERG LLP |
| 71 S. Wacker Drive | 224 South Michigan Avenue |
| Chicago, Illinois  60606 | Suite 1100 |
| (312) 782-0600 | Chicago, IL  60604 |
| | (312) 660-7600 |
| Christopher J. Kelly (ct 25410) | |
| MAYER, BROWN, ROWE & MAW LLP | *Counsel for Defendants* |
| 1909 K Street, N.W. | *Union Carbide Corporation,* |
| Washington, D.C.  20006-1157 | *Union Carbide Asia Pacific, Inc., and* |
| (202) 263-3000 | *Union Carbide Customer Service Pte. Ltd.* |
| *Counsel for Defendants* | |
| *The Dow Chemical Company and Dow Chemical Pacific (Singapore) Pte. Ltd.* | |

CERTIFICATE OF SERVICE

This is to certify that a copy of MOTION TO COMPEL ANIL MITTAL was filed electronically and served by mail on anyone unable to accept electronic filing.. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

\s\
Craig A. Raabe – CT04116
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Phone: (860) 275-8304
Fax: (860) 275-8299
E-mail: craabe@rc.com