# EXHIBIT 8

**MAYER BROWN ROWE & MAW**

November 16, 2006

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

BY FACSIMILE AND US MAIL

Alicia L. Downey, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Dana S. Douglas
Direct Tel (312) 701-7093
Direct Fax (312) 706-8662
dsdouglas@mayerbrownrowe.com

Re:   *MM Global Services, et al. v. The Dow Chemical Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Alicia:

The purpose of this letter is to summarize the parties' November 10, 2006 meet and confer. During this conference call, the parties discussed the following topics.

## I. Defendants' Responses to Plaintiffs' Third Set of Interrogatories Nos. 13, 14, 15, 23, 26, & 27 and Plaintiffs' Fourth Set of Document Requests No. 1

Defendants noted their belief that the documents produced on December 20, 2005 fulfilled their production obligations with respect to Interrogatories 13, 14, and 15. Defendants will re-check the production and confirm to Plaintiffs that, to the best of their knowledge, it is complete.

Defendants confirmed that they have produced all documents responsive to Interrogatory 23 that relate to Plaintiffs. Defendants will check whether there are additional documents responsive to this request and will supplement their production to the extent any such non-privileged documents are located.

Defendants have provided Plaintiffs with all responsive, non-privileged information responsive to Interrogatories 26 and 27. In particular, Bill Herr's November 2005 deposition, which was taken after Plaintiffs filed their motion to compel, was responsive to these interrogatories.

## II. Counsel Only Designations

Defendants have a large team of attorneys and paralegals reviewing the documents previously designated as Counsel Only. Defendants hope to complete this process and modify designations, as appropriate and necessary, by the end of the year.

## III. Defendants' Privilege Log

Defendants will produce revised privilege and redaction logs by the end of this week. Defendants confirmed that the documents listed in my August 31, 2005 and September 29, 2005

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Alicia L. Downey, Esq.
November 16, 2006
Page 2

letters are included on either the revised privilege log or redaction log to the extent Defendants continue to assert that those documents are privileged or require redaction.

Plaintiffs requested an electronic, .pdf version of the revised privilege and redaction logs. Defendants agreed to provide an electronic, .pdf version of each log.

Plaintiffs confirmed that they have destroyed all copies of the documents listed in my August 31, 2005 and September 29, 2005 letters to the extent Plaintiffs are aware that they maintain copies. Plaintiffs added, however, that they have not checked whether any of these documents have been attached to case correspondence.

### IV. Depositions of Defendants' Witnesses

Plaintiffs asked Defendants to provide dates for the depositions of certain of Defendants' employees and corporate representatives designated under Fed. R. Civ. Pro. 30(b)(6). Defendants are confirming the availability of these deponents and will propose deposition dates as soon as possible.

### V. Deposition of Anil Mittal

Plaintiffs informed Defendants that Anil Mittal has been advised of the Court's September 29, 2006 Order. Plaintiffs do not have dates for Mr. Mittal's next trip to London. Plaintiffs agreed to provide Defendants with the dates of Mr. Mittal's next trip to London as soon as possible and with plenty of notice.

### VI. Continuation of Plaintiffs' 30(b)(6) Depositions

Plaintiffs will provide Defendants with dates for the continuation of Plaintiffs' 30(b)(6) depositions within the next two weeks. Plaintiffs will consider whether Paresh Zaveri properly should testify on the 30(b)(6) topics about which Ajay Mittal identified Mr. Zaveri as having knowledge.

### VII. Mittal Group Finance Committee

Plaintiffs directed Defendants to Sunil Mittal's declaration, which Plaintiffs contend indicates that the Mittal Group Finance Committee did not deny Ajay Mittal credit, and thus there are no members of the Mittal Group Finance Committee to identify. According to Plaintiffs, this declaration satisfies the Court's September 29, 2006 Order, which requires Plaintiffs to "nam[e] the members of the Mittal Group Finance Committee who actually participated in the decision to refuse credit and, therefore, may have relevant testimony." Sept. 29, 2005 Order at 12. Defendants disagreed with Plaintiffs' characterization of the Court's Order. Plaintiffs agreed to consider identifying the members who participated in the decision.

Mayer, Brown, Rowe & Maw LLP

Alicia L. Downey, Esq.
November 16, 2006
Page 3

On this point, Sunil Mittal's declaration makes clear that Ajay Mittal approached the Mittal Group Finance Committee for credit and that members of the Committee participated in the consideration of the request:

> The sudden change in Dow's manner of doing business and their refusal to give Ajay more time to adjust to these new terms caused us to question whether Dow had motives other than a legitimate concern about his company's creditworthiness. . . . In order to consider Ajay's request, we needed more information about the reason for Dow's sudden change in the way the companies were doing business. Without such information, it was impossible to make a informed lending decision. We were not concerned ourselves with the company's creditworthiness, but with the extent to which Dow's fundamental change in the terms by which they were willing to do business with Megavisa Singapore might render it unable to continue in business.

Sunil Mittal Dec. ¶ 5.

The Court had Sunnil Mittal's declaration before it when it issued the order requiring Plaintiffs to name the relevant participants. These individuals "may have relevant testimony" and their identities should be disclosed to Defendants in accordance with the Court's September 29, 2006 Order.

## VIII. Plaintiffs' Production

Plaintiffs will confirm that all financial statements referenced in Section VI of the Court's September 29, 2006 Order have been produced.

Plaintiffs agreed to consider Defendants' assertion that documents are missing from Plaintiffs' transaction files and request that Plaintiffs supplement their production.

Defendants understand that Plaintiffs agreed to consider Defendants' request that Plaintiffs identify the signatory of the August 30, 2005 "agreement cum assignment" between Megavisa Solutions (Singapore) Pte. Ltd. and Advent Manage Limited. Please notify us of the results of your inquiry or inform us if our understanding is incorrect.

**Mayer, Brown, Rowe & Maw LLP**

Alicia L. Downey, Esq.
November 16, 2006
Page 4

We look forward to speaking with you tomorrow.


Sincerely,

*Dana S. Douglas*

Dana S. Douglas


cc:

    Robert M. Langer, Esq.
    Richard Taffet, Esq.
    Craig A. Raabe, Esq.
    Nathan P. Eimer, Esq.
    Scott C. Solberg, Esq.
    Christopher J. Kelly, Esq.
    Andrew S. Marovitz, Esq.