# EXHIBIT 9

**MAYER BROWN ROWE & MAW**

November 24, 2006

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

BY FACSIMILE AND US MAIL

Dana S. Douglas
Direct Tel (312) 701-7093
Direct Fax (312) 706-8662
dsdouglas@mayerbrownrowe.com

Alicia L. Downey, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Re:   *MM Global Services, et al. v. The Dow Chemical Company, et al.*, Civil No. 3:02 CV 1107 (AVC)

Dear Alicia:

This letter responds to your letter of November 17, 2006.

First, with respect to Defendants' response to Plaintiffs' Third Set of Interrogatories Nos. 13-15 and Plaintiffs' Fourth Set of Document Requests No. 1, Defendants undertook a good faith search for non-privileged documents responsive to these requests and produced them in December 2005. To the extent Defendants maintain copies of those documents described in Mr. Neri's deposition, they have been produced.

Second, in their Reply in Further Support of Their Cross-Motion to Compel Further Responses to Discovery, to Remove "Counsel Only" Designations, and for Sanctions (at 8) (filed October 3, 2005), Plaintiffs raised the issue of the identification of the "monthly scrolls" described in Eugene Fisher's deposition. A week later, on October 11, Defendants provided Plaintiffs with a list of examples of such documents, and advised the Court that examples of the "scrolls" had been identified for Plaintiffs in Defendants' Combined Surreply in Support of Motion for Protective Order and in Opposition to Cross-Motion to Compel Further Responses to Discovery, to Remove "Counsel Only" Designations, and for Sanctions (at 24) (filed October 28). After receiving both parties' arguments, the Court issued its order on September 29, 2006, making clear that certain merger related documents "referenced in the Ronald Neri and Eugene Fischer depositions" should be produced, to the extent that those documents had not previously been produced. It is our position that such documents have been produced pursuant to the Court's order.

Third, Defendants continue to search for additional documents responsive to Plaintiffs' Third Set of Interrogatories No. 23. To the extent any such documents are located, they will be produced to Plaintiffs. Under Fed. R. Civ. P. 33(d), Defendants elected to produce business records in response to Plaintiffs' Third Set of Interrogatories because the burden of deriving the answer to

Berlin Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Alicia L. Downey, Esq.
November 24, 2006
Page 2

the Interrogatories is substantially the same for Defendants as it is for Plaintiffs. Defendants do not interpret the Court's September 29, 2006 order to require further identification of documents produced in response to Interrogatory No. 23.

Fourth, during our telephone call on November 17, we offered to make available two witnesses for deposition: Kenneth Bromfeld on December 7, 2006 and Steven Meadow on December 20, 2006. Plaintiffs mentioned that they would check schedules and let us know if they are available on these dates. We would appreciate a response as soon as possible. If these dates are not workable, please provide alternate dates in January or February that you can be available as we also want to produce additional UCC/TDCC witnesses as well as depose the previously requested Plaintiffs' witnesses. We also have confirmed that Steven Meadow will testify as a Rule 30(b)(6) deponent for Union Carbide Corporation.

Fifth, and consistent with the above, please provide dates for the continuation of your Rule 30(b)(6) depositions. We strongly disagree with your position that Defendants are required to produce all of their witnesses prior to taking Plaintiffs' depositions and nowhere in the record is there support otherwise. If you disagree, we should address this with Magistrate Smith immediately in order to move forward with discovery.

Sixth, and finally, Defendants continue to await a response from Plaintiffs regarding available dates for Anil Mittal's deposition and the identification of the members of the Mittal Group Finance Committee, as required by the Court's September 29, 2006 order.

Sincerely,

*Dana S. Douglas*

Dana S. Douglas

cc:  Robert M. Langer, Esq.
     Richard Taffet, Esq.
     Craig A. Raabe, Esq.
     Nathan P. Eimer, Esq.
     Scott C. Solberg, Esq.
     Christopher J. Kelly, Esq.
     Andrew S. Marovitz, Esq.