UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., MEGA VISA SOLUTIONS (S) PTE. LTD., and ADVENT MANAGE LIMITED, | ) ) ) ) ) ) | Civil No. 3:02 CV 1107 (AVC) |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., DOW CHEMICAL COMPANY PACIFIC (SINGAPORE) PTE. LTD., and UNION CARBIDE CUSTOMER SERVICES PTE. LTD. | ) ) ) ) ) ) ) ) | January 31, 2007 |
| Defendants. |  |  |

**MOTION OF DEFENDANT UNION CARBIDE CUSTOMER
SERVICES PTE. LTD. FOR LEAVE TO FILE AMENDED COUNTERCLAIMS**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant and counter-plaintiff Union Carbide Customer Services Pte. Ltd. ("UCCS") hereby moves for leave to file amended counterclaims that would include plaintiff Mega Visa Solutions (S) Pte. Ltd. ("Visa Singapore") as a counter-defendant to those claims. In support of its motion, UCCS states as follows:

1.  This case was initially brought by three plaintiffs, MM Global Services, Inc. ("Global Houston"), MM Global Services Pte. Ltd. ("Global Singapore"), and Visa Singapore,

each of which operated at different points in time during the years relevant to this lawsuit, and all of which were owned by Mr. Ajay Mittal. On January 11, 2006, UCCS filed its Answer and Affirmative Defenses in this action, and lodged counterclaims against Mr. Mittal and Global Singapore, the latter because it was the plaintiff in operation during the period relevant to UCCS's claims. UCCS brought claims for breach of contract (Count I), breach of an oral agreement (Count II), promissory estoppel (Count III), negligent misrepresentation (Count IV), fraudulent misrepresentation (Count V), fraud (Count VI), and recoupment (Count VII).

2.  After those counterclaims were filed, defendants took the deposition of Mr. Sanjiv Sanghvi, the former General Manager of Global Singapore and President of Visa Singapore, who provided facts about the relationship among the plaintiff entities. In mid-2000, Global Singapore essentially discontinued all operations and began operating under the name Visa Singapore. The Amended Complaint ambiguously alleges that Visa Singapore "succeeded" to the business activities of Global Singapore. *See* Amended Complaint, ¶ 25. At his deposition, Mr. Sanghvi explained that the corporate restructuring that occurred in mid-2000 between Global Singapore and Visa Singapore was nothing more than a "name change," and that Visa Singapore in fact simply continued Global Singapore's business operations. (Deposition of Sanjiv Sanghvi ("Sanghvi Dep."), at 43-44, attached as Exhibit A).[1] Mr. Sanghvi's testimony that the transition between Global Singapore and Visa Singapore was nothing more than a name change is

---

[1] At the time of his deposition, Mr. Sanghvi testified that he continued to hold the position of President of plaintiff Global Houston. Despite holding the position as that company's highest executive officer, he was unaware that his company's rights in this litigation had been assigned to Advent Manage Ltd., a company he had never heard of. (Sanghvi Dep., at 45-46). He was also unaware that Visa Singapore was in liquidation. (Sanghvi Dep., at 51).

consistent with the fact that the two companies had the same officers and directors. (Deposition of Ajay Mittal, at 375-77, attached as Exhibit B).

      3.      Accordingly, it appears that Visa Singapore was a mere continuation of Global Singapore and, therefore, liability for UCCS's claims in this action may appropriately lie with Visa Singapore. *See New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2nd Cir. 2006) (corporation that is a "mere continuation" of predecessor company will be liable as its successor). *See also Graham v. James*, 144 F.3d 229, 240 (2nd Cir. 1998) (directing that, on remand, district court should consider the applicability of mere continuation theory where new corporation had the same officer, director, and shareholder as old corporation and where assets of old corporation were simply transferred to new); *Collins v. Olin Corp.*, 434 F.Supp.2d 97, 103 (D.Conn. 2006) (noting that successor corporation may be liable for the obligations of its predecessor where there is a continuity of personnel, shareholders, and physical location, cessation of business activities on the part of the predecessor, as well as overlap of directors and officers); *Fuisz v. Lynch*, 147 Fed. Appx. 319, 322, 2005 WL 1690522, at *3 (4th Cir. 2005) (stating that "an identity and commonality of officers, directors, and stockholders in successor and predecessor entities is the 'key element' for determining successor liability" (citations omitted)). UCCS accordingly seeks leave to add Visa Singapore as a counter-defendant to its claims in this case.

      4.      Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings, provides that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, as noted by the United States Supreme Court, such leave should only be denied in the face of undue delay, bad faith, prejudice to the opposing party, or the futility of amendment.

*See Rachman Bag Company v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234 (2nd Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *CP Solutions Pte., Ltd. v. General Electric Co.*, 237 F.R.D. 534, 536 (D. Conn. 2006) (same).

5. None of the circumstances that might preclude amendment exist here. There can be no argument that UCCS's amendment is unduly delayed, or that Visa Singapore (a current plaintiff to this case) will be unfairly prejudiced by the amendment. The case was stayed following the filing of UCCS's original counterclaim in January 2006, and has only been recently reinstated; discovery is still on-going and the scheduled trial of this matter is eight months away. Further, the deposition of Mr. Sanghvi, which shed greater light on the relationships and obligations among the plaintiff entities, occurred after the filing of the counterclaims. Amendment is appropriate in these circumstances. *See, e.g., CP Solutions*, 237 F.R.D. at 537 (allowing amendment despite lengthy delay as discovery was still ongoing and the trial date was months away); *Friedl v. City of New York*, 210 F.3d 79, 87-88 (2nd Cir. 2000) (finding that district court should have permitted party to amend his complaint to add defendants and additional facts based on information acquired during depositions and other discovery, as there was no showing of undue delay or prejudice).

6. In short, it is the plaintiffs themselves that have created the confusion over the appropriate target of UCCS's claims, and they should not be permitted to avoid liability by simply shifting obligations between entities. Amendment accordingly would be in the interests of justice, and should be permitted here.

WHEREFORE, Defendant/counter-plaintiff Union Carbide Customer Services Pte. Ltd. respectfully requests that it be granted leave to file amended counterclaims that would add plaintiff Mega Visa Solutions (S) Ptd. Ltd. as a counter-defendant to those claims in this lawsuit. A copy of the proposed First Amended Counterclaims is attached hereto as Exhibit C.

                              Respectfully Submitted,

_____

Dated: January 31, 2006                 By:    Andrea Donovan Napp

                                        Craig A. Raabe (ct 04116)
                                        Jason M. Kuselias (ct20293)
                                        Elizabeth R. Leong (ct24453)
                                        Andrea Donovan Napp (ct26637)
                                        ROBINSON & COLE LLP
                                        280 Trumbull Street
                                        Hartford, CT  06103-3597
                                        (860) 275-8304

                                        *Attorneys for All Defendants*

                                        Nathan P. Eimer (ct 23693)
                                        Scott C. Solberg (phv 0234)
                                        EIMER STAHL KLEVORN & SOLBERG LLP
                                        224 South Michigan Avenue, Suite 1100
                                        Chicago, IL  60604
                                        (312) 660-7600

                                        *Attorneys for Union Carbide Customer Services Pte. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Motion for Leave to File Amended Counterclaims to be served on January 31, 2007 by Federal Express and by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Peter Chay Fook Yuen
Bob Yap Cheng Ghee
Yeap Lam Keung
c/o KPMG
16 Raffles Quay #22-00
Hong Leong Building
Singapore 048581

*Liquidators for Mega Visa Solutions (S) Pte. Ltd.*

Vinodh Coomaraswamy, SC
SHOOK LIN & BOK
1 Robinson Road
#18-00-AIA Tower
Singapore 048542

Pamela Chepiga
ALLEN & OVERY
1221 Avenue of the Americas
New York, NY 10020

*Counsel for Mega Visa Solutions (S) Pte. Ltd*.

Robert M. Langer
WIGGIN AND DANA LLP
One City Place
185 Asylum Street
Hartford CT  06103

Richard S. Taffet
BINGHAM McCUTCHEN LLP

399 Park Avenue
New York, NY 10022-4689

Alicia L. Downey
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726

*Counsel for Plaintiffs*


Andrew S. Marovitz
Dana S. Douglas
MAYER, BROWN, ROWE & MAW, LLP
71 S. Wacker Drive
Chicago, IL 60606

Christopher J. Kelly
MAYER, BROWN, ROWE & MAW, LLP
1909 K Street, N.W.
Washington, D.C. 20006-1157

*Counsel for Defendant The Dow Chemical Company and
Dow Chemical Pacific (Singapore) Pte. Ltd.*

\s\
Andrea Donovan Napp