UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MM GLOBAL SERVICES, INC., MM GLOBAL SERVICES PTE. LTD., MEGA VISA SOLUTIONS (S) PTE. LTD., and ADVENT MANAGE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY, UNION CARBIDE CORPORATION, UNION CARBIDE ASIA PACIFIC, INC., DOW CHEMICAL COMPANY PACIFIC (SINGAPORE) PTE. LTD., and UNION CARBIDE CUSTOMER SERVICES PTE. LTD.<br><br>Defendants. | Civil No. 3:02 CV 1107 (AVC)<br><br><br><br>February 13, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF THE DOW CHEMICAL COMPANY'S MOTION TO STAY THE DEPOSITION OF ANDREW N. LIVERIS**

Defendant The Dow Chemical Company ("TDCC") has filed a mandamus petition ("the Petition") that is currently pending before the United States Court of Appeals for the Second Circuit. The Petition seeks an order requiring this Court to (a) vacate its order compelling Andrew N. Liveris (TDCC's President, Chief Executive Officer and Chairman of the Board) to submit to a deposition in this matter and (b) to issue a protective order barring plaintiffs from deposing Mr. Liveris. This Petition raises the significant and recurring question of what standard a district court must apply in considering a party's demand to depose its adversary's highest-

ranking corporate executives. In view of the importance of this question to both present and future litigants, the substantiality of TDCC's arguments on the merits of the issue, and the substantial and irreparable harm that TDCC would suffer if Mr. Liveris is required to go forward with the deposition before the Second Circuit has an opportunity to resolve the question, TDCC respectfully requests that this Court grant its motion to stay Mr. Liveris's deposition until the Second Circuit has adjudicated the Petition.

**BACKGROUND**

As this Court is well aware, the question of whether plaintiffs have made the requisite showing of necessity to compel the deposition of Andrew N. Liveris, the President, CEO and Chairman of the Board of TDCC, has been a hotly contested aspect of this litigation. Following extensive briefing on the subject, the Court denied TDCC's motion for a protective order and granted plaintiffs' motion for an order compelling Mr. Liveris's deposition. *See* Ruling and Order Re: Discovery Motions, Sept. 29, 2006, at 12. The Court adhered to this ruling in denying TDCC's motion for reconsideration. *See* Order re Defendants' Motion for Partial Reconsideration of Ruling and Order Re: Discovery Motions, Dec. 8, 2006.

On January 8, 2007, TDCC filed a petition in the United States Court of Appeals for the Second Circuit seeking review of this Court's order compelling Mr. Liveris's deposition. The Petition seeks a writ of mandamus ordering this Court to "vacate its order compelling the deposition of Andrew N. Liveris . . . and to enter an order granting Dow's motion for a protective order barring the requested deposition." Pet. for Writ of Mandamus, at 1. The Petition, which has been assigned the docket number 07-0072 in the Court of Appeals, was transferred to a

substantive motions panel of the Second Circuit for its consideration on February 13, 2007. As of this day, TDCC's petition has not been decided, and remains pending before the Court of Appeals. If Mr. Liveris's deposition is required, he will have to spend at least a day acquainting himself with this matter and preparing for his deposition. Because his schedule as the chief executive of a Fortune 50 global corporation requires him to commit well in advance to meetings and events, frequently involving travel, days when Mr. Liveris can devote himself to preparing for this deposition are scarce. Accordingly, a Stay is requested so that Mr. Liveris can continue with his extensive duties at the helm of TDCC instead of preparing for a deposition that TDCC respectfully believes would be fruitless and unwarranted

**DISCUSSION**

In considering whether to stay its own order pending a party's appeal of its decision to a higher court, a district court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1981). The same standard applies where, as here, a party seeks interlocutory relief from an order of the district court in the form of a mandamus petition. *See Ethicon, Inc. v. United States Surgical Corp*, No. 5:89CV00386 (RNC), 1995 WL 848490, at *1 (D. Conn. June 16, 1995). The Supreme Court has emphasized that because these factors "contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777. Rather, a court considering a stay request must "balance"

3

these factors against one another. *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). TDCC submits that under this well-established standard, the Court should grant the limited relief requested and order a stay of Mr. Liveris's deposition, thereby permitting the Second Circuit to deliberate on the questions presented in the TDCC's petition.

      A.      *TDCC Is Likely To Succeed On The Merits*

Respectfully, TDCC submits that its Petition has demonstrated that the standard that this Court applied in denying TDCC's motion for a protective order and in granting plaintiffs' motion for an order requiring Mr. Liveris to appear for a deposition was clearly erroneous because it did not conform to the requirements of Fed. R. Civ. P. 26(b)(2)(C). The Petition also explains that the Court's position on the standard appropriately applied to the question of whether a high-ranking corporate executive may be compelled to give deposition testimony in a particular litigation is at odds with the standard employed by numerous state and federal courts across the country. *See* Ex. 1, TDCC Petition at 17-21. Given these factors, which TDCC has laid out in detail in its motion for reconsideration before this Court and in the Petition now pending before the Second Circuit, TDCC respectfully submits that it is likely to prevail on the merits of its Petition.

Moreover, a stay should issue even if the Court is not inclined to agree with TDCC's assessment of the likelihood that the Petition will be granted. As the Second Circuit has explained, a strong likelihood of success need not be shown in every case. Rather, "[t]he necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting with

approval *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)). Under this test, a stay may be granted pending appeal even if the likelihood of success is not high if "the balance of hardships favors the applicant." *Id.* Accordingly, the Second Circuit has "treated these criteria somewhat like a sliding scale . . . [t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other." *Thapa*, 460 F.3d at 334 (quoting *Mohammed*, 309 F.3d at 101). Here, the balance of hardships, as reflected by the discussion of the remaining factors below, unequivocally favors the grant of TDCC's motion for a stay of Mr. Liveris's deposition.

      B.    *A Stay is Necessary to Prevent Irreparable Injury to TDCC*

If Mr. Liveris is compelled to testify before the Second Circuit adjudicates the Petition, TDCC will suffer irreparable injury because its substantial legal claim would be rendered moot. This harm could not be undone if a stay does not issue.

Numerous courts have held in applying Fed R. App. P 8(a) and Fed. R. Civ. P. 62(c) that the possibility that a party's claim on appeal would be mooted in the absence of a stay satisfies the irreparable harm requirement.[1] *See Providence Journal Co. v. Fed. Bureau of Investigation*,

---

[1] While TDCC acknowledges that in the narrow and distinct inquiry of whether a stay may be granted pending appeal of a bankruptcy order under Fed. R. Bankr. P. 8005, some courts have held that the possibility of mootness does not constitute irreparable harm. However, others, and in particular this Circuit, have hewed to the general rule that the threat of mootness does constitute irreparable harm. *Compare, e.g.*, *In re Sunflower Racing, Inc.*, 223 B.R. 222, 225 (D. Kan. 1998) (no irreparable harm) *with In re Adelphia Communications Corp.*, No. 02-41729, M47 (SAS), 2007 WL 186796, at * 4 and n.34 (S.D.N.Y. Jan. 24, 2007)(threat of mootness satisfies irreparable harm standard); *In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (B.A.P. 2nd Cir. 1996) (threatened mootness of a legal claim satisfies irreparable harm element because it is a "quintessential form of prejudice"); *In re St. Johnsbury Trucking Co.*, 185 B.R. 687, 690 (S.D.N.Y. 1995)(mootness would irreparably harm party seeking

595 F.2d 889, 890 (1st Cir. 1979) ("Failure to grant a stay will entirely destroy appellants' rights to secure meaningful review.  On the other hand, the granting of a stay will be detrimental to the [non-movant] . . . only to the extent that it postpones the moment of disclosure assuming the [non-movant] prevails by whatever period of time may be required for us to hear and decide the appeals.  Weighing this latter hardship against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay."); *Ctr. For Int'l Envtl. Law v. Office of the United States Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (in FOIA case, holding that "defendants have made a strong showing of irreparable harm because disclosure of the documents in question will render any appeal moot."); *Ctr. For Nat'l Sec. Studies v. United States Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002) (same).  *See also John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, *J.*, as Circuit Justice, granting motion to stay Court of Appeals mandate: "The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure . . . would also create an irreparable injury.").

    The sole question raised for decision in the Petition is whether TDCC is entitled to relief from the Court's order that Mr. Liveris must provide deposition testimony pursuant to plaintiffs' discovery demand.  Clearly, this substantial claim will be rendered moot if Mr. Liveris is compelled to testify before the Court of Appeals is able to speak to the issue.  *See Burke v. Barnes*, 479 U.S. 361, 363 (1987) ("Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there

---

stay).  Outside of the highly specialized bankruptcy context, TDCC is not aware of a single case holding that the mooting of a party's appellate claims does not constitute irreparable harm.

may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing."). In view of this circumstance, and of the clear authority demonstrating that the mooting of a legal claim constitutes irreparable harm within the terms of the relevant inquiry, the irreparable harm element of the stay inquiry counsels in favor of the grant of TDCC's motion for a stay pending decision on the Petition.[2]

      C.    *Plaintiffs Will Not Incur Any Substantial Injury If A Stay Is Issued*

Plaintiffs would not suffer anything approaching a substantial injury if the Court issues a limited stay of discovery postponing Mr. Liveris's deposition until the Second Circuit has an opportunity to rule on the Petition. There are currently ten confirmed depositions scheduled prior to March 30, 2007 and another 19 deponents to be scheduled; the vast majority of these additional witnesses will be presented by plaintiffs, not defendants. Thus, both parties will be engaged in active discovery while the Petition is pending. Further, as the Court is aware, plaintiffs have conducted exhaustive discovery in this litigation in the past, forcing TDCC to expend massive sums of money and vast human effort to produce the documents that plaintiffs have previously demanded in their pursuit of this meritless action. *See* Ex. 2, June 21, 2005 Declaration of William H. Herr. The requested stay would impose only the most minimal burden on plaintiffs by requiring them to refrain from deposing a single individual, likely for brief period of time, while the Court of the Appeals determines whether plaintiffs have

---

[2] TDCC will also suffer irreparable harm in the absence of a stay in that both the deposition itself and the preparations for the deposition will require Mr. Liveris to set aside his extensive duties as TDCC's highest-ranking corporate officer and instead participate directly in the discovery proceedings of a case of which he has no first-hand knowledge. Because there can be no compensation for the disruption that this occurrence would cause—and indeed, no later point at which the issue of whether the disruption is warranted can be litigated—this harm would be irreparable.

established that they have a right to depose him at all. This *de minimis* burden is far outweighed by the irreparable harm that TDCC may suffer if the Court does not grant its motion for a stay. Accordingly, this factor also favors the issuance of a stay.

        D.      *The Public Interest Favors Resolution of This Important Issue of Law*

The public interest clearly favors the issuance of a stay that would ensure that the Court of Appeals has an opportunity to decide the question raised in the Petition. The Second Circuit has made clear that an important factor in considering whether a stay should be granted is whether the appeal before it presents an important issue for its resolution. *See Michael v. INS*, 48 F.3d 657, 665 (2d Cir. 1995) (holding that an immigration judge had erred in failing to grant petitioner's application for a stay: "we also believe it is in the public interest for this Court to resolve the open section 212(c) question in an orderly manner that is even-handed to all potentially affected aliens who reside in this Circuit."). The same principle applies here, where the Petition has placed before the Second Circuit the important question of what standard should govern a litigant's ability to compel high-ranking corporate executives to testify at a deposition. TDCC's position is that Fed. R. Civ. P. 26(b)(2)(C) prohibits a civil litigant from employing the civil discovery tools to compel such a deposition unless and until it has demonstrated a likelihood that the executive "has unique knowledge of some fact relevant to the litigation." *See* Petition at 18. This Court has adopted plaintiffs' view of a lesser standard in that a litigant must show only that the executive's deposition might "lead to the discovery of admissible evidence." *See* Ruling and Order Re: Discovery Motions, Sept. 26, 2006. The Petition offers the Second Circuit a clear opportunity to resolve this legal dispute and provide the District Courts and

litigants of this Circuit with much-needed guidance concerning the manner in which the civil discovery rules are to be construed as they apply to the compulsory examination of high-ranking executives. A stay should issue to ensure that the Second Circuit is not deprived of the opportunity to address this important issue.

**CONCLUSION**

For the reasons set forth above, TDCC submits that all four elements of the applicable test favor the issuance of a stay. Therefore, TDCC respectfully requests that the Court grant its motion for a stay of the deposition of Andrew N. Liveris until TDCC's petition for a writ of mandamus has been decided by the Court of Appeals.

Respectfully submitted,

\S\
Craig A. Raabe (ct 04116)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  05103-3497
*Attorney for all Defendants*

Andrew S. Marovitz (ct 25409)
Dana S. Douglas (ct 25412)
MAYER, BROWN, ROWE & MAW LLP
71 S. Wacker Drive
Chicago, Illinois  60606

Christopher J. Kelly (ct 25410)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C.  20006-1157

*Counsel for Defendants*
*The Dow Chemical Company and Dow Chemical Pacific (Singapore) Pte. Ltd.*

Nathan P. Eimer (ct 23693)
Scott C. Solberg (phv 0234)
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL  60604

*Counsel for Defendants*
*Union Carbide Corporation,*
*Union Carbide Asia Pacific, Inc., and Union Carbide Customer Service Pte. Ltd.*

9

Case 3:02-cv-01107-AVC    Document 475    Filed 02/13/2007    Page 10 of 11

CERTIFICATE OF SERVICE

This is to certify that a copy of MEMORANDUM OF LAW IN SUPPORT OF THE DOW CHEMICAL COMPANY'S MOTION TO STAY THE DEPOSITION OF ANDREW N. LIVERIS was filed electronically and served by mail on anyone unable to accept electronic filing..  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

\s\
Craig A. Raabe – CT04116
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Phone: (860) 275-8304
Fax: (860) 275-8299
E-mail: craabe@rc.com

11